IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; MAURICE FLEMING; REGGIE SPEARMAN; KEVONTE MARTIN-MANLEY; DARIAN COOPER; LARON TAYLOR; BRANDON SIMON; JAVON FOY; ANDRE HARRIS and TERRENCE HARRIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; GARY BARTA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE and RAIMOND BRAITHWAITE,<br><br>    Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................2

    A.    COUNT I FAILS TO ALLEGE SUFFICIENT FACTS TO ASSERT A PLAUSIBLE TITLE VI CLAIM...................................................................... 2

    B.    COUNT II FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION........................................................................................................ 4

    C.    COUNT III (PATTERN AND PRACTICE) IS NOT LEGALLY OR FACTUALLY PLAUSIBLE ........................................................................... 4

    D.    COUNT IV FAILS TO SUFFICIENTLY STATE A PLAUSIBLE CLAIM AGAINST THE NAMED INDIVIDUAL DEFENDANTS ............................. 5

    E.    COUNT VII FAILS TO STATE A PLAUSIBLE CLAIM OF FAILURE TO SUPERVISE AND TRAIN AGAINST KIRK FERENTZ ............................... 8

    F.    COUNT VIII BREACH OF CONTRACT CLAIM DOES NOT MEET REQUISITE PLEADING STANDARDS ........................................................................ 10

CONCLUSION ............................................................................................................................ 11

## INTRODUCTION

In response to Defendants' Motion to Dismiss Plaintiffs have voluntarily agreed to dismiss some causes of actions and certain individual defendants from some or all claims (Plaintiffs' Resistance at p. 7)[1]. But the remainder of Plaintiffs' resistance fails to sufficiently address the pleading deficiencies that permeate their remaining claims. Plaintiffs' resistance to the motion to dismiss, as with the First Amended Complaint (FAC), continues to make it difficult to ascertain exactly what facts and allegations are related to which plaintiffs or defendants or claims. Peeling off the layers of obfuscating allegations and meritless or time-barred claims—many of which Plaintiffs now make no effort to defend—the essence of what remains is, at best, a weak Title VI hostile environment suit involving only three Plaintiffs. Nevertheless, in this reply, Defendants will respond to Plaintiffs' arguments at to each of the remaining claims in the order that they are set out in the FAC.

    **A.    COUNT I FAILS TO ALLEGE SUFFICIENT FACTS TO ASSERT A PLAUSIBLE TITLE VI CLAIM**

Plaintiffs Mends, Simon and Foy have done nothing in their resistance to bolster any facts or allegations that could be related to this claim beyond the conclusory, non-specific and undated facts in the FAC most of which are, in any event, unrelated to the three plaintiffs asserting this claim. Out of the approximately 30 different paragraphs from the FAC that Mends, Simon and Foy point to in their resistance, only *three* of those paragraphs expressly reference these three plaintiffs.

---

[1] In their resistance brief Plaintiffs expressly noted their intent to dismiss Defendant Barta from all claims. Plaintiffs also expressly stated they were dismissing Counts V and VI in their entirety. Defendant Braithwaite was only named in Count V and the dismissal of that claim results in Braithwaite being dismissed as an individual defendant in this matter.

*See* FAC ¶¶ 159, 220, 227. No attempt whatsoever is made to tie any of the other referenced paragraphs to the complaints of the three plaintiffs involved in this claim. In fact, most of the "facts" set forth are unrelated temporally and factually to anything allegedly experienced by the three people asserting this claim.

The only allegation in the FAC related to Mends noted in the resistance is ¶ 159 wherein it is alleged that he was not allowed to post a picture to social media showing him with a gun while a picture of white teammates with a gun was posted to social media by white teammates. Left unexplained is how this single incident amounts to being "so severe, pervasive, and objectively offensive, and so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." *Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S.629, 651 (1999).

Similarly, the one paragraph related directly to Simon is ¶ 220 wherein it is asserted Defendant Doyle positioned his pants so as to appear they were "sagging", turned his hat backwards and referred to Simon as a "thug." The remaining allegations in the section of the FAC devoted to Mr. Simon are of the conclusory and non-specific type that permeates the FAC.

Finally, the only allegation noted in the resistance directly related to Foy is ¶ 227; that Doyle called his hair "a mess" and criticized his choice in fashion. Whether viewed collectively or by individual plaintiff the FAC falls far short of setting forth a severe and pervasive racially hostile educational environment experienced by any of these three Plaintiffs.

