AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:20-cv-00366-SMR-HCA   Document 44-2   Filed 06/04/21   Page 3 of 11

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## I. DEFINITIONS

**The definitions below shall have the following meanings, unless the context requires otherwise:**

1. "Plaintiff" means Akrum Wadley, Jonathan Parker, Marcel Joly, Aaron Mends, Maurice Fleming, Reggie Spearman, Kevonte Martin-Manley, Darian Cooper, LaRon Taylor, Brandon Simon, Javon Foy, Andre Harris, and Terrence Harris.

2. "Defendants" means University of Iowa, Board of Regents for the State of Iowa, Gary Barta, Kirk Ferentz, Brian Ferentz, Christopher Doyle, Raimond Braithwaite and their representatives, owners, officers, shareholders, investigators, experts, agents, attorneys, assigns, trusts, devisees, entities, companies, partnerships, joint ventures, successors, predecessors, underwriters, associated or related entities, affiliates, entities for which you have or had control, and any other persons or entities acting on your behalf.

3. "Wadley" means Akrum Wadley.

4. "Parker" means Jonathan Parker.

5. "Joly" means Marcel Joly.

6. "Mends" means Aaron Mends.

7. "Fleming" means Maurice Fleming.

8. "Martin-Manley" means Kevonte Martin-Manley.

9. "Cooper" means Darian Cooper.

10. "Taylor" means LaRon Taylor.

11. "Simon" means Brandon Simon.

12. "Foy" means Javon Foy.

13. "Spearman" means Reggie Spearman.

14. "A. Harris" means Andre Harris.

15. "T. Harris" means Terrence Harris.

16. "Iowa" means University of Iowa.

17. "Board" means Board of Regents for the State of Iowa and members of the Board of Regents for the State of Iowa.

18. "Barta" means Gary Barta.

19. "K. Ferentz" means Kirk Ferentz.

20. "B. Ferentz" means B. Ferentz.

21. "Doyle" means Christopher Doyle.

22. "Braithwaite" means Raimond Braithwaite.

23. "Program" means the University of Iowa football program.

24. "Law Firm" means Husch Blackwell, LLP.

25. "Law Firm Report" means the Report of External Review: Football Program Culture, University of Iowa.

26. "University Report" means the UI Athletics Diversity Task Force Report.

27. "Task Force" means the UI Athletics Diversity Task Force.

28. Communication" or "Communications" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, whether by letter, memorandum, telegram, telex, or other document; (2) oral contact, whether by face-to-face meetings, telephone conversations or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

29. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

30. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

31. "Describe in detail" with regard to a person, thing, or event means that you are requested to identify all persons who may have knowledge of the alleged facts and legal conclusions referred to in the requests, and to identify each and every document, circumstance, incident, act, and omission on the part of a person which evidences or relates to the alleged facts and legal conclusions in these requests, and to identify each and every fact and legal conclusion that forms, constitutes, evidences, relates, or refers to the discovery requests.

32. As used herein, the term "document" or "recording" includes papers, books, accounts, drawing, graphs, charts, photographs, electronic or videotape recordings, text messages, emails, and any other data compilations from which information can be obtained.  By way of illustration and not limitation, the term "document" or "record" includes any paper or other article or film or microfilm which bears or contains any writing, printing, or lettering, including typewriting, manuscript, or other characters, however made, and further includes

        correspondence, bank examiner reports, bank examiner notes, Minutes of Board of Directors meetings, minutes of loan committee meetings, loan committee notes, internal audit reports, expense reimbursement forms, memoranda, personal notes, other notes, diaries, desk files, calendars, file folders, files, statistics, letters, telegrams, Minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, appraisals, title opinions or commitments, plats, internal memoranda, legal opinions, studies, reports, interoffice communications, notations of conversations, notations of telephone calls, notations of meetings, notations of other communications, bulletins, printed matters, computer printouts, teletypes, invoices, work sheets, delivery or mail receipts, expense receipts, bills, statements, invoices, financial statements, graphic or oral representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotape, tape recordings, and motion pictures) and electronic, mechanical or electrical records or representations of any kind (including but not limited to tapes, cassettes, discs, diskettes, and recordings). The term "document" or "record" includes originals and duplicate originals, identical copies, and non-identical copies, whether different from the original by reason of any notations made on such copies or otherwise. The term "document" or "record" includes drafts, alterations, changes, and amendments as well as originals.

