IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER;  BRANDON SIMON; JAVON FOY,<br><br>       Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE<br><br>       Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**COME NOW**, Defendants the University of Iowa, Board of Regents, State of Iowa, Brian Ferentz, and Christopher Doyle (Defendants") and submit their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint.

1.      Denied.

2.      Defendants admit that allegations began following the murder of George Floyd, but deny allegations of continuous racial discrimination or the remaining allegations of this paragraph.

3.      Defendants admit James Daniels tweeted a statement similar to the quoted statement, but Plaintiffs omit certain punctuation from the original statement, and Defendants deny the allegations contained in this paragraph and Mr. Daniels' statement.

4.      Denied for lack of information.

5.      Denied.

6.      Denied.

7.      Denied.

1

8.      Defendants admit that on or about June 11, 2020, Coach Kirk Ferentz made reference to a "blind spot" in a public statement to the media, however, Plaintiffs' allegations take the statement out of the context in which it was made, and Defendants deny the allegations of this paragraph; Defendants also admit Kirk Ferentz has been head coach of the Iowa Football Program for over 20 years.

9.      Defendants deny that the report made findings; Defendants admit the report contains the two sentences quoted in this paragraph.  Defendants deny the allegations of this paragraph.

10.      Defendants deny the 2019 report was secret; Defendants deny that Coach Kirk Ferentz admitted he "dropped the ball" by failing to make necessary and effective changes to correct the culture of "racial or cultural biases," deny that either of the footnoted articles stand for the allegations stated in this paragraph; and Defendants state affirmatively that Coach Kirk Ferentz stated that he "dropped the ball," for not scheduling a follow up meeting after the season or the Holiday Bowl game victory over USC because he thought the program was in a good spot.

11.      Denied.

12.      Defendants deny the allegations regarding Dr. Robert Turner and his writings for lack of information.  Defendants deny the remaining allegations of this paragraph.

13.      Defendants admit this Court has jurisdiction but deny that there are any state law claims remaining.

14.      Admit.

15.      Admit.

16.      Admit.

17.      Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

31.     Defendants admit the first two sentences of this paragraph and deny all remaining allegations of this paragraph.

32.     Defendants admit the first two sentences of this paragraph and deny all remaining allegations of this paragraph.

33.     Admit.

34.     Admit.

35.     Defendants admit the first three sentences of this paragraph and deny all remaining allegations of this paragraph.

36.     Admit.

37.     Defendants admit that Iowa is considered among the group of universities that comprise the Power 5, although the term is not believed to be defined by the National Collegiate Athletic Association.

38.     Admit.

39.     Admit.

40.     Admit.

41.     Denied.

42.     Defendants admit the first two sentences of this paragraph.  Defendants further admit that Coach Kirk Ferentz and Coach Doyle were close friends and working companions during the time they both served on the Iowa coaching staff for approximately 20 years. Defendants deny the remaining allegations as to "right hand man," chief confidant, CEO, and COO contained in this paragraph.

43.     Admit.

44.     Denied.

45.     Denied.

46.     Denied for lack of information.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     All allegations of paragraph 52 not admitted are hereby denied. It is admitted that B. Ferentz was involved in recruiting Smith-Marsette. B. Ferentz visited the high school Smith-

Marsette was then attending. There was a conversation after Smith-Marsette was in the football program regarding the safety of that area.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Defendants deny that African-American Football players were disproportionately targeted for "random" drug tests in comparison to their White teammates; Defendants deny for lack of information whether a White football player made such allegations.

57.     Defendants deny for lack of information the allegations of this paragraph; Defendants admit that the information contained in this paragraph is contained in the Law Firm Report.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     To the extent that any response to the untimely allegation of five or so years ago is required, Defendants deny the allegation.

63.     The answer to paragraph 62 is incorporated by reference.

64.     The answer to paragraph 62 is incorporated by reference.  Denied.

65.     The answer to paragraph 62 is incorporated by reference.

66.     The answer to paragraph 62 is incorporated by reference.

67.     Denied.

68.     Denied

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Defendants deny the allegations of this paragraph for lack of information.

74.     Denied.

75.     Denied for lack of information.

76.     Denied.

77.     Denied.

78.     Denied for lack of information.

79.     Denied.

80.     Denied for lack of information.

81.     Defendants admit a UI Athletics Diversity Task Force was created in 2018 and prepared a written report; Defendants deny the remaining allegations of this paragraph.

82.     Denied.

83.     Defendants deny the Report confirms Plaintiffs' allegations.  Defendants admit Plaintiffs have accurately quoted certain statements reported to the reviewing entity.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Admit.

