IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA; BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE.<br><br>Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' MOTION TO QUASH NOTICES OF DEPOSITIONS AND FOR PROTECTIVE ORDER** |

**COME NOW** Defendants and, pursuant to Federal Rules of Civil Procedure 26(c)(1) and 45(d)(3), move the Court to quash the notices of depositions issued to Kirk Ferentz and Defendant Brian Ferentz by Plaintiffs and to issue a protective order related to future notices of depositions. In support of their motion, Defendants state the following:

1.    Kirk Ferentz[1] is a resident of Iowa City, Iowa, and is employed as the head coach of the University of Iowa football team ("UI Football"), located in Iowa City, Iowa.

2.    Defendant Brian Ferentz (collectively with K. Ferentz, "Iowa Coaches") is also a resident of Iowa City and is employed as the offensive coordinator for UI Football.

---

[1] Plaintiff's Notice of Deposition for Kirk Ferentz labels him as "Defendant Kirk Ferentz." *See* Ex. A (Notice of Deposition – Kirk Ferentz). However, Kirk Ferentz was dismissed by the Court as a named defendant in this matter as part of the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. *See* Doc. 31 (5/6/21 Order), at 19-21.

3.     The undersigned have repeatedly informed Plaintiffs' counsel that neither individual would be available for depositions during the football season, and have offered to make both available as soon as January 2022.[2]

4.     Despite this, on September 17, 2021, the undersigned received the attached notices of depositions for the Iowa Coaches. *See* Ex. A (Notice of Deposition – Kirk Ferentz); Ex. B (Notice of Deposition – Brian Ferentz). The noticed date for the deposition of Brian Ferentz is October 19, 2021. *See* Ex. B. The noticed date for the deposition of Kirk Ferentz is October 20, 2021. *See* Ex. A.

5.     Both notices state, in part, that the depositions "will continue from day to day until completed." *See* Ex. A; Ex. B.

6.     Both notices also state that, "depending on the state of the Covid-19 pandemic," the depositions will be conducted at the Office of the Attorney General of Iowa in Des Moines, Iowa.[3] *See* Ex. A; Ex. B.

7.     The Court should quash Plaintiffs' notices of depositions pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) and (iv).

8.     First, the notices fail to provide a reasonable time for compliance.[4] As stated previously, the Iowa Coaches were served with these notices of depositions on

---

[2] Most recently, Mr. Thompson conferred with Plaintiff's counsel via Zoom video conference on September 16, 2021.

[3] The notices specifically state the location of the depositions will be "at the offices of Jeffrey Thompson, Solicitor General for the State of Iowa…" *See* Ex. A; Ex. B.

[4] *See Wagner v. Jones*, 2015 WL 13469315, at *1-2 (S.D. Iowa Jan. 7, 2015) (granting motion to quash for failure to provide reasonable time for compliance, involving a subpoena of University officials for broad sweeping records requests); *Leazbenby Constr., Inc. v. City of Council Bluffs*, 2012 WL 12914697, at *1 (S.D. Iowa Mar. 26, 2012) ("In general the reasonableness of a deposition notice depends on the particular circumstances."); *see also Plant Genetic Systems, N.V. v. Northrup King Co., Inc.*, 6 F.Supp.2d 859, 861 (E.D. Mo. 1998) ("The factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the

September 17, 2021, with the stated date for the depositions in on October 19 and 20, 2021, respectively. While on its face this would seem to be a substantial amount of time to prepare for the depositions, the realities of the Iowa Coaches' schedules during the fall demonstrates the lack of reasonableness for these notices. Specifically, both are currently in the midst of the UI Football season, the busiest time of year for both individuals. To make matters worse, UI Football has a major game scheduled for October 30, 2021, for which the Iowa Coaches will be required to devote their full attention in team preparation.[5] This will impact the Iowa Coaches' time and ability to review necessary documents and to consult and conduct deposition preparation with counsel.

      9.      Second, the notices subject both individuals to undue burden in multiple respects. In addition to the previously-discussed hardships posed by preparation for these depositions, the travel requirements for the depositions would take even more time away from both of their very busy schedules and further impact their abilities to perform their duties and responsibilities to UI Football. Additionally, because Plaintiffs have yet to provide responses to Defendants' discovery requests,[6] many details of Plaintiffs' claims remain unknown to Defendants. This creates an additional burden on the Iowa Coaches, who would likely be asked about events without prior opportunity to refresh their recollections and prepare their responses. Finally, having the depositions

---

potential hardship to the party subject to the subpoena.") (quoting *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)) (internal quotation marks omitted).

[5] Plaintiffs will likely argue that the scheduling concerns for the Iowa Coaches on the week in question are not valid, as that week is a by-week in the UI Football schedule. However, by-weeks do not significantly impact the daily responsibilities for either individual.

[6] Defendants issued their discovery requests on July 28, 2021. Plaintiffs have since sought and obtained extensions for their response deadlines.

conducted in Des Moines will further burden the Iowa Coaches, who will have to schedule additional time for travel to and from the depositions.[7]

10. Additionally, as stated previously, both notices lay out an open-ended length for the depositions – "continu[ing] day to day until completed." This is in violation of Federal Rule of Civil Procedure 30(d), which states that, unless stipulated or ordered by the court, depositions are limited to a maximum length of one 7-hour day.[8] Plaintiffs have not provided any justification for extending the length of these depositions beyond that limitation, and Defendants do not stipulate to such an extension.

11. Furthermore, trial in this matter is not scheduled to begin until March 2023, with deadlines for depositions in October 2022. As such, there is no urgency requiring taking either of these depositions in the midst of the UI Football season.

12. This, combined with the fact that Plaintiffs chose to notice the two individuals whom the undersigned have made repeatedly clear are not available for depositions this time of year, demonstrates that these notices are intended primarily to harass the Iowa Coaches with full awareness of their schedules and responsibilities during the football season. For this reason, good cause exists for the Court to issue a protective order under Rule 26(c)(1).[9]

---

[7] Further, Defendants have never agreed that depositions in this case will be conducted in Des Moines. There is little reason for the location of the depositions to be in Des Moines, given that the majority of witnesses in this case are located in Iowa City.

[8] *See* Fed. R. Civ. P. 30(d)(1).

[9] *See General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (court must consider "the relative hardship to the non-moving party should the protective order be granted); *United States v. Miracle Recreation Equip. Co.*, 118 F.R.D. 100, 104 (S.D. Iowa 1987) ("Good cause exists, according to Rule 26(c), when justice requires the protection of a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense.").

**WHEREFORE**, Defendants respectfully request this Court grant their Motion, quash the attached notices of depositions, and issue an order protecting Kirk and Brian Ferentz from further notices of depositions until January of 2022.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
*/s/ William A. Hill*
WILLIAM A. HILL
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
william.hill@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on September 23, 2021:

☐ U.S. Mail                ☐ FAX
☐ Hand Delivery            ☐ Overnight Courier
☐ Federal Express          ☐ Other
☒ CM/ECF

Signature: */s/ Audra Drish*