# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| AKRUM WADLEY, *et al.*, | ) | |
| | ) | Case No. 4:20-cv-00366-SMR-HCA |
| Plaintiffs | ) | |
| | ) | **RESPONSE IN OPPOSITION TO** |
| v. | ) | **DEFENDANTS' MOTION TO** |
| | ) | **QUASH NOTICES OF** |
| UNIVERSITY OF IOWA, *et al.*, | ) | **DEPOSITIONS AND FOR** |
| | ) | **PROTECTIVE ORDER** |
| Defendants. | ) | |
| | | No Hearing Necessary |

Plaintiffs hereby submit this Response in Opposition to Defendants' Motion to Quash Notices of Depositions and for Protective Order. Plaintiffs respectfully request that the Court deny the Defendants' motion for failure to demonstrate good cause to support the relief requested. In resistance to Defendants' motion, Plaintiffs submit the following:

## I.  THE NOTICES OF DEPOSITION DO NOT SUBJECT THE DEPONENTS TO UNDUE BURDEN.

The notices of deposition at issue do not impose an undue burden on the deponents. First, as Defendants concede in their motion, Plaintiffs have given Defendants more than a month's notice of the depositions. This is more than enough to prepare. Second, Defendants' argument that the notices impose an undue burden on the deponents because "many details of Plaintiffs' claims remain unknown to Defendants" and because Plaintiffs had not served their discovery responses is unpersuasive. First, Plaintiffs submitted their discovery responses on Thursday, September 30, 2021, after obtaining only *one* extension from Defendants. Accordingly, this part of Defendants' argument is moot, as Defendants now have all they need from Plaintiffs to prepare. Third, the argument that Defendants lack

1

details about Plaintiffs' claims is simply misleading. Plaintiffs' complaint was 92 pages long and referenced reports that Defendants already have in their possession. Defendants have all the information they need to prepare for the depositions without suffering from undue burden.

## II.     THE NOTICES OF DEPOSITION AT ISSUE WERE NOT SERVED TO HARASS THE DEPONENTS, BUT THIS MOTION WAS FILED TO CAUSE UNDUE DELAY.

Simply moving forward with discovery hardly constitutes harassment. Plaintiffs intentionally scheduled the depositions at issue during Iowa's bye week so as to *prevent* undue burden on the deponents. Moreover, Plaintiffs' counsel advised Defendants' counsel of their intent to conduct these depositions during Iowa's bye week as early as May 2021 at the parties' Rule 26 conference.

This action, which was brought to vindicate a group of Black student-athletes' civil rights, was filed nearly a year ago. Regardless of the fact that a trial is not scheduled in this matter until 2023, Plaintiffs have a right to move forward with their case in an expeditious manner, without undue delay. Plus, a trial is not the only way to dispose of this case, and until Plaintiffs have deposed the key actors, Defendants will have little incentive to participate in meaningful settlement negotiations. The need to conduct these depositions is particularly warranted given the significant deficiencies in Defendants' responses to Plaintiffs' written discovery requests, as well as the delay in serving documents. [*See* Email

from Damario Solomon-Simmons to Jeff Thompson (Aug. 26, 2021) (filed herewith as **Exhibit 1**)].[1]

Defendants wish to delay discovery until the end of football season—more than three months from now. Defendants have failed to demonstrate good cause for such a substantial delay.

## III.   PLAINTIFFS HAVE ATTEMPTED TO COMPROMISE IN MULTIPLE WAYS, BUT DEFENDANTS REFUSE TO DO SO.

In an email sent Friday, October 1, 2021, Plaintiffs' counsel offered a compromise to Defendants' counsel. Plaintiffs' counsel indicated they would agree to withdraw their subpoena to Brian Ferentz, but that Plaintiffs needed to move forward with deposing Kirk Ferentz. Plaintiffs explained that Defendants' document production had been sparse, so it was necessary to depose Kirk Ferentz to identify additional written discovery requests to propound. Plaintiffs also offered to conduct the deposition virtually to eliminate the need for travel. Without providing a counteroffer, defense counsel rejected Plaintiffs' offer. [*See* Emails between Jeff Thompson and Damario Solomon-Simmons (Oct. 1, 2021) (filed herewith as **Exhibit 2**)].

## IV.   AN ORDER QUASHING THE DEPOSITION NOTICES WOULD SET A DANGEROUS PRECEDENT.

If the Court were to grant Defendants' motion and enter an order quashing the notices of deposition at issue, it would set a dangerous precedent. All litigants necessarily

---

[1] Plaintiffs served Defendants with written discovery requests on June 1, 2021. Defendants belatedly submitted their responses to Plaintiffs' requests for production of documents at the end of August 2021.

experience inconvenience while prosecuting or defending civil actions. It is an unfortunate reality. The fact that the subjects of the notices of deposition at issue are football coaches does not exempt them from this, nor does it give them special grounds on which to avoid participating in litigation. Football coaches are not the only litigants whose jobs require the expenditure of substantial time and energy, and their jobs are no more important than the doctors, CEOs, police chiefs, and directors of government agencies who are called to testify in civil actions on a daily basis.

An order quashing the notices of deposition at issue would set a dangerous precedent. Litigants would use it to avoid participating in discovery whenever their jobs render it inconvenient to do so. Court dockets would come to a standstill. Civil actions would never be resolved.

Contrary to what Defendants would have the Court hold, there simply is no privilege that protects football coaches from being deposed during football season. Plaintiffs have given Defendants more than a month's notice of these depositions, and that is more than enough time. The notices do not impose an undue burden on deponents, so Defendants' motion should be denied.

## V.   <u>CONCLUSION</u>

Defendants have not demonstrated good cause to quash the deposition notices or to enter a protective order. Plaintiffs gave Defendants more than adequate notice of the depositions to allow sufficient time to prepare, and they scheduled the depositions for the week before the only weekend during football season on which Iowa does not have a football game.

WHEREFORE, premises considered, Plaintiffs respectfully ask that the Court deny Defendants' motion. Alternatively, Plaintiffs ask that the Court enter an appropriate protective order that would minimize the burden on the deponents while also allowing Plaintiffs to move forward with their case.

Respectfully submitted,

**SOLOMON SIMMONS LAW, PLLC**

/s/*Kymberli J. M. Heckenkemper*
Damario Solomon-Simmons, OBA # 20340
Kymberli J. M. Heckenkemper, OBA # 33524
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
Phone: (918) 551-8999
Fax:   (918) 582-6106
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com