IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE.<br><br>Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH NOTICES OF DEPOSITIONS AND FOR PROTECTIVE ORDER**<br>      **(HEARING REQUESTED)** |

## I. INTRODUCTION

Plaintiffs' resistance to Defendants' motion requesting a reasonable delay in taking the depositions of University of Iowa Head Football Coach Kirk Ferentz and Offensive Coordinator Brian Ferentz (collectively "deponents") does little to refute the numerous and substantial concerns raised in Defendants' motion. Indeed, Plaintiffs' resistance fails to cite to even one rule of civil procedure, a case or any other authority to support their response. *See Pulczinski v. Trinity Structural Towers, Inc.*, 2011 WL 1318737o at *15 (S.D. Iowa July 9, 2011 (noting Plaintiff's failure to cite authority as required by Local Rule 7(d)). Plaintiffs' unprecedented insistence on noticing the depositions of the University's head football coach and offensive coordinator in the middle of the season presents numerous and substantial hardships on the deponents and others.

## II. THE DEPOSITION NOTICES SUBJECT THE DEPONENTS TO UNDUE BURDEN AND UNJUSTIFIED INCONVENIENCE.

Federal courts are required to grant a motion to quash a notice of deposition where the notice subjects the deponent to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). In response to Defendants' undue burden arguments,[1] Plaintiffs have argued that they have given the deponents "more than enough [time] to prepare" for their depositions and that Defendants' claims regarding the lack of details of Plaintiffs' claims is "unpersuasive." Dkt. 55, at 1. Plaintiffs argue that their recent discovery responses, along with their 92-page Amended Complaint should provide sufficient detail for the deponents to prepare for depositions without suffering undue burden. *Id.* at 1-2.

Plaintiffs' arguments fail in two respects. First, Plaintiffs gloss over the lack of substantive details in both their Amended Complaint and their discovery responses. Indeed, one of the arguments raised by Defendants on their motion to dismiss the Amended Complaint was that Plaintiffs had provided insufficient detail to plausibly state their claims, which resulted in the dismissal of several of Plaintiffs' claims. *See* Dkt. 16-1, at Part II; Dkt. 31 (dismissing Counts II, III, VII, and VIII entirely and Count IV in part for failure to properly state a claim). Plaintiffs' discovery responses largely restate the same vague or unclear claims as contained in their Amended Complaint.

Second, Plaintiffs ignore that the burden to the deponents posed by their notices reaches beyond merely the hardship of divining the details of Plaintiffs' specific claims. As noted in Defendants' motion, both deponents are incredibly busy during this time of year, due to their commitments and duties to the University football team, something that has been repeatedly

---

[1] Notably, Plaintiffs fail to address facial violations of Federal Rule of Civil Procedure 30(d) contained in the notices, as raised in Defendants' motion. *See* Dkt. 51, at ¶ 10.

expressed to Plaintiffs' counsel prior to the issuance of these notices. The deponents' duties this time of year "occupy almost of all of [their] waking hours during each day of the [football] season." Ex. C (Decl. of Kirk Ferentz) at ¶ 4; Ex. D (Decl. of Brian Ferentz) at ¶ 4. This will make it nearly impossible for either deponent to review their records, the University's records, the discovery materials provided by Plaintiffs, or prepare for the depositions with counsel. Ex. C, at ¶ 5; Ex. D, at ¶ 5.

Additionally, both deponents have personal counsel, Roger W. Stone, who has appeared in this matter and worked closely with both individuals on these matters since before Plaintiffs' filed their lawsuit. Ex. C, at ¶ 9-10; Ex. D, at ¶ 9-10. However, Mr. Stone is set to preside over a multi-week arbitration hearing set for October 11-29, and thus will be unavailable to attend either deposition or to assist with either deponents' preparation. Ex. C, at ¶ 9; Ex. D, at ¶ 9. It is fundamentally unfair to subject the deponents to a deposition without the presence of their counsel of choice or without his assistance in preparation.

