IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE,<br><br>Defendants. | Case No. 4:20-cv-00366<br><br>**DECLARATION OF BRIAN FERENTZ** |

STATE OF IOWA        )
                                  ) SS:
COUNTY OF JOHNSON  )

I, Brian Ferentz, pursuant to 28 U.S.C. § 1746, declare:

1. I have been the offensive coordinator at the University of Iowa since 2017, and was the offensive line coach from 2012 to 2017; I have personal knowledge of the statements made in this affidavit or the information has been furnished to me by counsel who are assisting me with this litigation.

2. I am advised that Plaintiffs have scheduled a deposition of me related to the case for the date of October 19, 2021, in Des Moines or by Zoom.



1

3. This schedule is extremely burdensome for me because it occurs in the middle of the football season when my days and evenings are already committed to my duties as offensive coordinator of the football team, which duties include overseeing the offensive preparation and coaching of 45-60 players, managing practice, coordinating offensive staff, and preparing for upcoming games.

4. I am currently engaged more than full time in performing my duties as offensive coordinator, and those duties occupy almost all of my waking hours during each day of the season.

5. This schedule of a deposition on October 19, 2021, would not allow me to review my or the University records, the discovery materials furnished by Plaintiffs, or discuss the case with counsel before the deposition, review the claims, my earlier statements, or be meaningfully involved in preparing for my deposition.

6. I understand that a deposition of Kirk Ferentz is scheduled for October 20, 2021. I would probably attend his deposition because I am a party in the case or as representative of the University of Iowa or both, if the deposition were held at a time I could attend, but attending his deposition in the middle of the football season would be as burdensome as having my own deposition taken.

7. I believe that I would lose, at a minimum, three days of attending to my duties of offensive coordinator, if I am required to prepare on one day, have my deposition taken on another, and attend the deposition of Kirk Ferentz on a third day, which I

understand I am entitled to attend as a party and as a representative of the University.

8. I would be available for a deposition and have an opportunity to prepare for a deposition after conclusion of the football season in early January 2022 and my schedule is generally available after that time, and a mutually convenient time can be worked out.

9. My personal counsel, attorney Roger W. Stone, I am told, has an arbitration hearing previously set for October 11-29, 2021, and would not be available to attend my deposition or to be available to assist with my preparation or review before the deposition after the date of October 11.

10. I have worked with him on the subjects in this litigation since before the case was filed, and it is fundamentally unfair to be expected to have my deposition taken without the presence of counsel of my choice or to have his assistance in my preparation.

11. I am advised by Counsel that the notice of deposition provides for questioning me from day-to-day, which further interferes and burdens my assigned duties as offensive coordinator of the Iowa football program.  One day of deposition is a great and undue hardship and more than one day just compounds the interference, disruption, and hardship of my absence from my duties.

12. Football practice is already scheduled for the dates of October 19 and 20, 2021.  The conduct of football practice without the personal involvement of the head coach and

offensive coordinator, would be a tremendous disruption of those scheduled practices and for the preparation of the upcoming game on October 30, 2021, at Wisconsin.

13. The "bye week" describes a week that does not involve a weekend game at the end of that week, but the "bye week" is almost as busy as a game week. We have to schedule many activities related to coaching during that "bye week." It is by no means a free week and it does not allow us two or three open days for depositions without tremendous interference with carrying out the duties of head coach of the program, including a tremendous disruption of practice.

14. I believe that the Plaintiffs' schedule unfairly prevents my adequate preparation for my deposition, does not allow me to review Plaintiffs' documents, answers, and other records, does not allow me to have the benefit of counsel of my choice to assist in my preparation, does not allow me to have present my choice of counsel who has assisted me with these matters for more than a year, does not allow me to attend another deposition scheduled for that same week, interferes with my assistance to the University in the defense of these claims, and can be rescheduled at a mutually convenient time without substantial prejudice.

15. Other than the Plaintiffs' having an opportunity to depose me at a time when I have not had a full, fair, and reasonable opportunity to prepare for a deposition, there is no good reason in my opinion why this deposition cannot be rescheduled sometime after early January 2022.

Affiant says nothing further.

Dated: October __5__, 2021

_____
BRIAN FERENTZ

    Subscribed and sworn to before me by Brian Ferentz on this _____ day of October, 2021.

_____
Notary Public, State of Iowa