IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLY, JONATHAN PARKER, MARCEL JOLY, AARON MENDS, DARIAN COOPER, BRANDON SIMON, JAVON FOY<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS OF THE STATE OF IOWA, KIRK FERENTZ, BRIAN FERENTZ, CHRISTOPHER DOYLE,<br><br>Defendant. | 4:20-cv-00366-SMR-HCA<br><br>**RULING GRANTING DEFENDANTS' MOTION TO QUASH NOTICES OF DEPOSITIONS AND FOR PROTECTIVE ORDER** |

Before the Court is Defendants' Motion to Quash Notices of Depositions and for a Protective Order ("Motion") filed on September 23, 2021. ECF No. 51. Plaintiffs filed a response in opposition to the Motion on October 4, 2021. ECF No. 55. On October 6, 2021, Defendants filed their reply in support of the Motion. ECF No. 56. In their reply, Defendants requested oral argument, but the Court finds that oral argument is unnecessary. LR 7(c). The Court considers the Motion fully submitted on the written briefs.

Defendants seek an order quashing the notices of depositions issued to Kirk Ferentz and Defendant Brian Ferentz ("Iowa coaches"). Defendants also seek a protective order requesting that the depositions of the Iowa coaches take place after the end of the football season, in January of 2022. ECF No. 51 at 2. Kirk Ferentz is the head coach of the University of Iowa football team and Brian Ferentz is the offensive coordinator for the team. *Id*. at 1. Defendants state that on September 17, 2021, the Plaintiffs served notices of depositions to depose Brian Ferentz on October 19, 2021, and Kirk Ferentz on October 20, 2021. *Id.* at 2. Defendants urge the Court to quash the notices for depositions pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) and (iv) because the notices fail to allow reasonable time to comply and because the notices

constitute an undue burden on the Iowa coaches. *Id*. The Defendants argue that they previously, and repeatedly, informed Plaintiffs that due to their busy football schedule and duties as coaches, the Iowa coaches would be unavailable for depositions during the football season. *Id*. The Defendants contend that the Plaintiffs' notices of depositions were served to primarily harass the Iowa coaches because although the Plaintiffs had advance notice of the Iowa coaches' unavailability during the football season, they insist on deposing the Iowa coaches during their busiest time of the year. *Id*.

More specifically, the Defendants argue that the notices fail to provide reasonable time for compliance because the notices only provide the Iowa coaches with about a one-month advance notice. Given that the coaches are amid the football season, the Defendants contend that the limited timeframe is insufficient and unreasonable and will inevitably impact their ability to review documents and prepare for the depositions. *Id*. at 3.

The Defendants also argue the notices of depositions constitute an undue burden for various reasons. First, they contend that because the depositions will be conducted at the Iowa Attorney General office in Des Moines, the Iowa coaches will be forced to travel from Iowa City to Des Moines. Second, the notices indicate the depositions "will continue from day to day until completed" further impacting the Iowa coaches' abilities to perform their duties and responsibilities to the football team. *Id*. at 2, 3. In his declaration, Kirk Ferentz indicates that he would "lose, at minimum, three days of attending to my duties of head coach, if I am required to prepare on one day, have my deposition taken on another, and attend the deposition of Brian Ferentz on a third day, which I understand I am entitled to attend as representative." ECF. 56-1 at 2. Third, the Defendants contend that the depositions are premature given that "many details of the Plaintiffs' claims remain unknown to Defendants" and thus the Iowa coaches are unable to prepare their responses to the depositions. ECF No. 51. Finally, the Defendants emphasize that timing is on their side and argue that there is no urgency for the Iowa coaches to be deposed

during the busy football season because the deposition deadline is not until October of 2022[1] and trial is not set until March of 2023. *Id*. at 4. For these reasons, the Defendants argue good cause exists to quash the notices of depositions and issue a protective order holding that the Iowa coaches cannot be deposed until January of 2022.

