IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>   Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF IOWA; BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE,<br><br>   Defendants. | CASE NO. 4:20-cv-366<br><br><br><br>UNRESISTED MOTION FOR CONFIDENTIALITY PROTECTIVE ORDER AND ORDER COMPELLING PRODUCTION OF DOCUMENTS |

**COME NOW** Defendants, by and through counsel, and move the Court pursuant to Federal Rule of Civil Procedure 26(c)(1)-(2) for entry of the attached Proposed Agreed Confidentiality Protective Order and Order Compelling the Production of Documents, and in support of their motion state as follows:

1. This case involves various records which are protected by the Federal Education Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g. With few exceptions, FERPA prohibits educational institutions that receive federal funding, such as Defendant University of Iowa, from disclosing student education records without the written consent of each impacted student. *Id.*; 34 C.F.R § 99.1.

2. "Education records" are records that relate directly to a student and are maintained by an educational institution or agent of the institution. 20 U.S.C. § 1232g(a)(4)(A)-(B); 34 C.F.R. ¶ 99.3. Education records are "directly related" to a student if they contain personally identifiable

1

information about a student. 34 C.F.R. ¶ 99.3. "Personally identifiable information" is not limited to the name or social security number of each student, but is broadly defined to include any information that, alone or in combination, is linked or linkable to a specific student and would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty. *Id.*

3. Several categories of documents which are directly relevant to this case are "education records" and therefore protected by FERPA. For example, the team lists maintained by the University of Iowa Athletics Department contain student names, identification numbers, enrollment information, scholarship information, and information relating to the daily whereabouts of each student.

4. The University of Iowa could produce these education records in discovery in compliance with FERPA, however it would first need to either extensively redact each document, rendering it effectively useless for analytical purposes, or obtain written consent from each of the hundreds of impacted students. *See* 20 U.S.C. § 1232g(b)(2)(A); 34 C.F.R. §§ 99.30-99.31, 99.31(16)(b)(1). Obtaining written consent from each of these individuals for production of their protected education records, as well as providing copies of each document to be produced, would be a difficult, time-consuming, and expensive undertaking.

5. The University may avoid the requirement to obtain written consent, however, upon entry of a court order to produce unredacted copies of the relevant documents. 20 U.S.C. § 1232g(b)(2)(B). The University would still be required to provide written notice of its intention to produce such documents to impacted students and to give them the opportunity to object, but the process would be much more efficient. *Id.*; 34 C.F.R. § 99.31(a)(9)(ii).

6.       Defendants respectfully request that the Court enter an order compelling the University of Iowa to produce unredacted copies of the relevant FERPA-protected documents. Such an order will allow University officials to expedite the production of such materials while still protecting the rights of students and complying with the requirements of FERPA. Defendants have attached a Proposed Order Compelling the Production of Documents for the Court's review.

7.       Additionally, Defendants ask the Court to enter a protective order in this case. Defendants have attached a Proposed Agreed Confidentiality Protective Order for the Court's review. *See* LR 5A(6).

8.       The University's interests in protecting private student and employee information and complying with FERPA and Iowa Code Chapter 22, as well as the parties' shared interest in the timely and efficient litigation of this case, are good cause for the entry of a protective order and order for production of unredacted FERPA-protected documents. *See* F.R.C.P. 26(c).

9.       Defendants have conferred with Plaintiffs' counsel in good faith and Plaintiffs do not resist this motion. *See* F.R.C.P. 26(c).

WHEREFORE, Defendants pray the Court enter the proposed confidentiality protective order and order compelling the production of documents in the forms attached to enable the production of unredacted copies of FERPA-protected documents pursuant to Federal Rule of Civil Procedure 26(c)(1)-(2).

Respectfully Submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

/s/ *Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
/s/ *Christopher J. Deist*
CHRISTOPHER J. DEIST
/s/ *Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorneys General
Hoover State Office Building
Des Moines, Iowa 50319
Phone: (515) 281-5164
Fax: (515) 281-4902
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov

ATTORNEYS FOR DEFENDANTS

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on October 12, 2021:

☐ U.S. Mail ☐ FAX
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☐ Other
☒ CM/ECF

Signature: /s/ *Audra Drish*

---

4