**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>     Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF IOWA; BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE<br><br>     Defendants. | CASE NO. 4:20-cv-366<br><br><br><br><br>**AMENDED PROPOSED AGREED CONFIDENTIALITY PROTECTIVE ORDER** |

## AGREED CONFIDENTIALITY PROTECTIVE ORDER

Plaintiffs Akrum Wadley, Jonathan Parker, Marcel Joy, Aaron Mends, Darian Cooper, Brandon Simon, and Javon Foy, and Defendants the University of Iowa (the "University"), the Board of Regents for the State of Iowa (the "Board"), Brian Ferentz, and Christopher Doyle (collectively, the "Parties") jointly agree and stipulate as follows:

The Parties anticipate that discovery in the above-captioned lawsuit (the "Action") will likely involve review and production of information and documents the Parties agree must be held in confidence pursuant to applicable law. Such documents and information include, but are not limited to, the education records of current and former University students, personally-identifiable information of current and former University students from those and other records, and other documents and information protected by the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g and the regulations promulgated thereunder ("FERPA"), as well as employment records of current and former University employees and other documents and information

-1-

protected by Iowa Code § 22.7(11). Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that the Parties consent and agree to entry of this Agreed Confidentiality Protective Order ("Order"),

**IT IS HEREBY ORDERED**:

1.   Definitions:

"Personally Identifiable Information" (or "P.I.I."), is a term of art which has different meanings under relevant state and federal laws. This term is used throughout this agreement in reference to State employees and UI students.

**State employees.** When referring to State employees, the term is defined under Iowa Code § 22.7 at Iowa Administrative Code 11-4.1(8A,22). Under that statute, "Employee P.I.I." means information about or pertaining to an individual in a record which identifies the individual and which is contained in a record system. Pursuant to Iowa Code § 22.7(11)(a), "[p]ersonal information in confidential personnel records of government bodies relating to identifiable individuals who are officials, officers, or employees of the government bodies" is *per se* confidential. Iowa Code § 22.7(11)(a)(1)-(5) (outlining exceptions to confidentiality rule).

**Students.** "Student P.I.I.", as the term is defined under FERPA at 34 C.F.R. § 99.3, includes, but is not limited to:

(a) The student's name;

(b) The name of the student's parent or other family members;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric record;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

"Education records," as the term is defined under FERPA at 20 U.S.C. 1232g(a)(4) and 34 C.F.R. § 99.3, means any record that contains information directly related to a student and is maintained by an educational institution or by a person acting for such agency or institution, with certain exceptions described under FERPA.

"Personnel files," as the term is defined under Iowa Code Chapter 22 at Iowa Administrative Code 11-4.14(6)-(7), means records that concern individual state employees and their families, as well as applicants for state employment, and may include a combination of personal, private, and otherwise confidential information, as well as information not considered to be confidential.

2.  <u>Confidential Documents and Information</u>: Documents and things produced during the course of discovery that contain information which is protected by law as confidential, including FERPA- and § 22.7- protected Student and Employee P.I.I. ("Confidential Material"), may be designated as confidential by the Producing Party with the legend "CONFIDENTIAL" on the document or thing if counsel determines, in good faith, that such designation is necessary under FERPA or Iowa Code Ch. 22, or to otherwise to protect the confidential nature of such information.

a.     The Parties shall designate Confidential Material prior to disclosure to any other Party by any reasonable means which puts the receiving Party on notice of the confidential nature of the material, such as labeling a document "CONFIDENTIAL" or by indicating at deposition that information set forth therein is confidential.

b.     Nothing shall prohibit a Party from designating any document, thing, testimony, or information as "CONFIDENTIAL" subsequent to its first disclosure or production; provided, however, that any such subsequent designation must:

    (i)     Be in writing or be made on the record if disclosed at a deposition or hearing; and

    (ii)     Specifically identify the document, thing, testimony, or information so designated.

