IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY, JONATHAN PARKER, MARCEL JOLY, AARON MENDS, MAURICE FLEMING, REGGIE SPEARMAN, KEVONTE MARTIN-MANLEY, DARIAN COOPER, LARON TAYLOR, BRANDON SIMON, JAVON FOY, ANDRE HARRIS, and TERRENCE HARRIS, | Case No.  4:20-cv-00366-SMR-HCA |
| Plaintiffs, | **MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DISCOVERY RESPONSES** |
| vs. | |
| UNIVERSITY OF IOWA, BOARD OF REGENTS OF THE STATE OF IOWA, GARY BARTA, KIRK FERENTZ, BRIAN FERENTZ, CHRISTOPHER DOYLE, and RAIMOND BRAITHWAITE, | **(REQUEST FOR ORAL ARGUMENT)** |
| Defendants. | |

**COME NOW the Plaintiffs, pursuant to FRCP 26, 37, and LR 7, 37, and for their Motion to Compel Production of Documents and Discovery Responses hereby state as follows:**

In *The Security National Bank of Sioux City, Iowa v. Abbott Labs*, No. 5:11-cv-4017-MWB (N.D. Iowa 07/28/14), Judge Mark Bennett described the root cause of motions to compel:

> *"Discovery — a process intended to facilitate the free flow of information between parties — is now too often mired in obstructionism. Today's "litigators" are quick to dispute discovery requests, slow to produce information, and all-too-eager to object at every stage of the process. They often object using boilerplate language containing every objection imaginable, despite the fact that courts have resoundingly disapproved of such boilerplate objections. Some litigators do this to grandstand for their client, to intentionally obstruct the flow of clearly discoverable information, to try and win a war of attrition, or to intimidate and harass the opposing party. .... Whatever the reason, obstructionist discovery conduct is born of a warped view of zealous advocacy, often formed by insecurities and **fear of the truth**. This conduct fuels the astronomically costly litigation industry at the expense of "the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. It persists because most litigators and a few real trial lawyers...have come to accept it as part of the routine chicanery of federal discovery practice."* (emphasis added)

### Procedural Posture of Plaintiffs' Second RPDs

1.     On November 19, 2021, Plaintiffs served Second RPDs.

2.     On November 24, 2021, Plaintiffs sent a deficiency letter addressing outstanding response deficiencies including lack of clarity as to whether documents are withheld and lack of clarity as to timeline of production. [Letter from BMK to AG (Nov. 24, 2021) **(Exhibit 1)**].

3.     Plaintiffs' deficiency letter identified Defendants' newfound argument that attorney-client privilege applies to documents that were slated to be produced following entry of a protective order. Defendants had not previously claimed privilege or produced a privilege log pursuant to FRCP 26(b)(5)(A).

4.     The Plaintiffs continued to wait in good faith for supplemental production of documents. [Email from BMK to AG (Nov. 24 – Dec. 7, 2021) **(Exhibit 2)**].

<u>December 15, 2021 Status Conference</u>

5.      During the December 15 status conference, the Court emphasized counsel's responsibility to ensure the efficient administration of this case.

6.      On December 15, 2021, the Court entered Text Orders requiring:

    i.   Defendants' Production of a Privilege Log by December 31, 2022 (ECF. No. 74).

    ii.  Plaintiffs' Motion(s) to Compel regarding outstanding discovery issues be filed by January 28, 2022 (ECF. No. 75).

7.      On December 20, 2021, Defendants produced responses to Plaintiffs' Second RPDs. The responses again lacked clarity as to whether documents are withheld and as to timeline of production.

8.      On December 30, 2021, Defendants produced two privilege logs:

    i.   Privilege Log No. 1 (Emails Withheld)

    ii.  Privilege Log No. 2 (Husch Blackwell Documents)

9.      Pursuant to LR 37, Plaintiffs' counsel and counsel from the attorney general's office conferred via telephonic conference call on January 4, 2022. The undersigned summarized the call via email. [Email from BMK to AG (Jan. 6, 2022) **(Exhibit 3)**].

10.     On January 18, 2022, Defendants produced Fourth Supplemental Responses to Plaintiffs' First RPDs and First Supplemental Responses to Plaintiffs' Second RPDs. [Def. Fourth Supp. Responses to Plaintiffs' First RPDs (Jan. 18, 2022) (which also contain Defendants' first, second, and third supplemental responses) **(Exhibit 4)** [Def. First Supp. Responses to Pl. Second Request for Production of Documents (Jan. 18, 2022) **(Exhibit 5)**].

11. The responses include very few of the documents discussed by counsel during the Rule 37 call.

12. Instead, Defendants opted to produce STATE 21,131-173,717— a little over 150,000 documents consisting mostly of academic and student athlete records for the 13 named Plaintiffs which should have been produced following entry of the protective order. (ECF No. 61).

