

**BEATRIZ MATE-KODJO**
Century II Building
1415 28th Street, Suite 375
West Des Moines, IA 50266
beatriz@timmerjudkins.com
(515) 259-7462

BROOKE TIMMER
WHITNEY JUDKINS
BEATRIZ MATE-KODJO
KARA EISCHEN
ASHLEY MADSEN

November 24, 2021

**SENT VIA EMAIL TO**:

Jeff Thompson (Jeffrey.thompson@ag.iowa.gov)
Jeff Peterzalek (jeffrey.peterzalek@ag.iowa.gov)
Christopher Deist (Christopher.deist@ag.iowa.gov)
Samuel Langholz (sam.langholz@ag.iowa.gov)
Department of Justice – Special Litigation Div.
Hoover State Office Building
Des Moines, Iowa 50319

*RE: Wadley, et al. v. University of Iowa, et al. – Outstanding Discovery*

Dear Counsel:

The purpose of this letter is to touch base regarding discovery before the holidays. We have reviewed Defendants' production **STATE 01-15306** and have identified several deficiencies.

In October, Defendants indicated they were looking for documents and would supplement. We appreciate the rolling basis of your production and request the following documents and supplementation be produced by December 3, 2021.

I. **Defendants' 3rd Supplemental Discovery Response (Forthcoming).**

After October 18, 2021, Defendants' rolling production of documents have not included formal Supplemental Responses identifying which ranges of documents were responsive to which requests. Please provide a 3rd Supplemental Discovery Response identifying the Requests for which supplemented documents are responsive to, including, but not necessarily limited to:
  a. STATE 12832-12910
  b. STATE 12911-13924 (STATE 13141 is blank)
  c. STATE 13925-15287
  d. STATE 15288-15299
  e. STATE 15300-15306

II. **The Following Documents Have Not Been Produced.**

  a. STATE 1434-1435
  b. STATE 11888-12316

If these documents were inadvertently not produced, please produce.

If these documents were withheld, please supplement to explain the basis for withholding so we can determine if we need to further discuss or file a motion to compel. FRCP 34(b)(2)(c).

### III.     Outstanding Supplementation Needed.

Defendants Initial Disclosures identify relevant documents that were to be produced following entry of a Protective Order. The Court entered a Protective Order on October 12, 2021 [Dckt. 61].

Please produce the following, identify their respective bates ranges, and confirm whether they are complete or whether responsive documents within these documents are being withheld:
   a. Chris Doyle's Performance Evaluations
   b. Husch Blackwell July 2020 Personnel Reports for Chris Doyle, Brian Ferentz, Kirk Ferentz, and Seth Wallace (See also **RFP 89** seeking undisclosed personnel reports)

For reference, the following ranges show the employee files are quite sparse given the long tenures of these employees.

| STATE 1436-1533 | Gary Barta Employee File | [97 pages] |
| --- | --- | --- |
| STATE 1534-1691 | Raimond Braithwaite Employee File | [157 pages] |
| STATE 1692-1826 | Doyle Employment File/Agreements 2016-present | [134 pages] |
| STATE 1827-1936 | B Ferentz Employment/File Agreements 2016-present | [109 pages] |
| STATE 1937-2152 | K Ferentz Employment/File Agreements 2016-present | [215 pages] |

### IV.     Identify All Withheld Documents.

Please supplement Responses to **RFP Nos. 69-73, 89** with an affirmative statement that all personnel documents from each respective employee file have been produced.

Plaintiffs' 2nd Requests for Production (**P-2nd RFP Nos. 1-18**) request additional employee personnel files and documents. As you respond to those requests, please also confirm whether all responsive documents will be produced or whether any are withheld.

For all documents currently withheld, provide a detailed work-product privilege log and supplement as additional documents are searched for, recovered, and subsequently withheld. FRCP 26(b)(5).

V.      **RFPs with Boilerplate Objections (Relevance, Overbreadth, Scope, etc.)**

Plaintiffs incorporate by reference the legal arguments and case law contained in their previous Deficiency Letter dated August 26, 2021. Most of Defendants' objections to Plaintiffs' Requests contain boilerplate objections but also state Defendants are looking and will supplement as appropriate. Now that the protective Order has been entered, it is unclear why many of Defendants' responses have not been supplemented.

The following Requests are well within scope of discovery FRCP 26(b)(1) because they are each probative of the claims or defenses. Many responsive documents that have not been produced will not only contain discoverable evidence but contain FRE 403(b) evidence probative of decision-makers' knowledge, intent, motive, lack of mistake, etc.

We ask that the following documents, which have not yet been produced, be supplemented:

- **RFPs 15-18**: Cell Phone Records of key witnesses
- **RFPs 19-21; 175-180**: Communications between Defendants, Jacksonville Jaguars + Urban Meyer; Communications between UI employees, Urban Meyer and the Jacksonville Jaguars regarding Chris Doyle.
- **RFPs 23-24**: Documents regarding communications about the terms of Chris Doyle's Separation Agreement produced at STATE 10-14
- **RFPs 25-27**: Documents regarding the services agreement entered by and between the University and Husch Blackwell
- **RFPs 29-32**: Documents regarding Defendants' actions after the University and Husch Blackwell Reports were created and disclosed
- **RFP 34**: This request seeks documents regarding the allegations of abuse and bullying of football players referenced in the Husch Blackwell Report. Pursuant to your objection to scope, please identify the number of withheld documents and provide a work-product, privilege log if applicable.
- **RFP 89**: Personnel Records not publicly disclosed
- **RFP 99:** This request seeks documents evidencing Defendants' beliefs that Plaintiffs were not discriminated against during their respective tenures. Defendants objected for overbreadth and scope. This request seeks any documentation in Defendants' possession evidencing both the claims and defenses, in particular, Defendants' blanket denial of race discrimination, racial bias or even racial comments despite the incontrovertible evidence that there was in fact race discrimination, racial bias, and racial comments in the Program.
- **RFP 101**: This request seeks documents related to Kirk Ferentz's "blind spot". Defendants stated they would supplement, please supplement.

