

Attorneys & Counselors at Law
601 S. Boulder Ave., Ste. 600, Tulsa, OK 74119
Phone: (918) 551-8999   |   Facsimile: (918) 582-6106
www.solomonsimmons.com

VIA E-MAIL:        jeffrey.thompson@ag.iowa.gov

August 26, 2021

Mr. Jeffrey S. Thompson
Solicitor General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319

      RE:    Discovery Responses | *Wadley v. University of Iowa*, No. 4:20-cv-336 (S.D. Iowa)

Dear Mr. Thompson,

    This letter regards Defendant [University of Iowa, Board of Regents for the State of Iowa, Brian Ferentz, and Christopher Doyle]'s Answers to Plaintiffs' First Set of Interrogatories. This constitutes our initial good faith attempt under Federal Rule of Civil Procedure 37(a) and Local Rule 37(a)(1) to obtain the information requested.

    As set forth below, it is our position that many of the objections you raised to the Interrogatories and Definitions are improper boilerplate objections having no merit. Likewise, many of your responses fail to meet the good faith standard required for reasonable participation in discovery, either for a failure to respond or because what responses are provided are "evasive or incomplete" within the meaning of the Federal Rules. Fed. R. Civ. P. 37(a)(4). We will outline the concerns we have with your objections, identifying with each category to which these concerns relate.

### Objections to Definitions

    For your responses to Plaintiffs' Interrogatories, you assert that the definition of "Defendant" is overly broad, on the grounds that it includes former agents, insurers, consultants, independent contractors, and others. We respectfully ask you withdraw you objection. First, Defendant is legally responsible for the actions of any party that acts or acted on behalf of Defendant within the scope of their employment. *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1075 (N.D. Iowa 1999). Secondly, the definitions chosen by Plaintiff are not overly broad—they simply identify from what source of information you must draw when responding. *See Hansen v. Savage Arms, Co.*, No. 17-CV-3002, 2017 WL 6376342, *7 (N.D. Iowa December 13, 2017) (noting that

application of common-sense reasoning governs discovery). If, for the parties included in the definition of "defendant", you do not have that information, cannot reasonably access that information, or feel that information is privileged, please specify in your response. Assuming you answered every Interrogatory and Request under the assumption that the term "defendant" included only the named parties in this matter, we would ask you to redress any of your responses which might have omitted any information based on that assumption.

You also make a number of raw assertions that certain terms are "clearly inaccurate" (#7), or "incomprehensible" (#32), or that are based on general claims regarding grammar (#44, #45). It is our contention that the terms are sufficiently defined to allow a reasonable party to properly and completely respond. If you have specific, articulable concerns with either definition as they relate to the Interrogatories, it is your duty to state the "grounds for objecting . . . with specificity". Fed. R. Civ. P. 33(b)(4). If you wish to retain these objections, please refine them with sufficient specificity that a reviewing Court would be capable of ruling on their adequacy, i.e., identify precisely what makes them "inaccurate" or "incomprehensible".

Finally, you make a large number of claims that certain definitions are "overly broad" or "burdensome" (#27, 30, 31, 35, 41). As noted *infra*, these are inadequate assertions. Additionally, to help in your reassessment of your discovery responses, we note that the definition of "communication" in #27 *does* include non-verbal acts. Acts of discrimination are not limited to verbal communication and include many silent and equally unacceptable methods of communicating distaste, discrimination, and hate. *See* D. Solorzano et al., *Critical Race Theory, Racial Microaggressions, and Campus Racial Climate: The Experiences of African American College Students*, J. NEGRO EDU., (2000) Vol. 69, 1, 60-73; S. Harwood et al., *Racial Microaggressions in the Residence Halls: Experiences of Students of Color at a Predominantly White University*, J DEV. HIGHER ED. (2012) Vol. 5, 3, 159-173. Evidence of such behavior is inherently relevant to the claims in this matter and must be provided.

## Relevancy Objections

You make a number of objections based on relevancy, burdensomeness, or some variant thereof. (Interrogatories 1, 2, 11, 20, 21; Definitions 27, 30, 31, 35, 41). We request you withdraw those objections. In support of this, we would like to identify factors relating to your objections, to make our concerns clear.

### *Relevancy*

Relevancy is a very lenient standard during the period of discovery. As the Eighth Circuit has explained:

> Discovery is not limited to material that might be deemed relevant and admissible at trial. Discovery is not limited in this manner. Rather, discovery is a investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case and…the veracity of those persons and purported evidence, even if the evidence discovered is later deemed not admissible.

*Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014). The language "reasonably calculated to lead to the discovery of admissible evidence" has not been part of the Federal Rules since 2015:

> The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted….It is replaced by the direct statement that "Information within this scope of discovery need not be admissible in evidence to be discoverable." Discovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery.

