IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| AKRUM WADLEY, *et al.*, | ) |
|         Plaintiffs | ) Case No. 4:20-cv-00366-SMR-HCA |
| v. | ) **PLAINTIFFS' MOTION TO COMPEL** |
| | ) **PRODUCTION OF HUSCH** |
| | ) **BLACKWELL DOCUMENTS** |
| UNIVERSITY OF IOWA, *et al.*, | ) |
| | ) Hearing Requested |
|         Defendants. | ) |

**COME NOW** the Plaintiffs, and by and through their undersigned counsel, hereby submit this Motion to Compel Production of Husch Blackwell Documents & Brief in Support in accordance with the Court's December 15, 2021 order. Plaintiffs respectfully request that the Court find Defendants waived all privilege objections by failing to timely respond to requests, failing to expressly claim privilege, and unduly delaying production of a privilege log, as well as voluntarily disclosing a report detailing what Defendants now claim were privileged communications. Plaintiffs further request that the Court, for these reasons, order Defendants to produce all responsive documents and award Plaintiffs reasonable attorney fees and costs incurred in connection with preparing this Motion. In the alternative, Plaintiffs seek an order compelling Defendants to produce the documents for an *in camera* review so the Court can determine what documents should and should not be produced in response to Plaintiffs' requests. In support of this motion, Plaintiffs submit as follows:

      1.     In June 2020, following public disclosures of a culture of racism and mistreatment of Black student-athletes within the University of Iowa's ("Iowa") Football Program ("Program"), Iowa announced the hiring of Husch Blackwell, LLP ("HB"), a Kansas City law firm, to conduct an

*<u>independent</u>* review of the Program and the disclosures made by more than fifty (50) former and prominent Iowa football players.

2. Over the next month, attorneys and staff with HB sent correspondence to current and former Iowa football players inquiring whether they would be willing to be interviewed as part of what HB also represented was an *<u>independent</u>* review of the disclosures of racism within the Program. [*See* Email from D. Peterson[1] to M. Fleming (Jun. 24, 2020 3:47 P.M. E.D.T.) (**Exhibit 1**); Screenshot of Email from D. Peterson to A. Mends (Jun. 24, 2020, 2:47 P.M.) (**Exhibit 2**)].

3. HB's investigation into the disclosures of racism and mistreatment of Black players within the Iowa football Program entailed interviews of "111 individuals, including 45 current and 29 former members of the football team and 36 current and former employees." [HUSCH BLACKWELL, REPORT OF EXTERNAL REVIEW (2020) (**Exhibit 3**)].

4. In July 2020, Defendants released a report stating the findings that resulted from HB's investigation. The report reiterated that it was the result of an *<u>impartial</u>* and *<u>external</u>* review:

> The University of Iowa . . . retained Husch Blackwell LLP to conduct an *<u>external</u>* review of alleged racial inequities within the football program, including mistreatment of Black student-athletes and a racially charged climate. We recognize that this matter has generated widespread attention and strong emotions have been expressed about the football program on various media platforms. Our task was to set that aside and *<u>impartially</u>* examine the football program's culture and perceptions of current and former players with respect to these matters.

[**Ex. 3** (emphasis added)].

---

[1] According to Demetrius Peterson's biography on the HB website, he conducts "comprehensive investigations for schools on alleged violations of institutional policies and federal civil rights laws, including…racial discrimination and harassment…." *See* Demetrius J. Peterson, HUSCHBLACKWELL.COM (last accessed Jan. 27, 2022 11:07 A.M.), https://www.huschblackwell.com/professionals/demetrius-peterson. Mr. Peterson is formerly "in-house legal counsel for the United States Department of Education's Office of Civil Rights (OCR)." *Id.* Certainly, Mr. Peterson knows or should know the difference between an *"independent"* investigation and representing a client in a claim for racial discrimination. To now say Iowa retained HB under the auspices of an attorney-client relationship—rather than as an "*independent*" investigator—is ludicrous.

