

THOMAS J. MILLER
ATTORNEY GENERAL

JEFFREY C. PETERZALEK
ASSISTANT ATTORNEY GENERAL

1305 E. WALNUT ST.
DES MOINES, IA 50319
Main: 515-281-5164 • Direct: 515-281-4213
Email: Jeffrey.Peterzalek@ag.iowa.gov
www.iowaattorneygeneral.gov

IOWA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

September 16, 2021

*via dss@solomonsimmons.com*

Damario Solomon-Simmons
601 S. Boulder, Ste 600
Tulsa, Oklahoma 74119

RE:   8/26/21 Correspondence - Wadley, et al v. University of Iowa, et al

Dear Mr. Solomon-Simmons:

This letter is in response to your letter dated August 26, 2021, relating to the University of Iowa's responses to Interrogatories. I will attempt to respond to the issues you raise in the order they were raised in your letter.

### OBJECTIONS TO DEFINITIONS

Defendant University of Iowa would first note that they objected to a very limited number of multiple pages of definitions included in your Interrogatories. Taking your concerns in order, we believe your concern over our objection to the term "Defendant" is misplaced and may just be a misunderstanding of the scope of our responses to your Interrogatories. Clearly, based on the content of the responses, those answers included information from the University of Iowa (the entity the Interrogatories were directed to), the various departments within that entity and employees of the University. The responses also clearly encompassed current and previously named individual defendants who are or were employees of the University as well as information related to not only current Plaintiffs but those whose claims have been previously dismissed. We have, as you indicate we should, responded using a very liberal and common-sense definition of the term "Defendant".

Your letter next takes issue with our objections to definitions 7, 32, 44 and 45. Those definitions were objected to, with the exception of number 32, because they were just plain wrong based upon any reasonable analysis of those terms. For instance, how is it possible, as you assert in definition number 7, that "Fleming" means Reggie Spearman"?  With respect to definition 32 it is clear that no attempt was made by Plaintiffs to limit the definition of "Electronic Information" to the present matter. Further, discovery of ESI is generally a collaborative process with the goal that the party requesting such information relevant to the issues in the case and not otherwise protected from disclosure be provided. We look forward to working with you in order to get all ESI you may be entitled to.

With respect to definition 27 ("Communication"), the definition begins with words that would generally be an acceptable definition of then morphs into an overly broad set of

1

EXHIBIT
6

requirements including unlimited terms like "other "and "otherwise". We continue to believe our objection to that definition is appropriate but are willing to work with you on a definition that more clearly works with the usual definition of that term.

For definition 30 ("Describe in detail") the repeated use of phrases such as "each and every document, circumstances…" and "each and every fact and legal conclusion…" are the quintessential example of the type of discovery requests that, on their face, are improper. *See Quality Office Furnishings v. Allsteel, Inc.*, 2018 WL 7076747 S.D. Iowa Ruling 9/26/18.

Definition 31 ("Document") is so overly broad in that it even includes bank examiner reports, bank examiner notes, loan committee notes, plats etc. that have no relationship to any issue in this case.

For definition 35 ("Identify") I am at a loss to come up with an argument supporting your definition of "Identify" that contains 21 sub-parts with many of those sub-parts themselves including multiple additional definitions that would not be considered overly broad. As with all of our objections we intend to use the usual common-sense definition of words used in your discovery requests.

For Definition 41 ("Relating to") there really is not much to be added other than to note again that your definition of "Relating to" actually acknowledges within the definition that it is beyond "the usual and customary meaning".

**OBJECTIONS TO CERTAIN INTERROGATORIES**

With respect to Interrogatory number 1 wherein you request the identity of the person or persons from the University of Iowa General Counsel's Office who assisted with responding to Interrogatories we can supplement that Interrogatory by including General Counsel Carroll Reasoner and attorney Nathan Levin.

For Interrogatory number 5 it is clear that the answer to that Interrogatory speaks for itself.

With respect to Interrogatory numbers 10, 12 and 13, they request a description of certain policies and documents. The actual documents were provided which is perfectly allowable under the rules. There is no support for your request that we also "describe" the policies that we sent you actual copies of and/or links to.

With respect to Interrogatories 14, 15, 16 and 17, I'm not sure how we could be clearer. There was no punishment or negative actions directed towards any of the individuals identified in those Interrogatories because no illegal or improper conduct, behavior or actions occurred that would support any punishment thus there was no punishment.

Attached is a signed verification for the Interrogatory answers and we apologize for the oversight in not getting this to you sooner.

**REQUESTS FORPRODUCTION**

The e-mail of July 28, 2021, that went along with the discovery responses included a number of documents intended to go along with initial responses and objections to the Requests for Production and also indicated additional documents would be forthcoming. It was simply an oversight that the initial responses and objections did not go along with the other discovery responses. Those responses and objection are provided with this letter. We continue to gather and

review responsive documents many of which are available for production, as we have stated previously, upon receipt of appropriate FERPA releases (we long ago provided a release template and are providing that again with this letter) and the entry of an appropriate protective order (it was previously agreed Plaintiffs would submit a draft for review).

      We certainly appreciate this opportunity to further discuss discovery issues. It is the general practice of this office to cooperate fully with discovery and we have an excellent track record of doing so. Based upon past conversations we sincerely believe that the parties to this case can work together to get discovery accomplished in an efficient manner and we look forward to working with you towards that end.

Sincerely,


/s/ Jeffrey C. Peterzalek
Assistant Attorney General