IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY, | Case No. 4:20-cv-366 |
| Plaintiffs, | |
| vs. | **DEFENDANTS' RESISTANCE TO PLAINTIFFS' MOTION TO COMPEL** |
| UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE. | |
| Defendants. | |

## BACKGROUND

In May 2021, Plaintiffs served their First Request for Production, which consisted of one hundred eighty-one (181) wide ranging requests for documents, two hundred eight (208) expansive Requests for Admissions as well as Interrogatories. Subsequently, in November 2021, Plaintiffs served an additional twenty-nine (29) Requests for Production of Documents which primarily sought multiple personnel files of non-parties. Finally, in late January 2022 additional Requests for Production of Documents, Requests for Admissions and Interrogatories were served which will be responded to and are not the subject of either of Plaintiffs' motions to compel.

In response to Plaintiffs' First Request for Production, Defendants provided responses and multiple supplemental responses comprising approximately two hundred thousand (200,000) pages of documents. *See* Defendants' Responses (including supplemental responses) to Plaintiffs' Requests for Production. Exh. A. With respect to Plaintiffs' Second Request for Production, Exh.

B, Defendants have made appropriate objections to the requests for non-party personnel files with citation to authority (RFP's 1-18[1]). Materials responsive to request numbers 19, 22, 23, 26, 28 and 29 were produced, including an extensive privilege log (RFP 29). Other requests in Plaintiffs' Second Request for Production were responded to by stating an ongoing search is being conducted but to this point, no responsive documents had been found (RFP's 20, 21, 24, 25, 27). Plaintiffs' current motion does not raise any issues with respect to Defendants' Responses to Requests for Admissions or Answers to Interrogatories.

Over the time that this case has been pending, the parties have engaged in several discussions regarding discovery and, among other things, have agreed that Defendants should produce documents on a rolling basis—that is, Defendants will produce materials as they are gathered. As can be seen from Exh. A, Defendants have supplemented their responses to document requests on a regular basis and continue to do so.

In response to Defendants ongoing efforts to produce responsive materials, Plaintiffs have filed two motions to compel which are long on form and very short on substance. This response is directed at Plaintiffs' first motion to compel, and a separate response will be filed to respond to Plaintiffs' motion that relates to the discovery of the Husch Blackwell law firm files.

Plaintiffs begin their motion by spending considerable time asserting, incorrectly, that it has been determined, incontrovertibly, that illegal discrimination occurred within the football program and that Defendants have fully admitted to such. Pls.' Brief in Support of Motion to Compel at pp. 3-5. Plaintiffs further claim that Defendants have created "an alternate reality" by asserting no illegal discrimination has occurred yet fail to acknowledge the actual reality of all but

---

[1] With respect to RFP Nos. 18 and 26, after conferring with Plaintiffs' counsel, Defendants produced documents as referenced in those supplemental responses related to Fred Mimms.

two of their claims (and many of the initial Plaintiffs) being summarily dismissed in the Court's ruling on a motion to dismiss. After their inaccurate missive regarding reality Plaintiffs eventually segue into their motion to compel arguments. But, that motion, especially with respect to Plaintiffs' voluminous initial request for production, sets out no specific shortcomings with respect to any of Defendants' responses to their nearly two hundred requests and does not cite to even one case supporting whatever their position may be.  Specifically, Plaintiffs do not even bother to point the Court or the Defendants to any specific deficiencies for even one specific request for production with respect to their initial nearly two hundred requests, but instead just asks this Court to compel "responses for all Plaintiffs' RPDs." Motion to Compel at p. 9.

