IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE.<br><br>    Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' FIFTH SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**COME NOW** Defendants the University of Iowa, Board of Regents for the State of Iowa, Brian Ferentz and Christopher Doyle and submit their fifth supplemental responses to Plaintiffs' First Request for Production of Documents. Defendants reserve the right to continue to modify and supplement these answers as necessary. Nothing contained in these answers shall be construed to waive the attorney-client privilege or work product protection.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
*/s/ Samuel P. Langholz*

1

**Exhibit A**

SAMUEL P. LANGHOLZ
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on February 10, 2022:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivery      ☐ Overnight Courier
☐ Federal Express    ☒ Email
☐ CM/ECF

Signature: _/s/ Audra Drish_

2

**Exhibit A**

OBJECTIONS TO DEFINITIONS

Defendants object to the definitions provided in these Requests for Production of Documents in that many of them expand the definition of words or terms beyond the legal definition or generally understood meaning of the word or term. Defendants' responses are based upon the legal definition and/or definition of terms used in these requests. Defendants specifically object to the following definitions:

2.      The definition of "Defendants" includes persons and entities that clearly are not defendants in this matter and is  thus an overly broad and inaccurate definition of that term;

7.      Asserting that "Fleming" means "Reggie Spearman" is clearly inaccurate;

27.      The definition of "Communications" is overly broad, with Plaintiffs even including nonverbal acts in the definition;

30.      The definition of "Describe in detail" is overly broad and burdensome by purporting to require the identity of "each and every document, circumstance, incident, act and omission…and to identify each and every fact and legal conclusion that forms, constitutes, evidences, relates, or refers to the discovery request";

31.      The definition of "document" is overly broad and includes terms and examples that clearly have nothing to do with this litigation;

32.      The definition of "Electronic information" is overly broad to the extent of being incomprehensible.

35.      The definition of "Identify" is overly broad as evidenced by the fact said definition includes no less than 21 sub-parts with many of those sub-parts also including multiple definitions and terms;

41.      The definition of "Relating to" is overly broad and even acknowledges within the definition that Plaintiffs' definition goes beyond "the usual and customary meaning";

44.      The terms "and" and "or" are not synonymous as the definition asserts;

45.      The terms "and" and "or" are not synonymous as the definition asserts;

**Exhibit A**

1.     As to each consulting expert whose opinions or data have been reviewed by a testifying expert witness or whose work-product forms the basis, either in whole or in part, of the opinions of the testifying expert, please produce any documents reviewed or indicating opinions that relate to or form the basis of the mental impressions and opinions held by the consulting expert.

**RESPONSE: No expert has been employed in connection with this litigation. Discovery is ongoing and Defendants will supplement as appropriate.**

2.     Produce documents, including Electronic Information, evidencing correspondence and communications between Plaintiffs and Defendants relating to the matters set forth in this Litigation.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Emails obtained to date responsive to this request have been produced. See STATE 2157-15287. Discovery continues and Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 173757-175834.**

3.     Produce documents, including Electronic Information, evidencing correspondence and communications between Defendants and third-parties relating to the matters set forth in this Litigation.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Emails obtained to date responsive to this request have been produced. See STATE 2157-15287. Discovery continues and Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 16340-21130.**

4.     Produce any oral or visual (whether moving or still) recordings of Plaintiffs and any of its agents and representatives.

**Exhibit A**

**RESPONSE:** Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.

**SUPPLEMENTAL RESPONSE (12/10/21):** Defendants do not believe they have such documents in their custody and control.  Discovery continues and Defendants will supplement as appropriate.

5.      Produce any agreements between the parties and any supplements, additions, deletions, or amendments thereto.

**RESPONSE:** Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Defendants will supplement as appropriate.

**SUPPLEMENTAL RESPONSE (12/10/21):** Defendants are uncertain what Plaintiffs may be referring to as "agreements". However, as set forth in Defendants' Responses to Request for Admissions "…each academic year or a part thereof the University would present a document entitled 'Beg Ten Tender of Financial Aid' to the student-athlete setting forth the 'conditions of financial aid' which both the student athlete and representatives of the University would sign." Defendants refer Plaintiffs to STATE 781-917 previously produced.

6.      Produce any employment agreements for K. Ferentz in effect from 2016 to present.

**RESPONSE:** Defendants are waiting entry of an appropriate protective order and will supplement as appropriate.

**SUPPLEMENTAL RESPONSE (10/18/21):** See STATE 1937-2152 attached.

7.      Produce any employment agreements for B. Ferentz in effect from 2016 to present.

**RESPONSE:** Defendants are waiting entry of an appropriate protective order and will supplement as appropriate.

**SUPPLEMENTAL RESPONSE (10/18/21):** See STATE 1827-1936 attached.

8.      Produce any employment agreements for Doyle in effect from 2016 to present.

**RESPONSE:** Defendants are waiting entry of an appropriate protective order and will supplement as appropriate.

**SUPPLEMENTAL RESPONSE (10/18/21):** See STATE 1692-1826 attached.

**Exhibit A**

9.      Produce any separation agreement between Doyle and Iowa.

**RESPONSE: See STATE 10-14 previously produced.**

10.     Produce documents, including Electronic Information, evidencing statements published by Defendants about Plaintiffs.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 2157-11887.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 16237-16238.**

11.     Produce documents, including Electronic Information, evidencing statements published by Plaintiffs about Defendants.

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in timing or scope. *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.*, 2011 WL 612060 (D. Neb. Ruling 2/10/11). As written, this request will likely include hundreds, if not thousands, of documents, many of which will be wholly irrelevant to the issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 2157-11887.**

12.     Produce documents, including Electronic Information, evidencing notes, summations, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries relating to Plaintiffs' claims in the Litigation.

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in timing or scope. *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.*, 2011 WL 612060 (D. Neb. Ruling 2/10/11). As written, this request will likely include hundreds, if not thousands, of documents, many of which will be wholly irrelevant to the issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 2153-12831.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 12911-15287 previously produced.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (01/18/22):** See STATE 16340-21130.

