IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE.<br><br>    Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

    **COME NOW** Defendants the University of Iowa, Board of Regents for the State of Iowa, Brian Ferentz and Christopher Doyle and submit their third supplemental responses to Plaintiffs' Second Request for Production of Documents. Defendants reserve the right to continue to modify and supplement these answers as necessary. Nothing contained in these answers shall be construed to waive the attorney-client privilege or work product protection.

    Respectfully submitted,

    **THOMAS J. MILLER**
    Attorney General of Iowa

    */s/ Jeffrey S. Thompson*
    JEFFREY S. THOMPSON
    Solicitor General

    */s/ Jeffrey C. Peterzalek*
    JEFFREY C. PETERZALEK
    */s/ Christopher J. Deist*
    CHRISTOPHER J. DEIST
    */s/ Samuel P. Langholz*

1

**Exhibit B**

SAMUEL P. LANGHOLZ
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
sam.langholz@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on February 10, 2022:

☐ U.S. Mail ☐ FAX
☐ Hand Delivery ☐ Overnight Courier
☐ Federal Express ☒ Email
☐ CM/ECF

Signature: */s/ Audra Drish*

OBJECTIONS TO DEFINITIONS

      Defendants object to the definitions provided in these Requests for Production of Documents in that many of them expand the definition of words or terms beyond the legal definition or generally understood meaning of the word or term. Defendants' responses are based upon the legal definition and/or definition of terms used in these requests. Defendants specifically object to the following definitions:

      2.      The definition of "Defendants" includes persons and entities that clearly are not defendants in this matter and is thus an overly broad and inaccurate definition of that term;

      7.      Asserting that "Fleming" means "Reggie Spearman" is clearly inaccurate;

      27.      The definition of "Communications" is overly broad, with Plaintiffs even including nonverbal acts in the definition;

      30.      The definition of "Describe in detail" is overly broad and burdensome by purporting to require the identity of "each and every document, circumstance, incident, act and omission…and to identify each and every fact and legal conclusion that forms, constitutes, evidences, relates, or refers to the discovery request";

      31.      The definition of "document" is overly broad and includes terms and examples that clearly have nothing to do with this litigation;

      32.      The definition of "Electronic information" is overly broad to the extent of being incomprehensible.

      35.      The definition of "Identify" is overly broad as evidenced by the fact said definition includes no less than 21 sub-parts with many of those sub-parts also including multiple definitions and terms;

      41.      The definition of "Relating to" is overly broad and even acknowledges within the definition that Plaintiffs' definition goes beyond "the usual and customary meaning";

      44.      The terms "and" and "or" are not synonymous as the definition asserts;

      45.      The terms "and" and "or" are not synonymous as the definition asserts;

**Exhibit B**

1.        Produce the employee file for Phil Parker.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

2. Produce the employee file for Broderick Binns.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

3. Produce the employee file for Bobby Kennedy.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

4. Produce the employee file for Reese Morgan.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel**

**Exhibit B**

**files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

5. Produce the employee file for Greg Davis.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

6. Produce the employee file for Jim Reid.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

7. Produce the employee file for Seth Wallace.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

8. Produce the employee file for Chris White.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P.**

**Exhibit B**

**26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

9. Produce the employee file for LeVar Woods.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

10. Produce the employee file for Kelvin Bell.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

11. Produce the employee file for Ken O'Keefe.

**RESPONSE:** **This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

**Exhibit B**

12. Produce the employee file for Kelton Copeland.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

13. Produce the employee file for Tim Polasek.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

14. Produce the employee file for Derrick Foster.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

15. Produce the employee file for Jay Niemann.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to**

**Exhibit B**

**Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

16. Produce the employee file for Erik Campbell.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

17. Produce the employee file for Liz Tovar.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

18. Produce the employee file for Fred Mims.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997). Court's do not lightly undertake consideration of the discovery of non-party personnel files even with a protective order in place, without a substantial showing of relevance to Plaintiffs' claims. Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997). Plaintiffs' blanket request for the entirety of non-party personnel files is improper.**

**SUPPLEMENTAL RESPONSE (01/18/22): Notwithstanding this objection and without waiving the same, Defendants are producing two agreements related to Mr. Mims. See STATE 173754-173756.**

**Exhibit B**

19. Produce documents, including Electronic Information, notes, recordings, and minutes kept of meetings between the Iowa football coaching staff and athletics administrators and the council of former players put in place after allegations of racial discrimination between June 2020 and the present.

