IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY, JONATHAN PARKER, MARCEL JOLY, AARON MENDS, DARIAN COOPER, BRANDON SIMON, and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, ET AL.,<br><br>Defendants. | Case No. 4:20-cv-00366-SMR-HCA<br><br><br><br>**PLAINTIFFS' BRIEF CHALLENGING DEFENDANTS' CONFIDENTIALITY DESIGNATIONS** |

COME NOW the Plaintiffs pursuant to the Court's February 23, 2022 Order [ECF. No. 92], the Protective Order in this case [ECF. No. 61], FRCP 37, and LR 7, 37, and for their Brief Challenging Defendants' Confidentiality Designations hereby state as follows:

**INTRODUCTION**

On March 11, 2022, the Parties argued two Motions to Compel to the Court. The Plaintiffs sought judicial intervention to address ongoing litigation delays caused by Defendants' discovery tactics: 1) flouting the rules of civil procedure and 2) withholding damaging documents under the pretense of work-product and privilege. Both motions included requests for sanctions to address Defendants' bad faith participation in discovery to date.

The instant motion calls the Court's attention to the latest defense tactic— improper confidentiality designations. The Plaintiffs challenge these prejudicial designations to address both the short and long-term costs associated with these improper designations. In the short-term, this tactic undermines the efficient administration of this matter and unnecessarily increases litigation costs. In the long-term, the tactic provides Defendants a framework to shield issues germane to the

1

claims and defenses in this matter from public scrutiny. An *in camera* review of the documents will show the designations were used in part to improperly obfuscate: 1) longstanding notice of a racially hostile education environment for Black student athletes, 2) university decision-making and policy, and 3) evidence of Kirk Ferentz's intimate knowledge of years of racial discrimination and hostility within the Hawkeye Football program and his "blind spot" to change.

## Procedural Posture

1. On February 10, 2022, Defendants provided Plaintiffs with Fifth Supplemental Responses to Plaintiffs' First Requests for Production of Documents which included documents labeled STATE 175,845 – STATE 188,440.

2. On February 13, 2022, the undersigned requested clarification on Confidentiality Designations found within Defendants' production of documents since the start of the new year. [Email from BMK to AG (Feb. 13, 2022) (**Exhibit 1**)]. Specifically, the clarification addressed two batches of documents containing redactions and blanket confidentiality designations:

   a. documents produced on January 18, 2022 labeled STATE 175,537 –175,800, and

   b. documents produced on February 10, 2022 labeled STATE 175,845 –188,440.

3. On February 21, 2022, Defendants informed the undersigned that the first batch of documents had inadvertently been produced with redactions because they were originally compiled by university custodians in response to a non-party public record request.[1] [Email from ADJ to BMK (Feb. 21, 2022) **(Exhibit 2)**].

4. The first batch was re-produced sans redactions on February 21, 2022.

5. On February 23, 2022, the Court held a status conference with the Parties. The status of pending Motions to Compel and the ongoing state of discovery were discussed. The Court

---

[1] This raises more questions about how Defendants' custodians are searching for, labeling, and providing documents responsive to Plaintiffs' discovery requests to the Attorney General's Office.

Ordered the Parties to meet and confer regarding the blanket confidentiality designations on the second batch of production. (ECF. No. 92).

6. The parties conferred in writing and during a Rule 37 phone call on Friday, March 4, 2022 [Emails re Meet and Confer (Feb. 23 - Mar. 14, 2022) **(Exhibit 3)**].

7. Counsel also briefly discussed the basis for the instant motion after the in-person Court Hearing on March 11, 2022.

8. Plaintiffs continue to challenge Defendants' basis for designating as confidential draft documents shared by and between university employees and communications by and between Kirk Ferentz's hand-picked Advisory Council of former players. [Defs. Docs to be Marked Confidential (Mar. 3, 2022) **(Exhibit 4)**].

DEFENDANTS HAVE NOT MET THEIR BURDEN UNDER THE PROTECTIVE ORDER

I. **The Protective Order Does Not Apply to the Challenged Designations**

The Protective Order entered by the Court identifies classes of documents that are presumed confidential and that are prohibited from dissemination or from inclusion in public filings. Defendants have produced documents with FERPA P.I.I. redacted without the need for blanket confidentiality designations. Redaction balances privacy and transparent discovery practices. Defendants have not met their burden to establish that the Protective Order applies to the challenged blanket designations. [ECF. No. 61, at 4].

The documents at issue in this motion do not fall within the definition of Confidential Documents and Information established by the Protective Order. [ECF. No. 61, at 3]. Namely, the draft documents and Advisory Council communications do not include Student and Employee P.I.I. Rather, they are documents created in the usual course of operations by a public employees and *former* student athletes regarding issues germane to the claims and defenses in this case.

