**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| AKRUM WADLEY, *et al.*, | ) |
| | ) Case No. 4:20-cv-00366-SMR-HCA |
| Plaintiffs | ) |
| | ) **BRIEF IN SUPPORT OF** |
| v. | ) **PLAINTIFFS' MOTION TO AMEND** |
| | ) **FIRST AMENDED COMPLAINT** |
| UNIVERSITY OF IOWA, *et al.*, | ) **AND TO ADD PARTIES** |
| | ) |
| Defendants. | ) Hearing Requested |

**INTRODUCTION**

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs move to file the Second Amended Complaint within the time permitted by the Court in the scheduling order (Doc. 91). Allowing Plaintiffs to file the Second Amended Complaint would serve the interests of justice. Further, there would be no undue prejudice, bad faith, undue delay, or futility involved in granting Plaintiffs leave to amend.

Through their proposed Second Amended Complaint, Plaintiffs seek to:

- add Seth Wallace as an additional defendant to Plaintiffs' previously asserted § 1981 claim (Count IV of the First Amended Complaint (Doc. 15); now reflected in Count II of Plaintiffs' proposed Second Amended Complaint);

- assert, on behalf of Plaintiffs Mends, Simon, and Foy only, additional claims under § 1983 and the Equal Protection Clause of the Fourteenth Amendment against Seth Wallace, Brian Ferentz, and Chris Doyle (reflected in Count III of Plaintiffs' proposed Second Amended Complaint);

- assert, on behalf of Plaintiffs Mends, Simon, and Foy only, an additional claim under § 1983 and the Equal Protection Clause of the Fourteenth Amendment against Kirk Ferentz (reflected in Count IV of Plaintiffs' proposed Second Amended Complaint).

1

- assert, on behalf of Plaintiffs Mends, Simon, and Foy only, an additional claim under § 1983 and the Equal Protection Clause of the Fourteenth Amendment against Gary Barta (reflected in Count V of Plaintiffs' proposed Second Amended Complaint).

- assert, on behalf of Plaintiff Parker only, a retaliation claim under § 1981 against Kirk Ferentz (reflected in Count VI of Plaintiffs' proposed Second Amended Complaint).

## BACKGROUND/PROCEDURAL HISTORY

Following widespread revelations of long-standing patterns of race discrimination within the University of Iowa football program, Plaintiffs, former University of Iowa players, commenced the instant litigation on November 12, 2020, by filing suit in state court. Naming the University and the Board of Regent of the State of Iowa, Athletic Director Gary Barta, Head Coach Kirk Ferentz, Offensive Coordinator Brian Ferentz, former Strength & Conditioning Coach Chris Doyle, and Assistant Coach Raymond Braithwaite as Defendants. Plaintiffs' state court petition (Doc. 1-1) asserted claims for violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and § 1985 (through 42 U.S.C. § 1983), and breach of contract.

Defendants removed Plaintiffs' action to the Southern District of Iowa on December 1, 2020, (Doc. 1), and subsequently moved to dismiss the action on December 14, 2020. (Doc. 10). Plaintiffs filed their First Amended Complaint on January 13, 2021 (Doc. 15), and Defendants renewed their Rule 12(b)(6) motion to dismiss. (Doc. 16). Plaintiffs resisted Defendants' motion to dismiss and requested leave to amend should the Court dismiss any of their claims for insufficient factual allegations. (Doc. 22 at 24). On May 6, 2021, the Court granted in part and denied in part Defendants' motion to dismiss. (*See* Doc. 31). The parties proceeded to discovery, and Plaintiffs currently are awaiting an order from

the Court commanding Defendants to produce a large portion of documents related to Husch Blackwell's investigation into the football program. Plaintiffs believe these documents are likely to have the most probative value to Plaintiffs' claims and to implicate additional defendants, *see* (Docs. 79 and 80), including Seth Wallace, whom Plaintiffs seek to add to this case through the instant Motion.

Although Plaintiffs' discovery efforts have been hamstrung by Defendants' delays, dilatory actions, and ultimate failures to produce material documents, in compliance with the Court's scheduling order, Plaintiffs submit the instant combined Motion and brief in support seeking leave to amend to add additional claims and parties.

