IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE.<br><br>    Defendants. | Case No. 4:20-cv-366<br><br><br><br>**DEFENDANTS' RESISTANCE TO PLAINTIFFS' MOTION TO EXTEND THE DEADLINES FOR EXPERT DESIGNATIONS AND REPORTS** |

    **COME NOW** Defendants the University of Iowa ("the University" or "UI"), the Board of Regents for the State of Iowa ("the Regents"), Brian Ferentz ("B. Ferentz"), and Christopher Doyle (collectively, "Defendants"), and, pursuant to Federal Rule of Civil Procedure 15(a)(3) and L.R. 7(e), submit their resistance to Plaintiffs' Motion to Extend the Deadlines for Expert Designations and Reports.

    As noted by Plaintiffs in their current motion, Defendants have previously, in an effort to resolve issues relating to expert witnesses, suggested bifurcating expert disclosure and report deadlines. In other words, Plaintiffs could at least name experts within the currently scheduled deadline (May 2, 2022) and then have expert reports due later. Instead, Plaintiffs present the instant motion requesting an extensive delay in both naming their expert(s) and providing the requisite reports. It is Defendants' position that Plaintiffs have failed to establish good cause for such an extensive modification of the scheduling order.

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F. 3d 748, 759 (8th Cir. 2006). The "good-cause standard is not optional." *Petrone v. Werner Enterprises, Inc.*, 940 F. 3d425, 434 (8th Cir. 2019) (other citations omitted). And "[t]o establish good cause, a party must show its diligence in attempting to meet the progression order." *Id.* It is of some note that Plaintiffs' current motion does not even contain the words "good cause".

The legal theories of Plaintiffs' two remaining claims as well as the factual basis for establishing those claims has been or should have been clearly focused for some time.[1] Further, since the early days of this litigation Plaintiffs have had the University's Diversity Task Force report as well as numerous e-mails and interview notes of athletes generated as part of the assessment conducted by the task force. Similarly, the report of the review of the University football program prepared by the Husch Blackwell law firm has been available to Plaintiffs even before the institution of the present action. Those reports, which Plaintiffs have long asserted constitute evidence of the validity of their claims, along with the other discovery produced to Plaintiffs would have allowed Plaintiffs to, at the least, identify persons who they retained as experts and should have also been able to provide basic information related to those persons as contemplated by Rule 26.

The extensive delay suggested by Plaintiffs for both designating expert witnesses and submitting expert reports prejudices Defendants. While a party's diligence in attempting to comply with a scheduling order is a cornerstone of determining good cause, "the existence or degree of prejudice to the party opposing modification" can also affect a court's decision to modify a scheduling order. *Bradford v. DDANA Corporation*, 249 F. 3d 807, 809 (8th Cir. 2001) quoting

---

[1] Plaintiffs have recently filed a motion to add new parties and claims. Doc. 101.

*Johnson v. Mammoth Recreations, Inc*, 975 F. 2d 604, 609 (9th Cir. 1992). While Plaintiffs' request to extend the deadline for designating experts and submitting reports may not be prejudicial in and of itself, the fact that the request necessarily requires extending virtually every other scheduling deadline, including the dispositive motion deadline works a hardship on Defendants as well as this Court.

Defendants continue to assert prompt identification of experts is both feasible and necessary in order to allow this case to proceed towards trial as scheduled without having to modify a number of other provisions of the current scheduling order.

## CONCLUSION

Defendants do not believe that Plaintiffs have established good cause exists to warrant the lengthy delay in designating experts and submitting reports as requested. It is thus respectfully requested that Plaintiffs' Motion to Extend Deadlines be denied.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK

*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov

christopher.deist@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on May 5, 2022:

| ☐ U.S. Mail | ☐ FAX |
| ☐ Hand Delivery | ☐ Overnight Courier |
| ☐ Federal Express | ☐ Other |
| ☒ CM/ECF | |

Signature: */s/ Audra Jobst*