IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY, JONATHAN PARKER, MARCEL JOLY, AARON MENDS, DARIAN COOPER, BRANDON SIMON, JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS OF THE STATE OF IOWA, BRIAN FERENTZ, and CHRISTOPHER DOYLE,<br><br>Defendants. | 4:20-cv-00366-SMR-HCA<br><br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO ADD PARTY AND AMEND THE COMPLAINT** |

Before the Court is Plaintiffs' First Motion to Add Party and Second Motion to Amend Complaint ("Motion"), filed on April 8, 2022. ECF No. 101. Plaintiffs seek to add a new Defendant (Seth Wallace) and to update claims, which also would reinstate G. Barta and K. Ferentz as defendants in the case. Defendants filed a Resistance to the Motion on April 22, 2022. ECF No. 103. Plaintiffs did not file a Reply. The Court considers the Motion ready for ruling. For the reasons stated below, the Court **grants** Plaintiffs' Motion to Add Party and Amend their Complaint.

### I. BACKGROUND

The Court has previously described the factual and procedural background of this case in various orders and as such sets forth only the relevant background as it pertains to this Motion. Plaintiffs filed suit against Defendants for an allegedly "racially-charged hostile education

environment, wherein African-American football student-athletes, including Plaintiffs, were subjected to severe, pervasive, and objectively offensive acts of intentional discrimination on the basis of race." Pl. Complaint at 18 ¶ 71, ECF No. 1-1. Plaintiffs filed their suit in state district court on November 12, 2020. ECF No. 1-1. Defendants removed the lawsuit to federal court on December 1, 2020. *Id.* The Plaintiffs consist of a group of former student-athlete football players at the University of Iowa ("Iowa"). The original complaint named seven Defendants—the University of Iowa; the Board of Regents for the State of Iowa; Kirk Ferentz, the head coach; Brian Ferentz, the offensive coordinator and assistant coach; Christopher Doyle, the former head strength and conditioning coach; Gary Barta, the athletics director; and Raimond Braithwaite, the interim strength and conditioning coach. Plaintiffs' amended complaint asserted eight causes of action: Count I asserted a claim of racially hostile educational environment in violation of 42 U.S.C. § 2000d ("Title VI") on behalf of Plaintiffs Mends, Simon, and Foy against the University and the Regents; Count II asserted a claim of Title VI retaliation on behalf of Plaintiff Mends against the University and the Regents; Count III asserted a claim of Title VI systemic pattern and practice of discrimination on behalf of Plaintiffs Mends, Simon, and Foy against the University and the Regents; Count IV asserted a 42 U.S.C. § 1983 claim of deprivation of rights under 42 U.S.C § 1981 on behalf of all Plaintiffs against B. Ferentz, Christopher Doyle, Gary Barta, and Kirk Ferentz ("K. Ferentz"); Count V asserted a § 1983 claim for conspiracy to deprive Plaintiffs of their equal protection rights in violation of 42 U.S.C. § 1985 against B. Ferentz, Doyle, Barta, K. Ferentz, and Raimond Braithwaite; Count VI asserted a second § 1983 conspiracy claim against K. Ferentz, B. Ferentz, and Doyle; Count VII asserted a § 1983 claim for failure to train and supervise against K. Ferentz and Barta; and Count VIII asserted a claim

for breach of contract against the University, the Regents, the State of Iowa, B. Ferentz, Doyle, K. Ferentz, and Barta. ECF. No. 15.

On January 25, 2021, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint. ECF No. 16. Through their Resistance, Plaintiffs requested the Court dismiss Counts V and VI in their entirety, Count VIII as to the individual Defendants, and Barta as a named Defendant. ECF No. at 7. On May 6, 2021, Judge Rose issued a ruling on the Motion to Dismiss dismissing Counts II, III, V, VI, VII, and VIII; partially dismissing Count IV, and dismissing K. Ferentz, Barta, and Braithwaite as named Defendants. ECF No. 31 at 21. Additionally, the Court held that the proper limitations period for § 1981 claims is four years and two years for § 1983 claims. *Id*. at 7, 8. Lastly, as a result of the established limitations period, the following Plaintiffs were dismissed: Fleming, Spearman, Martin-Manley, Taylor, Andre Harris, and Terrence Harris. *Id*. at 21. The surviving claims were Count I by Plaintiffs Mends, Simon, and Foy against the University of Iowa and the Board of Regents, and Count IV by Plaintiffs Wadley, Parker, Joly, Cooper, Mends, Simon, and Foy against B. Ferentz and Doyle. *Id*.

