IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY, | Case No. 4:20-cv-00366 |
| Plaintiffs, | |
| vs. | BRIEF IN SUPPORT OF DEFENDANT SETH WALLACE'S MOTION TO DISMISS COUNTS II AND III OF SECOND AMENDED COMPLAINT |
| UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE, | |
| Defendants. | |

COMES NOW Defendant Seth Wallace (hereafter "Wallace") pursuant to Federal Rule of Civil Procedure 12(b)(6) and to support his motion to dismiss Counts II and III of the Second Amended Complaint provides the following brief.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................................iii

I.    INTRODUCTION ...............................................................................................1

II.   LEGAL STANDARD .........................................................................................2

      A.    Relation back of amendments adding new parties .........................................2

      B.    Pleading of plausible claims .........................................................................4

III.  ARGUMENT.......................................................................................................5

      A.    Plaintiffs' claims against Wallace do not relate back to the filing of the State Court Petition...............................................................................................5

      B.    Plaintiffs Cooper's, Wadley's, Parker's, and Joly's § 1981 and § 1983 claims against Wallace are time-barred ...................................................................6

C.      Plaintiffs Mends', Simon's, and Foy's § 1983 claims against Wallace are time-barred ............................................................................................................6

D.      Plaintiffs Mends', Simon's, and Foy's § 1981 claims against Wallace fail to plead sufficient facts to survive a 12(b)(6) motion ..........................................7

E.      Wallace is entitled to qualified immunity .................................................... 11

F.      Plaintiffs' § 1983 equal protection claims fail to state a plausible claim ........ 14

G.      Count III also fails to state a plausible claim by Mends or Simon under § 1983 because neither plaintiff alleges any act occurred within the two-year limitations period before the filing of the original Petition ........................... 15

H.      The applicable statute of limitations warrants reconsideration in view of two recent Court of Appeals decisions ............................................................... 16

IV.   CONCLUSION ................................................................................................ 16

# TABLE OF AUTHORITIES

## CASES

*Allen v. Denver Pub. Sch. Bd.,* 928 F.2d 978 (10th Cir. 1991)................................................. 10

*Alston v. Spiegel*, 988 F.3d 564 (1st Cir. 2021) ................................................................. 9, 10

*American Family Ins. v. City of Minneapolis,* 836 F.3d 918 (8th Cir. 2016) ............................ 14

*Anderson v. Creighton*, 483 U.S. 635 (1987) ......................................................................... 12

*Arkin v. MedCenters Health Care, Inc.,* 1990 WL 608203 (D. Minn. Apr. 17, 1990)................. 4

*Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178 (8th Cir. 1998) ......................... 11

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ...............................................4, 5, 8, 10, 11, 12, 14, 16

*Ball v. Famiglio*, 726 F.3d 448 (3d Cir. 2013) ........................................................................ 10

*Baribeau v. City of Minneapolis*, 596 F.3d 465 (8th Cir. 2010)................................................ 12

*Batra v. Board of Regents of Univ. of Nebraska*, 79 F.3d 717 (8th Cir. 1996) ........................... 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)........................................................... 4, 8, 14

*Borgman v. Kedley*, 646 F.3d 518 (8th Cir. 2011) ................................................................. 11

*Charleston v. McCarthy*, 926 F.3d 982 (8th Cir. 2019) .......................................................... 15

*Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194 (10th Cir. 2011)................................................................................................................................ 10

*Cox v. Treadway,* 75 F.3d 230 (6th Cir. 1996) ......................................................................... 5

*Doe v. Board of Regents of Univ. of Nebraska,* 509 F. Supp. 3d 1133 (D. Neb. 2020)................ 14

*Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006) .................................................... 9, 13

*Duplan v. City of New York*, 888 F.3d 612 (2d Cir. 2018)....................................................... 16

*Ellis v. Houston*, 742 F.3d 307 (8th Cir. 2014) ................................................................... 9, 12

*Gregory v. Dillard's, Inc.*, 565 F.3d 464 (8th Cir. 2009) (en banc) ............................ 7, 9, 10, 13

*Hager v. Arkansas Dep't of Health*, 735 F.3d 1009 (8th Cir. 2013) ................................7, 11, 12

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .......................................................................... 11

*Humphrey v. Eureka Gardens Pub. Facility Bd.,* 891 F.3d 1079 (8th Cir. 2018) ........................ 2

*In re Haugen Const. Servs., Inc.,* 1989 WL 1107884 (D.N.D. Mar. 24, 1989) ......................... 5

*Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894 (8th Cir. 2015) .................................................. 3

