# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| AKRUM WADLEY, *et al.*, | ) |
|              Plaintiffs | ) Case No. 4:20-cv-00366-SMR-HCA |
| v. | ) **PLAINTIFFS' OPPOSED, IN PART, AND UNOPPOSED, IN PART, RULE 56(D) MOTION FOR CONTINUANCE AND REQUEST TO DEFER CONSIDERING BRIAN FERENTZ'S DISPOSITIVE MOTION AND BRIEF IN SUPPORT OR DENY IT** |
| UNIVERSITY OF IOWA, *et al.*, | ) |
|              Defendants. | ) |

Hearing Requested

Plaintiffs file *Plaintiffs' Opposed, in part, and Unopposed, in part, Rule 56(d) Motion for Continuance and Request to Defer Considering Brian Ferentz's Dispositive Motion and Brief in Support or Deny It and Request for Extension of Time to Respond* ("**Motion**") and respectfully show this Honorable Court as follows:

## I. BACKGROUND

1. Plaintiffs served their first set of discovery requests on Defendants on or about May 27, 2021. Included were requests for the following:

    a. "documents, including Electronic Information, evidencing correspondence and communications between Defendants and third-parties relating to the matters set forth in this Litigation." [Defs.' Resps. to Pltfs.' First Disc. Reqs. to Defs. (May 2021) (excerpts filed herewith as **Exhibit 1**), RFP No. 3].

    b. "documents, including Electronic Information, evidencing notes, summations, summaries, estimates, journal entries, file entries, notations or entries on a computer system, and/or calendar entries relating to Plaintiffs' claims in the Litigation." [**Ex. 1**, RFP No. 12].

    c. "documents, including Electronic Information, relating to allegations of mistreatment, verbal abuse, and bullying of Iowa football student-athletes by current and former employees of Iowa as referenced in the Law Firm Report." [**Ex. 1**, RFP No. 34].

1

d. "documents, including Electronic Information, evidencing written communications or recordings from June 1, 2020 to present, sent or received, by any of the following current or former Iowa employees…, contained one (1) or more of the keywords listed…, or one (1) or more of the names listed….:

Current/Former Employees:

- Gary Barta
- Bruce Harreld
- Kirk Ferentz
- Brian Ferentz
- Christopher Doyle
- Phil Parker
- Raimond Braithwaite
- Seth Wallace
- Broderick Binns
- Any other current or former University administrator, official, or employee over or within the football program.

Keywords

- Race
- Discrimination
- Harassment
- Twitter
- Tweet(s)
- Facebook post(s)
- Former player(s)
- Black (persons)
- African-American
- Black Lives Matter
- Police
- George Floyd
- Protest(s)
- "National Anthem"
- Kneeling
- Ghetto
- Hood
- Complaint
- Investigation
- Demand Letter
- Husch Blackwell
- Report
- Interview
- Demand Letter [sic]
- Lawsuit
- Settlement
- Racism
- "Blind Spot"
- Racial
- "Racially Charged"
- "Dropped the Ball"
- "Iowa Way"
- Dreadlocks
- Tattoos
- Dumbass
- Motherfucker
- "Gang banger"
- Gang
- Criminal
- "Nigger"
- "Meal Card"
- "Motherfucker" [sic]
- Gangster
- "Double Standard"

Names

2

- James Daniels
- Akrum Wadley
- Amani Hooker
- Jonathan Parker
- Amani Jones
- Laron Taylor
- Faith Ekakitie
- Mike Daniels
- Adam Gettis
- Dezman Moses
- Marcel Joly
- Brad Rogers
- Reggie Spearman
- Anthony Gair
- Jerminic Smith
- Jordan Lomax
- Albert Young
- Carl Davis
- Samson Evans
- Jayden McDonald
- Fabian Dodd
- Sean Draper
- Toran Young
- LeBron Daniel
- Dominique Dafney
- Tevaun Smith
- Jemire Roberts
- Tony Jackson
- George Lewis
- Greg Mabin
- Emmanuel "Manny" Rugamba
- Carl Davis
- Colin Sandeman
- Terrance Pryor
- Darian Cooper
- Cedric Boswell
- Aaron Mends
- Jaleel Johnson
- Jameer Outsey
- Terrance Harris
- Kevonte Martin-Manley
- Brandon Simon
- Diaunte Morrow
- Derrell Johnson-Koulianos
- Jack Kallenberger
- Marvin McNutt
- Andre Harris
- Matt Hankins
- Maurice Fleming
- Javon Foy
- D.J. Johnson
- Geno Stone
- Jovon Johnson
- Jordan Oladokun

[**Ex. 1**, RFP No. 36].

