IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; and CHRISTOPHER DOYLE<br><br>    Defendants. | Case No. 4:20-cv-366<br><br><br><br><br>**DEFENDANT CHRISTOPHER DOYLE'S MOTION FOR SUMMARY JUDGMENT** |

**COMES NOW**, Defendant Christopher Doyle and, pursuant to Federal Rule of Civil Procedure 56(a), moves this Court to grant summary judgment in his favor on Plaintiffs' remaining claims against him, as contained in Plaintiffs' First Amended Complaint. In support of his motion, Defendants state the following:

1. On November 12, 2020, Plaintiffs filed their original petition in the Iowa District Court for Polk County, Case No. LACL149143.

2. On December 1, 2020, Defendants removed the case to this Court.

3. On January 13, 2021, Plaintiffs filed their First Amended Complaint ("FAC"). (Doc. 15),

4. Plaintiffs' FAC asserted eight claims:

    a. Count I asserted a claim of a hostile educational environment in violation of 42 U.S.C. § 2000d ("Title VI") against the University and Regents on behalf of Plaintiffs Aaron Mends, Brandon Simon, and Javon Foy.

    b. Count II asserted a claim of retaliation in violation of Title VI against the University and Regents on behalf of Plaintiff Mends.

    c. Count III asserted a claim of systematic pattern and practice discrimination in violation of Title VI against the University and Regents on behalf of Plaintiffs Mends, Simon, and Foy.

    d. Count IV asserted a claim under 42 U.S.C. § 1983 for deprivation of rights under 42 U.S.C. § 1981 against Defendants Gary Barta, Kirk Ferentz ("K. Ferentz"), Brian Ferentz ("B. Ferentz"), and Christopher Doyle on behalf of Plaintiffs Akrum Wadley, Jonathan Parker, Marcel Joly, Mends, Simon, and Foy.

    e. Count V asserted a § 1983 claim for conspiracy to deprive equal protection in violation of 42 U.S.C. § 1985 against Defendants K. Ferentz, B. Ferentz, Barta, Doyle, and Raimond Braithwaite on behalf of all Plaintiffs.

    f. Count VI asserted a second § 1985 conspiracy claim against K. Ferentz, B. Ferentz, and Doyle on behalf of Plaintiffs Mends, Simon, and Foy.

    g. Count VII asserted a claim of failure to train and supervise in violation of § 1983 against Defendants K. Ferentz and Barta on behalf of Plaintiffs Mends, Simon, and Foy.

    h. Finally, Count VIII asserted a state breach of contract claim against the University, Regents, and Defendants Barta, K. Ferentz, B. Ferentz, and Doyle on behalf of all Plaintiffs.

5. On May 6, 2021, the Court granted in part and denied in part Defendants' Motion to Dismiss the FAC. (Doc. 31). Specifically, the Court dismissed Counts II-III, V-VIII in their entirety, dismissed Defendants Barta, K. Ferentz, and Braithwaite as named defendants for all claims,

and dismissed all claims raised by Plaintiffs Maurice Fleming, Reggie Spearman, Kevonte Martin-Manley, Laron Taylor, and Terrence Harris.

6. On June 7, 2021, Defendants filed their Answer to the remainder of Plaintiffs' FAC (Doc. 45), and the parties proceeded with discovery, including the production of thousands of pages of documents and the depositions of all seven remaining Plaintiffs.

7. On April 8, 2022, Plaintiffs filed their Motion to Amend First Amended Complaint, seeking to file their Second Amended Complaint ("SAC"). (Doc. 101, 101-3).

8. On April 22, 2022, Defendants filed their Resistance to the Motion to Amend (Doc. 103), in response to which Plaintiffs did not file a reply brief.

9. On August 17, 2022, the Court granted Plaintiffs' Motion to Amend. (Doc. 123).

10. Plaintiffs' SAC raises two claims against Doyle:

    a. Count II reasserts Plaintiffs' § 1981 claim previously contained in Count IV of the FAC; and

    b. Count III asserts a claim under § 1983 for violation Plaintiffs Mends, Simon, and Foy's rights under the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

11. Plaintiffs' claims fail as a matter of law for several reasons.

12. First, several of Plaintiffs' claims are time-barred by the applicable statute of limitations.

    a. Specifically, in light of new case law, the Court should apply a two-year limitations period for Plaintiffs' § 1981 claims, and therefore, the § 1981 claims of Plaintiffs Wadley, Parker, Cooper, and Joly are time-barred.

    b. Additionally, regardless of whether the Court uses a two- or four-year limitations period to Count II, Plaintiff Cooper is time-barred, as he left the University of Iowa

       football program and the University itself before November 2016, and alleges no discriminatory conduct against him by Defendants within the look-back period.

    c. Finally, the § 1983 equal protection claims of Plaintiffs Mends, Simon, and Foy are limited only to alleged incidents or conduct that occurred after November 12, 2018, and because Plaintiff Simon does not allege any specific actions after that date, his claim is time-barred.

13. Second, Count II fails as a matter of law because Plaintiffs cannot point to any contractual term or right that was impeded or breached by Doyle, nor that he impeded or breached any such contractual rights because of Plaintiffs' race.

14. Third, Count III fails as a matter of law because Plaintiffs cannot properly identify any similarly situated comparators to demonstrate that Doyle disparately treated them on the basis of their race.

15. Finally, Doyle is entitled to qualified immunity on Plaintiffs' claims.

    **WHEREFORE**, for these reasons and those discussed in greater detail in the attached brief and supported by the attached statement of undisputed material facts and appendix, Defendant Christopher Doyle respectfully requests the Court dismiss Plaintiffs' claims against him in their entirety.

Respectfully submitted,

THOMAS J. MILLER
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
ATTORNEYS FOR DEFENDANT DOYLE

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on September 12, 2022:

☐ U.S. Mail  ☐ FAX
☐ Hand Delivery  ☐ Overnight Courier
☐ Federal Express  ☐ Other
☒ CM/ECF

Signature: */s/ Audra Jobst*