IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| AKRUM WADLEY, *et al.*, | ) |
| | ) Case No. 4:20-cv-00366-SMR-HCA |
| Plaintiffs | ) |
| | ) **PLAINTIFFS' REPLY IN SUPPORT OF** |
| v. | ) **PLAINTIFFS' OPPOSED, IN PART, AND** |
| | ) **UNOPPOSED, IN PART, RULE 56(D)** |
| UNIVERSITY OF IOWA, *et al.*, | ) **MOTION FOR CONTINUANCE AND** |
| | ) **REQUEST TO DEFER CONSIDERING BRIAN** |
| Defendants. | ) **FERENTZ'S DISPOSITIVE MOTION AND** |
| | ) **BRIEF IN SUPPORT OR DENY IT** |
| | ) |
| | ) Hearing Requested |

Plaintiffs file *Plaintiffs' Reply in Support of Plaintiffs' Opposed, in Part, and Unopposed, in Part, Rule 56(d) Motion for Continuance and Request to Defer Considering Brian Ferentz's Dispositive Motion and Brief in Support or Deny It and Request for Extension of Time to Respond* and respectfully show this Honorable Court as follows:

1.  Plaintiffs file this brief Reply to address inaccurate and misleading assertions set forth in *Defendant Brian Ferentz's Resistance to Plaintiffs' Rule 56(d) Motion for Continuance and Request to Defer Considering Brian Ferentz's Dispositive Motion and Brief in Support or Deny it* [Dkt. 149] ("**Response**"), and to update the Court on pending discovery that will be relevant to Plaintiffs' resistance to Defendant Brian Ferentz's summary judgment motion.

2.  First, in the *Response*, Defendant Brian Ferentz asserts that he provided a slew of deposition opportunities, but fails to provide any frame of reference. As this Honorable Court is well aware, Defendant Brian Ferentz (and the other Defendants) have attempted to hide from discovery. This includes having successfully persuaded the Court to quash the October 18, 2021 deposition of Defendant Brian Ferentz (noticed on September 17, 2021) because of the Iowa football season. [*See* Dkts. 51, 55-57]. This also includes withholding from Plaintiffs documents

related to the investigation conducted by Husch Blackwell. On June 24, 2022, this Honorable Court ordered Defendants to produce the documents from Husch Blackwell. [Dkt. 117]. Plaintiffs nevertheless had to obtain documents that Defendants failed to produce from Husch Blackwell via subpoena. Plaintiffs sought to obtain deposition dates just over one week after Defendants produced some of the Husch Blackwell documents in July 2022. As the *Response* shows, Defendant Brian Ferentz did not provide any available dates after these requests were made by Plaintiffs.

3. Second, on page 6 of the *Response*, Defendant Brian Ferentz asserts that he produced all of his text messages from both of his cell phones in August 2022. Yet this is contrary to what Defendant Brian Ferentz's counsel told this Honorable Court less than a month ago during a status conference. Despite being requested in March 2021, Defendants have not yet produced all responsive text messages. In fact, Defendants confirmed just prior to the last status conference with this Honorable Court that *they had not yet even reviewed* all of the cell phones containing potentially responsive text messages and other data and information.

4. Defendants now have indicated all responsive text messages will be provided by the end of September 2022 (18 months after they were initially requested). Plaintiffs cannot fully respond to the pending summary judgment motion until these text messages are produced and Plaintiffs' counsel has had the opportunity to review them and question individuals, including Defendant Brian Ferentz, under oath about their contents. Defense counsel has advised that these documents will be produced within just one week *after* the date of the deadline to which the parties agreed to extend Plaintiffs' time to respond to Defendant Brian Ferentz's motion for summary judgment.

5. Further, Defendants' counsel just recently proposed potential dates for depositions,

and the parties are currently working to set depositions for several of Defendants' witnesses, including Defendant Brian Ferentz, the week of October 10, 2022 (*i.e.,* the Iowa football bye week).[1] *See Exhibit 1.*

6.  At a minimum, then, a Rule 56(d) continuance of Plaintiffs' resistance to the pending summary judgment motion should be granted to allow Plaintiffs to include in their resistance to the summary judgment motion evidence from these text messages and from the deposition of Defendant Brian Ferentz and other Defendants. If Plaintiffs are required to file their resistance prior to this discovery (as the briefing schedule currently stands), Plaintiffs will then be in a position of having to file an amended or supplemental resistance to include the pertinent information revealed in this discovery. Alternatively, if the Court were to consider the summary judgment motion solely on the record created for the Court prior to this additional discovery, Plaintiffs may have to seek reconsideration based on this additional evidence discovered after the summary judgment briefing was complete. The inefficiency of such a process is obvious.

7.  Third, Rule 56(d) of the Federal Rules of Civil Procedure does not require Plaintiffs to address every single possible fact that could be obtained during a deposition. Defendant Brian Ferentz's deposition will address numerous facts and issues as to all Plaintiffs and will certainly address the self-serving statements and assertions contained within his forty (40) page declaration filed in support of his dispositive motion.

