## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| AKRUM WADLEY, *et al.*, | ) | |
| | ) | Case No. 4:20-cv-00366-SMR-HCA |
| Plaintiffs | ) | |
| | ) | **PLAINTIFFS' MOTION FOR** |
| v. | ) | **EXTENSION OF DEADLINE TO** |
| | ) | **FILE RESISTANCE TO** |
| UNIVERSITY OF IOWA, *et al.*, | ) | **DEFENDANT BRIAN FERENTZ'S** |
| | ) | **MOTION FOR SUMMARY** |
| Defendants. | ) | **JUDGMENT** |

Oral Argument Unnecessary

COME NOW the Plaintiffs, and, pursuant to LR 7(j), hereby submit this Motion to Extend Deadline to File Resistance to Defendant Brian Ferentz's Motion for Summary Judgment. In support of this motion, Plaintiffs submit as follows:

1.      Defendant Brian Ferentz filed his motion for summary judgment on August 18, 2022.

2.      The original deadline for Plaintiffs' resistance was September 8, 2022.

3.      The parties agreed to extend the deadline for Plaintiffs to respond to September 23, 2022, due to the volume of what was filed in addition to the fact that the defendants nearly simultaneously filed several dispositive and otherwise impactful motions.

4.      At the same time Plaintiffs are working on a resistance to Brian Ferentz's motion for summary judgment, they have also been tasked with preparing:

a.      A resistance to Chris Doyle's Motion for Summary Judgment;

  b. A Rule 56(d) motion and affidavit regarding Chris Doyle's motion for summary judgment;

  c. A resistance to Defendants' Motion to Stay Discovery;

  d. Plaintiffs' Rule 56(d) motion and affidavit regarding Brian Ferentz's motion for summary judgment;

  e. A resistance to Seth Wallace's Motion to Dismiss;

  f. A resistance to Brian Ferentz's Motion to Dismiss; and

  g. A resistance to the Motion to Dismiss of the University of Iowa, Gary Barta, Chris Doyle, and the Board of Regents.

 5. Brian Ferentz's motion for summary judgment challenges the claims of all seven Plaintiffs.

 6. The motion and documents filed in support of it total 537 pages and contain 424 statements of "undisputed" fact, a very large portion of which are actually vehemently disputed.

 7. Quite a few of the "undisputed" facts are supported only by Brian Ferentz's affidavit, although other parts of the record and documents produced in discovery speak to the topics referenced. Thus, Plaintiffs' counsel has been required to filter through thousands of pages of documents just to find the actual evidence necessary to indicate whether a particular fact is disputed and to cite to the record in support of that position.

 8. Although Plaintiffs stand by their position that additional discovery is needed to fully respond to Brian Ferentz's motion for summary judgment, Plaintiffs' counsel has

still been diligently working to respond to the best of Plaintiffs' ability with the evidence and testimony they do have.

9.      Despite that the undersigned has been devoting virtually all of her attention to conducting research for and drafting the resistance and compiling exhibits for approximately three weeks, and that her paralegal has been contributing substantial assistance, a short extension is needed to finalize the documents to be filed in support of the resistance, including the brief and particularly the appendix.

10.     Plaintiffs are also waiting on a response from the defendants (besides Brian Ferentz) about whether they object to Plaintiffs' forthcoming motion to file certain documents that have been designated as confidential under seal.

11.      In the event the Court should deny Plaintiffs' motion to defer consideration of the motion under Rule 56(d) or refrain from ruling on that issue prior to Friday, September 23, 2022, Plaintiffs request a 7-day extension to September 30, 2022 to file the resistance.

12.     The Court has indicated an intent to extend the deadlines in this case, but no amended scheduling order has been entered, so the other deadlines in the case are presently in flux.

13.     However, the Court has indicated that the soonest a trial of this matter can occur is the summer of 2023, so a seven-day extension of this deadline is highly unlikely to have any impact on further deadlines or the trial date.

14.     Given the short length of time between the filing of this motion and the present agreed upon deadline to file the resistance, Plaintiffs were unable to consult the

defendants about whether they object. However, given that there is a status conference scheduled for tomorrow, the Defendants will have an opportunity to advise the Court whether they object or consent to the instant motion.

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court enter an order extending the deadline for Plaintiffs to file a resistance to Brian Ferentz's motion for summary judgment to September 30, 2022 in the event the Court should deny Plaintiffs' Rule 56(d) motion or refrain from ruling on it prior to Friday, September 23, 2022.

Respectfully submitted,

**SOLOMON SIMMONS LAW, PLLC**

*/s/Kymberli J. M. Heckenkemper*
Damario Solomon-Simmons, OBA # 20340
Kymberli J.M. Heckenkemper, OBA #33524
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
Phone: (918) 551-8999
Fax: (918) 558-8093
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

**FOX ROTHSCHILD, LLP**
Christian S. Dennie, TX Bar # 24045775
Patrick Kane (pro hac vice)
Sarah Traynor (pro hac vice)
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5745 – Direct
(972) 404-0516 – Fax
cdennie@foxrothschild.com
pkane@foxrothschild.com
straynor@foxrothschild.com

**BMK LAW FIRM, PLLC**
Beatriz Mate-Kodjo, AT0012331
1910 Washington St., Ste. 100
Pella, IA 50219
Phone: (641) 450-1668
Fax:    (641) 847-7968
beatriz@mate-kodjo-law.com

***Attorneys for Plaintiffs***