IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY, | Case No.  4:20-cv-00366-SMR-HCA |
| Plaintiffs, | |
| vs. | MOTION TO COMPEL SUBPOENA DUCES TECUM |
| UNIVERSITY OF IOWA, ET AL., | (WIXTED, INC.) |
| Defendants. | **(EXPEDITED RELIEF)** **(REQUEST FOR SANCTIONS)** |

**COME NOW the Plaintiffs, pursuant to FRCP 26(b)(1), 37, and Local Rule 7(d)(5) and 37, and for their Motion to Compel Production of Documents in Response to a Non-Party Subpoena Duces Tecum hereby state as follows:**

## Introduction

1.      Kirk Ferentz asked his public relations firm, Wixted, Inc.[1] (hereinafter "Wixted"), to help him avoid accountability for his years of deliberate indifference to racial discrimination within the Hawkeye Football Program and they obliged. (**See Exhibit 1, Strategic Statements (July 29, 2020) WIXTED 0072-0079**) compare https://hawkeyesports.com/news/2020/07/30/an-open-letter-from-head-coach-kirk-ferentz/ (..."Up until June 4, 2020, I believed our program was healthy."...). Kirk Ferentz and the University of Iowa have a long history of brushing racial inequities and student athlete race discrimination complaints under the rug of white privilege and white silence. (ECF No. 165-5, 2018 Task Force Report). Wixted and Kirk Ferentz did what they could to convince the public that it took George Floyd's murder and resulting social media storm before he learned about ongoing racial disparities within the Football Program.[2] (**See Exhibit 2, Wixted Timeline (July 16, 2020), WIXTED 0055-0065**) **(misleading timeline re: notice of racial inequities)**. Wixted's communication plan clearly shows they were tasked with helping Kirk Ferentz downplay his deliberate indifference to racial double standards under his leadership:

> McNutt/players' meeting (several years ago)
> **Diversity report (two years ago)**
> - White players were perceived to be treated differently than Black players.
>   - [Need figures on discipline numbers here.]
>   - No player was disciplined more harshly than James Ferentz
> - Diversity issues were known, and not dealt with.
>   - Answer to McNutt discussion?
>   - I have spoken previously about the Diversity report from two years ago. Quite frankly, I dropped the ball on following through on that. It is something that I regret, and we've taken measurable steps to enact meaningful change.
>     - Leadership group is more diverse across ages and races
>     - Former player advisory group has been a big asset
>     - Planned meeting for December of 2019 was not held because of the tight window to prepare for the early bowl game

---

[1] Doing business as Wixted & Co. See https://www.thinkwixted.com/about.

[2] See Harty, Pat, *Kirk Ferentz's life changed the moment George Floyd lost his life*, (July 19, 2020) available at https://hawkfanatic.com/2020/07/19/kirk-ferentzs-life-changed-the-moment-george-floyd-lost-his-life/ ("This controversy might have been avoided, even with Floyd's death, if Iowa officials had reacted more strongly to its own diversity task force report in which black student-athletes aired their grievances more than a year ago. ... Ferentz and other UI officials mistakenly assumed that the black athletes were satisfied and encouraged with the response to the diversity task force report, and their complacency finally backfired in the wake of Floyd's death."). To be clear, George Floyd was *murdered*.

(WIXTED 0097).[3] Wixted advised Kirk Ferentz to apologize in the moment and admit he is responsible for the discrimination-- all to convince the public and Black student-athletes that change would happen. It was all a lie-- an illusory promise spun by an all-white roster of journalists and writers. (**See Exhibit 3, Wixted "Experts"**). The Defendants in this case never took meaningful tangible remedial action to root out the sources of racial disparities- the coaches- by holding any of them accountable. Public backlash was successfully stymied by Wixted in the summer of 2020, but ongoing backlash and consequences are warranted as the Defendants are defending this lawsuit by claiming no discrimination ever happened and are refusing to participate in written discovery and depositions.

2. The Wixted public relations spin has come back to bite Kirk Ferentz. The entities and people associated with Kirk Ferentz and his legacy of racial gaslighting, are being pulled into the fold by the gravitational pull of his ego and the injustice he leaves in his wake, and rightly so. Wixted or Kirk Ferentz coined Ferentz's preeminent public lie that he had a "**blind spot**" to his racially hostile educational environment he forced down the throats of Black student-athletes for years.[4] There was never a "blind spot", just a complete lack of remorse, empathy, and remedial action to the detriment of countless Black student-athletes and their mental health and wellbeing.[5] Now, in an ironic turn of events (karma), Wixted may need their own strategic media relations

---

[3] Plaintiffs testified in their depositions that ongoing concerns about racial discrimination were raised during Leadership Group meetings following the Task Force Report and before Floyd's murder, but their complaints were ignored by Kirk Ferentz. More, recently, Kirk Ferentz's hand-selected Advisory Group of former athletes was disbanded after the Chair, David Porter, recommended the termination of Kirk Ferentz. See https://www.espn.com/college-football/story/_/id/33080547/kirk-ferentz-disbands-diversity-group-says-decision-unrelated-leader-suggestion-move-iowa-coach.

