IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE,<br><br>Defendants. | Case No. 4:20-cv-00366<br><br><br>REPLY BRIEF IN SUPPORT OF MOTION FOR STAY |

Defendants Brian Ferentz, Kirk Ferentz, and Seth Wallace filed a Motion to Stay Discovery Pending Court's Determination of Qualified Immunity. Plaintiffs' Resistance focused on the relevancy of the three coaches' testimony. A dispositive motion asserting qualified immunity operates to stay discovery of relevant testimony, irrelevant testimony, and all other types of discovery. A majority of Plaintiffs' Resistance about "relevancy" is simply irrelevant to the Motion to Stay Discovery Pending Court's Determination of Qualified Immunity.[1]

Footnote 10 of Plaintiffs' Resistance is an example of Plaintiffs' litigation strategy. Plaintiffs lack a persuasive response to Motion to Stay Discovery Pending Court's Determination of Qualified Immunity, so Plaintiffs engage in name calling Defendants' strategy as "white privilege or racism." [ECF No. 165, p. 12 n.10]. Plaintiffs' resistance relies on epithets and character attacks in lieu of offering facts or engaging in legal argument on the pending motion.

---

[1] Plaintiffs' misstate and mischaracterize facts relating to the merits which will be addressed in the reply briefs supporting the pending dispositive motions.

1

On pages 4 – 5 of Plaintiffs' Resistance, Plaintiffs argue the merits of the pending Motions to Dismiss based on qualified immunity. Defendants Brian Ferentz, Kirk Ferentz, and Seth Wallace anticipate success on the merits of the defense of qualified immunity. Regardless, discovery shall be stayed until the defense of qualified immunity has been resolved. "Once a defendant pleads a defense of qualified immunity, on summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. Until this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1996). Plaintiffs' merits arguments against the pending motions are not considered under *Siegert*.

Part II of Plaintiffs' Resistance entitled "Defendants Will Be Deposed Regardless of the Court's Pending Rulings regarding Individual Liability under the Qualified Immunity Doctrine" is approximately ten pages of text with many citations to journalism and only four citations to the Federal Rules of Civil Procedure, one citation to the Federal Rules of Evidence, and only a single citation to case law on pages 5 through 14 of the Resistance. Plaintiffs spend ten pages attempting to show relevancy, even though no Defendant sought to stay discovery on grounds the requested deposition testimony was irrelevant.

That Plaintiffs may seek to depose individual defendants as fact witnesses is not a valid reason to permit discovery before answering the threshold question of qualified immunity:

> [Plaintiff] responds that "*Monell* discovery presents no undue burden to the Individual Defendants because they would be required to participate as witnesses in discovery even if they had not been named as defendants." Red Br. at 30. We disagree for three reasons.
>
> First, there are significant differences between naming an individual defendant and then deposing him in two capacities (one personal and the other *Monell*/official) and not suing the individual and deposing him only in his *Monell*/official capacity. The former puts the individual's own money on the line. And the dual-capacity defendant must be particularly careful in a deposition about how his answers can

2

be used against him in not one but two ways. So the stakes differ substantially. [Plaintiff] cannot elide these differences by saying the defendant would have to testify either way.

Second, it's no answer to say the defendant can be deposed twice—once on *Monell* issues (before the district court adjudicates the immunity defense) and once on personal-capacity issues (afterwards). It only exacerbates the burdens of litigation to make a defendant sit for two depositions instead of one. And it turns qualified immunity on its head by doubling the "heavy costs" of litigation. *Iqbal*, 556 U.S. at 685.

Third, [Plaintiff] conceded at oral argument that bifurcation of discovery would radically complicate the case. [Plaintiff] suggested that a special master could be appointed to police the *Monell*/official-capacity depositions so that no party could cross the line into personal-capacity questions before the district court adjudicated the immunity defense. But the very fact that [Plaintiff] can foresee the need for a special master proves that bifurcated discovery imposes unreasonable burdens on the defendants.

*Carswell v. Camp*, 37 F.4th 1062, 1068–69 (5th Cir. 2022).

Defendants' filing a Motion to Stay Discovery was timely. K. Ferentz and Seth Wallace were added as Defendants on August 19, 2022. [ECF No. 133]. The Motion to Stay was filed within thirty days of K. Ferentz's and Seth Wallace's having been added to the civil action and fifteen days of the filings of the motions to dismiss. In response to the Second Amended Complaint, K. Ferentz and Seth Wallace acted diligently, as did B. Ferentz's motion to dismiss.

With respect to Brian Ferentz's summary judgment motion, "eighteen months is not an unreasonable or even an unusual amount of time to wait to raise a qualified immunity defense." *Herrera v. Santa Fe Public Schools*, 2012 WL 6846393, at *7 (D. N.M. June 14, 2016). For strategic reasons, a defendant may wait to file a summary judgment motion asserting a qualified immunity defense. The strategic decision to delay such a filing in no way affects the associated stay of discovery. "In any case, seasoned, expert defense counsel should not be penalized for

delaying a motion for summary judgment or qualified immunity, and lose all benefits of a stay when, in their professional judgment, a motion would be premature if earlier filed." *Id.* at *8.

Part III of Plaintiffs' Resistance entitled "Defendants Intend to Prejudice Plaintiffs" argues Defendants "are defending this case[] not on the merits." Defendants' briefing engages the merits of the civil action by citing to applicable law. Plaintiffs' briefing does not.

