IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF IOWA, ET AL.,<br><br>Defendants. | CASE NO. 4:20-cv-00366-SMR-HCA<br><br>**THIRD PARTY WIXTED & COMPANY'S RESISTANCE TO MOTION TO COMPEL SUBPOENA DUCES TECUM, REQUEST FOR SANCTIONS, AND REQUEST FOR EXPEDITED RELIEF** |

Third Party Wixted & Company (hereinafter "Wixted") submits the following Response to Plaintiffs' Motion to Compel Subpoena Duces Tecum, Request for Sanctions, and Request for Expedited Relief (the "Motion"):

1. Wixted has been working in good faith to respond to two separate subpoenas and is now a pawn in an apparent discovery dispute between the parties to this case. This dispute should not be imputed onto Wixted, as Wixted clearly has no control over documents in Defendants' possession or when certain Defendants can or should be deposed. <u>Notably, the documents Plaintiffs seek from Wixted should be in Defendants' possession.</u>

2. Plaintiffs' Motion is entirely self-serving as it seeks only to harass Wixted by painting the company in a bad light to reinforce Plaintiffs' theories against Defendants. Even more egregious is the fact Plaintiffs' counsel would file a Motion of that tenor <u>knowing</u> that Wixted would be producing responsive documents that same day.

3. Indeed, Plaintiffs initially agreed to withdraw the Motion given Wixted anticipated producing documents the same day the Motion was filed. Wixted has now produced the responsive

documents. Shockingly, Plaintiffs now refuse to withdraw the Motion as previously agreed, and are seeking sanctions as part of a Motion they previously agreed to withdraw.

4. Wixted was first served with a subpoena related to this matter in early June 2022 (hereinafter the "First Subpoena). The First Subpoena sought "[d]ocuments, including Electronic Information, evidencing emails or text messages between Kirk Ferentz & Wixted & Company from June 2020 to the present" that related to a list of 27 topics. (Exhibit A, First Subpoena). Wixted undertook a good faith review of documents in its possession and timely produced 172 pages of documents on July 13, 2022. Plaintiffs and Wixted disagreed about the scope of confidentiality designations on the document production and were able to resolve the dispute in good faith without court involvement.

5. At issue is the second subpoena Plaintiffs issued to Wixted (the "Second Subpoena"). Undersigned counsel accepted service of the Second Subpoena on August 18, 2022.

6. The scope of the Second Subpoena was substantially broader than the first subpoena and requested "[a]ll communications between Wixted & Company and anyone employed by the University of Iowa including, but not limited to Brian Ferentz, Chris Doyle, Gary Barta, and Carroll Reasoner, from June 2020 to present…" relating to a list of 25 topics. (Exhibit B, Second Subpoena).

7. As is customary, Plaintiffs' counsel agreed to several extensions through September 27, 2022, for Wixted to produce documents responsive to the Second Subpoena.

8. Given the scope of the subpoena, Wixted required additional time beyond September 27 to complete the response to the Second Subpoena, and advised Plaintiffs' counsel of that on Friday, September 30. Undersigned counsel affirmatively stated that she would call

counsel for Plaintiffs on Monday, October 3 at 1:00 p.m. to provide an update. (Exhibit C, September 30, 2022 email).

9. At 1:11 p.m. on Monday October 3, undersigned counsel received an email from Ms. Mate-Kodjo noting that Ms. Mate-Kodjo had tried to call on the matter. Ms. Mate-Kodjo stated that "our plan is to file the Motion to Compel this afternoon as a placeholder that we can easily withdraw if your client finally decides to fully comply with the Second Wixted Subpoena and Rule 45." (Exhibit D, October 3, 2022 email from Mate-Kodjo).

10. Undersigned counsel called Ms. Mate-Kodjo twelve minutes later, at 1:23 p.m. on October 3, and advised that the review was taking longer than expected but that Wixted was working to complete the production and intended to produce responsive documents that same day.

11. Shortly thereafter, counsel for Wixted confirmed to Plaintiffs' counsel via email that the production would be coming by the end of the day on Monday, October 3. (Exhibit E, October 3, 2022 email from D. Gross).

12. Notwithstanding the representation from the undersigned that documents would be produced **that same day**, Ms. Mate-Kodjo advised that she would "file the Motion before end of business (5pmCST) and withdraw it as soon as I get the documents (without blanket confidentiality designations), and with a professional representation that no responsive documents have been withheld. If you do withhold anything from the forthcoming production, please provide a detailed privilege log." (Exhibit F, Email from Ms. Mate-Kodjo).

13. Ms. Mate-Kodjo in fact references the correspondence she had with Wixted's counsel that production would "happen today" in her email stating that she was still going to file a Motion for Sanctions. Plaintiffs' counsel filed the Motion at 4:05 pm on October 3, 2022.

