IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE,<br><br>Defendants. | Case No. 4:20-cv-00366<br><br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT KIRK FERENTZ'S MOTION FOR PROTECTIVE ORDER |

Plaintiffs' resistance suggests the decisions of the Supreme Court of the United States should not apply to them and that a Defendant who exercises his rights afforded to him as a public official by the decisions of the Supreme Court must be "desperate". [ECF No. 188, p. 1]. Plaintiffs' resistance overlooks several uncontested points of fact and law:

- The Plaintiffs' second amended complaint was docketed on August 19, 2022, naming K. Ferentz as a defendant in this lawsuit. [ECF No. 133]. The second amended complaint asserted new claims against new defendants, including K. Ferentz.

- The U.S. Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in litigation," *Pearson v. Callahan*, 555 U.S. 223, 232 (2009), because "until this threshold immunity question is resolved, discovery should not be allowed.'" *Siegert v. Gilley*, 500 U.S. 226, 231 (1991).

- K. Ferentz promptly and timely filed his motion to dismiss Plaintiffs' second amended complaint asserting qualified immunity and motion to stay discovery, and filed his

1

- motion for protective order the same week Plaintiffs served their deposition notice.
- The Court has not yet resolved K. Ferentz's pending motion to dismiss asserting qualified immunity. Accordingly Plaintiffs are not entitled to discovery.

Plaintiffs' recollection about the September 22 status conference is mistaken – the Court did not "direct" K. Ferentz to be deposed on October 11, or deny his pending motion to stay. [ECF No. 188, p. 5]. A review of the transcript confirms what really happened. [ECF No. 193]. Mr. Solomon-Simmons correctly stated at the September 22 status conference: "But it's our understanding that October 10th were the dates that were – they said defendants could be available that week *on the caveat if the Court ruled against their motion to stay discovery*." [*Id*. 8:24-9:2 (emphasis added)]. Mr. Stone confirmed that all three individual defendants asserting qualified immunity would be available for deposition the week of October 10 "if the Court denies the motion for qualified immunity." [*Id*. 10:9; *see generally* 10:1-11:2]. The Court directed counsel:

> [T]o come up with an agenda as to what that week would look like conditioned upon the Court having entered a ruling on the motion asking for the stay and *conditioned upon that ruling … that the Court denies the motion. If it turns out that's not the case, that that condition does not occur, obviously then those depositions won't occur then*, but rather than waiting until the last minute to see what's going to happen, I would just ask that you guys get on the phone together and get that coordinated; okay?...
>
> *We know you've got people available* the 11th, 12th, and 13th of October *if, in fact, that's going to go forward conditioned upon the Court's rulings; okay*? I'm going to move on.

[*Id*. 11:8-17 & 12:21-25 (emphasis added)]. The Court did not deny K. Ferentz's motion to dismiss or motion to stay at the September 22 status conference. Defendants proceeded as instructed by the Court and offered Plaintiffs dates for certain depositions, including K. Ferentz, contingent on the Court denying the pending motions to dismiss and motion to stay discovery. Defendants, again,

2

proceeded as instructed by the Court. Plaintiffs' suggestion that they are entitled to proceed without an order from this Court is contrary to the express instructions from Judge Adams.

Plaintiffs correctly state K. Ferentz "has, for the past few months, already been willingly… participating in the discovery process." [ECF No. 188, p. 2]. K. Ferentz, before Plaintiffs named him as a defendant in their second amended complaint, complied with his discovery obligations under the Federal Rules of Civil Procedure as expected of any non-party. When Plaintiffs' amended their complaint naming K. Ferentz as a defendant in his individual capacity on August 19, K. Ferentz promptly asserted his right to qualified immunity. K. Ferentz's assertion of this defense gives "government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery'… as 'inquiries of this kind can be peculiarly disruptive to effective government.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996).

Plaintiffs' resistance seems uncertain of the relief K. Ferentz requested in his motion. [ECF No. 188, p. 2]. For avoidance of doubt it is restated here: he "requests the Court enter a protective order staying all further discovery in this matter until the Court rules on his motion to dismiss asserting qualified immunity." [ECF No. 177, p. 3]. K. Ferentz did offer to compromise his "right … to avoid the burdens of such pretrial matters as discovery," *Behrens*, 516 U.S. at 308, by proposing a compromise position to allow certain depositions to proceed from other non-party witnesses to avoid this discovery dispute. Plaintiffs' false suggestion that he "wants to avoid going under oath himself" [ECF No. 188, p. 2] sadly confirms the proverb "no good deed goes unpunished" and poisons the well for future compromise proposals to resolve discovery disputes under Fed. R. Civ. P. 37 and LR 37.

Plaintiffs cite several cases purportedly suggesting a witness asserting qualified immunity can be deposed while his motion to dismiss asserting qualified immunity is pending. [ECF No.