The legal authority cited by these three plaintiffs in resisting dismissal of Count I is similarly unavailing. Plaintiffs fret that the Defendants focus on the lack of allegations related directly to these three Plaintiffs, yet *every* case cited by Plaintiffs sets forth very specific actions taken against or witnessed by those plaintiffs. *See Lang v. Kansas Power & Light Co.*, 199 F.R.D.

640, 647 (2001) (requiring "something more than general conclusory allegations that unnamed blacks have been discriminated against."); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 570-71 (8th Cir. 1997) (listing litany of actions directed at Plaintiff and other women); *Ellis v. Houston*, 742 F.3d 307, 312-13 (8th Cir. 2014) (setting forth numerous incidents that "indicates that the hostility *directed at plaintiff*" set out hostile environment); *Hathaway v. Runyon*, 132 F.3d 1214, 1222 (8th Cir. 1997) (setting forth multiple incidents of sexual harassment directed at Plaintiff); *L.L. v. Evesham Township Bd. of Educ.*, 710 Fed. Appx. 545, 548 (3rd Cir. 2017) (noting "KL cites numerous incidents he believes demonstrate discriminatory intent" and listing those). As aptly stated in *Kimzey*, in a hostile environment case all evidence "concerning the circumstances of *the complainant's* employment must be considered."). The three plaintiffs bringing Count I fail to plead a legally sufficient cause of action.

  B.  **COUNT II FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION**

Aaron Mends, the sole plaintiff in this count, does little to resist Defendants' arguments for dismissal of Count II. In fact, Plaintiff Mends even acknowledges he "omitted a materially adverse action" in Count II of the FAC (Plf's Brief at 15). Contrary to Mends' assertion, the other paragraphs of Count II fail to allege sufficient facts to state a viable retaliation claim. Thus, for the reasons asserted in Defendants' initial brief Count II should be dismissed.

  C.  **COUNT III (PATTERN AND PRACTICE) IS NOT LEGALLY OR FACTUALLY PLAUSIBLE**

All parties recognize that a disparate impact claim is not available under Title VI. However, Plaintiffs assert that, even though Count III contains language most aptly related to the disavowed disparate impact claim they are actually bringing a disparate treatment claim (Plf's Brief at 15). Plaintiffs then simply reference a couple of Title VII pattern and practice cases, including *Int'l Brotherhood of Teamsters v. United states*, 431 U.S. 324 (1977) in support of that proposition.

However, under Title VII, and as evidenced by the cases plaintiffs rely on, pattern and practice claims under Title VII are brought by either the government (e.g., the EEOC) or as a class action. *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004). Neither of those situations apply here and "The Supreme Court has never applied the *Teamsters* method of proof in a private, non-class suit." *Adams v. United Ass'n of Journeymen*, 469 F. Supp. 3d 615, 633 (M.D. La. 2020) citing *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984): *see also Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866-67 n.6 (7th Cir. 1985) ("Plaintiffs' use of 'pattern or practice' language also seems misplaced, since such suits by their very nature involve claims of class wide discrimination and the five plaintiffs…have only stated individual claims, not a class action."). In addition to the arguments set forth in Defendants' Motion to Dismiss noting Plaintiffs' factual pleading deficiencies, Plaintiffs have also failed to state a claim recognized by law in Count III of their FAC.

    **D.    COUNT IV FAILS TO SUFFICIENTLY STATE A CLAIM AGAINST THE NAMED INDIVIDUAL DEFENDANTS**

The initial dispute between the parties regarding Count IV is determination of the proper statute of limitations to apply to this 42 U.S.C. § 1983 claim. Defendants continue to assert the appropriate statute of limitations is two years not four. While it is not disputed that a standalone § 1981 claim that alleges post contract formation violations would be subject, in many cases, to the four year "catchall" statute of limitations established by 28 U.S.C § 1658 that is not the case here. The one and only way to bring the § 1981 claim Plaintiffs pursue in Count IV is through 42 U.S.C. § 1983. *Jones v. McNeese*, 675 F.3d 1158, 1160 n.1 (8th Cir. 2012). It is indisputable Count IV is a § 1983 claim. While this precise statute of limitations issue has not been decided by the Eighth Circuit it has consistently and uniformly held that the forum State's personal injury statute of limitations—two years in Iowa—is applicable to *all* § 1983 cases. *See, e.g.*, *Anderson ex rel.*

*Anderson v. City of Minneapolis,* 934 F.3d 876, 880 (8th Cir. 2019). As acknowledged in Defendants' Motion to Dismiss and as cited by Plaintiffs in their resistance, there is contrary non-controlling authority. However, Defendants continue to assert that it is contrary to long standing Eighth Circuit authority to simply carve out an exception where none has been previously acknowledged by our Circuit.