33.    "Electronic Information" means all digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your client's computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMS) or otherwise, whether such files have been reduced to paper printouts or not. This information includes, but is not limited to, emails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (P/M) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as PalmPilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the workstation of each employee and/or agent in your client's employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail and text messages.

34.    "Evidence" or "Evidencing" means tending to show, in any probative manner, the existence or nonexistence of any matter.

35.    "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

36.    "Identify," when referring:

      a.     to a person, means to state the following:
- i. The person's full name;
- ii. The present or last known residential address, including the street, street number, route number, city, county, state, and ZIP code;
- iii. The present or last known residential and business telephone numbers; and
- iv. If known, present or former employment, job title, name of employer, and employer's complete address.

      b.     to a public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state:
- i. The full legal name and popular or trade name; and
- ii. The present or last known business or operating address and business telephone number.

      c.     to a statement or communication, means to state:
- i. The person who made it, who took or recorded it, and all other persons, if any, present during the making thereof;
- ii. When, where, and how it was taken or recorded; and
- iii. Who has present or last known possession, custody, or control thereof.

      d.     to a document, means to state:
- i. The nature (e.g. letter, handwritten note) of the document;
- ii. The title, heading, or caption that appears on the document;
- iii. All identifying numbers, letters, or codes, including an explanation of the significance or meaning of same if such is necessary to an understanding of the document;
- iv. The date of the document and the date of each addendum, supplement, or other addition or change;
- v. The number of pages in the total document;
- vi. The name and capacity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
- vii. The name and capacity of the person to whom the document was addressed or directed; and
- viii. The present location of the original document or official copy of the original document, and the name, address, position or title, and telephone number of the person(s) having custody of the document.

37. "Lawsuit" or "Litigation" means the lawsuit styled *Wadley v. University of Iowa*, Cause No. 4:20-CV-366, currently pending in the United States District Court for the Southern District of Iowa.

38. "Location" when referring to a place, means the complete address, including the street, street number, route number, city, county, state, ZIP code, and telephone number of the place inquired about.

39. "Metadata" means that electronic bibliographic information that is recorded and embedded into most Microsoft compatible electronic file formats. Metadata is data about the content, quality, condition, and other characteristics of data files.

40. "Person" means an individual or natural person, corporation, firm, partnership, association, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, including all predecessors or successors in interest.

41. "Possession, custody, or control" refers to documents actually within your possession, custody, or control or within your constructive possession, custody, or control (including without limitation, documents within the possession, custody, or control of your attorneys or accountants; documents which you have a legal right to obtain; documents which you have a right to use, inspect, examine, copy or have access to; and documents which you have placed in the temporary possession, custody, or control of any third party).

42. "Relating to" and "relate to" mean, in addition to the customary and usual meaning, in whole or in part constituting, containing, concerning, embodying, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to the subject matter identified in the request.

43. "Statement" means any writing signed or otherwise adopted or approved by the person making a declaration or any stenographic, mechanical, electrical, or other type of recording or any transcription thereof, which is a substantial verbatim recital of a conversation had with or declaration made by the person whose voice was being contemporaneously recorded.

44. "You" or "your" means the individual or entity to whom these requests are directed.

45. "And" means and/or.

46. "Or" means or/and.

47. Whenever necessary herein the singular includes the plural and the plural includes the singular. Terms used herein are intended to be gender neutral and the use of one gender is intended to include all genders.

## II.  INSTRUCTIONS

1. This document request shall be deemed continuing in nature so as to require prompt, further, and supplemental production whenever you discover an additional document which is determined to be responsive to this document request.

2. Each request for a document or documents to be produced, whether memoranda, reports, letters, minutes or other document of any description, contemplates production of the document in its entirety, without abbreviation or deletions and the production of any copies of the document without any abbreviation or deletions.

3. For all responsive Electronic Information that are produced in image formats, you are instructed to produce its related non-privileged Metadata.