90.     Denied.

91.     Denied.  Defendants admit Coach Brian Ferentz received a raise.

92.     Admit.

93.     Denied.

94.     Admit Plaintiffs have accurately quoted the section of the report referenced in this paragraph.

95.     Defendants admit that that the Law Firm Report contains the information quoted in this paragraph. Defendants deny any allegations of discrimination.

96.     Denied.  Defendants state that the report ascribes some or all of the comments in the bulleted paragraphs to unidentified persons who gave interviews.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Admit Plaintiffs have accurately quoted a portion of the referenced statement.

101.    Denied.

102.    Defendants admit the program implemented a Leadership Group comprised of football players but deny the remaining allegations of this paragraph for lack of specificity as to what is meant by "during times material hereto".

103.    Admit.

104.    Admit.

105.    Denied.

106.    Denied.

107.    Denied.

108.   Denied.

109.   Admit.

110.   Denied.

111.   Denied.

112.   Defendants deny any allegations of discrimination that may be contained in this paragraph.

113.   Denied. Defendants deny any allegations of discrimination that may be contained in this paragraph.

114.   Denied.

115.   Denied.

116.   Denied.

117.   Defendants reassert their responses to paragraphs 1 – 116 as though full set forth herein.

118.   Defendants admit that Akrum Wadley signed with the Iowa Football program on or about February 4, 2013, and the remaining allegations of this paragraph are denied for lack of information.

119.   Admit.

120.   Denied for lack of information.

121.   Admit.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied for lack of information.

126.    Denied.

127.    Denied.

128.    Admit.

129.    Denied for lack of information.

130.    Denied.

131.    Denied.

132.    Denied for lack of information.

133.    Denied for lack of information.

134.    Denied for lack of information.

135.    Denied for lack of information.

136.    Denied for lack of information.

137.    Denied for lack of information.

138.    Denied for lack of information.

139.    Admit.

140.    Denied.   Defendants admit Brian Ferentz kicked a garbage can and deny the remaining allegations of this paragraph.

141.    To the extent that any response to the untimely allegation of five or so years ago is required, Defendants deny the allegation.

142.    The answer to paragraph 141 is incorporated by reference.

143.    The answer to paragraph 141 is incorporated by reference; furthermore, Defendants deny that Jonathan Parker experienced daily ridicule or bullying from the Iowa Coaching Staff; Defendants deny the remaining allegations of this paragraph for lack of information.

144.     The answer to paragraph 141 is incorporated by reference; furthermore, Defendants deny for lack of information the remaining allegations of this paragraph.

145.     Defendants admit that Marcel Joly committed to play for Iowa on or about September 24, 2013.   The remaining allegations of this paragraph are denied for lack of information.

146.     Admit.

147.     Denied for lack of information.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Defendants admit that Aaron Mends committed to play for Iowa on or about August 13, 2013, he was from Missouri, and other schools sought to recruit him.   The remaining allegations of this paragraph are denied for lack of information.

153.     Admit.

154.     Denied for lack of information.

155.     Admit.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Admit.

161.    Defendants admit Aaron Mends served on the Leadership Group and, as part of that role, he met with Kirk Ferentz; Defendants deny the remaining allegations of this paragraph.

162.    Defendants deny for lack of information that Aaron Mends was disappointed; the remaining allegations of this paragraph are denied.

163.    Defendants incorporate the answer of paragraph 162 above.

164.    Defendants incorporate the answer of paragraph 162 above.

165.    Denied.

166.    Denied for lack of information.

167.    Denied for lack of information.

168.    Denied for lack of information.

169.    Denied

170.    Denied for lack of information.

171.    Denied

172.    Denied

173.    Denied for lack of information.

174.    Denied for lack of information.

175.    Denied for lack of information.

176.    Denied for lack of information.

177.    Admit.

178.    Admit.

179.    Denied for lack of information.

180.    Admit.

181.    Denied for lack of information.

182.    Denied for lack of information.

183.    Denied for lack of information.

184.    Denied for lack of information.

185.    Admit.

186.    Denied.

187.    Admit.

188.    Denied for lack of Information.

189.    Denied for lack of information.

190.    Admit.

191.    Denied

192.    Denied.

193.    Admit.

194.    Admit.

195.    All allegations in paragraph 195 not admitted are hereby denied. It is admitted that, due to the score of the game, many starters including Martin-Manley were pulled from the game.

196.    All allegations in paragraph 196 not admitted are hereby denied. It is admitted that, due to the score of the game, many starters including Martin-Manley were pulled from the game.

197.    All allegations in paragraph 197 not admitted are hereby denied. It is admitted that, due to the score of the game, many starters including Martin-Manley were pulled from the game.