Plaintiffs have also argued that granting Defendants' motion would set a "dangerous precedent" in which any future litigant would use the Court's ruling "to avoid participating in discovery whenever their jobs render it inconvenient to do so." Dkt. 55, at 3-4. This is a mischaracterization of Defendants' motion and the situation at hand. Despite the undersigned's repeated rejection of depositions of UI coaching staff during the football season, due to the obvious scheduling and burdensomeness concerns, Plaintiffs have chosen to notice two of the highest-ranking officials in the UI Football Program to depositions during one of the most inconvenient and burdensome times imaginable and for no justified reason given the state of discovery and the trial schedule in this case.

The Court's consideration of this matter can be further aided by application of the "apex doctrine" in assessing Plaintiffs' notices. The apex doctrine "protects high-level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Wood v. PACCAR, Inc.*, 2019 WL 9093942, at *10 (N.D. Iowa Oct. 25, 2019); *see also Wetch v. Crum & Forster Commercial Ins.*, 2019 WL 283654, at *2 (D.S.D. Jan. 22, 2019) (noting that the apex doctrine was designed to protected "busy, high-level executives"). While Defendants acknowledge that both deponents have unique or special knowledge about the facts at issue in this case, the second factor weighs in favor of quashing these notices of depositions.

At this time, both parties remain engaged in efforts to further written discovery along in a timely and reasonable manner. Plaintiffs recently provided their responses to Defendants' first set of discovery requests. Further, Defendants just recently received FERPA releases for the named Plaintiffs, necessary for production of various documents and information requested as part of their first set of discovery requests. Additionally, Plaintiffs have sought FERPA-protected documents and information for several other current and former University student-athletes, which requires Defendants to issue FERPA notices to and receive FERPA releases from said students prior to response. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958, at *4 (S.D. Oh. Oct. 15, 2018). Finally, the parties are currently collaborating on a protective order to cover other confidential and sensitive materials and information that has been or will likely be requested in the course of discovery.

These ongoing discovery efforts demonstrate clearly that Plaintiffs have not exhausted less burdensome means of discovery prior to demanding two of the highest officials in the UI Football Program sit for deposition. Indeed, these depositions are the first and only depositions

requested to date. Furthermore, without the above-mentioned FERPA releases and protective order, much of the information Plaintiffs purport to gain from these depositions could not be provided, further undercutting any possible justification for the timing of these depositions.

This is also, in part, why Defendants proposed scheduling these depositions starting in January 2022. At that time, the UI Football Program officials would be better able to take the time to prepare and sit for depositions, and the written discovery record would hopefully be more developed. Further, delaying depositions until January 2022 would not prejudice either party, given the current March 2023 trial date.

Instead, Plaintiffs have chosen to disregard these concerns and proceeded with their notices. In fact, Plaintiffs have inadvertently revealed their underlying motive behind these notices – to provide Defendants with "incentive" to engage in settlement negotiations. *See* Dkt. 55, at 2. This is an improper justification for a burdensome deposition and should not be accepted by the Court.

### III.    GRANTING DEFENDANTS' MOTION ALLOWS DISCOVERY TO PROCEED IN AN ORDERLY AND TIMELY MANNER.

Engaging in discovery in a staged manner, as has been proposed to Plaintiffs by Defendants, ensures that discovery proceeds in an orderly and efficient manner while maximizing the time and resources of all involved. Defendants, in prior discussions with Plaintiffs' counsel have suggested working on completion of written discovery by the end of November, taking plaintiffs' depositions in December or early January with Defendant depositions following later in January or early February granting Defendants' motion allows the parties to proceed with discovery in an orderly way as opposed to haphazard, piecemeal manner that arises from attempting to take the requested depositions at this juncture of the proceedings.

## IV. CONCLUSION

Defendants respectfully request this Court grant their Motion, quash the attached notices of depositions, and issue an order protecting Kirk and Brian Ferentz from further notices of depositions until January of 2022. It is also respectfully suggested that a discovery conference with the Court at this stage of the proceedings may aid in facilitating ongoing discovery in this matter. Finally, Defendants respectfully request a hearing before the Court on this matter.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
**JEFFREY** S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK

*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST

*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

Counsel of record served via CM/ECF
on this 6th day of October, 2021.