The Plaintiffs oppose the Motion on the grounds that the notices of depositions do not impose an undue burden nor were the notices of depositions served to harass the deponents. ECF No. 55 at 1-2. Plaintiffs challenge Defendants' claims that the notices must be quashed under Fed. R. Civ. P. 45(d)(3)(A)(i) and (iv). First, the Plaintiffs dispute the allegation that a month's notice is unreasonable notice to comply and constitutes an undue burden. *Id*. Plaintiffs contend that more than a month's notice of the depositions is more than enough time to prepare and comply with the depositions and that this timeframe constitutes reasonable time, even for the Iowa coaches who are like many other litigants who have time-consuming careers. *Id*. at 1, 4. The Plaintiffs contend there "is no privilege that protects football coaches from being deposed during football season." *Id*. 4. Furthermore, Plaintiffs refute Defendants' claims that they lack sufficient information to be deposed. *Id*. at 1. They argue the Defendants were served the 92-page complaint outlining the Plaintiffs claims and Defendants were served with discovery responses on September 30, 2021. *Id*. at 1-2

Plaintiffs also deny that the notices of depositions were issued to harass the deponents. In fact, the Plaintiffs admit they purposely scheduled the depositions on bye week, the week before the only weekend during which the football team does not have a game so as to prevent undue burden on the Iowa coaches. *Id*. at 2, 4. Plaintiffs argue they have a right to proceed with their case in an "expeditious manner without undue delay" and argue that deposing the Iowa coaches

---

[1] The Court notes that Defendants are incorrect with respect to the discovery deadline. The discovery deadline is actually August 2, 2022 and the dispositive motion deadline is October 3, 2022. ECF No. 38.

in October would allow the case to move forward and could even provide the parties "incentive to participate in meaningful settlement negotiations." *Id*. at 2. Plaintiffs further note that they have agreed to withdraw their subpoena to depose Brian Ferentz and offered to conduct Kirk Ferentz's deposition virtually as a compromise without impacting the case's schedule.

Finally, the Plaintiffs warn that if the Court grants the Motion, it could set a dangerous precedent allowing litigants to "avoid participating in discovery whenever their jobs render it inconvenient to do so."

Fed. R. Civ. P. 45 governs quashing or modifying a subpoena, stating in relevant part:

> (3) Quashing or Modifying a Subpoena.
> (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.
> (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."

Defendants base their Motion on subsection (A)(i) and (iv), grounds that the subpoena "fails to allow a reasonable time to comply" and "subjects a person to undue burden." The Court will first address factor (i). The Court finds that the Defendants have shown good cause in support of quashing the Motion for lack of reasonable time to comply. The Court is interested in providing the litigants with reasonable time to prepare and comply with the subpoena. While Plaintiffs assert, and Defendants do not dispute, that Defendants were given notice as early as May 2021 during the parties' Rule 26 conference that the Plaintiff's intended to conduct these depositions in October 2021, the reality is that a month-long notice could be unreasonable given

the depth of the complaint and claims made, particularly for a deponent whose employment duties already "occupy almost all of their waking hours during each day." ECF No. 56-1 at 2. As Plaintiffs indicate, the complaint alone was 92 pages. ECF No. 55 at 2. Furthermore, Plaintiffs submitted their discovery responses on September 30, 2021. This gives the Iowa coaches a mere two-and-a-half weeks to prepare for the depositions. The Defendants' claim that the notices of depositions fail to allow a reasonable time to comply is especially compelling given that, as both parties concede, there are no pressing deadlines to meet. The discovery deadline is August 2, 2022, and trial is not set until March 6, 2023. The parties have well over a half year to depose the Iowa coaches. This is not to suggest that the Defendants are entitled to push back the depositions as far, and in fact Defendants are agreeable to making the Iowa coaches available for depositions as early as January 2022, but to reiterate that granting an extension of time for the Iowa coaches to be deposed conforms squarely to Fed. R. Civ. P. 45(3)(A)(i). As Defendants correctly characterize, there is simply no urgency in deposing the Iowa coaches on the date set by the subpoena and in fact, risks an ineffective and unfruitful deposition given that the deponents were provided a short timeframe to review the case documents and prepare. The Court recognizes that the Plaintiffs are entitled to proceed with their case in an efficient manner, however given that the depositions will be moved back only two months and considering that trial is not set until 2023, the parties will have ample time to engage in discovery and even in mediation should the parties pursue that avenue. Given that the case nor the parties will be prejudiced by pushing the depositions of the Iowa coaches two months, the Court finds the Defendants have shown good cause to quash the subpoena to depose the Iowa coaches based on Fed. R. Civ. P. 45(3)(A)(i).