Such confidential treatment shall only apply after such designation is made as provided above.

c.     Nothing shall prevent the Parties from designating, in good faith, other Parties' and third-parties' disclosures of P.I.I. or other confidential information as Confidential Material, provided that such confidential treatment shall only apply after such designation is made as provided above.

d.     Once a Party deems a document "confidential," the opposing Party has thirty (30) days to dispute said designation in writing. The Parties can meet and confer telephonically to try to come to an agreement as to any disputed "confidential" designation. If unable to do so, at that point, any Party seeking to protect the information within the document from disclosure must file a motion with the Court

      seeking application of this protective order. Until the motion is resolved, any challenged document shall be treated as "confidential" as described herein. This paragraph shall not apply to Student P.I.I., which is *per se* confidential under FERPA. *See* 20 U.S.C. 1232g(b)(4)(B); 34 C.F.R. § 99.33(a). Additionally, this paragraph shall not apply to Employee P.I.I., which is *per se* confidential under Iowa Code Chapter 22. *See* Iowa Code § 22.7(11)(a); Iowa Admin. Code 11-4.14(6).

e.    The inadvertent or unintentional disclosure of Confidential Information that has not been designated "Confidential Information" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; and designation of Confidential Information hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

f.    Any document subject to the attorney-client privilege, work-product privilege, or other privilege recognized by law that is exchanged at any time between the parties in connection with this litigation shall in no way be construed as a waiver (either explicit or implicit) of any such privilege with respect to the particular document or the subject matter implicated therein. To the extent any party is notified by the producing party that a produced document is privileged ("Inadvertently Produced Document"), then all copies of the Inadvertently Produced Document shall be returned to the producing party, all notes or other work product of the receiving party reflecting the contents of the same shall be destroyed, and such returned or

destroyed materials shall be deleted from any litigation-support or other database. Notwithstanding the immediately preceding provisions of this paragraph, a party receiving an Inadvertently Produced Document may move the Court to dispute the claim of privilege. If the receiving party elects to file such a motion, the receiving party shall file the Inadvertently Produced Document under seal with the Court and may retain possession of any notes or other work product of the receiving party reflecting the contents of the same pending the resolution of the motion. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of an Inadvertently Produced Document during depositions or trial, nor shall it be disclosed to anyone who was not given access to it prior to the request to return or destroy it, unless the parties agree otherwise or the Court orders that the Inadvertently Produced Document is not protected. This paragraph shall survive the conclusion of the above-referenced litigation.

3. <u>Non-disclosure of Confidential Material</u>: The Parties and their counsel agree not to show, discuss with, or otherwise disclose any Confidential Material produced in the course of this litigation to any person other than the following, and then only for purposes of the lawsuit. *See* 20 U.S.C. 1232g(b)(4)(B); 34 C.F.R. § 99.33(a); Iowa Code Ch. 22.7(11)(a). Disclosure can be made as follows:

   a. It is in the public domain at the time of disclosure;

   b. Subject to the requirements of Paragraph 5, the United States District Court for the Southern District of Iowa and any other court that hears the lawsuit;

   c. The Parties and their counsel;

      d.      Any employees, stenographers, or attorneys associated with counsel of record and any consultants to or expert witnesses retained by counsel of record of the Parties to whom it is necessary that the information be shown for purposes of the lawsuit;

      e.      The author of the document; or

      f.      Any person from whom testimony is taken or reasonably may be taken in the litigation, including but not limited to deposition, interview, and hearing testimony, except that such a person may only be shown Confidential Material during and in preparation for their actual or potential testimony and may not retain the Confidential Material.

No person receiving any Confidential Material shall reveal the information to or discuss that information with any person who is not also entitled to receive that information under the terms of this Order. All persons specified in (c), (d) and (e) above shall be shown a duly executed copy of this Order and shall agree to abide by the terms of this Order prior to receipt of Confidential Material. Student and employees' P.I.I. should not be publicly disclosed outside of this litigation. That said, nothing herein shall prevent a person already in receipt of, or otherwise authorized to receive, Confidential Material from using such Confidential Material as authorized under law.

      4.      <u>Depositions</u>: During the course of this litigation, it is anticipated that the Parties may wish to depose various individuals. During the course of depositions, the Parties may wish to question the witnesses about Confidential Material. Any party wishing to designate any part of a deposition as "Confidential Material" shall, after receipt of the deposition transcript, highlight the lines the party wishes to designate as "Confidential Material." The party designating the material as confidential shall provide the parties or their counsel a copy of the highlighted transcript as soon as practicable after receipt of the transcript, but no later than thirty (30) days. Portions of the

deposition involving Confidential Material that any Party wishes to use in this litigation shall only be filed publicly in accordance with the local rules regarding redactions and shall be subject to the provisions of Paragraph 5. Depositions shall otherwise be subject to the provisions of Paragraph 3. Prior to marking any material that previously has been designated as "Confidential Material" as an exhibit to a deposition or otherwise showing the previously-designated Confidential Material to a deponent, the deponent must on the record (i) be made aware of and provided a copy of this Order, and (ii) be informed that, as a deponent, the deponent is subject to the terms of this Order.