13. The instant motion is necessary because Defendants' discovery strategy is to delay prosecution of this case.

14. Plaintiffs feel obligated to provide the historical context for this assertion and to draw the Court's attention to Defendants' pattern and practice of written discovery obstruction layered into this case.

<u>**Defendants' Strategy is to Delay Prosecution of this Case:**</u>

<u>**A Historical Context**</u>

15. On January 13, 2021, Plaintiffs First Amended Complaint was entered by the Clerk of Court. (ECF. No. 15).

16. On January 25, 2021, Defendants filed an omnibus pre-Answer Motion to Dismiss. (ECF. No. 16).

17. On May 6, 2021, the Court Ruled on Defendants' Motion to Dismiss. (ECF. No. 31).

18. On June 7, 2021, Defendants filed their Answer and Affirmative Defenses. (ECF. No. 45).

19. Pursuant to the Court's original Trial Scheduling Order (ECF. No. 38), Initial Disclosures were to be exchanged by June 18, 2021.

20.     On June 18, 2021, Defendants served Initial Disclosures and produced documents labeled STATE 01-90.

21.     Defendants' Initial Disclosures identify four personnel reports created by Husch Blackwell (the law firm hired to independently investigate the Hawkeye Football Program) that Defendants indicated would be produced following entry of a protective order.

22.     Despite entry of a protective order, the four key Husch Blackwell documents identified in Defendants' Initial Disclosures *__have yet to be produced__*:

- **The following documents will be produced upon entry of an appropriate protective order:**
  - **Doyle's performance evaluations;**
  - **Financial Aid documents for Cooper , Joly ,  Mends , Parker , Simon ,  and Wadley (a FERPA compliant release will also be needed prior to production);**
  - **Husch Blackwell July 2020 Personnel Reports for Doyle,  B. Ferentz,  K. Ferentz and Wallace.**[1]

23.     On May 27, 2021, Plaintiffs served their first RPDs.

24.     On July 28, 2021, Defendants served answers and objections to Plaintiffs' First Requests for Admission and First Interrogatories.

25.     Plaintiffs were informed responses to Plaintiffs' First RPDs were forthcoming.

26.     Defendants failed to serve responses to Plaintiffs' First RPDs *__thereby waiving all objections pursuant to FRCP 26(a)(3)(B)__*.

27.     Defendants did not request any extension or otherwise establish good cause for the delay in responding to Plaintiffs' First RPDs pursuant to FRCP 26(a)(3)(B).

---

[1] Those documents will be included in the Plaintiffs' forthcoming Motion to Compel related to the Defendants' latest obstructionist discovery tactic– a Sword & Shield argument.

28.     On September 16, 2021, almost three months late, Plaintiffs finally received responses to Plaintiffs' First RPDs along with documents labeled STATE 91-780.

29.     When Plaintiffs finally received Defendants' first RPD responses and the signed Verification by Gary Barta, they were incorrectly dated July 28, 2021.[2] Additionally, the past due responses included boilerplate objections and excuses despite the prior waiver of objections. The objections and excuses included, but were not necessarily limited to:

    i.   Lack of FERPA compliant release;[3]

    ii.  Lack of Protective Order;

    iii. Collection of Responsive Documents is Ongoing;

30.     On August 26, 2021, Plaintiffs sent their first discovery deficiency letter addressing the following boilerplate objections and dilatory litigation tactics:

    i.   Objections to Definitions;

    ii.  Objections based on Relevancy;

    iii. References to Undue Burden/Overbreadth;[4] and

    iv.  Vague Claims of Vagueness. [Letter from DSS to AG (Aug. 26, 2021) **(Exhibit 6)**].

---

[2] The documents were either prepared on July 28 or September 16 (or sometime before or in between), regardless, they were not produced to Plaintiffs until September 16, 2021—approximately six weeks after they were due.

[3] Plaintiffs each signed an education records release for their own education file. These waivers were provided to Defendants early on.

[4] These objections lack specificity of the precise burdens on Custodians, costs to search documents stored electronically or in paper files in the usual course of business, or costs to otherwise produce responsive documents let alone any other specific type of burden imposed on Defendants.

31.     Defendants objected to producing documents pursuant to FERPA and withheld documents pending entry of a Protective Order.

32.     On October 12, 2021, Plaintiff filed an Unresisted Motion to Compel confidential documents pursuant to FERPA. (ECF. No. 58).

33.     On October 12, 2021, the Court granted Plaintiffs' First Motion to Compel (ECF. No. 60) and entered a corresponding protective order. (ECF. No. 61).

34.     On October 12, 2021, Defendants served their First Supplemental Responses to Plaintiffs RPDs and produced documents labeled STATE 781-981.

35.     On October 18, 2021, Defendants served their Second Supplemental Responses to Plaintiffs RPDs and produced documents labeled STATE 972-12831.

36.     On October 22, 2021, the Parties filed a Joint Motion to Amend the Scheduling Order and Discovery Plan. (ECF. No. 67).