- **RFPs 111-112**: This request seeks documents regarding social media policies for student athletes and political discourse policies for student athletes. Defendants stated they would supplement, please supplement.
- **RFPs 118, 124**: Draft versions of UI Report and Law Firm Report will contain statements by party opponents and admissions against interest. Please supplement.
- **RFP 141**: This request seeks documents evidencing "action steps aimed at improving the culture of the Program" as suggested by the Law Firm Report. Defendants stated they would supplement, please supplement.
- **RFPs 175-180:** These requests seek information related to the Board of Regents decision-making discussions. These documents are likely to lead to the discovery of FRE 403(b) evidence. Please supplement.
- **RFP 181**: Communications between Defendants and the Media. Defendants stated they would supplement following entry of the Protective Order, please supplement.

### VI.   RFPs with FERPA Objections.

The Protective Order has been entered and contains a provision recognizing the protections that will be afforded all documents containing FERPA-protected information. Additionally, the Court Ordered production of FERPA documents on October 12, 2021 [Dckt. 60]. Defendants have yet to supplement several requests that seek documents that contain FERPA-protected information.

Please supplement **RFPs 2-5, 10 ,28, 33, 34, 36, 84-95, 108-110, 113-117, 119-123, 125-129, 142-144, 147-157, 162-165, 167** and identify whether any documents are withheld.

### VII.   Explain Denial of RFA 6.

An interesting issue in this case is the relationship of Husch Blackwell to the University of Iowa and the other Defendants.

**RFA No. 6** seeks to identify the precise nature of the relationship between Husch Blackwell and the University of Iowa. The University has denied that Husch Blackwell provided an *independent* review of its Football Program:

> 5. Defendant Iowa hired Law Firm to investigate the Program.
>
>    ADMIT: _____    DENY: _X___
>
> 6. Law Firm conducted an independent investigation.
>
>    ADMIT: _____    DENY: _X___
>
> 7. Law Firm does not have an attorney-client relationship with Iowa.
>
>    ADMIT: _____    DENY: _X___   The Agreement for Legal Services expressly states, "the sole client for this engagement shall be the University of Iowa."

Please supplement the denial to explain how Husch Blackwell's investigation and subsequent Law Firm Report was not independent given multiple public statements made by the University of Iowa and the Athletic Department that Husch Blackwell was hired by the University of Iowa specifically to conduct an "*independent*" review of the Program.

Does the University intend to adopt the position at trial that the Law Firm was acting as agent of/legal counsel to only the University-- even though the Law Firm was paid from the Athletic Department Budget-- and even though legal services must be approved by the Board of Regents?  See:
- https://now.uiowa.edu/2020/07/iowa-football-program-review-complete
- https://osc.uiowa.edu/ui-hires-firm-review-football-program
- https://hawkeyesports.com/news/2020/06/15/iowa-announces-separation-agreement/
- https://www.thegazette.com/education/university-of-iowa-to-pay-up-to-675-an-hour-for-athletics-investigation/
- https://www.iowastatedaily.com/news/iowa-state-attorney-hires-special-counsel-before-approval-from-executive-council-records-show/article_990335ec-dbc6-11e8-ab87-ef2357ee51db.html
- https://www.iowastatedaily.com/news/iowa-state-has-spent-more-than-120k-on-three-title-ix-lawsuits/article_3928a03a-12a4-11e8-9e2e-173028387a46.html

We need to determine whether the Husch Blackwell investigators were acting in a lawyer-client capacity or as independent third-party investigators-- they cannot be both because that implicates the sword and shield argument.

If the investigators were acting as attorneys, we can stipulate to use their findings and personnel reports as admissions or any number of hearsay exceptions. If the investigators were acting independently then we can simply depose the investigators about their findings,

5

their impressions, their opinions, and about communications they had with Defendants. Or perhaps, after discussion, we can determine that we need to do a combination of both.

We are hopeful we can nail down the Defendants' position on this issue without having to resort to other discovery measures.

### VIII.     Status Conference.

We know your office has at least two trials in December (*Ries* and *Miller*), but I assume most of these requests can be supplemented on a rolling basis up through December 3, 2021 given that they in large part have been pending since the end of October.

If your team has continued disagreements with what we have requested and outlined above, then I think it will be most efficient to request a status conference regarding outstanding discovery with Judge Adams. I have found those to be very helpful and significantly more helpful than a back and forth between counsel over the phone.

We suggest we send a joint email to the Court requesting a Status Conference before December 1. We know we have a status conference just before Christmas, but we believe we need to make significantly more progress on discovery production and review before then if we want to stay on track.

If there are any minor hang-ups with the December 3 deadline for supplementation, please contact me via phone call or email. I can be available as conduit for scheduling purposes as I am only working part-time through year-end as I set up my own firm.

I told Brooke and Whitney that I am going solo next year specifically so that I can work on this case and devote ample time to coordinating discovery between your office and my co-counsel. I am really looking forward to working with you all and your staff on this case. I have missed litigating against the State and am excited to be back in federal court.

**Please let me know if we can agree to send a joint email to Judge Adams by end of business today, November 24.**

We look forward to receiving your supplemental responses by December 3, 2021.

Sincerely,

TIMMER & JUDKINS, P.L.L.C.

*Beatriz Mate-Kodjo*
BEATRIZ MATE-KODJO

Cc:

Damario Solomon-Simmons
Kym Heckenkemper
Christian Dennie