Fed. R. Civ. P. 26, Advisory Committee Notes – 2015 Amendment. The deletion of this language clarifies the scope of discovery and thus "[r]elevance is still to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on any party's claim or defense." *Landry v. Swire Oilfield Services, L.L.C.*, 323 F.R.D. 360, 380 (D. N.M. 2018) (*quoting State Farm Mutual Auto. Ins. Co. v. Fayda*, No. 14-9792, 2015 WL 7871037, at *2 (S.D.N.Y. 2015)).

This broad definition more than subsumes your objections. Further, it is your duty to do more than merely declaim irrelevance. Rather, for a relevancy objection to stand, you:

> must prove that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC*, No. 17-CV-25-CJW, 2018 WL 3552342, at *1 (N.D. Iowa July 24, 2018), *on reconsideration in part*, No. 17-CV-25-CJW, 2018 WL 3966961 (N.D. Iowa Aug. 17, 2018) (quotation omitted). If you wish to retain your relevancy objections, you must produce sufficient, specific reasons to withhold discovery.

### *Undue Burden / Overbreadth*

Your specific objections to burdensomeness are likewise improvident. Courts across the country have rejected this kind of objection: "If the interrogatories are relevant, the fact that they involve work, research and expense is not sufficient to render them objectionable." *Luey v. Sterling Drug, Inc.*, 240 F.Supp. 632, 634 (W.D. Mich. 1965) (collecting cases); *United States v. Nysco Labs., Inc.*, 26 F.R.D. 159, 161 (E.D.N.Y. 1960) (same); *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 245 (N.D.W. Va. 1970) (same); *Gard v. Dooley*, No. 4:14-CV-04023-LLP, 2017 WL 782279, *3 (D. S.D. February 28, 2017).

Your citations to *Quality Off. Furnishings, Inc. v. Allsteel, Inc.* and *Community Voice Line, LLC v. Great Lakes Commc'n Corp.* are unavailing in this regard. No. 3:17-CV-41-JEG-HCA, 2018 WL 7076747, at *12 (S.D. Iowa Sept. 26, 2018); No. C12-4048-MWB, 2013 WL 4048495, at *8 (N.D. Iowa Aug. 1, 2013). Both cases identify that the "blockbuster" requests you complain of refer to requests which "disclosure of each and every fact supporting a claim or defense". *Community Voice Line*, 2013 WL 4048495, at *8. The Interrogatories submitted to you do not

Exhibit 6. Page 3 of 6

meet his definition. While some of the Interrogatories do require you to review the Complaint filed against Defendants to properly respond (see Interrogatory #20) such review should be part and parcel of your zealous legal representation of Defendants; furthermore, the fact that doing so may require "work, research and expense" does not excuse non-compliance. *Luey*, 240 F.Supp. at 634.

More fundamentally, it is your burden in making an overbreadth objection to outline specific reasons for which a request would be burdensome to comply with. *Continental Ill. Nat'l Bank & Tr. Co. of Chi. v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (noting that unless the difficulty of responding is "unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."). To substantiate your objection, you must do more than make a "mere statement by the objecting party that the request for production was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Quality Off. Furnishings*, No. 3:17-CV-41-JEG-HCA, 2018 WL 7076747 at *2 (quotations omitted). Such proof of burden "must show specifically how each discovery request is burdensome or oppressive by *submitting affidavits* or *offering evidence* revealing the nature of the burden." *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000) (emphasis added).

### *Vagueness*

In responding to discovery, "parties should use 'reason and common sense to attribute ordinary definitions to terms and phrases[.]'" *See Savage Arms, Co.*, 2017 WL 6376342, at *7 (quoting *Pulsecard, Inc. v. Discover Card Srvcs.*, 168 F.R.D. 295, 310 (D. Kan. 1996). *See also Swackhammer*, 225 F.R.D. at 662 (when reason and common sense applied, court found nothing vague or ambiguous about interrogatory using terms "consistently terminate" and "similar conduct"); *Bryant v. Armstrong*, 285 F.R.D. 596, 606 (S.D. Cal. 2012) (when reason and common sense applied, court found application of common sense would result in the term "reasons" being defined as the "legal bases for Defendant's arrest.").

Reason and common sense, combined with context of the claims against Defendant, makes the meaning of the Interrogatories sufficiently clear. The Federal Rules of Evidence provides some insight: "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. If there was some actual confusion as to the meaning of the terms used by Plaintiffs in their Interrogatories, you are encouraged (and required) to seek clarification prior to objection. *Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Texas 2014).

### *Application of Principles Governing Discovery*

For each of your responses wherein you raised an objection, you must provide sufficient evidence and rationale for your non-compliance. Each request made by Plaintiffs is relevant and will lead to the discovery of relevant materials. Request 1 simply allows the Plaintiffs to know who they are working with. Request 2 places the onus on you to identify what information Defendants have purged or destroyed. This is relevant to help us determine what information is available in this case, and further to identify whether any missing information falls under the rubric of Federal Rule of Civil Procedure 37(e). Fed. R. Civ. P. 37(e). Request 11 is within the reasonable scope of discovery and includes requests for potentially biased communications. The claim that it is not "related temporally or legally to any issue" is precisely the sort of vague objection which is

inadequate as a matter of law to justify non-compliance. Requests 20 and 21 likewise are directly relevant, seek information entirely within the reach of relevancy, and to which you have not provided a specific and cognizable objection. Please respond to each of these Interrogatories.