5. Four months later, these Plaintiffs filed suit against Iowa and various individual defendants who were responsible for the culture of racism and mistreatment of Black players.

6. Defendants filed motions to dismiss, which were denied, in part, in May of 2021.

7. The very next month, Plaintiffs served their first set of discovery requests on Defendants on or about May 27, 2021. The requests included Requests for Admission (RFAs), Interrogatories, and Requests for Production of Documents (RFPs), 18 of which requested documents *specifically* related to the HB investigation, including those evidencing or relating to:

| | |
|---|---|
| 25. | …fee agreements between Iowa and Law Firm from June 1, 2020 to present. |
| 26. | …an attorney-client relationship between Iowa and Law Firm from June 1, 2020 to present. |
| 27. | …where Law Firm is listed, discussed, or identified from June 5, 2020 to present. |
| 28. | …names and contact information for each and every individual interviewed by Law Firm during the investigation of the Program that concluded in the Law Firm Report. |
| 34. | …allegations of mistreatment, verbal abuse, and bullying of Iowa football student-athletes by current and former employees of Iowa as referenced in the Law Firm Report. |
| 89. | …personnel reports prepared by the Law Firm that have previously not been publicly disclosed. |
| 124. | …the Law Firm Report and any drafts or versions of the Law Firm Report. |
| 125. | …notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries related to the Law Firm's investigation. |
| 126. | …recordings of any interviews as a part of the Law Firm's investigation. |
| 127. | …written statements provided to the Law Firm in aid of its investigation. |
| 128. | …identity of every individual interviewed by the Law Firm in aid its investigation. |
| 129. | …identity of every individual who provided information to the Law Firm in aid its investigation. |
| 130. | …changes made by the Program following the release of the University Report. |
| 131. | …any changes made by the Program following the release of the Law Firm Report. |
| 141. | …any "action steps aimed at improving the culture of the program" as required by the Law Firm Report. |
| 142. | …that members of the Program's coaching staff and administrative staff "verbally abused and bullied" football student-athletes as stated in the Law Firm Report. |
| 143. | …the "specific allegations" lodged against the Program's coaching staff and administrative staff that were not contained within the Law Firm Report. |

> 144. … that the Program "perpetuated racial and culture biases and diminished the value of cultural diversity" as stated in the Law Firm Report.

[*See* Defs.' 4th Supp'l Resps. to Pltfs.' 1st RFPs (Jan. 18, 2022) (which also contain Plaintiffs' requests and Defendants' first, second, and third supplemental responses) (**Exhibit 4**)].

8. Plaintiffs later agreed to a 30-day extension for Defendants to respond.

9. On July 28, 2021 Defendants served their responses to the RFAs and Interrogatories. They ***did not*** respond in writing to Plaintiffs' RFPs, though it did produce a negligible amount of documents, namely past and present student-athlete handbooks and policies.

10. On August 26, 2021, Plaintiffs' counsel sent a letter to Iowa's counsel outlining what they had identified as deficiencies in Defendants' responses and indicating that no responses to Plaintiffs' RFPs had been served. In the letter, Plaintiffs indicated "it is our position that Defendants have waived any objections to Plaintiffs' RFPs and that all requested documents must be produced." [Letter from D. Solomon-Simmons to J. Thompson (Aug. 26, 2021) (**Exhibit 5**)].

11. Defendants' counsel responded, indicating it was "simply an oversight" that Defendants' written responses to Plaintiffs' RFPs had not been served along with the other discovery responses. [Letter from J. Peterzalek to D. Solomon-Simmons (Sept. 16, 2021) (**Exhibit 6**)]. The written responses were finally served along with this letter, ***three (3) weeks later***.

12. Defendants' responses did not include any objections based on the attorney-client or work-product privilege,[2] only FERPA, and Defendants even indicated that they would produce the documents once a protective order had been entered. Likewise, no privilege log was produced.