Similarly, Plaintiffs do not respond substantively to Defendants' objections and authorities regarding the discovery of non-party personnel files as set out in response to the Second Request for Production but simply provides a string cite of inapposite cases relating to the discovery of personnel files without even alleging any of the personnel files for the requested persons involved anything related in any way to this litigation or would otherwise be relevant to their cause of action. Plaintiffs also conveniently leave out the fact that during a conference regarding these second document requests, Plaintiffs' counsel was informed that the objections to those requests for personnel files would be reconsidered if Plaintiffs could provide any substantive information that these persons' personnel files would be relevant to any issue in this case. Plaintiffs have declined to provide any additional information that would show any relationship between the requested personnel files and their claims.

## THE FIRST REQUEST FOR PRODUCTION

Plaintiffs' Motion to Compel rests on the incorrect and circular assertion that because Plaintiffs claim there is incontrovertible evidence to prove without doubt that illegal discrimination

existed within the football program that, not only are Defendants prohibited from denying those claims, but also that any assertions that there are no documents to support Plaintiffs' self-serving discovery requests are blatantly false. Pls.' Brief in Support of Motion to Compel at p. 4 demonstrates the impossible standard Plaintiffs seek to impose on Defendants and use RFP 105 as an example. That Request asks for documents "evidencing that Doyle, discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes…". Defendants, including Doyle, responded to such requests that they deny any illegal discriminatory behavior occurred and there are no documents showing illegal discrimination that have been discovered. In other words, there are no documents that would show what does not exist.

Another significant fact Plaintiffs' argument misses is that Defendants have endeavored to produce every document related to any of the Plaintiffs or prior Plaintiffs that is any way related to their participation in the University of Iowa football program or its academic programs. Those thousands of pages of documents include e-mail communications that relate in any way to those persons, any documents related to their recruitment and participation in the football program, personnel files of all the named Defendants as well as head football coach Kirk Ferentz and a multitude of other documents. Defendants cannot be penalized because they do not have, and never have had, documents that provide "smoking gun" evidence of Plaintiffs' theory of the case.

Plaintiffs' response to Defendants producing the multitude of materials in response to their extensive requests is to file the present motion with the head spinning assertion that those thousands of pages of materials were produced by Defendants "to distract the Plaintiffs from reality". Pls.' Brief at p. 5. The actual reality is that Defendants have searched and continue to search for documents responsive to Plaintiffs' Requests and have provided and will continue to provide responsive materials if they exist.

Defendants are further chastised by Plaintiffs for stating in their discovery responses that Defendants continue to search diligently for responsive materials and Plaintiffs' Requests will be supplemented if more materials are found. As noted above, despite serving one hundred eighty-one (181) separate and expansive Requests for Production in their initial requests, Plaintiffs do not point to a single response that is substantively deficient or otherwise point the Court to anything specific the Court could order or that Defendants could or should do better. "A party's speculation that more discovery exists is not sufficient to compel discovery; the theoretical possibility that more documents exist would render discovery never ending." *Curran v. Bernhardt,* 2922 WL 93671 at *5 (W.D.S.D. Jan. 10, 2022) (other citations omitted). "Instead, a moving party must demonstrate that the documents previously produced 'permit a reasonable deduction that other documents may exist or did exist and have been destroyed." *Id.*

Defendants are not withholding any documents other than those set forth in their privilege log. Plaintiffs, without pointing to any request or to any documents they believe may exist that have not been produced, simply state: "The Court should order Defendants produce *all* responsive documents within 10 days after entry of the Court's order on this motion." Pls.' Brief at p. 5. According to Plaintiffs, the inference to be drawn from Defendants' production of thousands of documents is that they are withholding or not providing documents that fit Plaintiffs' theory of the case. That inference in incorrect and belied by the substantial materials that have been provided. As one court has aptly noted, there is "…an equally likely possibility that the designated officials kept the records they were supposed to and turned them over to plaintiffs when asked to do so. In other words, plaintiffs fail to account for the possibility that they may in fact have already received all responsive documents." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008). "Courts supervising discovery are often confronted by the claim that the production made is so paltry that