13.     Produce any documents you intend to use at trial in this Litigation.

**RESPONSE: Defendants object to this request as premature. Discovery is ongoing. Subject to and without waiving the foregoing objection, Defendants will identify such documents consistent with the Scheduling Order.**

14.     Produce any trial exhibits you intend to use at trial in this Litigation.

**RESPONSE: Defendants object to this request as premature. Discovery is ongoing. Subject to and without waiving the foregoing objection, Defendants will produce such documents consistent with the Scheduling Order.**

15.     Produce cell phone records for K. Ferentz from June 1, 2020 to present.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18). Notwithstanding this objection, Defendants are awaiting the entry of an appropriate protective order in this case. Additionally, collection of responsive documents remains ongoing, and Defendant will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21):** See STATE 16261-16339.

16.     Produce cell phone records for B. Ferentz from June 1, 2020 to present.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18). Notwithstanding this objection, Defendants are awaiting the entry of an appropriate protective order in this case. Additionally, collection of responsive documents remains ongoing, and Defendant will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21):** See STATE 16248-16253.

17.     Produce cell phone records for Barta from June 1, 2020 to present.

**Exhibit A**

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18). Notwithstanding this objection, Defendants are awaiting the entry of an appropriate protective order in this case. Additionally, collection of responsive documents remains ongoing, and Defendant will supplement as appropriate.**

18.     Produce cell phone records for Doyle from June 1, 2020 to present.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18). Notwithstanding this objection, Defendants are awaiting the entry of an appropriate protective order in this case. Additionally, collection of responsive documents remains ongoing, and Defendant will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 16254-16260.**

19.     Produce documents, including Electronic Information, evidencing correspondence and communications between K. Ferentz and Urban Meyer from January 2021 to present.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18). Notwithstanding this objection, Defendants are awaiting the entry of an appropriate protective order in this case. Additionally, collection of responsive documents remains ongoing, and Defendant will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Notwithstanding the above objections and without waiving the same, Defendants have not identified any documents responsive to this request.**

20.     Produce documents, including Electronic Information, evidencing correspondence and communications between K. Ferentz and the Jacksonville Jaguars from January 2021 to present.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

**Exhibit A**

21.     Produce documents, including Electronic Information, evidencing correspondence and communications between Defendants and professional football franchises or leagues about any one or more of Plaintiffs.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 11888-12316.**

22.     Produce documents, including Electronic Information, evidencing the Board's approval of Doyle's separation agreement from Iowa.

**RESPONSE: See STATE 10-14 previously produced.**

**SUPPLEMENTAL RESPONSE (12/10/21): To the extent there would be any responsive information, they would be contained within the Board meeting minutes which are as accessible to Plaintiffs as they are the Defendants.**

23.     Produce documents, including Electronic Information, evidencing notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries of the approval of Doyle's separation agreement from Iowa.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Notwithstanding the above objections and without waiving the same, Defendants have not identified any documents responsive to this request.**

24.     Produce documents, including Electronic Information, evidencing notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries of the Board's discussion and/or review of the matters that are the subject of this Litigation.

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in timing or scope. *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.*, 2011 WL 612060 (D. Neb. Ruling 2/10/11). As written, this request will likely include hundreds, if not thousands, of documents, many of which will be wholly irrelevant to the**

**Exhibit A**

issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate.

**SUPPLEMENTAL RESPONSE (12/10/21): See supplemental response to Request No. 22.**

25.     Produce documents, including Electronic Information, evidencing fee agreements between Iowa and Law Firm from June 1, 2020 to present.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (02/10/22): Without waiving any assertion of attorney/client privilege as to any other documents or materials see STATE 175845-175848.**

26.     Produce documents, including Electronic Information, evidencing an attorney-client relationship between Iowa and Law Firm from June 1, 2020 to present.

**RESPONSE: See Defendants' response to Request No. 25.**

**SUPPLEMENTAL RESPONSE (02/10/22): See Defendants' supplemental response to Request No. 25.**

27.     Produce documents, including Electronic Information, where Law Firm is listed, discussed, or identified from June 5, 2020 to present.

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in timing or scope. *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.*, 2011 WL 612060 (D. Neb. Ruling 2/10/11). As written, this request will likely include hundreds of documents, many of which will be wholly irrelevant to the issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate.**

28.     Produce documents, including Electronic Information, evidencing the names and contact information for each and every individual interviewed by Law Firm during the investigation of the Program that concluded in the Law Firm Report.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding this objection, Defendants**

**Exhibit A**

**are awaiting entry of a protective order. Additionally, collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

29.     Produce documents, including Electronic Information, evidencing written communications sent or received wherein the subject matter is or discussed the November 11, 2020 event entitled "UI Athletics and Race: A CLAS Theme Year Event."

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 175849-176003.**

30.     Produce documents, including Electronic Information, evidencing written communications sent or received from May 1, 2020 to present wherein the subject matter is or contains one (1) or more of the following names: Quinn Early, Alexis Sevillian, or Dr. Louis Moore.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 176004-176726.**

31.     Produce documents, including Electronic Information, evidencing written communications sent or received from May 1, 2020 to present wherein the subject matter is or contains one (1) or more of the following: "Anti-Hate," "Anti-Racism," "Anti-Hate and Anti-Racism Coalition," and "Big-Ten Anti-Hate and Anti-Racism Coalition."

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in timing or scope.** *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.,* **2011 WL 612060 (D. Neb. Ruling 2/10/11). As written, this request will likely include hundreds of documents, many of which will be wholly irrelevant to the issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (02/10/22): Notwithstanding the foregoing objection and without waiving the same, see STATE 181759-188440. No documents are being withheld.**

32.     Produce documents, including Electronic Information, evidencing written communications sent or received wherein the subject matter is or contains discussions about changing the name of Iowa's football stadium.

11

**Exhibit A**

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.*, **2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 176727-177157.**

33.     Produce documents, including Electronic Information, evidencing the names and contact information each and every African-American football student-athlete who played for the Program since 2016.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.*, **2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 2153-12831.**

**SUPPLEMENTAL RESPONSE (10/21/21): See STATE 12832-12910 previously produced.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 16340-21130.**

34.     Produce documents, including Electronic Information, relating to allegations of mistreatment, verbal abuse, and bullying of Iowa football student-athletes by current and former employees of Iowa as referenced in the Law Firm Report.

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in timing or scope.** *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.*, **2011 WL 612060 (D. Neb. Ruling 2/10/11). Due to the use of "relating to," this request will likely include hundreds of documents, many of which will be wholly irrelevant to the issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate. Additionally, Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.*, **2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding these objections, Defendants await entry of a protective order, and collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Notwithstanding the above objections and without waiving the same, see STATE 61-90 previously produced.**

35.     Produce documents, including Electronic Information, evidencing written communications sent or received wherein the subject matter is or discussed the November 11, 2020 event entitled "UI Athletics and Race: A CLAS Theme Year Event."