**RESPONSE: Discovery continues and Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (02/10/22): See STATE 177234-177378.**

20. Produce documents, including Electronic Information, evidencing communications, including emails, voicemails, text messages, and social media communications, between any member of the Iowa football coaching and/or administrative staff and Ben Niemann from June 2020 to present regarding, discussing, and/or the subject matter relating to the allegations contained in the Plaintiffs' Amended Complaint.

**RESPONSE: Discovery continues and Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (01/18/22): Defendants have not identified any documents responsive to this request. Discovery continues and this response will be supplemented if necessary.**

21. Produce documents, including Electronic Information, evidencing phone records of calls between any member of the Iowa football coaching and/or administrative staff and Ben Niemann from June 2020 to present regarding, discussing, and/or the subject matter relating to the allegations contained in the Plaintiffs' Amended Complaint.

**RESPONSE: Discovery continues and Defendants will supplement as appropriate.**

**SUPPLEMENTAL RESPONSE (01/18/22): Defendants have not identified any documents responsive to this request. Discovery continues and this response will be supplemented if necessary.**

22. Produce documents, including Electronic Information, evidencing steps taken by Iowa to comply with the State of Iowa statutes prohibiting nepotism in the hiring and continued employment of B. Ferentz.

**RESPONSE: See STATE 1832-1833; 1835-1838; 1844-1848; 1867-1868; 1875; 1878-1879; 1886; 1891; 1903 previously produced.**

23. Produce documents, including Electronic Information, evidencing notes, recordings, and written documentation prepared by Broderick Binns relating to complaints made by football student-athletes complaining of discriminatory actions by members of the Iowa football coaching staff and administrative staff between January 1, 2015 to the present.

**RESPONSE: Discovery continues and Defendants will supplement as appropriate.**

**Exhibit B**

**SUPPLEMENTAL RESPONSE (01/18/22):** See STATE 173718-173753.

24. Produce documents, including Electronic Information, evidencing reports, notes, recordings, and written documentation prepared by Fred Mims relating to complaints made by football student-athletes complaining of discriminatory actions by members of the Iowa football coaching staff and administrative staff between January 1, 2015 to the present.

**RESPONSE: Defendants have not identified any documents responsive to this request. Discovery continues and this response will be supplemented if necessary.**

25. Produce documents, including Electronic Information, evidencing complaints of racial discrimination, racial bias, and/or racial harassment made by Fred Mims against the University of Iowa and its associated employees.

**RESPONSE: Defendants have not identified any documents responsive to this request. Discovery continues and this response will be supplemented if necessary.**

26. Produce documents, including Electronic Information, evidencing any settlement agreement(s) between University of Iowa and Fred Mims.

**RESPONSE: This request is objected to in that it seeks information unrelated in any way to Plaintiffs' claims and otherwise exceeds the scope of allowable discovery. See I.R.F.P. 26(b)(1). This request also implicates significant privacy interests of non-parties and Plaintiffs have made no showing that those interests are outweighed by the value of the information sought. See Onwuka v. Federal Express Corp., 178 F.R.D 508, 517 (D. Minn. 1997).**

**SUPPLEMENTAL RESPONSE (01/18/22):** See Defendants' supplemental response to Request No. 18.

27. Produce all requisitions or law firm proposals for services proposed to the State of Iowa Board of Regents and the University of Iowa after allegations of racial discrimination within Iowa football came to light in June 2020.

**RESPONSE: Defendants object to this request to the extent it seeks materials protected by the attorney client privilege and/or attorney work product doctrine. See Williams v. Herron, 2011 WL 555127 (D. Neb. Feb. 8, 2011).**

**SUPPLEMENTAL RESPONSE (01/18/22): Defendants have not identified any documents responsive to this request.**

28. Please produce all Assistant Director, Football Operations Ben Hansen's records showing Akrum Wadley's black card was never canceled.

**Exhibit B**

**RESPONSE:** Discovery continues and Defendants will supplement as appropriate.

**SUPPLEMENTAL RESPONSE (01/21/22):** See STATE 175835-17844.

29. Please produce all documents currently being withheld under claims of privilege or work product or in the alternative a detailed privilege log identifying all documents withheld and the attendant reasons those documents are being withheld.

**RESPONSE: Defendants will provide a privilege log in compliance with the Court's Order dated December 15, 2021 (Dkt. 74).**

**SUPPLEMENTAL RESPONSE (02/10/22): On December 30, 2021, Defendants' produced a privilege log that was provided to Plaintiffs' counsel and the Court and supplemented on February 10, 2022 and provided to Plaintiffs' counsel.**

**Exhibit B**