## II. Iowa Open Records Law Does Not Apply to the Challenged Designations.

Defendants have not met their burden to establish that the Iowa Open Records Statute applies to the challenged designations. [ECF. No. 61, at 4]. This litigation is not an open records request by a non-party. The discovery produced in this matter does not fall under the definition of "Public Records Requests." Iowa Code Ch. 22.4. Defendants have not produced any information or documentation suggesting that Kirk Ferentz's group of former student athletes convened in the public relations fallout beginning in June of 2020 was a "government body" or that any individual within the documents is a "public official authorized to adopt or execute official policy" for the government within the meaning of Iowa Code Ch. 22. The challenged designations are primarily draft documents and communications by and between university employees created in the usual course of operations, not Student and Employee P.I.I.

## III. Blanket Confidentiality Designations are Disfavored.

Protective Orders are important to protect non-party information and to comply with existing privacy statutes including FERPA and Iowa Code Ch. 22. However, Protective Orders are not meant to be used as shields from transparent, public litigation. Defendants have made numerous public statements regarding the allegations in this case dating back to at least June 2020. Defendants are certainly entitled to attempt to proactively manage their public image and employ public retaliations strategies. However, those efforts cannot be permitted to bleed into the litigation arena and undermine the Plaintiffs' use of discovery and overall access to our transparent system of justice.

The challenged designations are primarily draft documents and communications by and between university employees, not P.I.I. These documents tend to reveal FRCP 403(b) evidence. Some of the documents reveal Defendants' notice of a racially hostile education environment for

Black student athletes, windows into university decision-making, event planning, and the practical application of university policy to real life. Importantly, some documents include evidence of the university and Kirk Ferentz's intimate knowledge of years of racial discrimination and hostility within the Hawkeye Football Program despite his public reliance on his own willful blindness:

> "The biggest question to me is, why the blind spot? […] And I think every person has a blind spot. I'm sure every leader has a blind spot. The former players were very forthcoming. They were very direct, and just pointed out some things that perhaps gave me a new awareness. […]"[2]

Moving forward in discovery, Defendants should not be permitted to hide behind the Protective Order and selectively designate as confidential documents that raise the inference that the university response to discrimination complaints, and in particular Kirk Ferentz's willful "blind spot," is deliberate indifference to the harm caused by race discrimination and harassment in the Hawkeye Football Program.

In conclusion, the Defendants are not trying to uphold the Protective Order, FERPA, or Iowa Code Ch. 22— Defendants simply found a new way to hide the ball.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request increased judicial scrutiny of discovery in this matter. Specifically, Plaintiffs request a Court Order compelling Defendants to do the following:

I. For the Court to determine whether the documents identified as "**Drafts of various documents**" and "**Advisory council notes & minutes**" should be designated Confidential [Defs. Docs to be Marked Confidential (Mar. 3, 2022) **(Exhibit 4)**], Defendants must provide the Court the challenged

---

[2] Adam Rittenberg, *Iowa's Kirk Ferentz admits 'blind spot' on black players' issues, vows to improve environment*, Jun. 12, 2020, https://www.espn.com/college-football/story/_/id/29304234/iowa-kirk-ferentz-admits-blind-spot-black-players-issues-vows-improve-environment.

documents by Friday, March 18, 2022 for an *in camera* review pursuant to the Protective Order which requires the parties to treat the designated documents as confidential [ECF. No. 61, at 5];

II. Plaintiffs' counsel requests attorney's fees and expenses for the preparation of this Motion to be assessed against the Defendant University of Iowa; and

III. Plaintiffs request such other relief as the Court deems appropriate.

Respectfully Submitted,

**SOLOMON SIMMONS LAW**

Damario Solomon-Simmons, OBA # 20340
Kymberli J.M. Heckenkemper, OBA # 33524
601 S. Boulder, Ste. 600
Tulsa, Oklahoma 74119
Telephone: (918) 551-8999
Facsimile: (918) 582-6106
Email: dss@solomonsimmons.com
Email: kheckenkemper@solomonsimmons.com

**BARLOW GARSEK & SIMON, LLP**

Christian Dennie, TX Bar #24045775
920 Foch Street
Fort Worth, TX 76107
817.731.4500 (telephone)
817.731.6200 (facsimile)
Email: cdennie@bgsfirm.com

**BMK LAW FIRM, P.L.L.C.**

*/s/Beatriz Mate-Kodjo*
Beatriz Mate-Kodjo AT0012331
1910 Washington Street, Suite 100
Pella, Iowa 50219
Telephone: (641) 450-1668
Fax: (641) 847-7968
Email: beatriz@mate-kodjo-law.com

**ATTORNEYS FOR PLAINTIFFS**