## ARGUMENTS & AUTHORITIES

### I. AMENDMENT OF PLEADINGS SHOULD BE FREELY GIVEN WHEN JUSTICE SO REQUIRES.

A party may amend its pleading once as a matter of course within a limited period of time after filing it. Fed. R. Civ. P. 15(a)(1). Once that period has expired, however, a pleading may be amended before trial "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Such leave, when sought, "shall be freely given when justice so requires." *Id*. "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoted case omitted). Futility refers to the notion that the proposed amended pleading "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules

of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). And while "the grant or denial of an opportunity to amend is within the discretion of the District Court," Rule 15(a)(2) considerations overwhelmingly support the notion that a plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. PLAINTIFFS' MOTION TO AMEND IS FILED WITHIN THE TIMELINE OF THE COURT'S SCHEDULING ORDER AND THERERFORE PRESENTS NO UNDUE DELAY.

The Court need not look further than its scheduling order to determine whether Plaintiffs have unduly delayed in seeking to amend. Here, Plaintiffs filed the instant Combined Motion to Amend First Amended Complaint and to Add Parties on April 8, 2022, within the timeline specified in the Court's scheduling order. As such, Plaintiffs have not unduly delayed in seeking amendment and should be permitted to amend in accordance with the attached Second Amended Complaint.

In any event, "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir.2004) (citation omitted). As discussed below, however, Defendants are not unduly prejudiced by Plaintiffs' sought amendments.

## III. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT DOES NOT UNDULY PREJUDICE DEFENDANTS.

Any prejudice posed to Defendants by Plaintiffs' proposed Second Amended Complaint is merely incidental and does not rise to the level of "undue." The additional allegations described in the Amended Complaint are already well-known to Defendants

4

and in their possession, as they were revealed and fleshed out in deposition testimony of Plaintiffs Mends, Cooper, and Parker, the only depositions taken in this case thus far. Further, there are over five (5) months remaining before the date of discovery cutoff. Trial is not for another eleven (11) months. Accordingly, prejudice to Defendants is minimal, if at all, and does not warrant denial of Plaintiffs' proposed amendments.

**IV. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT PRESENTS NO ISSUES OF FUTILITY.**

Plaintiffs' Second Amended Complaint, where applicable, cures any prior deficiencies in the First Amended Complaint and therefore can withstand a Rule 12(b)(6) motion.

A. <u>Count I[1] Of Plaintiffs' Proposed Second Amended Complaint Was Previously Found to State a Viable Claim and Is Therefore Not Futile.</u>

Count I of the Second Amended Complaint is identical to Count I of the First Amended Complaint, the latter of which the Court found stated a viable claim of a racially hostile environment under Title VI. So too does Count I of the Second Amended Complaint and, accordingly, Count I is clearly not futile.

B. <u>Count II[2] Of Plaintiffs' Proposed Second Amended Complaint As To B. Ferentz And Chris Doyle Was Previously Found To State A Viable Claim And Is Therefore Not Futile.</u>

Count II of the Second Amended Complaint mirrors and even expands upon the previous corresponding claim in the First Amended Complaint (previously, Count IV)

---

[1] Count I asserts claims held by Plaintiffs Mends, Simon, and Foy only against Defendants University of Iowa and Board of Regents, State of Iowa.
[2] Count II asserts claims by all seven (7) named Plaintiffs (Mends, Simon, Foy, Parker, Cooper, Wadley, and Joly) against Defendants B. Ferentz, Chris Doyle, and Seth Wallace.

(Doc. 15). As to B. Ferentz and Chris Doyle, the Court found that Count IV of the First Amended Complaint stated a viable claim against Defendants under 42 U.S.C. § 1981. Given that Count II of the Second Amended Complaint tracks Count IV of the First Amended Complaint, Count II of the Second Amended Complaint also states a viable claim under § 1981. Accordingly, Count II is not futile.