Defendants filed their Answer to the First Amended Complaint on June 7, 2021. ECF No. 45. The parties are engaged in discovery and pretrial deadlines have been set. ECF No. 38. The deadline to add parties and amend pleadings was April 8, 2022. ECF Nos. 68 and 91. Plaintiff timely filed its First Motion to Add Party, Second Motion to Amend/Correct Complaint, seeking to add the following:

a. Add Seth Wallace as a Defendant to Count IV of First Amended Complaint (now Count II in proposed Second Amended Complaint), § 1981 claim;

    b. Assert on behalf of Plaintiffs Mends, Simon, and Foy, § 1983/Equal Protection Clause claims against Wallace, B. Ferentz, and Doyle (Count III of proposed Second Amended Complaint);

    c. Assert on behalf of Plaintiffs Mends, Simon, and Foy, § 1983 claim against K. Ferentz, which would bring K. Ferentz back into the case as a defendant (Count IV of proposed Second Amended Complaint);

    d. Assert on behalf of Plaintiffs Mends, Simon, and Foy, § 1983/Equal Protection Clause claim against Gary Barta, which would bring Barta back into the case as a defendant (Count V of proposed Second Amended Complaint); and

    e. Assert on behalf of Plaintiff Parker, a retaliation claim under § 1981 against K. Ferentz which would bring K. Ferentz back into the case as a defendant (Count VI of proposed Second Amended Complaint).

ECF No. 101. Defendants resist this Motion arguing that the added claims are futile because they are time-barred or fail to plead sufficient facts to survive a 12(b)(6) motion. Defendants base their arguments on Judge Rose's Motion to Dismiss ruling, ECF No. 31.

## II.     LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). "However, denial of leave to amend may be justified by undue delay, bad faith on the party of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 358-59 (8th Cir. 2011) (quoting *United States ex rel Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 557-58 (8th Cir. 2006)) (internal quotation marks omitted).

Defendants raise futility as a bar to Plaintiffs' proposed amendments. Denial of a motion to amend based on futility grounds means the Court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

The Court has reviewed the proposed amendments against Judge Rose's order granting in part and denying in part the motion to dismiss. Based on that review, the Court does not find that Plaintiffs' proposed amendments are all futile on their face.[1] Although Defendants have asserted several arguments, such as a statute of limitations argument, that ultimately may prevail on a dispositive motion, the Court also notes that Plaintiffs have alleged new factual allegations and causes of action that may survive a dispositive motion. For example, the allegations about Seth Wallace in Count II of the proposed Second Amended Complaint appear very similar to those about defendants B. Ferentz and Doyle that survived the motion to dismiss. Furthermore, proposed Count VI contains new allegations that should be vetted before the District Judge.

As a result, the Court finds and concludes that the most appropriate course of action is to allow the Second Amended Complaint to be filed so that the parties have the opportunity to argue the merits in a dispositive motion to Judge Rose, the trial judge. This approach serves several purposes: 1) it allows the parties to argue the merits of the claims, and 2) it allows consistency of decision making by allowing the trial judge to determine the merits of the claims.

---

[1] The Court expresses no final opinion as to which Counts might survive a dispositive motion before the District Judge but rather that the parties should be allowed to test the merits of the claims in a dispositive motion, either a motion to dismiss or motion for summary judgment. Discovery is still proceeding in the case. No party has yet filed a motion for summary judgment in this case and the claims could be included in a motion for summary judgment for judicial economy.

### III. CONCLUSION

For the reasons stated, the Court **grants** Plaintiffs' Motion to Add Party and Amend their Complaint, ECF No. 101.

IT IS SO ORDERED.

DATED this 17th day of May, 2022.

_____
Helen C. Adams
Chief U.S. Magistrate Judge