*Malley v. Briggs*, 475 U.S. 335 (1986) ................................................................................ 12

*Manning v. Cotton*, 862 F.3d 663 (8th Cir. 2017) ............................................................... 11

*Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172 (8th Cir. 1989) .............................................. 6

*McCormick v. Miami Univ.*, 693 F.3d 654 (6th Cir. 2012) .................................................... 16

*McGonigle v. City of Dubuque*, No. C21-1006-LTS, 2022 WL 965397 (N.D. Iowa Mar. 30, 2022) ........................................................................................................................... 3, 4, 6

*Meyer v. Herndon,* 419 F. Supp. 3d 1109 (S.D. Iowa 2019) ............................................... 5, 8

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) ....................... 11

*Mullenix v. Luna*, 577 U.S. 7 (2015) .................................................................................. 12

*Nelson v. Adams USA, Inc.,* 529 U.S. 460, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000) ............... 3

*Norton v. Intl. Harvester Corp.,* 627 F.2d 18 (7th Cir. 1980) ................................................ 5

*Onyiah v. St. Cloud State Univ.*, 5 F.4th 926 (8th Cir. 2021) ............................................... 11

*Pearson v. Callahan*, 555 U.S. 223 (2009) ......................................................................... 11

*Perez v. Does 1-10,* 931 F.3d 641 (8th Cir. 2019) ............................................................... 14

*Powell v. Johnson*, 405 F.3d 652 (8th Cir. 2005) ................................................................ 11

*Resendez v. Prance*, No. 3:16-CV-862-JVB-MGG, 2018 WL 3275615 (N.D. Ind. Jan. 26, 2018) ............................................................................................................................... 13

*Roberts v. City of Omaha*, 723 F.3d 966 (8th Cir. 2013) ...................................................... 11

*Rondigo, LLC v. Township of Richmond*, 641 F.3d 673 (6th Cir. 2011) ............................. 8, 12

*Sandoval v. Am. Bldg. Maint. Indus., Inc.,* 578 F.3d 787 (8th Cir. 2009) ................................ 4

*Saunders v. Thies*, 38 F.4th 701 (8th Cir. 2022) ....................................................11

*Schiavone v. Fortune,* 477 U.S. 21 (1986) ...............................................................3

*Schrader v. Royal Caribbean Cruise Line, Inc.,* 952 F.2d 1008 (8th Cir. 1991) ...........................3

*Shea v. Esensten*, 208 F.3d 712 (8th Cir. 2000) ...................................................3, 5

*Smith v. Paladino,* 317 F. Supp. 2d 884 (W.D. Ark. 2004) ...................................................4

*Snowden v. Hughes,* 321 U.S. 1 (1944)...............................................................14

*Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) ...........................................10

*Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014)..............................10

*White v. Pauly*, 580 U.S. 73, 137 S.Ct. 548 (2017).........................................13, 14

*Williams v. City of Burlington,* 516 F. Supp. 3d 851 (S.D. Iowa 2021) ..................................13

*Williams v. Mannis*, 889 F.3d 926 (8th Cir. 2018)...............................................11

## RULES

Fed. R. Civ. P. 15(c)(1)(B) ................................................................................3

Fed. R. Civ. P. 15(c)(1)(C).............................................................................3, 6

## I.   INTRODUCTION

Wallace moves to dismiss Counts II and III of the Second Amended Complaint ("SAC") against him for the reasons that (1) all of the § 1983 claims in Count III against Wallace are barred by the two-year statute of limitations; (2) none of the claims in Counts II or III against Wallace relate back to the date of the original Petition; (3) the § 1981 claims in Count II against Wallace by Wadley, Parker, Joly, and Cooper are time-barred by any applicable two-year or four-year statute of limitations; (4) the Plaintiffs fail to allege plausible claims in Counts II or III; (5) Mends and Simon do not allege any act against them by Wallace or that any act occurred within the two-year lookback period for the § 1983 claim in Count III; and (6) Wallace is entitled to qualified immunity on the § 1981 claims in Count II of Mends, Simon, and Foy because there was no clearly established precedent in 2013-2019 that made it clear to Wallace that he had violated § 1981. The Plaintiffs' novel and previously unrecognized theory that § 1981 makes coaches liable in their individual capacity for alleged racial discrimination absent a breach of the Plaintiffs' contracts with the University is an attempt to make new law. That attempt means that no clearly established rule existed at the time of Wallace's alleged infractions, and he is entitled to qualified immunity.