2.  After months of stonewalling, Plaintiffs filed a motion to compel [Doc. 79] asking the Court to order Defendants to produce all outstanding responsive documents.

3.  At the hearing on the motion to compel, counsel for Defendants, Mr. Jeff Peterzalek, represented to the Court:

> [Y]ou know, sometimes, Judge, sometimes the answer is, "We've given you everything we have," and no matter how many times the plaintiff proclaims, "We still want everything," it's been produced. And if there is any shortcomings, it will continue to be -- we will continue to supplement. So I don't really know what else we can do . . . I haven't heard anything today,

3

> other than what was in their initial brief, which is, We just want everything, and we want it now. As I started off the argument by stating, they have everything we have except for what is designated in privilege logs, and we'll continue to act in that way.

[Excerpts of Tr. of Hrg. on Mot. to Compel, 19:19-25, 20:1-11 (Mar. 11, 2022) (filed herewith as **Exhibit 2**)].

4. At the same hearing, the parties engaged in oral argument over Plaintiffs' motion to compel documents related to the Husch Blackwell investigation into allegations of racial disparities within the Iowa football program. [*See* Doc. 80].

5. Following the hearing, the Court ordered the Defendants to produce the documents relating to the Husch Blackwell investigation by July 11, 2022 and noted that it would order substantial completion of written discovery by a certain date, which the Court indicated would be addressed in a separate order on Plaintiffs' pending motion for extending deadlines. [*See* Docs. 116 & 117].

6. To date, the Court has not ordered the parties to substantially complete written discovery by a certain date.

7. However, the discovery cutoff is less than two (2) weeks away, Plaintiffs have not conducted depositions, and Defendants have known since January 2022 that Plaintiffs have been waiting until after they receive all the requested documents before conducting depositions.

8. When Defendants produced documents related to the Husch Blackwell investigation in accordance with the Court's order, a review of those documents revealed that Defendants had withheld documents the Court ordered them to produce.

9. On July 15, 2022, Plaintiffs asked Defendants' counsel to provide some dates and time frames they would be available to discuss issues regarding the Husch Blackwell production

4

and to work out dates for depositions. [*See* Email from K. Heckenkemper to J. Thompson, *et al.* (Jul. 15, 2022 9:50 A.M.) (filed herewith as **Exhibit 3-A**)].

11. When defense counsel did not respond, Plaintiffs' counsel sent a follow-up email on July 19, 2022. [Email from K. Heckenkemper to J. Thompson, *et al.* (Jul. 19, 2022 12:18 P.M.) (filed herewith as **Exhibit 3-B**)].

11. Later the same day, Mr. Jeff Peterzalek responded, asking Plaintiffs' counsel to identify the proposed deponents and to be more specific about what the issues with the production were so that they could prepare for a more productive conversation. [Email from J. Peterzalek to K. Heckenkemper, *et al.* (Jul. 19, 2022 5:08 P.M.) (filed herewith as **Exhibit 3-C**)].

12. Plaintiffs' counsel responded by advising defense counsel of the persons whom Plaintiffs wished to depose, including Brian Ferentz, and explaining that documents produced in the Husch Blackwell production as well as documents produced by third parties referenced other documents that were responsive to Plaintiffs' requests but had not been produced. [Email from K. Heckenkemper to J. Peterzalek, *et al.* (Jul. 22, 2022 5:29 P.M.) (filed herewith as **Exhibit 3-D**)]. In the email, Plaintiffs' counsel again reiterated their request that defense counsel provide dates and times for a conference, noting "We're trying to take care of these things as expeditiously as possible to avoid further delays in this matter or a need to request another discovery deadline extension . . . ." *Id.*

13. Plaintiffs' counsel never received a response to this July 22 email, and Defendants' counsel never proposed dates for a conference or for depositions.

14. On August 11, 2022, Mr. Roger Stone, counsel for Defendant Brian Ferentz, sent an email to Plaintiffs' counsel advising that they would be filing a motion for summary judgment on

Mr. Ferentz's behalf on August 15, 2022. [Email from R. Stone to B. Mate-Kodjo, *et al.* (Aug. 11, 2022 1:53 P.M.) (filed herewith as **Exhibit 3-E**)].

15.     On August 2, 2022, Defendants provided Plaintiffs with text messages of Brian Ferentz (albeit not even 3 pages of them). Fourteen more pages of Brian Ferentz's text messages were produced on August 12, 2022. [*See* Text Messages (filed herewith as **Exhibit 4**)].