8.  Fourth, Plaintiffs will address Defendant Brian Ferentz's qualified immunity arguments by separate response in response to the *Motion to Stay Discovery Pending Court's*

---

[1] These dates were proposed by the attorneys from the AG's office who are representing Defendants, including Defendant Brian Ferentz. However, it is unclear to Plaintiffs' counsel if Defendant Brian Ferentz's other counsel, Mr. Stone, will allow Defendant Brian Ferentz to appear for deposition during the week proposed by the AG's office.

*Determination of Qualified Immunity* [Dkt. 150]. But Defendant Brian Ferentz's deposition and other discovery is necessary to develop facts essential for Plaintiffs to respond to his lengthy dispositive motion, including his qualified immunity arguments, that Defendant Brian Ferentz strategically filed while he was refusing to provide deposition dates and withholding responsive documents including text messages. Defendant is not immune from discovery relating to facts that bear specifically on the merits of the claims against him and in particular on the question of qualified immunity itself.

9. Additionally, Defendant Brian Ferentz's "immune from discovery" arguments ring hollow. As referenced above, when Plaintiffs in September of last year noticed depositions of Iowa football coaches, including Defendant Brian Ferentz, for October 2021, Defendants resisted that discovery because of their football obligations, not because they were allegedly immune from discovery as Defendant Brian Ferentz now claims. This Honorable Court allowed the coaches to postpone their depositions, but it was clear to all involved that discovery from Defendant Brian Ferentz, including a deposition, was a necessary part of this case.

10. While those depositions were held in abeyance in accommodation of football season, Defendant Brian Ferentz nevertheless himself engaged in extensive discovery towards Plaintiffs, including propounding written discovery and deposing Plaintiffs.[2] Having participated offensively in discovery and now used that discovery from Plaintiffs to support this premature summary judgment motion, Defendant Brian Ferentz should not now be allowed to defensively avoid the discovery necessary for Plaintiffs to resist that same motion.[3]

---

[2] These depositions were noticed and taken by Mr. Roger Stone, who, at the time, had entered his appearance *only* on behalf of Brian Ferentz.
[3] Regardless of whether Defendant Brian Ferentz has qualified immunity for the claims against him (he does not) he is nevertheless a key witness relating to Plaintiffs' allegations against other

## Prayer

WHEREFORE, premises considered, Plaintiffs respectfully request that this Honorable Court grant the *Motion*. Plaintiffs further respectfully request that this Honorable Court defer considering the *Summary Judgment* and *Summary Judgment Brief* or deny the relief requested by Defendant Brian Ferentz, allow Plaintiffs to obtain production of records from Defendant Brian Ferentz and take Defendant Brian Ferentz's deposition, or issue any other appropriate order.

In the event the Court is inclined to deny *Plaintiffs' Rule 56(d) Motion for Continuance and Request to Defer Considering Brian Ferentz's Dispositive Motion and Brief in Support or Deny It*, Plaintiffs request that this Honorable Court grant the parties' agreement to allow Plaintiffs to respond to the *Summary Judgment* and *Summary Judgment Brief* by September 23, 2022. Plaintiffs further pray for all and such other relief to which they may be entitled in law or equity.

Respectfully submitted,

**SOLOMON SIMMONS LAW, PLLC**
Damario Solomon-Simmons, OBA # 20340
Kymberli J. M. Heckenkemper, OBA # 33524
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
(918) 551-8999 – Office
(918) 582-6106 – Fax
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

---

Defendants. Thus, he necessarily will be deposed and provide other factual information and materials in this case, and the argument that he can and should be relieved of the burden of discovery based on qualified immunity is misplaced. Absent resolution of this matter in full, there is no scenario in which Defendant Brian Ferentz will not need to be deposed and produce relevant documents and other materials.

/s/Christian Dennie
**FOX ROTHSCHILD, LLP**
Christian Dennie, TX Bar # 24045775
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5745 – Direct
(972) 404-0516 – Fax
cdennie@foxrothschild.com

**BMK LAW FIRM, PLLC**
Beatriz Mate-Kodjo, AT0012331
1910 Washington St., Ste. 100
Pella, IA 50219
(641) 450-1668  -- Phone
(641) 847-7968 -- Fax
beatriz@mate-kodjo-law.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on September 20, 2022, I served the foregoing *Plaintiffs' Reply in Support of Plaintiffs' Opposed, in Part, and Unopposed, in Part, Rule 56(d) Motion for Continuance and Request to Defer Considering Brian Ferentz's Dispositive Motion and Brief in Support or Deny It* on Defendants' attorneys of record by the court's ECF electronic filing system.

 /s/ Christian Dennie
Christian Dennie, *Counsel for Plaintiff*