[4] Rittenberg, Adam, *Iowa's Kirk Ferentz admits 'blind spot' on black players' issues, vows to improve environment* (Jun. 12, 2020) available at https://www.espn.com/college-football/story/_/id/29304234/iowa-kirk-ferentz-admits-blind-spot-black-players-issues-vows-improve-environment.

[5] White student athletes are also negatively impacted in their education when exposed to an institution and leaders that look the other way after creating an environment in which racial double standards are the norm.

damage control as they and have risked contempt of Court to avoid showing the public the extent of their role in covering up pervasive racial discrimination on the University of Iowa campus and within Kirk Ferentz's Hawkeye Football Program.

**Procedural Posture**

3.      Plaintiffs served Notice of their First Wixted Subpoena duces tecum on Wixted, Inc. on May 20, 2022 with an initial deadline of June 15, 2022. (**See Exhibit 4, Notice + First Subpoena**).

4.      After requesting an extension, Wixted's counsel conferred with the undersigned in good faith and timely responded with 173 pages of documents identified as (WIXTED 0001-00173).

5.      The Wixted documents were initially marked confidential, however, after a good faith conferral, Wixted re-produced the documents without the improper "confidential" designation. **(Exhibit 5, Emails w/ Jen Lindberg (First Conferral)** (**Exhibit 6, L-Brown Winick Initial Response (July 13, 2022)) (Exhibit 7, L-Brown Winick Supp. Response (July 29, 2022)**).

6.      Within the produced documents, Plaintiffs discovery several documents that should have been produced by Defendants in response to Plaintiffs' First Requests for Production of Documents served May 27, 2021.[6]

7.      The 173 pages of Wixted production indicate that Kirk Ferentz was getting public relations advice throughout the summer of 2020.

8.      After realizing how involved Wixted was in Defendants' response to the racial allegations, Plaintiffs served a second, more detailed, Wixted Subpoena on August 11, 2022 with

---

[6] The documents are at least responsive to the third RPD served by plaintiffs on May 27, 2021:

> 3.      Produce documents, including Electronic Information, evidencing correspondence and communications between Defendants and third-parties relating to the matters set forth in this Litigation.

an initial response deadline of September 5, 2022. (**See Exhibit 8, Notice + Second Wixted Subpoena**).

9.      Plaintiffs provided Wixted the courtesy of an extension to respond to the Second Wixted Subpoena up to and including September 23, 2022, and then again extended the deadline to September 26, 2022 (with a safe-harbor day of September 27). (**See Exhibit 9, Emails w/ Jen Lindberg (Second Conferral)**)).

10.     The deadline for production has long since come and gone.

11.     Wixted has not produced a single responsive document to the Second Wixted Subpoena even with an extra month to comply.

12.     Wixted's response to the Second Wixted Subpoena is a week past-due.

13.     The undersigned gave Wixted several opportunities to comply, but good faith conferral was protracted and unsuccessful. (**See Exhibit 9, Emails w/ Jen Lindberg (Second Conferral)**)) (**Exhibit 10, Declaration of Beatriz Mate-Kodjo, (October 3, 2022)**)).

14.     Wixted's non-compliance demonstrates a lack of respect for rule of law and threatens to prejudice Plaintiffs in the prosecution of this case. Wixted wrongly hopes an intervening ruling from the Court will let them avoid responding to the Second Wixted Subpoena; however, the subpoena was duly issued, and the responses and responsive documents must be turned over to Plaintiffs.

15.     Plaintiffs have noticed the depositions of Kirk Ferentz, Brian Ferentz, Gary Barta, and Christopher Doyle for the week of October 10, 2022. (See ECF No. 165-3, Notice of Depositions (Sept. 26, 2022)).

16.     The depositions will take place in Coralville, Iowa at The BioVentures Center, Coralville, Iowa, 52241.  (**See Exhibit 11, Email from Jeff P. to BMK (Sept. 28 at 11:53am)**)).

17.     Plaintiffs should have the opportunity to review all responsive documents to the Second Wixted Subpoena prior to taking the depositions of Defendants noticed for the week of October 10, 2022.

## Applicable Rules

18.     Wixted has a "blind spot" for the federal rules of civil procedure.

19.     "[D]efiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions." Fed. R. Civ. P. 45, Advisory Committee Notes (1991 Amendment), citing *ICC v. Brimson*, 154 U.S. 447, 459, 462, 468, 489 (1894).

20.     Wixted was required to produce documents to Plaintiffs pursuant to Federal Rule 45(e)(1)(A).

21.     Wixted did not serve any written objections within the 14 days after the Second Wixted Subpoena pursuant to Rule 45(d)(2)(B).