The prejudice, if any, to Plaintiffs resulting from the stay of discovery is the consequence of Plaintiffs' repeated attempt to stretch § 1981 to attempt to obtain the benefits of a four-year statute of limitations. Plaintiffs already tried and failed to state a claim against K. Ferentz. Plaintiffs tried to bring a claim against Seth Wallace without alleging any discriminatory conduct. Plaintiffs' decision to bring § 1981 claims against individual defendants to stretch the statute of limitations necessarily involves defenses available to individual defendants which Defendants are entitled to assert and have the Court apply the law (including the motion to stay).

The Moving Defendants acknowledge, like all government employees, that subjecting themselves to discovery is burdensome. [*Cf.* ECF No. 165, p. 14]. But this is a feature and not a bug of qualified immunity—the "defense is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery'… as 'inquiries of this kind can be peculiarly disruptive to effective government.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). Courts do not require a heightened or particularized showing of burden in order to receive the benefit of a stay; rather when a plaintiff asserts a claim under Section 1983 against a government officer in their individual capacity, and that officer asserts the defense of qualified immunity, the officer is entitled to a stay of discovery. Plaintiffs' attempt to impose this burden on these government officials is improper.

4

Plaintiffs present an argument about a stay in the context of patents. [ECF No. 165, pp. 19-20]. Neither the Supreme Court nor the Eighth Circuit has confused the standard for a stay of patent litigation (or other civil cases) with the standard for a stay of discovery based on a qualified immunity defense against government officials. Plaintiffs' unsubstantiated and false statements about Defendants' discovery efforts are irrelevant because a qualified immunity defense provides ***no entitlement to discovery*** until the pending dispositive motion is decided.[2] Such discretion does not exist in the context of qualified immunity because the qualified immunity right includes the right to free from the burdens of discovery: "Because qualified immunity is an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial. Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was the desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (cleaned up).[3] This entitlement is lost if Plaintiffs are entitled to unilaterally proceed with discovery while Defendants' dispositive motions are pending. Accordingly the Court should grant Defendants' motion to stay discovery.

---

[2] Plaintiffs' citation of *Mayerova v. E. Michigan Univ.*, 346 F. Supp. 2d 983, is puzzling because it does not implicate a qualified immunity defense or a motion for stay under *Harlow*. Rather Plaintiffs cite the case for the reason that Plaintiffs' counsel appeared as an attorney in the case. [ECF No. 165, p. 20]. These irrelevant citations speak volumes about Plaintiffs' tacit concession that a stay is required under *Harlow* and *Iqbal*.

[3] Plaintiffs only attempt to distinguish two cases cited by Defendants. [ECF No. 165, pp. 15-19]. First, *Mills v. State* was a Fed. R. Civ. P. 56(d) case, not a case applying the rule of *Harlow* or *Iqbal*. Defendants cited *Mills* only to suggest Plaintiffs' "claim that the depositions of [University employees] will demonstrate they knew the denial of a name-clearing hearing violated Mr. Mills' constitutional rights is speculative" – which applies equally to Plaintiffs' suggested need for discovery from B. Ferentz. 2012 WL 12906157, at *3. Under *Harlow*, no such finding of "speculation" is required in order to issue a stay. Second, in *Crawford-El v. Britton*, the U.S. Supreme Court rejected heightened pleading requirements for Section 1983 cases (an irrelevant strawperson argument) but ***reaffirmed*** *Harlow*'s rule that "if the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." 523 U.S. 574, 598. Only "[i]f the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery." *Id*. Plaintiffs' merits or "burden" arguments are irrelevant under *Harlow*. [ECF No. 165, p. 18].

Dated: October 4, 2022

Respectfully submitted,

*/s/ Roger W. Stone*
Roger W. Stone          AT0007519
Jeffrey A. Stone        AT0008829
Simmons Perrine Moyer Bergman PLC
115 Third Street S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: rstone@spmblaw.com
       jstone@simmonsperrine.com
*Attorneys for Defendants Kirk Ferentz, Brian Ferentz and Seth Wallace*

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, I filed the foregoing with the Clerk of Court by using the ECF system which will send notification of such filing to the following:

Damario Solomon-Simmons
Kymberli J. Heckenkemper
Solomon Simmons Law, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

Christian Dennie
Barlow Garsek & Simon, LLP
920 Foch Street
Fort Worth, TX 76107
cdennie@bgsfirm.com

Beatriz Mate-Kodjo
BMK Law Firm, PLLC
1910 Washington St., Ste. 100
Pella, IA 50219
beatriz@mate-kodjo-law.com

Patrick M. Kane
Fox Rothschild LLP
230 N. Elm Street, Suite 1200
Greensboro, NC 27401
pkane@foxrothschild.com

Sarah M. Traynor
Fox Rothschild LLP
101 N. Tryon Street, Suite 1300
Charlotte, NC 28246
straynor@foxrothschild.com

Cameron A. Baker
Fox Rothschild, LLP
777 S. Flagler Drive, Suite 1700
West Palm Beach, FL 33401
cbaker@foxrothschild.com
*Attorneys for Plaintiffs*

Thomas J. Miller, Attorney General of Iowa
Jeffrey S. Thompson

Jeffrey C. Peterzalek
Christopher J. Deist
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, IA 50319
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
*Attorneys for Defendants*

                                                /s/ Roger W. Stone