14. Wixted served responsive documents on October 3, 2022 at 4:32 p.m., in line with counsel's representations that documents would be produced by the close of business on October 3. (Exhibit G, Letter from Brown Winick). This production of 399 pages was three days past the date agreed to by the parties.

15. Following service of the documents, undersigned counsel called counsel for Plaintiffs, who advised that she would withdraw the Motion later that evening. (Exhibit H, October 3, 2022 Email from J. Lindberg).

16. Undersigned counsel emailed Ms. Mate-Kodjo at 11:25 a.m, on October 4, 2022, asking for status of the withdrawal as nothing had been filed with the Court.

17. Ms. Mate-Kodjo responded stating that she will not agree to the withdrawal until she has confirmation that Wixted has produced any and all responsive text messages in its possession. (Exhibit I, October 4, 2022 email).

18. Undersigned counsel called Ms. Mate-Kodjo, and stated that she believed this position was incongruous with the previous positions that the Motion for Sanctions would be withdrawn "upon receipt of documents." Ms. Mate-Kodjo disagreed and stated that she will not withdraw the Motion for Sanctions until she is certain that all documents have been produced.

19. To summarize, Plaintiffs filed a Motion to Compel when they knew the responsive documents were being served the same day and before they had any chance to evaluate the production to determine whether it was deficient. Wixted served responsive documents 27 minutes after the Motion was filed. Despite Plaintiffs' previous representations that they would withdraw the Motion, they are now reneging on those promises. This smacks of bad faith on Plaintiffs' part.

20. Wixted has now complied with two separate subpoenas. Undersigned counsel has confirmed that there are no additional responsive documents to produce and notified Plaintiffs' counsel of same.

21. Given the tenor and requests contained within the Motion, Wixted wanted to provide the Court with further background on the good faith efforts undertaken to respond to the Second Subpoena.

22. The Motion does nothing more than seek to tarnish Wixted's reputation and generate media attention. Plaintiffs' counsel could have drafted a simple Motion to Compel or foregone the motion entirely, but instead fired off an aggressive and inappropriate request for sanctions at the expense of a third party who has been working in good faith to produce documents that are duplicative of documents Plaintiffs requested from Defendants or documents that Plaintiffs **could have requested from Defendants**.

23. Courts are "particularly mindful of Rule 45's undue burden and expense cautions" when nonparties are subpoenaed. *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011). Notably, such concerns are heightened if the "party seeking the information can easily obtain the same information without burdening the nonparty." *Id.* Plaintiffs' request for sanctions and fees are entirely inappropriate here, where the information requested could have been obtained from Defendants.

24. This case has been on file since December 1, 2020. Wixted fully complied with the first subpoena. Plaintiffs served the Second Subpoena a month and a half ago. Wixted and its counsel have been cooperative throughout and have produced 572 total pages of responsive documents in this case, as a third party. The fact that Plaintiffs have now filed a Motion to Compel seeking expedited relief and requesting sanctions is baffling. Plaintiffs suggest this is an

emergency filing requiring expedited relief, but that is only because Plaintiffs did not seek this discovery in the first year and a half this case has been on file.  If anyone, it is Plaintiffs, **not Wixted**, who are to blame for failing to properly work this case up and creating an emergency where they "are preparing for depositions and time is of the essence." (Exhibit I, September 29, 2022 email from Ms. Mate-Kodjo).  Moreover, Wixted has produced documents responsive to the Second Subpoena.  If any supplement is necessary, Wixted is willing to continue working with Plaintiffs' counsel to resolve those issues.  This Motion is completely unnecessary.  Indeed, it only increased the burden on Wixted (a third party), which had to spend its resources responding to a needless motion.

25.     As an additional basis to deny Plaintiffs' Motion, Plaintiffs violated Local Rule 7(k) by initially filing their Motion cloaked as a "placeholder," and then refusing to withdraw the Motion after received Wixted's production.  The undersigned is well aware that allegations of bad faith are serious, but in this case, it has hard to comprehend how Plaintiffs' counsel can claim she was acting in good faith given these tactics.

26.     Wixted did not seek to quash the first subpoena or Second Subpoena, and has always intended to comply in good faith to review and produce responsive documents.  Apparently to Plaintiffs, no good deed goes unpunished.   The relief requested by Plaintiffs should be denied in its entirety.

Dated: October 5, 2022                      Respectfully submitted,

                                                /s/ *Jennifer E. Lindberg*

Jennifer E. Lindberg, AT0013329
James W. White, AT0012418
BROWN, WINICK, GRAVES, GROSS, and BASKERVILLE, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: (515) 242-2449
Facsimile:  (515) 283-0231
Email: jen.lindberg@brownwinick.com
Email: james.white@brownwinick.com

ATTORNEYS FOR WIXTED & COMPANY, INC.

## CERTIFICATE OF SERVICE

     I certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will serve all counsel of record.

                                                */s/ Dusty N. Weiser*
                                                Dusty Weiser, Legal Assistant