3

188, pp. 2-3]. All but one of these cases predates the Supreme Court's decision in *Iqbal*[1] which held "when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." 556 U.S. 662, 685 (2009). The one post-*Iqbal* case cited by Plaintiffs, *In re Flint Water Cases*, 960 F.3d 820, 825-26 (6th Cir. 2020), did not cite *Iqbal* or explain why *Iqbal* permits its holding. Courts that considered *Iqbal* have held "*Iqbal* squarely repudiated our 'careful procedure' for allowing tailored discovery before a district court rules on an official's motion to dismiss." *Carswell v. Camp*, 37 F.4th 1062, 1067 (5th Cir. 2022). Post-*Iqbal* cases that do not apply *Iqbal* in the context of a stay of discovery are neither binding nor persuasive. *See generally Carswell*, 37 F.4th at 1067 (noting "[a]n opinion restating a prior panel's ruling does not *sub silentio* hold that the prior ruling

---

[1] *Crawford v. El-Britton*, 523 U.S. 574, 593 n.14 (1998) (recognizing under Rule 56(d) that "limited discovery may **sometimes** be necessary before the district court can resolve a **motion for summary judgment** based on qualified immunity") (emphasis added); *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (a summary judgment case holding officials asserting a qualified immunity defense are entitled to more than one interlocutory appeal, and in support of this right noted "The *Harlow* right to immunity is a right to immunity *from certain claims,* not from litigation in general; when immunity with respect to those claims has been finally denied, appeal must be available, and cannot be foreclosed by the mere addition of other claims to the suit"); *Ginter v. Stallcup*, 869 F.2d 384, 388 (8th Cir. 1989) (holding "Ginter has been unable to create a question of fact which would warrant further discovery"); *Graham v. Gray*, 827 F.2d 679, 682 (10th Cir. 1987) (pre-*Iqbal* case allowing discovery because "Gray is no longer County Clerk, so we discern here no unwarranted disruption of public official functions"); *Powell v. Ridge*, 247 F.3d 520, 525 (3d Cir. 2001) (not a qualified immunity case and rejected a claim of legislative immunity from discovery when the legislator **voluntarily** intervened, holding "every case which they do cite to support this privilege features, in direct contrast to this case, a defendant or a target of a subpoena seeking to extricate himself or herself *completely* from various legal entanglements…. Unlike the reluctant participants in the cases upon which they rely, the Legislative Leaders voluntarily installed themselves as defendants"); *Murphy v. Morris*, 849 F.2d 1101, 1103 (8th Cir. 1988) (dicta discussing the difference between absolute and qualified immunity as it relates to a prosecutor, and notes under Rule 56(d) that "qualified immunity … often requires at least a limited amount of discovery and is usually raised by a motion for summary judgment").

4

survived an uncited Supreme Court decision"). The Eighth Circuit has confirmed the Fifth Circuit's clear application of *Iqbal*. *See Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 746 (8th Cir. 2022) ("In *Iqbal*, the Court was emphatic in applying this rule in … qualified immunity").

Plaintiffs seem puzzled why the Supreme Court in *Iqbal* would disagree with their position that the discovery burdens for a government official named as a defendant in their individual capacity, and a non-party government official named as a fact witness, would be different. [ECF No. 188, p. 4 & n.2]. *Iqbal* and *Carswell* clearly explain why the burdens are different and forecloses their argument. *Iqbal*, 556 U.S. at 685-86; *Carswell*, 37 F.4th at 1068-69. These aren't "K. Ferentz's thoughts," rather these are the thoughts of the U.S. Supreme Court and other federal appellate courts explaining why courts must treat public officials named as defendants in their individual capacity differently than ordinary fact witnesses in litigation when those officials assert qualified immunity. Once Plaintiffs decided to docket their second amended complaint on August 19 to assert claims against K. Ferentz in his individual capacity, his right to assert qualified immunity ripened along with his right to be free from the burdens of discovery until the Court resolves his pending motion to dismiss. Stated differently, it was ***Plaintiffs' own decisions*** that resulted in a change in circumstances regarding K. Ferentz's discovery obligations.

There is nothing unusual about a public official, after being sued for official acts in their individual capacity, promptly seeking a determination of their qualified immunity and avoid being subjected to discovery while that motion is pending. K. Ferentz simply requests the Court afford him the rights it would afford any public officer and grant his motion for protective order.

|  |  |
|---|---|
| Dated: October 7, 2022 | Respectfully submitted,<br><br>*/s/ Roger W. Stone*<br>Roger W. Stone       AT0007519<br>Jeffrey A. Stone      AT0008829<br>Simmons Perrine Moyer Bergman PLC<br>115 Third Street S.E., Suite 1200<br>Cedar Rapids, IA 52401-1266<br>Telephone: (319) 366-7641<br>Facsimile: (319) 366-1917<br>Email: rstone@spmblaw.com<br>           jstone@simmonsperrine.com<br>*Attorneys for Defendants Kirk Ferentz, Brian Ferentz and Seth Wallace* |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 7, 2022, I filed the foregoing with the Clerk of Court by using the ECF system which will send notification of such filing to the following:

Damario Solomon-Simmons
Kymberli J. Heckenkemper
Solomon Simmons Law, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

Christian Dennie
Patrick M. Kane
Sarah M. Traynor
Cameron A. Baker
Fox Rothschild, LLP
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
cdennie@foxrothschild.com
straynor@foxrothschild.com
pkane@foxrothschild.com
cbaker@foxrothschild.com

Beatriz Mate-Kodjo
BMK Law Firm, PLLC
1910 Washington St., Ste. 100
Pella, IA 50219
beatriz@mate-kodjo-law.com
*Attorneys for Plaintiffs*

Thomas J. Miller, Attorney General of Iowa
Jeffrey S. Thompson
Jeffrey C. Peterzalek
Christopher J. Deist
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, IA 50319
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
*Attorneys for Defendants*

                                                                    /s/ Roger W. Stone