Of course, disagreement about the statute of limitations is of no import when, as here, Plaintiffs fail to meet the threshold pleading requirements of a plausible claim. As asserted in the Motion to Dismiss, Plaintiffs' FAC, in general and as related to Count IV, is a lengthy recitation of formulaic elements of various causes of action along with pages of "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (cleaned up). Count IV is one of only two remaining claims naming individuals as defendants. Plaintiffs' pleading problems become even more magnified when viewed in the light of the individual Defendants as it is axiomatic in § 1983 litigation that "… plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Kirk Ferentz is the first individual named in Count IV. However, Cooper, Joly, and Simon make no allegation against Kirk Ferentz. FAC ¶¶ 145-51, 200-07, 215-22. Parker and Cooper left Iowa Football in 2016, and they allege no purposeful misconduct within two or even four years of November 12, 2020, against Kirk Ferentz. FAC ¶¶ 15, 21. Those Plaintiffs cannot possibly have alleged a plausible claim of purposeful racial discrimination because they do not even mention any conduct by Kirk Ferentz within any relevant statute of limitations period. Again, regardless of the limitations period Mends' complaints fall short of the requisite factual and legal mark. Mends alleges nothing more than K. Ferentz would not allow him to post certain photos on social media,

FAC ¶ 159 and refused to address a White players' alleged violation of team rules, FAC ¶ 162, with respect to their support of then-candidate-for-President Trump at an event on January 26, 2016. FAC ¶ 65 & n.15. None of the allegations—even if they were timely or true—show purposeful discrimination on the part of Kirk Ferentz.

Wadley alleges K. Ferentz denied him a meal card privilege at some unidentified time, and there is no allegation in the amended Complaint that states this occurred within even four years of November 12, 2020. FAC ¶ 131.

Finally, Foy alleges only that Kirk Ferentz told him he had a career ending injury, without alleging that the claimed statement was racially motivated. FAC ¶ 229. These allegations do not sustain a case of purposeful discrimination against Kirk Ferentz.

Defendant Brian Ferentz has only Count IV alleged against him individually. Six of the seven Plaintiffs for Count IV allege no purposeful discriminatory action by Brian Ferentz in even the four years preceding the filing of the Petition on November 12, 2020, and the other Plaintiff (Wadley who left Iowa Football in 2017) is inexplicably and purposefully vague in the FAC as to whether anything occurred within four years of the filing of the Petition. The Supreme Court requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. In the absence of such factual content, the claims against Kirk and Brian Ferentz should be dismissed.

Parker and Cooper left Iowa Football in 2016. FAC ¶¶ 15, 21. They make no allegation of misconduct against any Defendant within even four years preceding November 12, 2020. Joly and Simon allege nothing about either Ferentz Defendant. FAC ¶¶ 145-51, 215-22. Mends and Foy allege nothing about Brian Ferentz. FAC ¶¶ 152-62, 223-29. Those six Plaintiffs allege no action or statement by Brian Ferentz within even the four years before filing their petition. Those six

Plaintiffs cannot possibly have satisfied the requirement for pleading a plausible claim of purposeful racially discriminatory conduct against Brian Ferentz because they complain of nothing Brian Ferentz said or did. A § 1983 "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" or other law. *Iqbal*, 556 U.S. at 676.

Finally, with respect to Defendant Doyle the same infirmities appear. Of the Plaintiffs in Count IV, four (Wadley, Parker, Joly, and Mends) make no allegations whatsoever specifically against Doyle. The Plaintiffs who do mention Doyle specifically fail to allege any facts sufficient to infer any intentional discrimination. For instance, in ¶ 206, Cooper only notes Doyle once elbowing him in the stomach and additionally that Doyle "ridiculed his weight struggle." There is no explanation as to how those allegations state a claim of intentional discrimination based on race. Plaintiff Foy, allegations against Doyle note one instance where Doyle said Foy's hair was "a mess" and that Doyle discouraged him from wearing certain, unspecified, fashions or styles. FAC ¶ 227.Similarly, Plaintiff Simon alleges Doyle criticized his physical appearance and the way he walks and asserts without any further support that this was done in a racist manner. Simon, as noted supra, also once pulled down his pants so they appeared to be sagging and told Simon his hair was a "mess."

After sifting through 76 pages of the FAC containing some 357 separate allegations it is telling that the few above-described allegations were the extent of what the Plaintiffs bring in support of Count IV.