4. You are instructed to place a unique document control number or document id on each page of each document provided. If digital images are provided in addition to, or in place of paper, the document id may be applied to the images electronically and should be permanently "burned" into the exact electronic duplicates of the paper originals.

5. If any of the documents responsive to the documents requested herein have been lost, discarded, or destroyed since [date opposing party's awareness of client's claim or counterclaim, if not date of complaint, cross-claim or counterclaim], describe the documents or data that has been disposed of, date of the disposal, manner of the disposal, reason for the disposal, persons authorizing the disposal, persons having knowledge of the disposal, and the persons disposing of the document or data. (This request includes electronic files that have been deleted from the magnetic or optical storage media or overwritten from that date to the present, and dates of destruction or overwriting).

6. For all responsive Electronic Information, you are to reduce the information to a paper copy, or digital images (.tif or .pdf file format) and provide the native electronic medium with a description of the application necessary to open and review the information or materials. If responsive materials are provided as images, any load files that were created during the imaging process should also be provided. The preferred image load file format is an IPRO LFP image load formats, or a detailed description of the imaging application used and the load file format. If the information or materials exist in a medium and application that is not publicly available or that is proprietary to you, then reduce the information or materials to a paper copy and permit inspection of the medium. You are requested to produce all information or materials that have been electronically imaged, by you or received by you, or preserved in a format where in text may be read by an optical character reader on a CD-ROM in ASCII format described above. Text information and materials may be produced in either Word or WordPerfect format. Spreadsheet and graphic information may be produced in Excel and Power Point format. The preferred format for imaged documents and other files are single page Group IV TIFF images which bear the file extension .tif. PDF is also an acceptable file format, but not preferred.

7. For the purposes of this request, the applicable time period, unless otherwise set forth herein, is from 2016 to the present.

### III. AMENDMENT OR SUPPLEMENTATION OF RESPONSE

1. If you learn that your response to this request was incomplete or incorrect when made or that, although it was complete and correct when made, it is no longer complete and correct, you must amend or supplement the response—

    A. to the extent that the request seeks the identification of persons with knowledge of relevant facts, trial witnesses, or expert witnesses and

    B. to the extent that the request seeks other information, unless the additional or corrective information has been made known to the other parties in writing, on the record at a deposition, or through other discovery responses.

    You must make amended or supplemental responses reasonably promptly after you discover the necessity for such a response.

### IV. CONTENT OF RESPONSE

1. With respect to each item or category of items, you must state objections and assert privileges as required by the Federal Rules of Civil Procedure and state, as appropriate, that—

    A. production, inspection, or other requested action will be permitted as requested;

    B. the requested items are being served on Defendant with the response;

    C. production, inspection, or other requested action will take place at a specified time and place, if you are objecting to the time and place of production; or

    D. no items have been identified—after a diligent search—that are responsive to the request.

## V.     DOCUMENT REQUESTS

1. Produce any CV or resume presented to the Jacksonville Jaguars (including its employees, contractors, and representatives) by Doyle or a representative on his behalf.

2. Produce documents, including Electronic Information, evidencing recordings of any conversations or communications with Doyle from January 2021 to present.

3. Produce documents, including Electronic Information, evidencing correspondence and communications between K. Ferentz and Urban Meyer from January 2021 to present.

4. Produce documents, including Electronic Information, evidencing correspondence and communications between any current or former employee of Iowa and Urban Meyer from January 2021 to present.

5. Produce documents, including Electronic Information, evidencing correspondence and communications between any current or former athlete of Iowa and Urban Meyer from January 2021 to present

6. Produce documents, including Electronic Information, evidencing correspondence and communications between Doyle and Urban Meyer from January 2021 to present.

7. Produce documents, including Electronic Information, evidencing the separation of Doyle from his employment position with the Jacksonville Jaguars.

8. Produce documents, including Electronic Information, evidencing any due diligence performed by Urban Meyer prior to the Jacksonville Jaguars hiring Doyle.

9. Produce documents, including Electronic Information, evidencing any communications between K. Ferentz and Urban Meyer relating to Doyle.

10. Produce documents, including Electronic Information, evidencing any communications with the media (whether "on the record" or "off the record") regarding Doyle.