198.    Denied for lack of information.

199.    Denied.

200.    Denied for lack of information

201.    Admit

202.   Denied for lack of information.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied for lack of information.

209.   Admit

210.   Denied for lack of information.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied for lack of information.

216.   Admit.

217.   Denied for lack of information.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied for lack of information.

224.   Admit.

225.    Denied for lack of information.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Admit.

231.    Admit.

232.    Denied for lack of information.

233.    Admit.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied for lack of information

242.    Denied for lack of information

243.    Admit.

244.    Denied for lack of information.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.    Denied

250.    Denied for lack of information.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Defendants University of Iowa and Board of Regents reassert their responses to paragraphs 1 through 253 as though fully set forth herein.

255.    Admit.

256.    Defendants are unable to admit or deny the legal conclusion set forth in paragraph 256.

257.    Defendants are unable to admit or deny the legal conclusion set forth in paragraph 257.

258.    Denied.

259.    Admit.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied.

267 – 274. Comprising Count II of the Complaint has been dismissed and no further response is required of Defendants.

275 – 280. Comprising Count III of the Complaint has been dismissed and no further response is required of Defendants.

281.    Defendants Brian Ferentz and Chris Doyle reassert their responses to paragraphs 1-280 as though fully set forth herein.

282.    No response to the legal conclusion set forth in this paragraph is required.

283.    Denied for lack of information.

284.    Admit as to Wadley, Parker, Joly, Cooper, Mends and Simon. Deny as to Foy.

285.    Admit the listed Plaintiffs accepted their scholarship offers and deny and/or deny for lack of information any remaining allegations in paragraph 285.

286.    Admit Plaintiff Foy had the status of preferred walk on. The remainder of this paragraph is denied for lack of information.

287.    Denied for lack of information.

288.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

289.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

290.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

291.    K. Ferentz and Barta have been dismissed. Admitted B. Ferentz and Doyle had control over many, but not necessarily all, athletic facilities, equipment, supplies, etc. utilized by Plaintiffs while participating in training and football.

292.    K. Ferentz and Barta have been dismissed. B. Ferentz and Doyle lack sufficient information to respond to the ambiguous and non-specific allegations of this paragraph.

293.    K. Ferentz and Barta have been dismissed. B. Ferentz and Doyle lack sufficient information to respond to the ambiguous and non-specific allegations of this paragraph.

294.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

295.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

296.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

297.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

298.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

299.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz and Doyle.

300.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz, Doyle and all other named institutional defendants.

301.    K. Ferentz and Barta have been dismissed. Denied as to B. Ferentz, Doyle and all other named institutional defendants.

WHEREFORE it is respectfully requested Count IV be dismissed with costs assessed to the Plaintiffs.

302 – 320. Comprising Count V of the Complaint has been dismissed and no further response is required of Defendants.

321 – 334. Comprising Count VI of the Complaint has been dismissed and no further response is required of Defendants.

335 – 346. Comprising Count VII of the Complaint has been dismissed and no further response is required of Defendants.

347 – 357. Comprising Count VIII of the Complaint has been dismissed and no further response is required of Defendants.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

2.      Some or all of Plaintiffs' claims may be barred by the applicable limitations period.

3.      To the extent any harassing behavior occurred Defendants exercised reasonable care to prevent and promptly correct any potentially unlawful harassing behavior, and Plaintiffs unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm.

4.      Defendants named in their individual capacity are entitled to qualified immunity with respect to some or all of Plaintiffs' claims.

5.      Defendants had an effective policy for reporting and redressing discrimination.

6.      Defendants were not deliberately indifferent to any alleged discrimination or harrasment.

7.      To the extent any alleged harassing behavior occurred it was neither intentional, severe nor pervasive.

8.      Pending further discovery and investigation, Defendants reserve the right to amend their Answer to assert other additional affirmative defenses as may become necessary or proper to the full defense of this matter.

WHEREFORE it is respectfully requested that this case be dismissed with costs assessed to Plaintiffs.

## JURY DEMAND

Defendants demand a trial by jury of all issues triable to a jury.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

/s/ Jeffrey S. Thompson
JEFFREY S. THOMPSON
Solicitor General

/s/ Jeffrey C. Peterzalek
JEFFREY C. PETERZALEK
/s/ Christopher J. Deist
CHRISTOPHER J. DEIST
/s/ Samuel P. Langholz
SAMUEL P. LANGHOLZ
/s/ William A. Hill
WILLIAM A. HILL
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
william.hill@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**
  The undersigned certifies that the foregoing instrument was
served upon each of the persons identified as receiving a copy by
delivery in the following manner on June 7, 2021:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivery                ☐ Overnight Courier
☐ Federal Express              ☐ Other
☒ CM/ECF

Signature: _/s/ Audra Drish_