Likewise, the Court finds that the Defendants have shown good cause exists to quash the subpoena to depose the Iowa coaches based on undue burden under Fed. R. Civ. P. 45(3)(A)(iv). While the Court recognizes that football coaches do not enjoy any special grounds for complying with litigation requirements, Fed. R. Civ. P. 45(3)(A)(iv) exists as a mechanism for avoiding

undue burden on a person. The Defendants have demonstrated that requiring the coaches to be deposed in the midst of their football season would subject them to substantial hardship. Defendant Kirk Ferentz has indicated he would be pulled from his already occupied scheduled for a minimum of 3 days to comply with the subpoena. Even if the depositions are taken virtually without the need to travel, the Iowa coaches will inevitably require time to prepare in advance for the depositions. In addition, the Iowa coaches' personal counsel is unavailable during the time the depositions are currently scheduled, and deponents will not be able to have the presence of their counsel in preparation for the depositions or at the depositions themselves. ECF No. 56 at 3. The Iowa coaches are entitled to have counsel to help prepare them for and sit in on the deposition and given that there are no pressing deadlines, allowing the depositions to be taken at a time when deponents' counsel is available is reasonable.

Moreover, Defendant's correctly indicate that under Fed. R. Civ. P. 30(d), "Unless otherwise stipulated or ordered by the Court, a deposition is limited to one day of 7 hours." Thus, Defendants should not be concerned that the depositions "will continue from day to day" as the notices indicate, because Defendants have neither stipulated to it nor because although the Court must allow addition time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent, the Plaintiffs have not requested such additional time[2].

Defendants have properly cited to Fed. R. Civ. P. 45(3)(A)(i) and (iv) as their basis for the Motion and further point the Court to the "apex doctrine," cited in *Wood v. PACCAR, INC.*, 2019 WL 9093942, at *10 (N.D. Iowa Oct. 25, 2019), in assessing the Plaintiff's notices. ECF No. 56 at 4. The Defendants claim that as the highest-ranking officials of the University of Iowa's Football Program, the apex doctrine applies to the Iowa coaches which "protects high-

---

[2] This statement does not preclude Plaintiffs for requesting additional time for the depositions and, if such a request, is made, the Court will rule on it in due course based on the record presented.

level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." The Court need not delve into whether the Iowa coaches are protected under the apex doctrine because the Court finds that the Defendants have properly proffered their argument based on Fed. R. Civ. P. 45(3)(A)(i) and (iv), which allows the Court to quash and/or modify the notices of depositions.

      Finally, the court does not believe the Plaintiff's intent is to harass the Defendants with their notices of depositions, however the Court is unconvinced by Plaintiffs' argument that the depositions must take place on the October dates scheduled to avoid prejudice to the Plaintiffs. This is especially true given that the Plaintiffs do not cite to any relevant or applicable legal basis for opposing the Motion. The court recognizes and validates the plaintiff's public policy concerns and arguments relating to proceeding with the case in an efficient manner, however the Court is confident that tolling the depositions to January 2022 will not negatively impact the parties' ability to proceed with the case. The Court, however, disagrees with the Plaintiff's contention that granting this Motion will allow other litigants to simply avoid discovery "whenever it is inconvenient for them." This argument ignores the Court's duty in properly assessing parties' requests to comport with legal standards as outlined by rules and procedures, and case law. Here, Defendants have proven sufficient good cause to quash the subpoena based on Fed. R. Civ. P. 45(3)(A)(i) and (iv).

      The Court also finds good cause to grant a protective order under Fed. R. Civ. P. 26(c)(1), which states in relevant part:

> (c)(1) The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>     (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery.

      The Court is persuaded by Defendants' arguments that deposing the Iowa coaches on October 19 and 20, 2021 will subject them to undue burden. The Court reiterates the lack of urgency in deposing the deponents given the procedural posture of the case allowing depositions to be minimally delayed without prejudicing the parties or the case. The Court considers the interests of the parties' and given that the Plaintiffs do not offer any legal basis for denying the Motion and will not be prejudiced by postponing the depositions until January 2022, and considering the Defendants properly base their Motion on Fed. R. Civ. P. 45(3)(A)(i) and (iv), and will suffer undue burden by complying with the notices of depositions, the Court **grants** the Defendants' Motion to quash the notices of depositions [ECF No. 51.] and enters a Protective Order protecting the Iowa coaches from being deposed until January of 2022. Furthermore, the parties shall confer and select dates in January for the depositions of both Kirk Ferentz and Brian Ferentz and shall file a status report with the Court advising as to the selected dates by no later than October 18, 2021.

      IT IS SO ORDERED.

      Dated October 7, 2021.

                                              Helen C. Adams
                                              Chief U.S. Magistrate Judge