     5.     <u>Future Court Filings</u>: In the event a party wishes to attach any document containing Confidential Material to a paper filed in court in this litigation, that party shall file on the public record a redacted version of such document that omits the information designated as confidential, and, if the redacted portions of the pleading or paper contain necessary context, or if such redacted portions otherwise render the document incapable of serving the purpose for which it is being filed, the party may move for permission to file under seal an unredacted version of such pleading or other paper, in accordance with LR 5(c)(4). In order to prevent prohibited redisclosure of student P.I.I., pursuant to 20 U.S.C. 1232g(b)(4)(B) and 34 C.F.R. § 99.33(a), or student/employee P.I., per the regulations outlined in Iowa Code § 22.7(11)(a), any Party that wishes to file documents that are not redacted containing P.I.I. must first file a motion seeking leave to file under seal with the Court, pursuant to the procedures outlined in Local Rule 5(c) of the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa. Documents containing unredacted P.I.I. may only be filed upon receipt of a Court order granting leave to file under seal. In unsealed filings, where reasonably practicable, the Parties may elect to redact P.I.I. with use of non-personal identifiers (*e.g.*, "Male Student 1") that are sufficiently distinct from the names of the students so as to prevent their effective identification

through disclosure of that information alone or in combination with other information. *See* 34 C.F.R. § 99.3.

6. <u>Non-party Discovery Requests / Subpoenas</u>: When requesting discovery from a non-party requires the party requesting discovery to disclose any Confidential Material to such non-party, counsel shall make such request pursuant to the procedures set forth in the Federal Rules of Civil Procedure, and shall provide a copy of this Order along with all non-party discovery requests that contain Confidential Material.

7. <u>Maintenance of Confidential Material</u>: All Confidential Material produced in discovery, all copies of such materials, and all summaries, extracts, and compilations thereof (to the extent such copies, summaries, extracts, and compilations still contain information protected by law as confidential and have not been redacted or otherwise modified so as to exclude Confidential Material), shall be maintained exclusively in the files of counsel for the Parties to whom the documents and information are produced and in the files of their consultant(s) and expert witness(es), and shall not be filed or maintained independently by the Parties to whom production is made unless said Parties have a pre-existing right to the Confidential Material.

8. <u>Subpoena by Other Courts or Agencies</u>: If another court or an administrative agency subpoenas, requests, or orders production of Confidential Material that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party or other person who designated the material as confidential of the pendency of such subpoena, request, or order, and provide any additional notices under FERPA as may be required. Such notice must be given a sufficient time in advance of the time set for production of the Confidential Material to afford the Party which designated the document(s) as confidential reasonable time to oppose their disclosure.

9.      <u>Final Disposition of the Action</u>: Confidential Material is to be preserved as confidential both during and after final disposition of the Action. Within thirty (30) days after deadlines set forth in any final settlement or judicial conclusion of the Action (including any and all appeals), the Parties' counsel shall, at the option of the opposing Party, return, destroy, or cause to be destroyed all documents containing Confidential Material that are not redacted and all copies thereof with the exception of a copy of documents preserved for archival purposes, which shall at all times remain subject to this Order.

10.     <u>Disputes</u>: Any dispute under this Order shall be submitted to the Court for resolution, provided that counsel for the Parties first make a good faith effort to resolve the matter. This Order does not govern or resolve any dispute which may arise between the Parties as to the permissible scope of discovery, privilege, or related matters other than the permissible dissemination and disclosure of Confidential Material produced in discovery.

11.     <u>Violations</u>: Any Party, counsel or person who violates the terms of this Order shall be subject to any and all sanctions provided by law.

12.     <u>Modifications</u>: The Parties may make exceptions, modifications, and/or additions to this Order by written agreement so long as all Parties, either personally or through their counsel, sign the written agreement.

13.     The Parties to this Order agree that they shall be governed by the terms of this Order as an agreement among themselves until such time as the Order is signed and entered by the Court.

IT IS ORDERED.

Dated this 12th day of October, 2021.

_____
Helen C. Adams
Chief U.S. Magistrate Judge