37.     The following Amended deadlines were entered by the Court on October 25, 2021 (ECF. No. 68).

     i.   Motion to Amend Pleadings;

     ii.  Expert Disclosure Deadlines;

     iii. Discovery Deadline; and

     iv.  Motion to Add New Parties.

38.     Plaintiffs specifically sought extended deadlines because of the delays in receiving written discovery and again made efforts to expedite discovery.

39.     On November 4, 2021, Defendants produced STATE 15288-15306.

40.     On November 22, 2021, Defendants served Second Supplemental Responses relating back to documents produced on November 4, 2021.

41.     On December 10, 2021, Defendants served Third Supplemental Responses and produced STATE 15307-16339.

42.     On January 18, Defendants served Fourth Supplemental Responses and produced STATE 16340-175834.

<u>Discovery Delays Continue To Prejudice Plaintiffs</u>

43.     Defendants continue to insist "***Discovery continues and Defendants will supplement as appropriate.***"

44.     Plaintiffs have waited patiently but need Court intervention.

45.     Plaintiffs have been the only participant in meaningful discovery to date. At some point, Defendants must participate in discovery.

46.     January depositions were cancelled because Plaintiffs find themselves needing at least one additional extension to discovery deadlines that were already extended by this Court. (ECF. No. 68).

47.     Plaintiffs fear additional delays seemingly meant to push the parties into the next football season.

48.     The outstanding issues are:

   i.   Plaintiffs need to know what we are waiting on and have a reasonable expectation of when we are going to get it.

   ii.  To break through, Defendants must be Ordered to play by the rules and be sanctioned for causing additional delays.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE Plaintiffs request increased judicial scrutiny of discovery in this matter.[5]
Specifically, Plaintiffs request a Court Order compelling Defendants to do the following:

I. Produce documents responsive to Plaintiffs' Second RPD Nos. 1 – 18, 19-21, 24,
25, 27, and 28 no later than ten (10) days after entry of the Court's Order on the
instant motion.

II. Produce Fifth (*et seq.*) Supplemental Responses for **<u>all</u>** Plaintiffs' RPDs (First and
Second RPDs) no later than ten (10) days after entry of the Court's Order on the
instant motion.

    a. All responses to objections <u>that have not been waived</u> shall be stated with
specificity pursuant to Fed. R. Civ. P.33(b)(4) and Fed. R. Civ.
P.34(b)(2)(C) because current responses are evasive or incomplete within
the meaning of the Fed. R. Civ. P. 37(a)(4).

III. Defendants shall supplement their privilege logs on a recurring weekly or biweekly
basis as their custodians continue to search for responsive documents to "… state
whether any responsive materials are being withheld on the basis of [any]

---

[5] Jarvey, Boilerplate Discovery Objections: How They are Used, Why They are Wrong,
and What We Can Do About Them, 61 Drake L. Rev. 913, 932 (2013) ("[R]esponding to abusive
discovery practices will require increasingly aggressive judicial supervision. While this
supervision can be initiated upon a motion to the court, it can also be initiated by a court sua sponte.
Even attorneys recognize that the discovery process is most satisfactory when judges actively
supervise the parties. In fact, some have suggested that increased judicial scrutiny is the only
solution that can begin to remedy a broken discovery system.").

objection[][6]" and in order to shed light on their ongoing measures to search for responsive documents to "[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded."[7]

IV. Plaintiffs request Oral Argument pursuant to LR 7(c) for good cause shown herein;

V. Plaintiffs' counsel request attorneys' fees and expenses for the preparation and argument of this motion to be assessed against Defendant University of Iowa;

VI. Plaintiffs request such other relief as the Court deems appropriate.

---

[6] *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017).

[7] *Id.*

Respectfully Submitted,

**SOLOMON SIMMONS LAW**

Damario Solomon-Simmons, OBA # 20340
Kymberli J.M. Heckenkemper, OBA # 33524
601 S. Boulder, Ste. 600
Tulsa, Oklahoma 74119
Telephone: (918) 551-8999
Facsimile: (918) 582-6106
Email: dss@solomonsimmons.com
Email: kheckenkemper@solomonsimmons.com


**BARLOW GARSEK & SIMON, LLP**

Christian Dennie, TX Br #24045775
Barlow Garsek & Simon, LLP
920 Foch Street
Fort Worth, TX 76107
817.731.4500 (telephone)
817.731.6200 (facsimile)
Email: cdennie@bgsfirm.com


**BMK LAW FIRM, P.L.L.C.**

*/s/Beatriz Mate-Kodjo*
Beatriz Mate-Kodjo AT0012331
1910 Washington Street, Suite 100
Pella, Iowa 50219
Telephone: (641) 450-1668
Fax: (641) 847-7968
Email: beatriz@mate-kodjo-law.com

**ATTORNEYS FOR PLAINTIFFS**