As you do so, recall that these responses should also not be curtailed by your improper objections to definitions, as noted above. Any answer that you have previously provided in any interrogatory that was limited by the incorrect application of the definitions provided to you by Plaintiffs must similarly be re-provided.

## Incomplete Answers

We also ask that you supplement several of your responses to our discovery requests, based on the nature of those responses. Fed. R. Civ. P. 37(a)(4). A number of your responses are either incomplete or fail to provide the requested information, without an accompanying reasonable objection. Specifically:

### *Interrogatory No. 1*

You fail to provide the names of the individuals within the University of Iowa Office of General Counsel who participated in responding or providing information. Please do so.

### *Interrogatory No. 5*

Please confirm that the date at which Defendants reasonably anticipated litigation was October 5, 2020.

### *Interrogatories Nos. 10, 12, 13*

You provided a series of documents in response to requests regarding Iowa's anti-discrimination, discrimination reporting process, and ant-harassment policies. These responses do not adequately respond to those requests. In addition to providing documents, all three interrogatories required you to "describe" the policies. This is to include identifying those individuals responsible for the policy and its implementation within the applicable programs, how said program was in fact implemented, as well as any deviation from written policy or changes to the policy within those programs. *See I. Definitions*, Plaintiffs' Interrogatories, at p. 4.; *Savage Arms, Co.*, 2017 WL 6376342, at *7. Likewise, you did not provide confirmation that these policies applied to any of the Plaintiffs, or whether there was any exception to application. This omits portions of the question, which remain unanswered. *See II. Instructions*, Plaintiffs' Interrogatories, at p. 8.

### *Interrogatories Nos. 14, 15, 16, 17*

In response to Plaintiffs' request that you "[l]ist, provide the date, and describe in reasonable detail any punishment, sanction, or reprimand received by [defendant] relating to the matters described in this Litigation", you responded in each case that "Plaintiffs' allegations relating to any illegal conduct on the part of [Defendant] have been denied and thus there would be no basis to punish, sanction or reprimand [Defendant]." *Response to interrogatories*, p. 19-22. This is a misreading of the interrogatory, and you must provide a full and complete answer.

Plaintiffs' request is for "any punishment, sanction, or reprimand" that relat[es] to the "matters described in this Litigation". *Id*. This request sweeps beyond "illegal conduct" and

includes *any matter* related to litigation. Similarly, your assertion that the named defendants were not punished due to "illegal conduct" is a legal conclusion asserted by the Defense and cannot be used to deflect a legitimate enquiry. *Id*. Plainly read, Interrogatories 14-17 ask you to report whether there were any negative actions taken as a result of the behaviors by certain Defendants identified in this matter, not to 1) make your own speculation about the legality of Defendants actions and 2) subsequently limit your responses to only those actions, which you claim never occurred. Such an impermissible redrafting of the actual requests would thwart their purpose. *See Savage Arms, Co.*, 2017 WL 6376342, at *7 This attempt to artificially narrow Plaintiffs' interrogatories makes your response at a minimum incomplete.

The point of Plaintiffs' Interrogatories is to reach any response within the University or Board of Regent that occurred based on the specific Defendant's conduct alleged in this litigation. Please revisit these Interrogatories and describe in detail any outcome that occurred for each Defendant as a result of each action that is alleged or described, *whether or not you believe the action was illegal*. Further, remember that if any of the allegations or matters you deny occurred are found to have in fact occurred, and did in fact result in a "punishment, sanction, or reprimand", you will have compounded your omissions. This will increase the likelihood of sanctions. *United States v. $284,950.00 in U.S. Currency*, 933 F.3d 971, 974 (8th Cir. 2019).

It should also be noted that the Defendants never submitted signed verifications of the responses.

**Failure to Serve Responses to Plaintiffs' Requests for Production**

Finally, it does not appear that you ever served us with written responses to Plaintiffs' Requests for Production. In the email in which the Defendants' responses to Plaintiffs' Requests for Admission and Interrogatories were submitted, your paralegal advised that the written responses would be forthcoming, and that you were continuing to collect documents. That email was sent July 28, 2021, and nearly a month later, we still have not received any additional documents or Defendants' written responses. Due to the total lack of any written response and the length of time that has passed since the due date for the Defendants' responses, it is our position that Defendants have waived any objections to Plaintiffs' Requests for Production and that all requested documents must be produced.

In closing, Defendants have failed to adequately respond to Plaintiffs' discovery responses, and for the foregoing reasons, Plaintiffs request that Defendants amend their responses to conform to the rules of discovery. If you have any questions or comments, you may contact me personally at 918-551-8999 or dss@solomonsimmons.com.

Sincerely,

Damario Solomon-Simmons
FOR THE FIRM