---

[2] The assertion that "Nothing contained in these answers shall be construed to waive the attorney-client privilege or work product protection" was insufficient to preserve a privilege claim. *See infra*, Section II(A).

13. On October 12, 2021, nearly four months after being served with Plaintiffs' RFPs, Defendants served supplemental responses. The supplemental responses also did not contain any objections based on the attorney-client or work-product privileges. [*See* **Ex. 4**].

14. Defendants again supplemented their responses on October 18, 2021. These similarly did not contain any attorney-client or work-product privilege claims. [*See* **Ex. 4**].

15. On December 10, 2021, Defendants sent another set of supplemental responses, wherein they claimed, for the first time, that they objected to RFPs related to the Husch Blackwell investigation "to the extent" they were protected from disclosure under the attorney-client privilege "and/or" work product doctrine. No reference was made to any specific documents or categories of documents. The responses indicated, "A privilege log will be produced," but the responses lacked any reference to a date when it could be expected. [*See* **Ex. 4**].

16. On December 20, 2021, Defendants served their responses to a second round of RFPs served by Plaintiffs in on November 19, 2021. The responses contained ***one (1)*** objection based on the attorney-client privilege, and that was to Plaintiffs' limited request for "all requisitions or law firm proposals for services proposed to the State of Iowa Board of Regents and the University of Iowa after allegations of racial discrimination within Iowa football came to light in June 2020." [*See* Defs.' Resps. to Pltfs.' 2d RFPs (Dec. 20, 2021) (Excerpt) (**Exhibit 7**)].

17. Throughout discovery, Defendants have responded to numerous requests with statements like, "Discovery continues and Defendants will supplement as appropriate," and other statements to that effect, without providing a specified time for production.

18. Plaintiffs never agreed to a rolling production, and Defendants never requested leave of Court to do so. Still, they continue to produce documents at their leisure, persistently failing to produce documents by dates promised or agreed to by Plaintiffs.

19. As a result of Defendants' dilatory tactics, Plaintiffs have been forced to postpone depositions of Kirk and Brian Ferentz that had been scheduled for January 18 and 19, 2022, and the Court has already had to extend deadlines[3] in the scheduling order due to Defendants' delays in production.

20. Plaintiffs' attorneys have conferred with counsel for the Defendants multiple times—once in the context of a status conference with the Court—in an attempt to resolve the issues raised by this motion, but the parties were unable to reach an agreement about the applicability of the attorney-client privilege and work-product protection.

## PRAYER

WHEREFORE, for the reasons explained in the Brief in Support of this Motion, Plaintiffs respectfully request that the Court order Defendants to immediately produce all documents responsive to Plaintiffs' requests and grant attorney fees and costs incurred as a result of Defendants' discovery misconduct. Alternatively, Plaintiffs ask the Court to order Defendants to produce the items withheld for an *in camera* review. Plaintiffs also requests all other and further relief, whether at law or in equity, special or general, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**SOLOMON SIMMONS LAW, PLLC**
/s/*Kymberli J. M. Heckenkemper*
Damario Solomon-Simmons, OBA # 20340
Kymberli J. M. Heckenkemper, OBA # 33524
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
Phone: (918) 551-8999
Fax:    (918) 558-8039
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

---

[3] It should be noted that due to Defendants' obstruction Plaintiffs have already informed Defendants they will need to seek leave from court to extend the February 10, 2022 deadline to add additional parties.

**BARLOW GARSEK & SIMON, LLP**
Christian Dennie, TX Bar # 24045775
920 Foch Street
Fort Worth, TX 76107
Phone: (817) 731-4500
Fax:     (817) 731-6200
cdennie@bgsfirm.com

**BMK LAW FIRM, PLLC**
Beatriz Mate-Kodjo, AT0012331
1910 Washington St., Ste. 100
Pella, IA 50219
Phone: (641) 450-1668
Fax:     (641) 847-7968
beatriz@mate-kodjo-law.com

*Attorneys for Plaintiffs*