there must be more that has not been produced or that was destroyed." *Id*. "But that feeling is never enough. Courts do not accept mere speculation in a vague motion to compel. Discovery—long and mind-numbingly tedious enough as it often is—would never end if all it took to keep it going were the insistence that more documents exist." *Metcalf v. Ross*, 2021 WL 1577799 at *2 (N.D. Ill. April 22, 2021) "Consequently, courts—with unerring consistency—have required that the moving party make out a case for more discovery. Insistence is not enough. The moving party must show, 'that the documents produced permit a *reasonable* deduction that other documents exist or did exist.'" *Id.* quoting *Hubbard,* 247 F.R.D. at 29.  In the present matter, Plaintiffs do not even attempt to make out any case at all that the discovery produced to date permits a "reasonable deduction" that more related documents exist. Without the showing of such a case, neither the Defendants nor this Court have any way to know what, if any, shortcomings Plaintiffs believe may exist. Plaintiffs' Motion to Compel with respect to their First Request for Production of Documents should be denied.

**THE SECOND REQUEST FOR PRODUCTION**

Plaintiffs do a bit better with respect to the Second Request for Production of Documents and that will be the remaining focus of this response.  The majority of the Requests in Plaintiffs' Second Request for Production appear directed at non-party personnel files and related materials (RFP's 1-18; 25, 26). Plaintiffs also complain about RFP 19 (request for materials related to council of former players) which was recently the subject of a supplemental response including, agendas, notes and minutes of those meetings and no documents regarding that request have been withheld.   Plaintiffs also express concern about RFP 24 (complaints of football players to Fred

Mimms) where a diligent search has found no responsive materials, and none have been withheld.[2]

RFP's 20 and 21 relate to electronic information to or from the football staff and a person named

Ben Nieman. The initial server search for such information did not uncover any responsive

materials and that was noted in Defendants' response. However, believing there may have been a

searching error, counsel for Defendants have requested a broader search and, should any

responsive materials be found, they will be produced. RFP 27 requests information regarding

proposals or requisitions for an independent investigation. During a prior conference, Plaintiffs'

counsel was informed there are none and Defendants' response to that RFP reflects that. Plaintiffs

also include RFP 28 in their motion, but that request was supplemented with responsive materials

on January 22, 2022 and should be complete and no documents have been withheld. Thus, it

appears the "fighting issue" that remains in this Motion to Compel is with respect to discovery of

non-party personnel files.

In RFP's 1 – 18, Plaintiffs' request the personnel files of what Defendants understand are

current and former employees of both the University football program and athletic department. In

response to those Requests, Defendants raised detailed objections supported by long-standing legal

authority. See Exh. B. Defendants also offered to reconsider their objections should Plaintiffs

provide information that would show how those personnel files could be relevant to any of

Plaintiffs' claims. Plaintiffs' counsel did provide some additional information with respect to Fred

Mimms and, as a result, certain documents were provided by Defendants (*see* RFP's 18 and 26).

No further information related to any of the other individuals has been offered by Plaintiffs.

---

[2] This Request relates to complaints alleged to have been made to Fred Mimms, who as
Plaintiffs' counsel, has informed, was/is a client of former local counsel Alfredo Parish.
Defendants welcome any information from Mr. Mimms or his counsel that might aid in
searching for materials related to RFP 24.

Defendants fully acknowledge the broad nature of discovery and their obligations related thereto. However, "[T]hat often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in a case. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). More specifically with respect to non-party personnel files, "the very act of disclosing an employee's sensitive and personal data is a highly, and frequently, an unnecessarily intrusive act…" and ordering production of personnel files "is not a step which the Court should lightly undertake." *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1997). Thus, "[a]t a minimum, before a court compels the production of non-party personnel files, it should first be satisfied that the information in those files is, indeed, relevant." *Id.* And, "the mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file." *Id.* Defendants have made legitimate objections supported by legal authority in response to the personnel file requests. Even during conferences regarding these requests, Plaintiffs have been unable, or unwilling, to provide any information or argument that would support a determination that discovery of these personnel files would be relevant to issues in this case. *See* Exh. 3 to Pls.' Brief in Support of Motion to Compel. Rather Plaintiffs continue to insist that those personnel files are discoverable.