**Exhibit A**

**RESPONSE:** See Defendants' response to Request No. 29.

**SUPPLEMENTAL RESPONSE (02/10/22):** See Defendants' supplemental response to Request No. 29.

36.     Produce documents, including Electronic Information, evidencing written communications or recordings from June 1, 2020 to present, sent or received, by any of the following current or former Iowa employees listed in the left column below, contained one (1) or more of the keywords listed in the middle column or one (1) or more of the names listed in the rights column below:

| Current/Former Employees | Keywords | Keywords (Names) |
| --- | --- | --- |
| • Gary Barta | • Race | • James Daniels |
| • Bruce Harreld | • Discrimination | • Akrum Wadley |
| • Kirk Ferentz | • Harassment | • Amani Hooker |
| • Brian Ferentz | • Twitter | • Jonathan Parker |
| • Christopher Doyle | • Tweet(s) | • Amani Jones |
| • Phil Parker | • Facebook post(s) | • Laron Taylor |
| • Raimond Braithwaite | • Former player(s) | • Faith Ekakitie |
| • Seth Wallace | • Black (persons) | • Mike Daniels |
| • Broderick Binns | • African-American | • Adam Gettis |
| • Any other current or former | • Black Lives Matter | • Dezman Moses |
| University administrator, official, | • Police | • Marcel Joly |
| or employee over or within the | • George Floyd | • Brad Rogers |
| football program. | • Protest(s) | • Reggie Spearman |
|  | • "National Anthem" | • Anthony Gair |
|  | • Kneeling | • Jerminic Smith |
|  | • Ghetto | • Jordan Lomax |
|  | • Hood | • Albert Young |
|  | • Complaint | • Carl Davis |
|  | • Investigation | • Samson Evans |
|  | • Demand Letter | • Jayden McDonald |

**Exhibit A**

- Husch Blackwell
- Report
- Interview
- Demand Letter
- Lawsuit
- Settlement
- Racism
- "Blind Spot"
- Racial
- "Racially Charged"
- "Dropped the Ball"
- "Iowa Way"
- Dreadlocks
- Tattoos
- Dumbass
- Motherfucker
- "Gang banger"
- Gang
- Criminal
- "Nigger"
- "Meal Card"
- "Motherfucker"
- Gangster
- "Double Standard"

- Fabian Dodd
- Sean Draper
- Toran Young
- LeBron Daniel
- Dominique Dafney
- Tevaun Smith
- Jemire Roberts
- Tony Jackson
- George Lewis
- Greg Mabin
- Emmanuel "Manny" Rugamba
- Carl Davis
- Colin Sandeman
- Terrance Pryor
- Darian Cooper
- Cedric Boswell
- Aaron Mends
- Jaleel Johnson
- Jameer Outsey
- Terrance Harris
- Kevonte Martin-Manley
- Brandon Simon
- Diaunte Morrow
- Derrell Johnson-Koulianos
- Jack Kallenberger
- Marvin McNutt
- Andre Harris
- Matt Hankins
- Maurice Fleming

**Exhibit A**

- Javon Foy

- D.J. Johnson

- Geno Stone

- Jovon Johnson

- Jordan Oladokun

**RESPONSE: Defendants object to this request as being overly broad and burdensome. The provided list of search terms, if executed, would likely produce more than a million documents with probably only a few dozen of those documents related to the matters in this case. Such a "blockbuster" request is improper on its face.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747 (S.D. Iowa Ruling 9/26/18);** *Community Voice Line, LLC v. Great Lakes Communication Corp.***, 2013 WL 4048495 (N.D. Iowa Ruling 8/1/2013). If Plaintiffs narrow their search terms, Defendants will review the request again and supplement as appropriate.**

37.     Produce documents, including Electronic Information, evidencing reports of discrimination within the Program from 2016 to present.

**RESPONSE: See STATE 01-09, 15-42 previously produced.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 61-90 previously produced.**

38.     Produce documents, including Electronic Information, evidencing reports of racial discrimination within the Program from 2016 to present.

**RESPONSE: See STATE 01-09, 15-42 previously produced.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 61-90 previously produced.**

39.     Produce documents, including Electronic Information, policies and/or procedures for the Program from 2016 to present.

**RESPONSE: Defendants object to this request as overly broad and burdensome, as the request is not limited in scope.** *See Farmers Co-op. Co. v. Bartlett Grain Co., L.P.***, 2011 WL 612060 (D. Neb. Ruling 2/10/11). As written, this request will likely include hundreds of documents, many of which will be wholly irrelevant to the issues in this case. If Plaintiffs provide reasonable limitations on the scope of this request, Defendants will review and supplement as appropriate.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 972-1433.**


40.   Produce documents, including Electronic Information, providing any definition for the "Iowa Way".


**RESPONSE: Defendants object to this request as vague and ambiguous, as no context of the quoted phrase is provided nor is there any indication as to whom the quoted phrase should be attributed to.**

**SUPPLEMENTAL RESPONSE (12/10/21): Notwithstanding the above objections and without waiving the same, see Defendants' answer to Interrogatory No. 21.**


41.   Produce documents, including Electronic Information, evidencing reports that African-American student-athletes were being treated unfairly within the Program from 2016 to present.

**RESPONSE: See STATE 01-09, 15-42 previously produced.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 61-90 previously produced.**


42.   Produce documents, including Electronic Information, evidencing reports there or has been racial basis within the Program from 2016 to present.