    C. <u>Count II As to Seth Wallace Relates Back to The Date of The Original Pleading and Thus States a Viable Claim Against Him.</u>

Count II of the Second Amended Complaint also adds assistant coach Seth Wallace as an additional defendant.

Based on the external and independent review into the University of Iowa football program conducted by Husch Blackwell, four (4) clandestine personnel reports were created by the University that the University has sought to keep from Plaintiffs and the public. Plaintiffs learned that one of those personnel reports applies to Seth Wallace and, thus, Plaintiffs believe that Wallace, like Defendants Brian Ferentz and Chris Doyle, harassed, bullied and belittled Black players on account of their race, thereby creating a racially hostile environment. Like Count II of the Second Amended Complaint as to B. Ferentz and Chris Doyle, Count II as to Seth Wallace contains sufficient factual allegations to state a viable claim against him under § 1981.

Furthermore, the addition of Seth Wallace under both Counts II and III poses no issues with respect to the statute of limitations period for § 1981 and Equal Protection claims (four and two years, respectively). Federal Rule of Civil Procedure 15(c)(1) allows amended pleadings to relate back to the date of the original pleading.

> An amendment which "changes the party or the naming of the party against whom a claim is asserted" relates back if (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) "the party to be brought in by the amendment ... received such notice of the action that it will not be prejudiced in defending on the merits"; (3) that party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity"; and (4) the second and third of these requirements were met "within the period provided by Rule 4(m) for serving the summons and complaint."

*Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897 (8th Cir. 2015) (quoting Fed. R. Civ. P. 15(c)(1)).

The first element is clearly met. It is clear from the proposed Second Amended Complaint that the claims against assistant coaches, including Seth Wallace, arose out of the same occurrence as the original claim. Plaintiff's original state court petition arose from the subjugation of Plaintiffs to a hostile environment, wherein University football coaches intentionally discriminated against and harassed Plaintiffs and other African-American players on account of their race. All of the claims against Seth Wallace arose out of the same racially discriminatory harassment under Counts II and III. The first element is satisfied.

The second element and third elements—that Seth Wallace had notice of the suit and should have known he would have been sued but for a mistake in identity—are equally satisfied. Notice can be shown by actual notice or constructive notice. *See Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 896 (8th Cir. 2015) (holding that amended complaint did not relate back because defendant lacked "actual or constructive notice" of the suit). Constructive notice can be found under the "identity of interest" doctrine. *See Schrader v.*

*Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1012 (8th Cir. 1991). Under the identity of interest doctrine, "timely notice of the suit to a related entity may be imputed to the proper defendant." *Id*. (citation omitted). The Court may properly impute notice to Seth Wallace based on notice provided to all other Defendants, and specifically the University, which commissioned both internal and external investigations into the football program relating to allegations of long-standing and widespread racial discrimination towards Black players.

Finally, the fourth element is satisfied. Rule 4(m) provides 90 days for the serving of the summons and complaint. Fed. R. Civ. P. 4(m). Plaintiffs filed their petition on November 12, 2020 in the Iowa District Court for Polk County. In this case, notice is imputed to Seth Wallace through Defendants' investigation of the allegations made in the petition. Defendants removed the case to this Court on December 1, 2020, well within 90 days of the filing of the state court Petition. For these reasons, Plaintiffs have met all elements of Rule 15(c) for the Second Amended Complaint with respect to Seth Wallace. Accordingly, the Second Amended Complaint relates back to November 12, 2020, the date on which Plaintiffs filed their original state court petition.

> D. <u>Count III[3] Contains Sufficient Allegations to State Claims Against B. Ferentz, Chris Doyle, And Seth Wallace[4] For Violations of The Equal Protection Clause; Count III Further Relates Back to The Date of The Original State Court Petition.</u>

Count III of Plaintiffs' proposed Second Amended Complaint is a new claim which

---

[3] Count III asserts claims on behalf of Plaintiffs Mends, Simon, and Foy only against Defendants B. Ferentz, Chris Doyle, and Seth Wallace.
[4] Plaintiffs' arguments regarding the relation back doctrine in *supra*, Part IV(C) also apply with respect to Seth Wallace on Count III of Plaintiffs' proposed Second Amended Complaint.