On November 12, 2020, Plaintiffs filed their Petition with the Iowa District Court for Polk County. The case was removed to this Court on December 1, 2020. [ECF No. 1]. On January 11, 2021, Plaintiffs filed their First Amended Complaint ("FAC"). [ECF No. 15]. The State Court Petition and FAC did not name Seth Wallace as a Defendant or mention his name. In its May 6, 2021 Ruling, the Court held that the proper limitations period of § 1983 claims is two years [ECF No. 31 p. 5], and that a four-year limitations period applied to Plaintiffs' § 1981 claims for breach of contract performance. [*Id.* at 7].

On August 19, 2022, Plaintiffs filed their SAC. [ECF No. 133]. Count II names Wallace as a Defendant to the § 1981 claims of seven Plaintiffs; Count III names Wallace as a Defendant to a new § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment on behalf of at least three Plaintiffs (Mends, Simon, and Foy) and it is unclear if the other four Plaintiffs (Cooper, Wadley, Parker, and Joly) assert claims under Count III.[1]

## II.     LEGAL STANDARD

### A.     Relation back of amendments adding new parties

The Court "may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Humphrey v. Eureka Gardens Pub. Facility Bd.,* 891 F.3d 1079, 1081 (8th Cir. 2018). All of the Plaintiffs' § 1983 claims and four Plaintiffs' § 1981 claims against Wallace are time-barred, as will be shown. None of the claims against Wallace relate back to the date of the original pleading because Plaintiffs made a choice rather than a mistake about not naming Wallace in the original pleading. Federal Rule of Civil Procedure 15(c)(1)(C) states:

**(c) Relation Back of Amendments.**

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

\* \* \*

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

---

[1]  The SAC Count III refers to Plaintiffs generally in ¶¶ 295 and 304-06 and to both Plaintiffs generally and to a subset of them, namely Mends, Simon, and Foy in ¶¶ 296-98. [ECF No. 133 pp. 63-65]. Defendants believe that only Mends, Simons and Foy make claims in Count III because of the two-year statute of limitations, but the SAC is unclear.

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) **knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

*See* Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). The Eighth Circuit has explained that Rule 15(c)(1)(C) allows an amendment to the named parties to relate back to the date of the original pleading when:

> (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; (2) the party to be brought in by the amendment ... received such notice of the action that it will not be prejudiced in defending on the merits; (3) that party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity; and (4) the second and third of these requirements were met within the period provided by Rule 4(m) for serving the summons and complaint.

*Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 897-98 (8th Cir. 2015) (citing Fed. R. Civ. P. 15(c)(1)(B) & (C)) (cleaned up); *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000); *McGonigle v. City of Dubuque*, No. C21-1006-LTS, 2022 WL 965397 (N.D. Iowa Mar. 30, 2022).

"[A] new defendant may be added to an action by amendment after the statute of limitations has expired if the defendant had adequate notice of the action and of the plaintiffs' mistake in failing to name the new defendant at the beginning." *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986); *Schrader v. Royal Caribbean Cruise Line, Inc.,* 952 F.2d 1008 (8th Cir. 1991). In *Shea,* the Eighth Circuit held that an amendment naming a new defendant could not relate back to the date of the original pleading because there was no mistake in the identity of the proper party, the plaintiff did not bring suit against any "wrong parties" in the sense of misnamed or wrongly named parties, and the plaintiff knew the identity of the defendant to be added but chose not to bring that defendant in the original suit. 208 F.3d at 720; *see, e.g., Nelson v. Adams USA, Inc.,* 529 U.S. 460, 467 n.1 (2000) (mistake of identity

3

essential element of Rule 15(c)(3) standard). Plaintiff fails to claim a mistake concerning the new defendants' identities and so the claims do not relate back to the original filing date. *Sandoval v. Am. Bldg. Maint. Indus., Inc.,* 578 F.3d 787, 792 (8th Cir. 2009) (affirming the district court's order holding the amendment was untimely and no mistake could cause the failure to a timely complaint when the plaintiffs were aware of the identity of the proposed defendant for nearly two months before the statute of limitations expired before filing the amended complaint). The same was true in *McGonigle,* 2022 WL 965397. *See also Smith v. Paladino,* 317 F. Supp. 2d 884, 888 (W.D. Ark. 2004) ("Plaintiffs failure to include Azbell as a defendant when she instituted this action was not due to a mistake in identifying the proper defendant; rather, Plaintiff simply chose not to include Azbell in her suit. This was an instance not of mistaken identity but of mistaken legal judgment... This is not the type of 'mistake' encompassed by Rule 15(c)'s relation-back provision." (citing *Arkin v. MedCenters Health Care, Inc.,* 1990 WL 608203, at *6 (D. Minn. Apr. 17, 1990) ("Where, as in this case, plaintiffs knew the identity of the proper party but did not sue that party as a matter of strategy or otherwise, the amended pleading will not be held to relate back to the date of the original pleading.")).