16.     In one of the text messages, which is from June 2020, a specific reference is made to James Daniels [*See* **Ex. 4**, p. 10], whose name was among those listed in request # 3 of Plaintiffs' First Request for Production of Documents ("**RFP**") to Defendants [*see* **Ex. 1**, RPF No. 36].

17.     Some of these text messages, which were clearly responsive to requests made back in May 2021 to all Defendants, were finally produced in response to a subsequent discovery request made specifically to Brian Ferentz in June 2022. [*See* Def. Brian Ferentz's Resps. to Pltfs.' 1st RFPs to Def. Brian Ferentz (Jul. 1, 2022) (filed herewith as **Exhibit 5**)]. Judging from this production, it became clear that Defendants did not make a reasonable inquiry into text messages of the Defendants and their agents in responding to Plaintiffs' May 2021 discovery requests.[1]

## II.     LEGAL STANDARD

18.     Federal Rule of Civil Procedure 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

---

[1] This is bolstered by the fact that defense counsel represented to the Court at the August 18, 2022 status conference that Brian Ferentz's cell phones had not been searched for responsive text messages until July 2022.

Fed. R. Civ. P. 56(d). "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049 (8th Cir. 2012), *quoting Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999). "Nonmovants may request a continuance under Rule 56([d]) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Id.* at 1050, *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

19. "To obtain a Rule 56([d]) continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010), *quoting Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993). "Although discovery need not be complete before a case is dismissed ..., Rule 56(d) allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). To warrant time for additional discovery under Rule 56(d), Plaintiffs must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary

judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quotation omitted).

### III.     ARGUMENT

20.     On August 18, 2022, Defendant Brian Ferentz filed *Brian Ferentz's Motion for Summary Judgment and Partial Summary Judgment regarding Section 1981 Claims* [Doc. 128] ("**Summary Judgment**") and, on August, 19, 2022, Defendant Brian Ferentz filed his *Brief in Support of Brian Ferentz's Motion for Summary Judgment regarding Section 1981 Claims* [Doc. 132] ("**Summary Judgment Brief**").   Brian Ferentz is a key defendant in this matter who has direct allegations asserted against him for his overt conduct including, among others, referring to an African-American athlete as a "black dumbass" and "dumbass black player", and referring to another African-American athlete as looking like he is going to "rob a liquor store."  In what appears to be a public relations move in advance of the 2022 college football season, Defendant Brian Ferentz prematurely filed the *Summary Judgment* and *Summary Judgment Brief* after evading document production and depositions for nearly a year.  Discovery remains outstanding as to Brian Ferentz as to both document requests and his deposition testimony.  In accordance with Rule 56(d) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that this Honorable Court grant the *Motion* and defer considering the motion or deny it, allow time for Plaintiffs to obtain necessary discovery, or issue other appropriate orders.

21.     Well before the filing of the *Summary Judgment* and *Summary Judgment Brief*, on July 15, 2022, Plaintiffs' requested the opportunity to depose Defendant Brian Ferentz.  *See* **Exs. 3-A, 3-B, & 3-D.**  As has been widely and thoroughly discussed in multiple status conferences before this Honorable Court, Defendants' counsel did not respond to Plaintiffs' attempts to obtain deposition dates for Defendants, including Brian Ferentz, and other key witnesses.  Rather than

requiring Brian Ferentz to give testimony under oath and respond to, among other things, why he referred to Plaintiff Jonathan Parker as a "black dumbass", Defendant Brian Ferentz attempts to hide and prematurely moved for dismissal through the *Summary Judgment* and *Summary Judgment Brief*. This set of circumstances is precisely why Rule 56(d) of the Federal Rules of Civil Procedure was created.

22. Defendant Brian Ferentz's *Summary Judgment* and *Summary Judgment Brief* is largely supported by his forty (40) page affidavit. [*See* Doc. 128-2, App. 320-359]. Although Defendant Brian Ferentz's affidavit is highly objectionable and contains numerous legal conclusions, Defendant Brian Ferentz, through his counsel's drafting, addresses disputed facts and concludes that he did no wrong. [*See* Doc. 128-2, App. 358 (stating a legal conclusion such as "I knew of no clearly established right of Plaintiffs that was violated by me at any time.")]. Through his forty (40) pages of affidavit testimony, Defendant Brian Ferentz attempts to address every fact and disputed issue in this case. In fact, a large portion of Defendant Brian Ferentz's statement of "undisputed" facts is supported *only* by his own affidavit testimony. One of Plaintiffs' key accusations expressly addressing Defendant Brian Ferentz's nefarious and ill-advised conduct is that he alleged that Plaintiff Akrum Wadley looked like he was going to rob a liquor store. In response, in Defendant Brian Ferentz's affidavit, Brian Ferentz stated "I deny that I asked Wadley if he were going to rob a liquor store, gas station, bank, or any other place." [*See* Doc. 128-2, App. 355]. In yet another incident involving Defendant Brian Ferentz, Plaintiff Jonathan Parker alleged that Brian Ferentz called him a "black dumbass", but, in his affidavit, Defendant Brian Ferentz testified "I deny that I called Parker a "black dumb ass." [*See* Doc. 128-2, App. 343]. These are only two (2) examples of the many, many assertions lodged and addressed in Defendant Brian Ferentz's affidavit that he must address in a deposition taken under oath