22.     Wixted has not claimed privilege of any kind pursuant Rule 45(e)(2)(A).

23.     The Court has every reason and justification to hold Wixted in contempt pursuant to Rule 45(g):

> The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, **fails without adequate excuse** to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45(g) (emphasis added).

24.     This Court also has authority to award Plaintiffs their reasonable attorneys' fees for having to file this motion:

> ... there is nothing in [Rule 45(g) ] that precludes the subpoenaing party from moving the court to award its legal fees under the court's inherent powers. ... Numerous federal courts across the country have granted such awards based on their inherent powers. *See generally, Trs. of the Teamsters Local 456 Pension v. A.G. Constr. Corp.*, No. 12 CIV. 2994 (ER), 2017 WL 590322, at *2 (S.D.N.Y. Feb. 14, 2017) (citing *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, No. 1:12-

CV-2902-JEC, 2014 WL 4308355, at *1–2 (S.D.N.Y. Aug. 26, 2014) ("holding defendant in contempt [under Rule 45(g)] for failure to comply with plaintiffs' subpoena and awarding plaintiffs' reasonable attorneys' fees and costs"); *Sell v. Country Life Ins. Co.*, No. CV-15-00353-PHX-DJH, 2017 WL 5713885, at *5 (D. Ariz. Feb. 27, 2017) (finding the award of attorney fees proper for noncompliance with an ordered deposition where "Rule 45(g) authorizes contempt sanctions not only for non-compliance with a subpoena but also for non-compliance of subpoena-related orders"); *Trs. of the Connecticut Pipe Trades Local 777 Health Fund v. Plumbing Creations, LLC*, Docket No. 3:15-cv-00822 (MPS), 2019 U.S. Dist. LEXIS 115873 (D. Conn. July 11, 2019) (as to a party-defendant, awarding plaintiff's motion for contempt under 18 U.S.C.A. § 401 and Rule 45(g) under its inherent powers, sua sponte, due to defendant's willful conduct).[7]

25.      Pursuant to Rule 45, the Plaintiffs have the right to immediate production of responsive documents.

## Conclusion

26.      In accordance with Rule 45, Wixted should be found in contempt and sanctioned for wasting Plaintiffs' (and the Court's) resources in requiring this Motion to Compel to be filed and for selfishly refusing to show the public the extent of their role in covering up pervasive racial discrimination on the University of Iowa campus and within Kirk Ferentz's Hawkeye Football Program.

---

[7] See Pierantoni, Renier P., *Going Outside the Rules to Keep Fees on the Table under Rule 45(g)* (Nov. 29, 2019) available at https://www.americanbar.org/groups/litigation/committees/pretrial-practice-discovery/practice/2019/going-outside-the-rules-to-keep-fees-on-the-table-under-rule-45g/.

WHEREFORE, Plaintiffs respectfully request **<u>Expedited Relief</u>**, without oral argument, in the form of a Court Order:

    a.  **HOLDING Wixted, Inc. in contempt of Court;**

    b.  **ORDERING Wixted, Inc. to produce all responsive documents to the Second Wixted Subpoena, without confidentiality designations, by October 6, 2022;**

    c.  **ORDERING Wixted to produce any purported privilege log and index of any withheld documents; and**

    d.  **ORDERING Wixted to pay Plaintiffs' attorneys' fees and costs for this Motion and its related filings; and for such other relief to which they may be entitled in law or equity.**

Respectfully submitted,

*/s/Beatriz Mate-Kodjo*
**BMK LAW FIRM, PLLC**
Beatriz Mate-Kodjo, AT0012331
1910 Washington St., Suite 100
Pella, IA 50219
Phone: (641) 450-1668
beatriz@mate-kodjo-law.com

**SOLOMON SIMMONS LAW, PLLC**
Damario Solomon-Simmons, OBA # 20340
Kymberli J. M. Heckenkemper, OBA # 33524
601 S. Boulder Ave., Suite 600
Tulsa, OK 74119
(918) 551-8999 – Office
(918) 582-6106 – Fax
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

**FOX ROTHSCHILD, LLP**
Christian S. Dennie, TX Bar # 24045775
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5745 – Direct
(972) 404-0516 – Fax
cdennie@foxrothschild.com

Patrick Kane, NC Bar # 36861
Sarah Traynor, NC Bar # 58301
101 N Tryon St, Suite 1300,
Charlotte, NC 28246
(704) 384-2600
pkane@foxrothschild.com
straynor@foxrothschild.com

Cameron Baker, FL Bar # 0125285
West Tower
777 S Flagler Dr., #1700
West Palm Beach, FL 33401
(561) 835-9600
cbaker@foxrothschild.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on October 3, 2022, I served the foregoing Plaintiffs' Motion to Compel Non-Party Wixted Subpoena on Defendants' attorneys of record by the court's ECF electronic filing system.

/s/Beatriz Mate-Kodjo
Beatriz Mate-Kodjo, *Counsel for Plaintiff*