E. **COUNT VII FAILS TO STATE A PLAUSIBLE CLAIM OF FAILURE TO SUPERVISE AND TRAIN AGAINST KIRK FERENTZ**

Rather than simply acknowledging that count VII should be dismissed for failure to state a claim, Plaintiffs acknowledge the shortcomings of their pleading but then pivot, and now assert

this count of the Complaint might be considered something entirely different from what they pled (Plf's Brief 18-19). Not surprisingly there is no authority cited allowing the Court to ignore the words in a pleading and then independently determine the pleading actually sets out a claim not made and where it is apparently left up to the Court to fill in the blanks. Significantly, Plaintiffs also fail to cite to even one case or other source of authority to support their resistance or refute Defendants' arguments for dismissal.

Further, no matter how far you stretch the claim it still does not fit the sole defendant, Kirk Ferentz. In a recent ruling by this Court dismissing a claim of failure to train and supervise due to the same types of pleading infirmities that afflict the present FAC it was first observed that, as here, the complaint "…fails to document any ways in which [Defendant's] training was deficient." *Meyer v. Herndon*, 419 F. Supp. 3d 1109, 1121 (S.D. Iowa 2019). Plaintiffs here, as in *Meyer,* fail to allege any risks posed by any training deficiency indicated a conscience or deliberate disregard to any deficiency he may have been aware of. *Id.* And as this Court noted in *Meyer* and replicated in the present matter, "[f]or that matter plaintiff's Petition does not even allege how any such failure in training or supervision would be the 'moving force' behind any injury." *Id.* at 1122. Finally, "That harm occurred under [Kirk Ferentz's] watch is not the touchstone under § 1983. Any claims arising under a vicarious liability basis are not cognizable." *Id.* at 1124 (other citation omitted).

As with their other claims, when cornered with Plaintiffs' failure to allege facts with the required specificity they simply double down on the non-specific allegations that are problematic throughout the FAC. In their resistance to dismissing Count VII Plaintiffs refer the Court to ¶¶ 72-73, 106 and 108 of the FAC. Yet those paragraphs could not be more emblematic of Plaintiffs' pleading problems. Paragraphs 72 and 73 do nothing more than allege at some unknown point in

time, some unidentified persons made unidentified comments to Mr. Ferentz. Similarly, ¶ 106 alleges nothing more than some unidentified person or persons, at some unstated point in time, expressed some non-specified expression of racism to Ferentz that may or may not have anything to do with the few Plaintiffs who wouldn't be automatically precluded from bringing this claim due to the statute of limitations. Paragraph 108 then alleges that these undefined and unspecified issues were not resolved by Kirk Ferentz. Plaintiffs pay little more than lip service in resistance to dismissal of this claim and based upon the unrefuted authority cited by Defendants in their Motion to Dismiss as well as in this reply, Count VII must be dismissed.

### F. COUNT VIII BREACH OF CONTRACT CLAIM DOES NOT MEET REQUISITE PLEADING STANDARDS

Acknowledging in their resistance, as they must, that the FAC does not mention even a single contractual document or obligation Plaintiffs toss up the legal version of a "Hail Mary" and, in their resistance brief (not their FAC), point to one section of the sprawling University of Iowa Operations Manual as the sole source of their contract claims. In addition to that document not being mentioned in the FAC the reliance on that policy as some sort of binding contract between the parties to this ligation is severely misplaced. In fact, Plaintiffs do not even trouble themselves to offer any explanation as to how this policy could form the basis of a binding contract nor do they cite any authority that would lead one to conclude such a contract could exist. Plaintiffs do however note a recent decision by the Iowa Supreme Court affirming the dismissal of a breach of contract claim in a matter analogous to the present claim. *See Petro v. Palmer Coll. of Chiropractic*, 945 N.W. 2d 763, 780 (Iowa 2020). Here, as in *Petro,* "at most, [University's] contractual commitment in the area of nondiscrimination was to follow the identified procedures for addressing discrimination complaints." *Id.* Plaintiffs here concede they did not attempt to avail themselves of the processes set forth in the policy they rely upon (Plf's Brief at 21).

Finally, as was noted by the Court in *Petro*, Plaintiffs claims are "entirely predicated not on a separate cause of action for breach of established rules and procedures for student grievance, but on the substantive discrimination and retaliation against" them. Plaintiffs have not pleaded sufficient facts establishing any contractual obligations, how any contract was communicated to Plaintiffs or how any contract was breached. Those pleading failures warrant dismissal of Count VII.

## CONCLUSION

Plaintiffs' FAC is legally and factually deficient to the extent that summary dismissal is required.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
*/s/ William A. Hill*
WILLIAM A. HILL
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
william.hill@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

> **PROOF OF SERVICE**
>
> The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery via CM/ECF on March 19, 2021.
>
> */s/ Audra Drish*