As an initial matter, it is noted that of the eighteen (18) personnel files requested, only two of those persons are even mentioned in Plaintiffs' sprawling seventy-seven (77) page, three hundred fifty-seven (357) paragraph complaint. Broderick Binns is mentioned in paragraph 134 of the Complaint wherein it is alleged Plaintiff Wadley enlisted his assistance in scheduling counseling sessions. The other person, Erik Campbell, is identified in paragraph 189 of the

Complaint as Plaintiff Martin-Manley's wide receiver coach that he had a good relationship with. None of the allegations related to those two people would come close to advancing any claim that their personal files are fair game for discovery.

Plaintiff cites, in support of their position, a string of cases with no elaboration other than "personnel files of decision-makers are discoverable." Pls.' Brief in Support of Motion to Compel at p. 8. None of the cited cases support allowing discovery of the personnel files Plaintiffs cite. *Wards Cove Packing Co. v. Antonio*, 490 U.S. 642 (1989) which doesn't even appear to mention personnel files and only sets out the undisputed determination that, in a disparate impact case, employer records can be the subject of discovery. *Id* at 657. *Dzanis v. JP Morgan Chase & Co.*, 2011 WL 5979650 (S.D.N.Y. 2011) is even further afield as that case only stands for the again undisputed proposition that, in an employment discrimination case, the personnel files of only similarly situated to a plaintiff are discoverable. Next, *Jones v. Wetseal Retail, Inc.*, 245 F.R.D. 724 (D. Kan. 2007) comes a bit closer to the mark as that case allows discovery of personnel files of persons who are engaged in the alleged discriminatory behavior like, for instance, named defendants. However, the personnel files of the named Defendants plus that of Head Coach Kirk Ferentz have long ago been provided to Plaintiffs[3]. The case of *Oglesby v. Hy-Vee, Inc.*, 2005 WL 857036 (D. Kan.) makes the same determination as the preceding *Jones* case in that discovery related to those alleged to have committed the discrimination and persons involved in making decisions leading to the claimed adverse action is allowed. The *Fox-Martin v. H.J. Heinz Operations,* 2003 WL 23139105 (D. Kan) also makes this same determination. *Jones v. Hamilton County Sheriff's Dept.,* 2003 WL 21383332 (S.D. Ind.) is another case that sets out the undisputed

---

[3] The reports relating to Defendants Doyle and Brian Ferentz prepared by University's retained law firm, Husch Blackwell, have been withheld and are the subject of Plaintiffs' other Motion to Compel and Defendants' Resistance thereto.

assertion that in a Title VII case, discovery of personnel files of similarly situated employees is allowed. Finally, *Spina v. Forest Preserve of Cook County*, 2001 WL 1491524 (N.D. Ill), as cited by Plaintiffs, merely reasons those materials not produced in discovery cannot be used at trial and does not further Plaintiffs' claims of entitlement to non-party personnel files.

Plaintiffs have simply failed to move the ball in their quest to obtain the requested non-party personnel files and their Motion to Compel, being unsupported by the facts or the law  must be denied.

**CONCLUSION**

Based upon the arguments and authorities presented in this Resistance, it is respectfully requested that the Court enter a ruling denying Plaintiffs' Motion to Compel.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
*/s/ Samuel P. Langholz*
SAMUEL P. LANGHOLZ
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

11

<table>
<tr><td colspan="2" align="center"><b>PROOF OF SERVICE</b></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on February 10, 2022:</td></tr>
<tr><td>☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Federal Express<br>☒ CM/ECF</td><td>☐ FAX<br>☐ Overnight Courier<br>☐ Email</td></tr>
<tr><td colspan="2">Signature: <i>/s/ Audra Drish</i></td></tr>
</table>