**RESPONSE: See STATE 01-09, 15-42 previously produced.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 61-90 previously produced.**


43.   Produce the financial aid agreement(s) executed by Wadley and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 905-917 attached.**


44.   Produce the financial aid agreement(s) executed by Parker and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 872-884 attached.**

**Exhibit A**

45.     Produce the financial aid agreement(s) executed by Joly and Iowa.

**RESPONSE:** Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.

**SUPPLEMENTAL RESPONSE (10/12/21):** See STATE 828-845 attached.


46.     Produce the financial aid agreement(s) executed by Mends and Iowa.

**RESPONSE:** Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.

**SUPPLEMENTAL RESPONSE (10/12/21):** See STATE 853-871 attached.


47.     Produce the financial aid agreement(s) executed by Fleming and Iowa.

**RESPONSE:** Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.

**SUPPLEMENTAL RESPONSE (10/12/21):** See STATE 796-802 attached.


48.     Produce the financial aid agreement(s) executed by Spearman and Iowa.

**RESPONSE:** Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.

**SUPPLEMENTAL RESPONSE (10/12/21):** See STATE 893-900 attached.


49.     Produce the financial aid agreement(s) executed by Martin-Manley and Iowa.

**RESPONSE:** Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA complaint release.

**SUPPLEMENTAL RESPONSE (10/12/21):** See STATE 846-852 attached.


50.     Produce the financial aid agreement(s) executed by Cooper and Iowa.

**Exhibit A**

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 781-795 attached.**

51.     Produce the financial aid agreement(s) executed by Taylor and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA complaint release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 901-904 attached.**

52.     Produce the financial aid agreement(s) executed by Simon and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 885-892 attached.**

53.     Produce the financial aid agreement(s) executed by Foy and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA complaint release.**

**SUPPLEMENTAL RESPONSE (10/12/21): Defendants have not identified any responsive documents in their possession.**

54.     Produce the financial aid agreement(s) executed by A. Harris and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 803-814 attached.**

55.     Produce the financial aid agreement(s) executed by T. Harris and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 815-827 attached.**

**Exhibit A**

56.     Produce the National Letter of Intent executed by Wadley and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 913 and 917 attached.**

57.     Produce the National Letter of Intent executed by Parker and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 878 and 882 attached.**

58.     Produce the National Letter of Intent executed by Joly and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 841-842 attached.**

59.     Produce the National Letter of Intent executed by Mends and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 867-868 attached.**

60.     Produce the National Letter of Intent executed by Fleming and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): Defendants have not identified any responsive documents in their possession.**

61.     Produce the National Letter of Intent executed by Spearman and Iowa.

**Exhibit A**

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 896 and 900 attached.**

62.     Produce the National Letter of Intent executed by Martin-Manley and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): Defendants have not identified any responsive documents in their possession.**

63.     Produce the National Letter of Intent executed by Cooper and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): Defendants have not identified any responsive documents in their possession.**

64.     Produce the National Letter of Intent executed by Taylor and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): Defendants have not identified any responsive documents in their possession.**

65.     Produce the National Letter of Intent executed by Simon and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 891-892 attached.**

66.     Produce the National Letter of Intent executed by Foy and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (10/12/21): Defendants have not identified any responsive documents in their possession.**

67.     Produce the National Letter of Intent executed by A. Harris and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 808 and 812 attached.**

68.     Produce the National Letter of Intent executed by T. Harris and Iowa.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 823-824 attached.**

69.     Produce the employee file for Barta.

**RESPONSE: Defendants will supplement this response as appropriate following the entry of an appropriate protective order.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 1436-1533 attached.**

70.     Produce the employee file for Doyle.

**RESPONSE: Defendants will supplement this response as appropriate following the entry of an appropriate protective order.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 1692-1826 attached.**

**SUPPLEMENTAL RESPONSE (11/04/21): See STATE 15288-15299.**

71.     Produce the employee file for K. Ferentz.

**RESPONSE: Defendants will supplement this response as appropriate following the entry of an appropriate protective order.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 1937-2152 attached.**

**SUPPLEMENTAL RESPONSE (11/04/21): See STATE 15300-15306.**

**Exhibit A**

72.     Produce the employee file for B. Ferentz.

**RESPONSE:** **Defendants will supplement this response as appropriate following the entry of an appropriate protective order.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 1827-1936 attached.**

**SUPPLEMENTAL RESPONSE (11/04/21): See STATE 15288-15299.**

73.     Produce the employee file for Braithwaite.

**RESPONSE:** **Defendants will supplement this response as appropriate following the entry of an appropriate protective order.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 1534-1691 attached.**

74.     Produce the academic file and student-athlete file for Wadley.

**RESPONSE:** **Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 966-971 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15848-15957; 15347-15348; 15357; 15981-16005.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 154632-173717.**

75.     Produce the academic file and student-athlete file for Parker.

**RESPONSE:** **Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 951-955 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15635-15718; 15351-15352; 16073-16094.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 125446-128549.**

**Exhibit A**

76.     Produce the academic file and student-athlete file for Joly.

**RESPONSE:** **Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 939-942 attached. Defendants will supplement this response.**

**AMENDED SUPPLEMENTAL RESPONSE (10/12/21): The correct bates numbers for the responsive documents are STATE 938-942.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15458-15523; 15349-15350; 16139-16163.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 82126-87329.**


77.     Produce the academic file and student-athlete file for Mends.

**RESPONSE:** **Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 945-950 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15565-15634; 15355-15356; 15958-15980.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 106342-125445.**


78.     Produce the academic file and student-athlete file for Fleming.

**RESPONSE:** **Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 921-924 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15367-15407; 15363; 16164-16189.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 40765-44187.**


79.     Produce the academic file and student-athlete file for Spearman.

**RESPONSE:** **Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 961-964 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15779-15821; 15360; 16190-16208.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 151471-153589.**

80.     Produce the academic file and student-athlete file for Martin-Manley.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 943-944 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15524-15564; 15359; 16095-16119.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 87330-106341.**

81.     Produce the academic file and student-athlete file for Cooper.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 918-920 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15307-15346; 15362; 16040-16066.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 21131-40764.**

82.     Produce the academic file and student-athlete file for Taylor.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 965 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15822-15847; 15361; 16120-16138.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 153590-154631.**

83.     Produce the academic file and student-athlete file for Simon.

**Exhibit A**

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 956-960 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15719-15778; 15353-15354; 16027-16039.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 128550-151470.**

84.     Produce the academic file and student-athlete file for Foy.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 925-927 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15408-15412; 15365-15366; 16067-16072.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 44188-45560.**

85.     Produce the academic file and student-athlete file for A. Harris.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 928-932 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15413-15457; 15364; 16006-16026.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 45561-77840.**

86.     Produce the academic file and student-athlete file for T. Harris.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA compliant release.**

**SUPPLEMENTAL RESPONSE (10/12/21): See STATE 933-937 attached. Defendants will supplement this response.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 15413-15457; 15358; 16209-16236.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 77841-82125.**

87.     Produce documents, including Electronic Information, evidencing any discipline given to B. Ferentz when he called Parker a "dumbass black player".