(a) contains sufficient factual allegations to state a claim under 42 U.S.C. § 1983 and the Equal Protection Clause; and (b) relates back to the date of the filing of the original petition, thereby preserving claims of Mends, Simon, and Foy.

To state a viable claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based on the plaintiff's membership in a protected class. *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (describing elements of equal protection claim). As did Plaintiffs in Count II of the Second Amended Complaint, Plaintiffs in Count III provided sufficient allegations to state a claim under § 1983 for a violation of the Equal Protection Clause. Specifically, Plaintiffs allege that Plaintiffs Mends, Simon and Foy are African-American individuals, thereby establishing the protected class element. Plaintiffs further allege that Defendants intentionally harassed Plaintiffs and other African-American players disproportionately in comparison to White players (as concluded by the Court in its analysis of Count I of Plaintiffs' First Amended Complaint (Doc. 31 at 10-15)). Finally, Plaintiffs allege that the intentional harassment and discrimination they faced was based on Plaintiffs' membership in a protected class, *i.e.*, race. Count III of Plaintiffs' Second Amended Complaint therefore provides sufficient allegations to state a claim under § 1983 for a violation of the Equal Protection Clause.

Furthermore, Count III of Plaintiffs' Second Amended Complaint is not futile based on statute of limitations grounds, as Count III arises out of the same conduct alleged in Plaintiffs' original pleading. Thus, Count III relates back to the date of the filing of Plaintiffs' state court petition, November 12, 2020. Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs

Mends, Simon, and Foy's claims under Count III are therefore not time-barred.

For these reasons, Count III of Plaintiffs' proposed Second Amended Complaint is not futile.

E. <u>Counts IV And V[5] of Plaintiffs' Proposed Second Amended Complaint Cure the Prior Deficiencies from the First Amended Complaint and Therefore State Viable Claims under the Equal Protection Clause for Failure to Train and Supervise.</u>

Counts IV and V of Plaintiffs' attached Second Amended Complaint, together with Count III, cures the prior deficiencies of Count VII of the First Amended Complaint, of which the Court previously dismissed. The Court dismissed Count VII of Plaintiffs' First Amended Complaint because it "[did] not allege any specific constitutional violation, much less that Kirk Ferentz [and Gary Barta] had notice of such violation and failed to respond." (Doc. 31 at 19-20) (referring to failure to train and supervise elements described in *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986)).

Counts IV and V of Plaintiffs' proposed Second Amended Complaint remedies the flaws in Count VII of Plaintiffs' First Amended Complaint. Both Counts IV and V of Plaintiffs' proposed Second Amended Complaint provide that the constitutional violations committed were those described under Count III of the Second Amended Complaint by Defendants B. Ferentz, Doyle, and Wallace. Counts IV and V further specify that both K. Ferentz and Gary Barta knew of Defendants B. Ferentz's, Doyle's and Wallace's racial harassment of Plaintiffs and other African-American players, harassment which constituted a endless stream of constitutional violations, but were deliberately indifferent to or tacitly

---

[5] Counts IV and V assert claims on behalf of Plaintiffs Mends, Simon, and Foy only against Defendants K. Ferentz and Gary Barta, respectively.

authorized those acts. Counts IV and V further allege that despite their knowledge of racial harassment by the assistant coaches, both K. Ferentz and Gary Barta failed to take any remedial action, including to discipline or properly train the coaching staff. Counts IV and V further allege that based on K. Ferentz's and Gary Barta's indifference to patterns of racial harassment within the program, Plaintiffs Mends, Simon, and Foy were subject to further harassment. Accordingly, Counts IV and V of Plaintiffs' proposed Second Amended Complaint cure prior deficiencies related to those claims and properly state claims under § 1983 for violations of the Equal Protection Clause.