### B.     Pleading of plausible claims

The Supreme Court of the United States has provided the following guidance in considering whether a pleading properly states a claim: to survive a motion to dismiss, a complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted). This is a

4

context-specific inquiry, "requir[ing] the reviewing court to draw on its experience and common sense." *Id.* at 679. Furthermore, the court need not accept legal conclusions as true. *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Meyer v. Herndon,* 419 F. Supp. 3d 1109, 1118 (S.D. Iowa 2019) sets for the pleading requirements for § 1983 claims.

## III.   ARGUMENT

### A.   Plaintiffs' claims against Wallace do not relate back to the filing of the State Court Petition

There was no mistake here as to Plaintiffs naming a "wrong party," in the sense of a misnamed or wrongly named party, and absent such mistake there can be no relation back of claims against a new party to the time of the filing of the original petition. *Shea,* 208 F.3d at 720. Plaintiffs originally sued several Iowa football coaches whom they believed were liable and omitted Wallace. Plaintiffs knew the identity of Wallace but ignored him. Absent a mistake in the identity of Wallace as a proper party, the claims against him do not relate back to the filing of the original Petition under Rule 15(c). *Shea*, 208 F.3d at 720. Whether Wallace should have known he might have been sued is irrelevant, as there was no mistake of identity. *See In re Haugen Const. Servs., Inc.,* 1989 WL 1107884, at *2 (D.N.D. Mar. 24, 1989) ("In the absence of a mistake it is irrelevant whether the party to be substituted should have known that an action would be brought against it.") (citing *Norton v. Intl. Harvester Corp.,* 627 F.2d 18, 22 (7th Cir. 1980)); *see also Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996) (holding adding new parties after the statute of limitations has run as such amendments does not satisfy "the mistaken identity requirement" of Rule 15(c)). For this reason, Plaintiffs' §§ 1981 and 1983 claims against Wallace do not relate back.

Moreover, Wallace did not know within the time provided by Rule 4(m) for service of

the summons and complaint that he would have been named except for Plaintiffs' mistake, because there was no mistake. *McGonigle,* 2022 WL 965397 at *4-5; Fed. R. Civ. P. 15(c)(1)(C). For this reason, the claims do not relate back to the date of the original petition.

**B.    Plaintiffs Cooper's, Wadley's, Parker's, and Joly's § 1981 and § 1983 claims against Wallace are time-barred**

The Court held that the limitations period for § 1981 claims is four years and § 1983 claims is two years. [ECF No. 31 pp. 5 & 7]. The SAC alleges that Cooper left the Iowa football program in 2016 [ECF No. 133 ¶ 19], Wadley in 2017 [*id.* ¶ 15], Parker in 2016 [*id.* ¶ 16], and Joly in 2017 [*id.* ¶ 17]. The SAC was filed August 19, 2022, so no § 1981 claim against Wallace arising before August 19, 2018, is timely and no § 1983 claim against Wallace arising before August 19, 2020, is timely. None of these four Plaintiffs were even in the Iowa Football program at any time within the applicable time period of the statute of limitations for the claims they now try to assert in the SAC. Even if the date of the Motion to file the SAC of April 8, 2022 is used, all claims Cooper, Wadley, Parker, and Joly against Wallace are time-barred. *Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989). Wallace is entitled to dismissal of all claims of Cooper, Wadley, Parker, and Joly in Count II for § 1981 claims and Count III for § 1983 claims as time-barred by the applicable statute of limitations.

**C.    Plaintiffs Mends', Simon's, and Foy's § 1983 claims against Wallace are time-barred**

The SAC alleges that Mends left the Iowa football program in December 2018 [ECF No. 133 ¶ 18], Simon in January 2019 [*id.* ¶ 20], and Foy in January 2020 [*id.* ¶ 21]. No § 1983 claim arising before August 19, 2020, is timely. None of the seven plaintiffs were even in the Iowa Football Program as of August 19, 2020, so none of their § 1983 claims are

timely. Even if the date of the motion to file the SAC of April 8, 2022 is used, all § 1983 claims of Mends, Simon, Foy, and all Plaintiffs against Wallace are time barred because each plaintiff left the program more than two years before asserting their § 1983 claim against Wallace. Wallace is entitled to dismissal of all § 1983 claims of each Plaintiff.