9

and subject to cross examination rather than permitting Defendant Brian Ferentz to hide behind the words drafted by his legal counsel. Defendants cannot be afforded the opportunity to refuse to respond to requests to depose witnesses, including Brian Ferentz, and then seek summary judgment in a case involving conduct that this Honorable Court has referred to as "vile". [Doc. 31 (referring to allegations made in this lawsuit as "searing" and contain "vile racial epithets")]. It is imperative that Plaintiffs are given the opportunity to depose Defendant Brian Ferentz before his *Summary Judgment* and *Summary Judgment Brief* are considered and ruled upon by this Honorable Court.

23. By his affidavit, Defendant Brian Ferentz makes a slew of statements supported *only* by his own testimony and that would be either confirmed or disproved by further document production and cross-examination under oath. A few examples, and *not at all* an exhaustive list, are as follows:

> A. For example, the affidavit states, "I know of no document, email, text message, letter, or writing accusing me of racial epithets, slurs, discrimination, or harassment written before June 2020." Given that Plaintiffs are still awaiting production of documents and that defense counsel has not even reviewed all responsive emails and text messages, Plaintiffs have not had the opportunity to obtain discovery to rebut this statement and others like it. [Doc. 131-2, ¶ 12].
>
> B. Defendant Brian Ferentz also states, "I had no communication, contact, or conversation about [Darian] Cooper's prospect of playing professional football with anyone, any coach, any team, or any NFL professional scout, and I did nothing to affect Cooper's opportunity." [Doc. 131-2, ¶ 38]. Again, considering that responsive communications of Defendant Brian Ferentz are still outstanding,

>> Plaintiffs do not have the discovery needed to rebut this statement.
>
> C. Another statement in Defendant Brian Ferentz's affidavit states, "I did not make any decisions regarding [Aaron Mends's] injuries, playing time, health, practice, game participation, reprimands, punishments or sanctions, use of facilities, schedule, or any other decision regarding Mends' participation in football." [Doc. 131-2, ¶ 50]. Given Defendant Brian Ferentz's close familial relationship to Head Coach and Defendant Kirk Ferentz, cross-examination on the extent of the influence the former had on the latter's ultimate decisions is necessary.

24. Plaintiffs have already received some text messages from and received by Defendant Brian Ferentz -- one of which refers to the NFL's Rooney Rule as "racist".[2] [*See* **Ex. 4**, p. 1]. Plaintiffs, and as represented by Defendants' counsel to this Honorable Court in a status conference, have learned that Defendant Brian Ferentz has multiple cell phones. Some of which have not yet been reviewed by Defendants' counsel and, thus, have not been produced to Plaintiffs for review and use in response to the *Summary Judgment* and *Summary Judgment Brief*. Review of

---

[2] The NFL's Rooney Rule requires NFL clubs to interview diverse candidates for open coaching positions. The NFL explains the Rooney Rule as follows:

> The Rooney Rule encourages hiring best practices to foster and provide opportunity to diverse leadership throughout the NFL.
>
> The Rooney Rule is one part of the NFL's effort to develop a deep, sustainable talent pool at all levels of the organization. The policy promotes diverse leadership among NFL clubs to ensure that promising candidates have the opportunity to prove they have the necessary skills and qualifications to excel.
>
> Through hiring best practices, the Rooney Rule aims to increase the number of minorities hired in head coach, general manager, and executive positions. This diversity enriches the game and creates a more effective, quality organization from top to bottom.

*See* https://operations.nfl.com/inside-football-ops/diversity-inclusion/the-rooney-rule/ (last visited Sept. 2, 2022).

these text messages (and other responsive documents) is imperative and necessary to respond to the *Summary Judgment* and *Summary Judgment Brief.* Defendants' counsel has indicated such documents will be produced within the next thirty (30) days.