**RESPONSE: Plaintiffs' allegations relating to this alleged incident on the part of B. Ferentz have been denied, and thus there would be no basis for discipline of B. Ferentz and, thus, no documents evidencing such discipline.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' responses to RFA Nos. 163-164.**

88.     Produce documents, including Electronic Information, evidencing any discipline given to employees of Iowa, and specifically within the Program, for "demean[ing]" African-American student-athletes.

**RESPONSE: Plaintiffs' allegations relating to employees of the University of Iowa "demean[ing]" African-American student-athletes have been denied, and thus there would be no basis for discipline of any University employees and, thus, no documents evidencing such discipline.**

89.     Produce documents, including Electronic Information, evidencing personnel reports prepared by the Law Firm that have previously not been publicly disclosed.

**RESPONSE: Defendants will supplement this response as appropriate following the entry of an appropriate protective order.**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request to the extent it seeks materials protected by the attorney client privilege and/or attorney work product doctrine.** *See Williams v. Herron*, **2011 WL 555127 (D. Neb. Feb. 8, 2011).**

90.     Produce documents, including Electronic Information, evidencing anti-discrimination policies adopting by the Board that are applicable to Plaintiffs.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 726-780 and STATE 972-1433 previously produced.**

**Exhibit A**

91.    Produce documents, including Electronic Information, evidencing anti-discrimination policies adopted by the Program that are applicable to Plaintiffs.

**RESPONSE: See STATE 726-780.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 972-1433.**

**SUPPLEMENTAL RESPONSE (12/10/21): See Defendants' supplemental response to Request No. 90 and STATE 91-725 previously produced.**

92.    Produce documents, including Electronic Information, evidencing anti-discrimination policies adopted by the Iowa Department of Athletics that are applicable to Plaintiffs.

**RESPONSE: See Defendants' response to Request No. 91.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 972-1433.**

**SUPPLEMENTAL RESPONSE (12/10/21): See Defendants' supplemental responses to Request No. 90 and 91.**

93.    Produce documents, including Electronic Information, evidencing Iowa student-athlete handbook in effect from 2016 to present.

**RESPONSE: See STATE 91-725.**

94.    Produce documents, including Electronic Information, evidencing any and all African-American football student-athletes who transferred from Iowa from 2010 to present.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 16244-16247.**

95.    Produce documents, including Electronic Information, evidencing graduation rates for African-American football student-athletes from 1998 to present.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding this objection, collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 177158-177233.**

96.    Produce documents, including Electronic Information, evidencing policies and procedures for the Program from 2016 to present.

**RESPONSE: Defendants object to this request as vague and ambiguous, as there is no context provided as to what "policies and procedures for the Program" means. The Program operates with numerous policies and procedures, covering a wide variety of topics, many of which are unrelated to the issues relevant to this case. If Plaintiffs narrow this request with specific policy and procedure topics, Defendants will review and supplement this response as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 972-1433.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 91-780 previously produced.**

97.    Produce documents, including Electronic Information, evidencing policies and plans for reporting discrimination within the Program.

**RESPONSE: See Defendants' response to Request No. 91.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 972-1433.**

98.    Produce documents, including Electronic Information, evidencing comments made by employees of Iowa relating to African-American football student-athletes being blackballed, runoff, and/or sent back to the ghetto.

**RESPONSE: Plaintiffs' allegations of such comments have been denied, and thus no such responsive documents exist.**

99.    Produce documents, including Electronic Information, evidencing Defendants' belief that Plaintiff were not discriminated against during their tenure in the Program.

**RESPONSE: Defendants object to this request as an overly broad and burdensome in that it seeks all documents "evidencing" Defendants' denial of Plaintiffs' claims of discrimination. Such a request is not sufficiently limited and falls outside of the boundaries of the Federal Rules of Civil Procedure. *See Kinetic Co., Inc. v. Medtronic, Inc.*, No. 08-6062, 2010 WL 11561275, at \* 3-4 (D. Minn. 11/23/10); *Shqeirat v. U.S. Airways Group, Inc.*, No. 07-1513, 2008 WL 4232018, at \*4 (D. Minn. 9/9/08).**

**Exhibit A**

100.    Produce documents, including Electronic Information, evidencing anti-discrimination policies for the Big 10 Conference in effect from 2016 to present.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

101.    Produce documents, including Electronic Information, evidencing the "blind spot" identified by K. Ferentz within the Program.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants are not aware of any such documents other than media reports.**

102.    Produce documents, including Electronic Information, discussing or mentioning hairstyles, diction, dress, and/or customs of African-American football student-athletes from 2016 to present.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding this objection, collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' responses to RFA Nos. 121-127.**

103.    Produce documents, including Electronic Information, evidencing that B. Ferentz discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa.

**RESPONSE: Plaintiffs' allegations that B. Ferentz "discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa" have been denied, and thus there are no documents evidencing such claims.**

104.    Produce documents, including Electronic Information, evidencing that K. Ferentz discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa.

**Exhibit A**

**RESPONSE: Plaintiffs' allegations that K. Ferentz "discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa" have been denied, and thus there are no documents evidencing such claims.**

105.   Produce documents, including Electronic Information, evidencing that Doyle discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa.

**RESPONSE: Plaintiffs' allegations that Doyle "discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa" have been denied, and thus there are no documents evidencing such claims.**

106.   Produce documents, including Electronic Information, evidencing that any employee of Iowa discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa.

**RESPONSE: Plaintiffs' allegations that any employee of the University of Iowa "discriminated against, bullied, demeaned, and/or harassed African-American football student-athletes playing for Iowa" have been denied, and thus there are no documents evidencing such claims.**

107.   Produce documents, including Electronic Information, evidencing comments made by employees of Iowa referring to African-American football student-athletes as n*****, dumbass black player, you are not smart at all, stupid motherf*****, stupid, hood, dumb, go back to the ghetto, what gang is he in, and/or references to robbing a liquor store.