Furthermore, Counts IV and V of Plaintiffs' Second Amended Complaint are not futile based on statute of limitations grounds, as said counts arise out of the same conduct alleged in Plaintiffs' original pleading. Thus, Counts IV and V relate back to the date of the filing of Plaintiffs' state court petition, November 12, 2020. Fed. R. Civ. P. 15(c)(1)(B). Plaintiffs Mends, Simon, and Foy's claims under Counts IV and V are therefore not time-barred.

For these reasons, Counts IV and V of Plaintiffs' proposed Second Amended Complaint are not futile.

F. <u>Count VI[6] Contains Sufficient Allegations to State a Viable Retaliation Claim Against K. Ferentz; Count VI Further Relates Back to the Date of the Original State Court Petition.</u>

Count VI of Plaintiffs' proposed Second Amended Complaint is a new claim which (a) contains sufficient factual allegations to state a claim under 42 U.S.C. § 1981 for

---

[6] Count VI asserts a claim on behalf of Plaintiff Parker against Defendant K. Ferentz.

retaliation against K. Ferentz; and (b) relates back to the date of the filing of the original petition, thereby preserving Plaintiff Parker's claim.

The Supreme Court has explained that retaliation claims are "well embedded" within the parameters of § 1981. *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 451 (2008); *see also Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684 (8th Cir. 2012). To state a viable claim under 42 U.S.C. § 1981 for retaliation, a plaintiff must allege that (1) they engaged in protected activity (such as a complaint of discrimination), (2) subsequent materially adverse action was taken against them, and (3) the materially adverse action was causally linked to their protected activity. *Weger v. City of Ladue*, 500 F.3d 710, 726 (8th Cir. 2007). A "materially adverse" action refers to some injury or harm to the plaintiff that would "dissuade[] a reasonable [player] from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Count VI of Plaintiffs' proposed Second Amended Complaint plausibly asserts a claim of retaliation against Defendant K. Ferentz under § 1981. Count VI alleges that Plaintiff Parker engaged in protected activity by complaining of intentional race discrimination and harassment within the football program, at one point to a University therapist and again to K. Ferentz following B. Ferentz's outburst in which he called Plaintiff Parker a "dumbass black player." Count VI further alleges that Plaintiff Parker received four (4) community service hours from K. Ferentz following his complaints, and that the adverse action was taken against him because of his complaints of disparate treatment and harassment. Count VI further alleges that that same adverse action would dissuade a reasonable player in Plaintiff Parker's position from making good faith

12

complaints of discrimination. Accordingly, Count VI of Plaintiffs' proposed Second Amended Complaint contains sufficient factual allegations to state a claim for retaliation under § 1981 on behalf of Plaintiff Parker and against Defendant K. Ferentz.

Furthermore, Count VI of Plaintiffs' Second Amended Complaint is not futile based on statute of limitations grounds, as Count VI arises out of the same conduct or occurrence alleged in Plaintiffs' original pleading. Thus, Count VI relates back to the date of the filing of Plaintiffs' state court petition, November 12, 2020. Fed. R. Civ. P. 15(c)(1)(B). Plaintiff Parker's claim under Count VI is therefore not time-barred. Accordingly, Count VI of Plaintiffs' proposed Second Amended Complaint is not futile.

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court grant leave to amend its First Amended Complaint and instruct the Clerk of Court to detach and docket the proposed Second Amended Complaint.

Respectfully submitted,

**SOLOMON SIMMONS LAW, PLLC**

*/s/ Kymberli J. M. Heckenkemper*
Damario Solomon-Simmons, OBA # 20340
Kymberli J. M. Heckenkemper, OBA # 33524
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
Phone: (918) 551-8999
Fax: (918) 582-6106
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

**BARLOW GARSEK & SIMON, LLP**
Christian Dennie, TX Bar # 24045775
920 Foch Street
Fort Worth, TX 76107
Phone: (817) 731-4500

Fax:  (817) 731-6200
cdennie@bgsfirm.com

**BMK LAW FIRM, PLLC**
Beatriz Mate-Kodjo, AT0012331
1910 Washington St., Ste. 100
Pella, IA 50219
Phone: (641) 450-1668
Fax:  (641) 847-7968
beatriz@mate-kodjo-law.com

*Attorneys for Plaintiffs*