> **D.   Plaintiffs Mends', Simon's, and Foy's § 1981 claims against Wallace fail to plead sufficient facts to survive a 12(b)(6) motion**

That leaves only Plaintiffs Mends', Joly's, and Foy's § 1981 contract performance claims against Wallace, which claims are not time barred under § 1658's four year statute of limitations. [ECF No. 31 p. 7]. However, their § 1981 claims fail to plead sufficient facts to survive a 12(b)(6) motion. To state a claim under § 1981, a plaintiff must allege "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009) (en banc). The protected activity must involve an impairment of a current or prospective "contractual relationship," as the statute "does not provide a general cause of action for race discrimination." *Id.* at 468.

None of Mends', Simon's, or Foy's specific allegations name Wallace or allege how he violated, breached, or impaired their contracts with the University. [ECF No. 133 ¶¶ 153-66, 216-23 & 224-30]. At the motion to dismiss stage, a plaintiff on a discrimination claim must state a plausible claim for violation of a constitutional right and that the right was clearly established. *Hager v. Arkansas Dep't of Health*, 739 F.3d 1009, 1013 (8th Cir. 2013). Hager's allegations that she was a victim of discrimination and was discharged as a result failed to raise her right to relief above a speculative level. *Id.* at 1014. The defendant must have fair notice of the claim against him and the grounds on which it is based. *Id.* Mends, Simon, and Foy do not plead any specific act of discrimination by Wallace directed at any

one of them. [ECF No. 133 ¶¶ 153-66, 216-33 & 224-30]. Mends, Simon and Foy do not plead that any act by Wallace resulted in any specific material adverse effect on their contract rights. Mends, Simon and Foy are silent as to any specifics as to how Wallace allegedly impaired their contracts.

In *Meyer,* 419 F. Supp. 3d at 1123-24, this Court stated: "Nor does Plaintiff plead factual allegations that would show [Defendant]… 'actually caused' Plaintiff's injuries." Mends, Simon and Foy fail to plead factual allegations that show how Wallace injured them. Each government official is only liable for his or her own conduct, *id.,* and there is no factual allegations showing how Wallace's conduct affected these three plaintiffs. Mends, Simon and Foy do not allege that Wallace breached their contracts with the University or caused a breach of their contracts with the University. Mends, Simon and Foy each make specific allegations about their participation in the Iowa Football Program, but each one of them omits to say anything specific directed at Wallace about an adverse contract impairment, contract breach, action directed at any one of the three plaintiffs, or other specifics against Wallace. The possibility of misconduct of Wallace directed at each of the three remaining plaintiffs—Mends, Simon, and Foy—is not enough to plead a plausible claim. *Iqbal*, 556 U.S. at 678-79; *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. They allege that Defendants impaired their contracts [ECF No. 133 ¶ 289], but this is just a conclusory recitation of the required element that is devoid of any factual enhancement as to how Wallace impaired their contracts. They allege that Defendants had the ability to impose

reprimands, punishments, and sanctions [*id.* ¶ 286] but provide no factual enhancement that Wallace ever did so, let alone how any reprimands, punishments or sanctions by Wallace breached their contracts with the University.

Having chosen to proceed under § 1981 because these Plaintiffs waited so long to complain against Wallace, they must plausibly allege that their § 1981 claims meet all the required elements—including a contract breach. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship…." *Id.* at 480. Section 1981 requires (1) an impaired 'contractual relationship' and (2) that the defendant's conduct impaired the contract. *Alston v. Spiegel*, 988 F.3d 564, 572-73 (1st Cir. 2021). Plaintiffs cannot just allege, as they do, that § 1981 is a general prohibition of racial discrimination in college athletics or merely recite the elements of the § 1981 claim, without factual enhancement as to how Wallace caused a breach of their contracts with the University. Section 1981 does not create a general cause of action against race discrimination or a code of civility for the workplace. *Gregory,* 565 F.3d at 468; *Ellis,* 742 F.3d at 328. To make a complaint actionable under § 1981, the conduct must involve the making or enforcement of a contract right, or the plaintiff must look to some other statute with a shorter statute of limitations. *Gregory,* 565 F.3d at 468-70. To make the alleged discrimination actionable under § 1981 "there must have been interference with a contract beyond the mere expectation of being treated without discrimination…." *Gregory,* 565 F.3d at 470 (the *Gregory* activity "while shopping" has been omitted from the quoted sentence and the omitted words could be substituted with "while participating in collegiate football" to complete the point for this case). The plaintiffs try to turn § 1981 into a general prohibition of anything allegedly racially discriminatory in a

college football program. Due to the plaintiffs' failure to plead that Wallace caused a breach of the Plaintiffs' contracts with the University, the Plaintiffs are not making a plausible claim that they are enforcing their contract rights under § 1981. Federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

While other federal discrimination statutes may not require a breach of contract, the Plaintiffs chose to proceed under § 1981 which requires a contract breach. Without a breach of their contracts, Plaintiffs' remedies, if any, would be under other federal statutes, except that all of the Plaintiffs are time barred against Wallace under any other federal statute.