25. Deposing Defendant Brian Ferentz is critical, as some of the discriminatory conduct Plaintiffs allege in this lawsuit is not facially discriminatory, but rather demonstrates racial discrimination when considered within the context in which it occurred. For example, Plaintiff Aaron Mends testified that Defendant Brian Ferentz would take every opportunity to bully him and other Black players and that Brian Ferentz did not act similarly with white players. This sort of conduct is not addressed in Brian Ferentz's affidavit, except for conclusory statements like, "I did not racially discriminate against or harass Mends . . . ." [Doc. 131-2, ¶ 44]. Accordingly, cross-examination on these conclusory statements is necessary to rebut Brian Ferentz's conclusory, self-serving statements.

26. Counsel for Plaintiffs and counsel for Defendants conferred on the *Motion*, but were unable to reach an agreement as to seeking and obtaining additional discovery prior to filing a response to the *Summary Judgment* and *Summary Judgment Brief.* **To the extent that this Honorable Court does not grant this *Motion* or does not rule on this *Motion* prior to the response date, the parties have agreed to permit Plaintiffs an extension in time to respond to the *Summary Judgment* and *Summary Judgment Brief.* Subject to a ruling on this *Motion*, the parties have agreed that Plaintiffs' response to the *Summary Judgment* and *Summary Judgment Brief* shall be due on September 23, 2022.**

### IV. Conclusion

25. Plaintiffs respectfully request that this Honorable Court grant the *Motion*. By and through this *Motion* and the attached exhibits, including the *Declaration of Kymberli J. M.*

*Heckenkemper* (filed herewith as **Exhibit 6**), Plaintiffs have established that they cannot present facts essential to justify opposition to the *Summary Judgment* and *Summary Judgment Brief* filed by Defendant Brian Ferentz.  Accordingly, Plaintiffs respectfully request that this Honorable Court defer considering the *Summary Judgment* and *Summary Judgment Brief* or deny the relief requested by Defendant Brian Ferentz, allow Plaintiffs to obtain production of documents from Defendant Brian Ferentz and take Defendant Brian Ferentz's deposition, or issue any other appropriate order.

### V.     Prayer

WHEREFORE, premises considered, Plaintiffs respectfully request that this Honorable Court grant the *Motion.*  Plaintiffs further respectfully request that this Honorable Court defer considering the *Summary Judgment* and *Summary Judgment Brief* or deny the relief requested by Defendant Brian Ferentz, allow Plaintiffs to obtain production of records from Defendant Brian Ferentz and take Defendant Brian Ferentz's deposition, or issue any other appropriate order.  Plaintiffs further respectfully request that this Honorable Court grant the parties' agreement to allow Plaintiffs to respond to the *Summary Judgment* and *Summary Judgment Brief* by September 23, 2022 subject to this Honorable Court otherwise granting the *Motion.*  Plaintiffs further pray for all and such other relief to which they may be entitled in law or equity.

        Respectfully submitted,

        **SOLOMON SIMMONS LAW, PLLC**

        */s/Kymberli J. M. Heckenkemper*
        Damario Solomon-Simmons, OBA # 20340
        Kymberli J. M. Heckenkemper, OBA # 33524
        601 S. Boulder Ave., Ste. 600
        Tulsa, OK 74119
        (918) 551-8999 – Office
        (918) 582-6106 – Fax
        dss@solomonsimmons.com

        kheckenkemper@solomonsimmons.com

        **FOX ROTHSCHILD, LLP**
        Christian S. Dennie, TX Bar # 24045775
        Saint Ann Court
        2501 N Harwood Street, Suite 1800
        Dallas, TX 75201
        (214) 231-5745 – Direct
        (972) 404-0516 – Fax
        cdennie@foxrothschild.com

        **BMK LAW FIRM, PLLC**
        Beatriz Mate-Kodjo, AT0012331
        1910 Washington St., Ste. 100
        Pella, IA 50219
        Phone: (641) 450-1668
        Fax:   (641) 847-7968
        beatriz@mate-kodjo-law.com

        ***Attorneys for Plaintiffs***

## CERTIFICATE OF CONFERENCE

On September 1, 2022, the undersigned discussed the filing of the *Motion* with counsel for Defendants, Jeff Thompson, via telephone call and email. Mr. Thompson confirmed Defendants have no objection to a extending the time to respond to the *Summary Judgment* and *Summary Judgment Brief* to September 23, 2022, but are opposed to the Rule 56(d) request for continuance. Therefore, this *Motion* is submitted to this Honorable Court for determination.

         /s/ Christian Dennie
        Christian Dennie, *Counsel for Plaintiffs*