**RESPONSE: Plaintiffs' allegations that any University of Iowa employee made such references described in this request have been denied, and thus there are no documents evidencing such claims.**

108.   Produce documents, including Electronic Information, evidencing lists of African-American football student-athletes being drug tested in comparison to White football student-athletes being drug tested from 2016 to present.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants have not received the appropriate signed waivers (sent via email October 14, 2021) from Plaintiffs in order to obtain these records. See also Defendants' response to RFA No 131.**

109.   Produce documents, including Electronic Information, evidencing lists of African-American football student-athletes being punished in comparison to White football student-athletes being punished from 2016 to present.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants are not aware of any such documents.**

110.   Produce documents, including Electronic Information, evidencing the use of the word "n****" by White football student-athletes.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants are not aware of any such documents.**

111.   Produce documents, including Electronic Information, evidencing Program rules or policies in relation to football student-athletes' use of social media.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 972-1433.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 91-725 previously produced.**

112.   Produce documents, including Electronic Information, evidencing Program rules or policies in relation to football student-athletes' participating or communicating about political issues.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**Exhibit A**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 1103.**

113.     Produce documents, including Electronic Information, evidencing notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries of the Program's leadership council or leadership groups meetings with K. Ferentz and any other Iowa employee.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding this objection, collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

114.     Produce documents, including Electronic Information, evidencing reports by Plaintiffs to Liz Tovar of discrimination within the Program from 2010 to present.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA complaint release.**

**SUPPLEMENTAL RESPONSE (02/10/22): After a diligent search no responsive documents have been discovered.**

115.     Produce documents, including Electronic Information, evidencing reports by Plaintiffs to John Bruno of discrimination within the Program from 2010 to present.

**RESPONSE: Defendants will supplement this response appropriate following the entry of an appropriate protective order and the submission of a FERPA complaint release.**

**SUPPLEMENTAL RESPONSE (02/10/22): After a diligent search no responsive documents have been discovered.**

116.     Produce documents, including Electronic Information, evidencing notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries of the meeting between Martin-Manley and K. Ferentz in which Martin-Manley reported discrimination in the Program to K. Ferentz.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants are not aware of any such documents.**

**Exhibit A**

117.    Produce documents, including Electronic Information, evidencing notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries of the meetings between Program's leadership council or leadership group and K. Ferentz in which the leadership council or leadership group reported discrimination in the Program to K. Ferentz.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants are not aware of any such documents. See also Defendants' responses to RFA Nos. 197-199.**

118.    Produce documents, including Electronic Information, evidencing the University Report and any drafts or versions of the University Report.

**RESPONSE: See STATE 01-09 previously produced.**

119.    Produce documents, including Electronic Information, evidencing notes, summations, minutes, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries related to the Task Force's investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 177379-181758.**

120.    Produce documents, including Electronic Information, evidencing recordings of any interviews as a part of the Task Force's investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (02/10/22): Defendants are not aware of any such recordings.**

**Exhibit A**

121.    Produce documents, including Electronic Information, evidencing written statements
provided to the Task Force in aid of its investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents
and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***,
2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (02/10/22): See Defendants' supplemental response to
Request No. 119.**

122.    Produce documents, including Electronic Information, evidencing identity of every
individual interviewed by the Task Force in aid of its investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents
and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***,
2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (02/10/22): See Defendants' supplemental response to
Request No. 119.**

123.    Produce documents, including Electronic Information, evidencing identity of every
individual who provided information to the Task Force in aid of its investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents
and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***,
2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (02/10/22): See Defendants' supplemental response to
Request No. 119.**

124.    Produce documents, including Electronic Information, evidencing the Law Firm Report
and any drafts or versions of the Law Firm Report.

**RESPONSE: See STATE 15-42 previously produced.**

125.    Produce documents, including Electronic Information, evidencing notes, summations,
minutes, summaries, estimates, journal entries, file entries, notations or entries on a
computer system, and/or calendar entries related to the Law Firm's investigation.

**Exhibit A**

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request as it seeks materials protected by the attorney client privilege and/or attorney work product doctrine.** *See Williams v. Herron***, 2011 WL 555127 (D. Neb. Feb. 8, 2011). A privilege log will be produced.**

126.    Produce documents, including Electronic Information, evidencing recordings of any interviews as a part of the Law Firm's investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request as it seeks materials protected by the attorney client privilege and/or attorney work product doctrine.** *See Williams v. Herron***, 2011 WL 555127 (D. Neb. Feb. 8, 2011). A privilege log will be produced.**

127.    Produce documents, including Electronic Information, evidencing written statements provided to the Law Firm in aid its investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request as it seeks materials protected by the attorney client privilege and/or attorney work product doctrine.** *See Williams v. Herron***, 2011 WL 555127 (D. Neb. Feb. 8, 2011). A privilege log will be produced.**

128.    Produce documents, including Electronic Information, evidencing identity of every individual interviewed by the Law Firm in aid its investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request as it seeks materials protected by the attorney client privilege and/or attorney work product doctrine.**

**Exhibit A**

*See Williams v. Herron*, **2011 WL 555127 (D. Neb. Feb. 8, 2011). A privilege log will be produced.**

129.   Produce documents, including Electronic Information, evidencing identity of every individual who provided information to the Law Firm in aid its investigation.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.*, **2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request as it seeks materials protected by the attorney client privilege and/or attorney work product doctrine.** *See Williams v. Herron*, **2011 WL 555127 (D. Neb. Feb. 8, 2011). A privilege log will be produced.**

130.   Produce documents, including Electronic Information, evidencing any changes made by the Program following the release of the University Report.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 16239-16243.**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 180275-180276.**

131.   Produce documents, including Electronic Information, evidencing any changes made by the Program following the release of the Law Firm Report.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

132.   Produce documents, including Electronic Information, evidencing the basis for the Iowa's decision to allow Doyle to resign and permitting his separation agreement to state his resignation was "not a resignation in lieu of termination."

**RESPONSE: Defendants await entry of a protective order. Additionally, collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): After a diligent search no responsive documents have been discovered. This answer will be supplemented if necessary.**

**Exhibit A**

133.   Produce documents, including Electronic Information, holding K. Ferentz accountable for the discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of K. Ferentz have been denied and thus there would be no basis to "hold K. Ferentz accountable." As such, there are no documents responsive to this request.**

134.   Produce documents, including Electronic Information, holding Doyle accountable for the discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of Doyle have been denied and thus there would be no basis to "hold Doyle accountable." As such, there are no documents responsive to this request.**

135.   Produce documents, including Electronic Information, holding B. Ferentz accountable for the discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of B. Ferentz have been denied and thus there would be no basis to "hold B. Ferentz accountable." As such, there are no documents responsive to this request.**

136.   Produce documents, including Electronic Information, holding Barta accountable for the discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of Barta have been denied and thus there would be no basis to "hold Barta accountable." As such, there are no documents responsive to this request.**

137.   Produce documents, including Electronic Information, any sanction, penalty, or reprimand issued to K. Ferentz as discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of K. Ferentz have been denied and thus there would be no basis to punish, sanction or reprimand K. Ferentz. As such, there are no documents responsive to this request.**

138.   Produce documents, including Electronic Information, any sanction, penalty, or reprimand issued to B. Ferentz as discrimination within the Program.