There is another separate deficiency with Plaintiffs' § 1981 claims. Plaintiffs do not allege that Wallace had the capacity to make or enforce Plaintiffs' financial aid contracts. The First Circuit in *Alston* dismissed § 1981 claims against a defendant who had no authority over enforcement of the plaintiff's contract or any involvement that impacted that contract. 988 F.3d at 572-73. A claim for individual liability under § 1981 must demonstrate "some affirmative link to causally connect the actor with the discriminatory action.*" Allen v. Denver Pub. Sch. Bd.,* 928 F.2d 978, 983 (10th Cir. 1991). "A claim seeking personal liability under § 1981 must be predicated on the actor's personal involvement." *Id.*

As noted previously, Plaintiffs' SAC contains no allegations of specific actions taken by Wallace against any of the named Plaintiffs. Instead, Plaintiffs' allegations regarding Wallace are the sort of "naked assertions devoid of further factual enhancement" that is insufficient to survive dismissal. *Iqbal,* 556 U.S. at 678; *see also Gregory,* 565 F.3d at 469 n.6.

10

For these reasons, Plaintiff Mends, Simon, and Foy have failed to plead a plausible claim of §

1981 violation.

### E.    Wallace is entitled to qualified immunity

The Eighth Circuit has held that § 1983 is the exclusive vehicle for bringing § 1981

claims against state actors. *Artis v. Francis Howell N. Band Booster Ass'n*, 161 F.3d 1178, 1181

(8th Cir. 1998); *Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 932-33 (8th Cir. 2021) (Colloton,

J., concurring). To determine whether a state actor defendant is entitled to qualified

immunity on § 1983 claims, the Eighth Circuit asks: (1) whether his conduct violated a

constitutional or statutory right; and (2) whether the violated right was clearly established.

*Saunders v. Thies*, 38 F.4th 701, 710 (8th Cir. 2022); *Williams v. Mannis*, 889 F.3d 926, 932

(8th Cir. 2018); *Manning v. Cotton*, 862 F.3d 663, 668 (8th Cir. 2017) (citing *Borgman v. Kedley*,

646 F.3d 518, 522 (8th Cir. 2011)). In *Hager*, the Eighth Circuit stated:

> Under the doctrine of qualified immunity, a court must dismiss a complaint
> against a government official in his individual capacity that fails to state a
> claim for violation of "clearly established statutory or constitutional rights of
> which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S.
> 800, 818 (1982). *See also Iqbal*, 556 U.S. at 685; *Mitchell*, 472 U.S. at 526
> ("Unless the plaintiff's allegations state a claim of violation of clearly
> established law, a defendant pleading qualified immunity is entitled to
> dismissal before the commencement of discovery."). A court considers whether
> the plaintiff has stated a plausible claim for violation of a constitutional or
> statutory right and whether the right was clearly established at the time of the
> alleged infraction. *Powell*, 405 F.3d at 654–55. *See Pearson v. Callahan*, 555 U.S.
> 223, 236 (2009) ("[D]istrict courts and the courts of appeals should be
> permitted to exercise their sound discretion in deciding which of the two
> prongs of the qualified immunity analysis should be addressed first in light of
> the circumstances in the particular case at hand."). 735 F.3d at 1014-15.

The doctrine of qualified immunity requires an individualized analysis, *Roberts v. City

of Omaha*, 723 F.3d 966, 974 (8th Cir. 2013), because a person "may be held personally liable

for a constitutional violation only if his own conduct violated a clearly established

constitutional right." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 482 (8th Cir. 2010).

    The first prong of the qualified immunity analysis is whether Wallace violated § 1981. Plaintiffs fail to adequately plead a violation of § 1981 because they fail to allege plausibly that Wallace breached or caused a breach of their education contracts. In discussing qualified immunity, Judges Loken and Colloton in *Ellis* stated:

> This cause of action [§ 1983] is not "a general civility code for the workplace"… and in numerous cases we have concluded that some amount of race-related insults or derogatory comments does not create an actionable hostile work environment under either Title VII or § 1983.