**Exhibit A**

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of B. Ferentz have been denied and thus there would be no basis to punish, sanction or reprimand B. Ferentz. As such, there are no documents responsive to this request.**

139.    Produce documents, including Electronic Information, any sanction, penalty, or reprimand issued to Doyle as discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of Doyle have been denied and thus there would be no basis to punish, sanction or reprimand Doyle. As such, there are no documents responsive to this request.**

140.    Produce documents, including Electronic Information, any sanction, penalty, or reprimand issued to Barta as discrimination within the Program.

**RESPONSE: Plaintiffs' allegations relating to any illegal conduct on the part of Barta have been denied and thus there would be no basis to punish, sanction or reprimand Barta. As such, there are no documents responsive to this request.**

141.    Produce documents, including Electronic Information, evidencing any "action steps aimed at improving the culture of the program" as required by the Law Firm Report.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants object to this request in that it misstates the Law Firm Report. The Law Firm Report makes recommendations, not requirements.**

142.    Produce documents, including Electronic Information, evidencing that members of the Program's coaching staff and administrative staff "verbally abused and bullied" football student-athletes as stated in the Law Firm Report.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding the foregoing objection Defendants have denied  engaging in any conduct as described in this request and are unaware of the existence of any such documents.**

**Exhibit A**

143. Produce documents, including Electronic Information, evidencing the "specific allegations" lodged against the Program's coaching staff and administrative staff that were not contained within the Law Firm Report.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): Please refer to Defendants' supplemental response to Request No. 89.**

144. Produce documents, including Electronic Information, evidencing that the Program "perpetuated racial and culture biases and diminished the value of cultural diversity" as stated in the Law Firm Report.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18). Notwithstanding this objection, Defendants await entry of a protective order. Additionally, collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): Defendants are not aware of any such documents. This answer will be supplemented if necessary.**

145. Produce documents, including Electronic Information, evidencing the process by which the Program elects student-athletes to the leadership group or leadership council.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

146. Produce documents, including Electronic Information, evidencing anything K. Ferentz did to "handle" or "address" discrimination within the Program that was reported to him by the Program's leadership group or leadership council.

**RESPONSE: Collection of responsive documents is ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' responses to RFA Nos. 197-199.**

**Exhibit A**

147.   Produce documents, including Electronic Information, evidencing anything that was done by the Program to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: Defendants object to this request as facially overly broad and burdensome. The request, as written, is not limited in scope to complaints relating to Plaintiffs' allegations, but rather a broad category of enforcement of Iowa's non-discrimination policy. *See Heim v. BNSF Ry. Co.*, 2014 WL 6949044 (D. Neb. Ruling 12/8/14). Additionally, Defendants object to this request to the extent it seeks documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

148.   Produce documents, including Electronic Information, evidencing anything that was done by the Program to enforce Iowa's non-harassment policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 147.**

149.   Produce documents, including Electronic Information, evidencing anything that was done by the Iowa Department of Athletics to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: Defendants object to this request as facially overly broad and burdensome. The request, as written, is not limited in scope to complaints relating to Plaintiffs' allegations, but rather a broad category of enforcement of Iowa's non-discrimination policy. *See Heim v. BNSF Ry. Co.*, 2014 WL 6949044 (D. Neb. Ruling 12/8/14). Additionally, Defendants object to this request to the extent it seeks documents and information protected under FERPA. *See* 20 U.S.C. § 1232g; *Doe v. Ohio State Univ.*, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

150.   Produce documents, including Electronic Information, evidencing anything that was done by the Iowa Department of Athletics to enforce Iowa's non-harassment policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 149.**

151.   Produce documents, including Electronic Information, evidencing anything that was done by the Board to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**Exhibit A**

**RESPONSE: Defendants object to this request as facially overly broad and burdensome. The request, as written, is not limited in scope to complaints relating to Plaintiffs' allegations, but rather a broad category of enforcement of Iowa's non-discrimination policy.** *See Heim v. BNSF Ry. Co.***, 2014 WL 6949044 (D. Neb. Ruling 12/8/14). Additionally, Defendants object to this request to the extent it seeks documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

152.   Produce documents, including Electronic Information, evidencing anything that was done by the Board to enforce Iowa's non-harassment policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 151.**

153.   Produce documents, including Electronic Information, evidencing anything that was done by Iowa to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: Defendants object to this request as facially overly broad and burdensome. The request, as written, is not limited in scope to complaints relating to Plaintiffs' allegations, but rather a broad category of enforcement of Iowa's non-discrimination policy.** *See Heim v. BNSF Ry. Co.***, 2014 WL 6949044 (D. Neb. Ruling 12/8/14). Additionally, Defendants object to this request to the extent it seeks documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

154.   Produce documents, including Electronic Information, evidencing anything that was done by Iowa to enforce Iowa's non-harassment policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 153.**

155.   Produce documents, including Electronic Information, evidencing anything that was done by K. Ferentz to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: Defendants object to this request as facially overly broad and burdensome. The request, as written, is not limited in scope to complaints relating to Plaintiffs' allegations, but rather a broad category of enforcement of Iowa's non-discrimination policy.** *See Heim v. BNSF Ry. Co.***, 2014 WL 6949044 (D. Neb. Ruling 12/8/14). Additionally, Defendants object to this request to the extent it seeks documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**Exhibit A**

156.    Produce documents, including Electronic Information, evidencing anything that was done by K. Ferentz to enforce Iowa's non-harassment policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 155.**

157.    Produce documents, including Electronic Information, evidencing anything that was done by Iowa to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 153.**

158.    Produce documents, including Electronic Information, evidencing threats made by K. Ferentz to revoke Wadley's meal card privileges.

**RESPONSE: Plaintiffs' allegations that K. Ferentz made such threats have been denied, and thus there are no such responsive documents.**

159.    Produce documents, including Electronic Information, evidencing anything that was done by Iowa to enforce Iowa's non-discrimination policy(ies) in relation to complaints of discrimination from 2016 to present.