742 F.3d at 328 (citations omitted). Judges Loken and Colloton explained that the determination of an individual's liability is "very different" from when a public employer is liable. *Id.* at 327-28. Accordingly the plaintiffs are required to prove that the defendant intended to alter the terms and conditions of the plaintiffs' employment contracts. *Id.* at 328.

    At the motion to dismiss stage, a plaintiff on a discrimination claim must state a plausible claim for violation of a constitutional right and that the right was clearly established. *Hager*, 739 F. 3d at 1013. The possibility of misconduct by Wallace directed at each of the three remaining plaintiffs—Mends, Simon, and Foy—is not enough to plead a plausible claim. *Iqbal,* 556 U.S. at 678; *Rondigo*, 641 F.3d at 684.

    The second prong of the qualified immunity analysis requires a clearly established right, which exists when "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Ellis*, 742 F.3d at 324 (alterations in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In *Resendez v. Prance*, No. 3:16-CV-862-JVB-MGG, 2018 WL 3275615 (N.D. Ind. Jan. 26, 2018), a college coach and two university officials were entitled to qualified immunity because plaintiff had not cited any analogous cases to show that a clearly established right exists for a college baseball player who is a member of a protected class to not be suspended from the team because of a verbal altercation with the coach. *Id.* at *5. In *Resendez,* the absence of clearly established precedent applicable to collegiate athletics resulted in qualified immunity for the coach who suspended a player and called him a "Mexican with a beard." *Id.* at *5-6.

The Supreme Court requires that "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 137 S.Ct. 548, 551 (2017). Section 1981 does not impose or create such a general cause of action for race discrimination, as both the U.S. Supreme Court in *Domino's Pizza* and the Eighth Circuit in *Gregory* have recognized. The precedents do not establish that § 1981 can be violated without some breach of a right to make and enforce a contract. No existing precedent would have advised Wallace during 2013-2018 that his alleged actions or words would have violated § 1981, on which statute his individual liability must be established. Absent such a precedent, Wallace is entitled to qualified immunity. *Williams v. City of Burlington,* 516 F. Supp. 3d 851, 868-69 (S.D. Iowa 2021).  The Plaintiffs are attempting to create new law and apply § 1981 to college athletic programs in ways that § 1981 has not been previously applied. The very attempt to make new law shows there was no clearly established precedent at the time of Wallace's alleged infractions during 2013-2018; accordingly, he is entitled to qualified immunity. Wallace is entitled to qualified immunity on the § 1981 claims against him unless "existing precedent must have placed his [violation of § 1981] beyond dispute." *White,* 137 S.

13

Ct. at 551. To the contrary, existing precedent makes clear that § 1981 is not violated without, at a minimum, Wallace personally targeting players with intentional racial discrimination that results in a breach of their contracts with the University. The allegations of Plaintiffs do not amount to any plausible claim of a statutory violation of § 1981 by Wallace.

### F.      Plaintiffs' § 1983 equal protection claims fail to state a plausible claim

Not only does the applicable two-year statute of limitations bar all plaintiffs § 1983 claims against Wallace, but also the claims are not sufficiently pleaded under *Twombly* and *Iqbal*. The Equal Protection Clause requires state actors to treat similarly situated persons alike. *American Family Ins. v. City of Minneapolis,* 836 F.3d 918, 921 (8th Cir. 2016). However, "treating similarly situated people differently is also 'not a denial of equal protection unless' the plaintiff shows it includes 'an element of intentional or purposeful discrimination.'" *Doe v. Board of Regents of Univ. of Nebraska,* 509 F. Supp. 3d 1133, 1143 (D. Neb. 2020) (citing *Batra v. Board of Regents of Univ. of Nebraska,* 79 F.3d 717, 721 (8th Cir. 1996)) (quoting *Snowden v. Hughes,* 321 U.S. 1, 8 (1944)). "The key requirement is that [plaintiff] allege and prove unlawful, purposeful discrimination by each defendant." *Id.* (quoting *Batra,* 79 F.3d at 723). In Count III of their SAC, Plaintiffs wholly fail to allege what Wallace did that was unlawful and purposeful discrimination against any individual plaintiff. Again, the specific allegations of Mends, Simon, and Foy fail to mention Wallace. [ECF No. 133 ¶¶ 153-66, 216-33, and 224-30]. In fact, many of the allegations in Count III are not even directed at Wallace but rather are general allegations relating to K. Ferentz. [*Id.* ¶¶ 295-306]. There is merely a recitation of the general elements of the § 1983 claim without any factual enhancement of what Wallace did that violated any equal protection rights of the three