**RESPONSE: See Defendants' response to Request No. 153.**

160.    Produce documents, including Electronic Information, evidencing Parker's meeting with K. Ferentz to address racially discriminatory comments made by B. Ferentz to Parker.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' responses to RFA Nos. 163-164.**

161.    Produce documents, including Electronic Information, evidencing any sanction, penalty, or reprimand received by B. Ferentz for the racially discriminatory comments made to Parker by B. Ferentz.

**Exhibit A**

**RESPONSE:** See Defendants' response to Request No. 138.

**SUPPLEMENTAL RESPONSE (12/10/21):** See also Defendants' responses to RFA Nos. 163-164

162.   Produce documents, including Electronic Information, evidencing Program policies or rules that prohibit certain hairstyles, jewelry, clothing styles, and/or tattoos.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21):** See also Defendants' responses to RFA Nos. 121-127.

163.   Produce documents, including Electronic Information, evidencing communications with the filming crew for "Between the Hawks" that requires African-American student-athletes to comply with certain standards before appearing on the final publication.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

164.   Produce documents, including Electronic Information, evidencing communications with Mends prohibiting him from posting a photo to social media of him with a firearm.

**RESPONSE: Defendants are awaiting entry of an appropriate protective order, as well as submission of relevant FERPA releases. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (12/10/21):** See also Defendants' response to RFA No. 202.

165.   Produce documents, including Electronic Information, evidencing communications with permitting White student-athletes to post a photo to social media of them with a firearm.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.*, **2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21):** See also Defendants' response to RFA No. 203.

**Exhibit A**

166.    Produce documents, including Electronic Information, evidencing K. Ferentz's refusal to permit African-American football student-athletes to take part in demonstrations relating to police brutality.

**RESPONSE: Plaintiffs' allegation that K. Ferentz made such a refusal has been denied, and thus there are no such responsive documents.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' responses to RFA No. 204.**

167.    Produce documents, including Electronic Information, any sanction, penalty, or reprimand issued to White football student-athletes for providing a Hawkeyes jersey to former President Donald Trump.

**RESPONSE: Defendants object to this request to the extent it seeks production of documents and information protected under FERPA.** *See* **20 U.S.C. § 1232g;** *Doe v. Ohio State Univ.***, 2018 WL 4958958 (S.D. Oh. Ruling 10/15/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' response to RFA No. 205.**

168.    Produce documents, including Electronic Information, requesting for one of Mends' former teammates (the son of an Iowa football coach, Jay Niemann) to reach out to Mends to persuade him not to file suit.

**RESPONSE: Plaintiffs' allegations regarding any communications received by Plaintiff Mends from the referenced former teammate have been denied, and thus no such responsive documents exist or are in Defendants' possession.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' response to RFA No. 206.**

169.    Produce documents, including Electronic Information, evidencing Doyle elbowing Cooper in the stomach at a Program event.

**RESPONSE: Plaintiffs' allegations regarding Doyle allegedly elbowing Cooper in the stomach at a Program event have been denied, and thus there are no documents responsive to this request.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' response to RFA No. 207.**

170.    Produce documents, including Electronic Information, evidencing any sanction, penalty, or reprimand received by Doyle for physically assaulting Cooper.

**Exhibit A**

**RESPONSE: See Defendants' response to Request No. 139.**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' response to RFA No. 208.**

171.   Produce documents, including Electronic Information, evidencing employees of Iowa referring to Taylor as a "gangster" and engaging in "gangbanging".

**RESPONSE: Plaintiffs' allegations that any Iowa employees made such remarks have been denied, and thus there are no such responsive documents.**

172.   Produce documents, including Electronic Information, evidencing employees of Iowa referring to Simon as a "thug" and referencing sending Simon "back to the streets".

**RESPONSE: Plaintiffs' allegations that any Iowa employees made such remarks have been denied, and thus there are no such responsive documents.**

173.   Produce documents, including Electronic Information, evidencing employees of Iowa referring to A. Harris as a stereotypical "angry black man."

**RESPONSE: Plaintiffs' allegations that any Iowa employees made such remarks have been denied, and thus there are no such responsive documents.**

174.   Produce documents, including Electronic Information, evidencing employees of Iowa referring to T. Harris as a stereotypical "barbarian" and that T. Harris is "used to running from the police."

**RESPONSE: Plaintiffs' allegations that any Iowa employees made such remarks have been denied, and thus there are no such responsive documents.**

175.   Produce documents, including Electronic Information, evidencing any communications between K. Ferentz and Urban Meyer relating to Doyle.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery. *See Quality Office Furnishings v. Allsteel, Inc.*, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' response to RFA No. 165.**

**Exhibit A**

176.	Produce documents, including Electronic Information, evidencing any communications between Barta and Urban Meyer relating to Doyle.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

177.	Produce documents, including Electronic Information, evidencing any communications between K. Ferentz and the Jacksonville Jaguars relating to Doyle.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

**SUPPLEMENTAL RESPONSE (12/10/21): See also Defendants' response to RFA Nos. 165-166.**

178.	Produce documents, including Electronic Information, evidencing any communications between Barta and the Jacksonville Jaguars relating to Doyle.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

179.	Produce documents, including Electronic Information, evidencing any communications between Iowa and Urban Meyer relating to Doyle.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

180.	Produce documents, including Electronic Information, evidencing any communications between Iowa and the Jacksonville Jaguars relating to Doyle.

**RESPONSE: Defendants object to this request in that it is not related temporally or legally to any issue in this case and thus exceeds the scope of allowable discovery.** *See Quality Office Furnishings v. Allsteel, Inc.***, 2018 WL 7076747, (S.D. Iowa Ruling 9/26/18).**

46

**Exhibit A**

181.   Produce documents, including Electronic Information, evidencing any communications with the media (whether "on the record" or "off the record") regarding the matters addressed in this Litigation.


**RESPONSE:** **Defendants are awaiting entry of an appropriate protective order. Additionally, collection of responsive documents remains ongoing. Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (10/18/21): See STATE 2157-11887.**

**SUPPLEMENTAL RESPONSE (12/10/21): See STATE 16237-16238.**

**SUPPLEMENTAL RESPONSE (01/18/22): See STATE 173757-175834.**

47

**Exhibit A**