14

plaintiffs. *See also Perez v. Does 1-10,* 931 F.3d 641, 646 (8th Cir. 2019) (concluding plaintiffs failed to plausibly plead a section 1983 claim where they failed to provide sufficient factual support that any particular defendant deprived plaintiffs of a constitutional right and made general allegations against defendants as a group).   In *Perez*, as here, the plaintiffs relied on non-specific conclusory allegations, failed to provide factual detail to support a plausible claim that any of the officers [here Wallace] deprived them of their rights, and no allegations tied any officer [here Wallace] to any wrongdoing.   *Id.*

### G.   Count III also fails to state a plausible claim by Mends or Simon under § 1983 because neither plaintiff alleges any act occurred within the two-year limitations period before the filing of the original Petition

In *Charleston v. McCarthy*, 926 F.3d 982, 989 (8th Cir. 2019), the Eighth Circuit held that a suspension that fell outside the applicable two-year limitations period for § 1983 cannot serve as a basis for a claim. Mends makes no allegation of any discrimination against him during the year 2018-2020. Mends played in 2015-2017 [ECF No. 133 ¶ 155], but suffered a season ending injury before the 2018 season. [*Id.* ¶ 160]. He alleges nothing in his specific allegations or in Count III as to any discriminatory act against him by any particular defendant, let alone Wallace, within the two-year period starting November 12, 2018. [*Id.* ¶¶ 152-66]. Mends left the program within weeks of November 12, 2018. [*Id.* ¶ 18]. Similarly, Simon committed to Iowa in 2015 and played from 2016-January 2019. [*Id.* ¶¶ 20 & 216]. Simon alleges nothing in his specific allegations or in Count III as to any discriminatory act against him by any particular defendant, let alone Wallace, within the two year period starting November 12, 2018. [*Id.* ¶¶ 216-23]. Simon left the program within a couple of months of November 12, 2018. [*Id.* ¶ 20]. Their failure to allege any discriminatory action within the two-year lookback period of their § 1983 claim means they have not pleaded a

plausible claim under *Iqbal*.

> **H.** **The applicable statute of limitations warrants reconsideration in view of two recent Court of Appeals decisions**

From an abundance of caution and respectful of the Court's ruling on the applicability of a four-year Statute of Limitations in § 1658, Defendant Wallace incorporates by reference the request and briefing in B. Ferentz's Motion for Summary Judgment [ECF 132 pp. 53-56] asking this Court to reconsider its Ruling on whether a four year or shorter statute of limitations applies to § 1983 cases asserting § 1981 performance claims against state actors. Recently, the Second Circuit, the Sixth Circuit, and many district courts have held that shorter state limitations apply to § 1981 performance claims brought under § 1983 against state actors, such as Wallace, instead of the four year statute of limitations of § 1658. *Duplan v. City of New York*, 888 F.3d 612, 620-21 (2d Cir. 2018); *McCormick v. Miami Univ.*, 693 F.3d 654, 660–61 (6th Cir. 2012). The discussion is briefed elsewhere and incorporated herein.

## IV.  CONCLUSION

Wallace is entitled to dismissal and entry of judgment in his favor on Counts II and III of the Second Amended Complaint against him and a ruling that he is entitled to qualified immunity for the reasons discussed in this Brief.

Dated: September 2, 2022     Respectfully submitted,

            */s/ Roger W. Stone*
            Roger W. Stone  AT0007519
            Jeffrey A. Stone  AT0008829
            Simmons Perrine Moyer Bergman PLC
            115 Third Street S.E., Suite 1200
            Cedar Rapids, IA 52401-1266
            Telephone: (319) 366-7641
            Facsimile: (319) 366-1917
            Email: rstone@spmblaw.com
               jstone@simmonsperrine.com
            *Attorneys for Defendants Kirk Ferentz, Brian*
            *Ferentz and Seth Wallace*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2022, I filed the foregoing with the Clerk of Court by using the ECF system which will send notification of such filing to the following:

Damario Solomon-Simmons
Kymberli J. Heckenkemper
Solomon Simmons Law, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

Christian Dennie
Barlow Garsek & Simon, LLP
920 Foch Street
Fort Worth, TX 76107
cdennie@bgsfirm.com

Beatriz Mate-Kodjo
BMK Law Firm, PLLC
1910 Washington St., Ste. 100
Pella, IA 50219
beatriz@mate-kodjo-law.com
*Attorneys for Plaintiffs*

Thomas J. Miller, Attorney General of Iowa
Jeffrey S. Thompson
Jeffrey C. Peterzalek
Christopher J. Deist
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, IA 50319
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
*Attorneys for Defendants*

/s/ Roger W. Stone