IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE,<br><br>Defendants. | Case No. 4:20-cv-00366<br><br><br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT KIRK FERENTZ'S MOTION TO DISMISS COUNTS IV AND VI OF SECOND AMENDED COMPLAINT |

**TABLE OF CONTENTS**

**Page**

I. Count VI Does Not Relate Back ............................................................................................1

II. Even if Count VI Relates Back, No Materially Adverse Action Is Alleged. .......................2

III. Count IV –Failure to Train/Supervise Must Be Dismissed .................................................3

IV. K. Ferentz is Entitled to Qualified Immunity under Count IV and VI ................................5

I.     **Count VI[1] Does Not Relate Back.**

Plaintiffs recognize that Federal Rule of Civil Procedure 15 and *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051 (8th Cir. 2002) control whether Count VI – retaliation relates back. Yet, Plaintiffs ignore that they plead a wholly new theory of retaliation – by Parker against K. Ferentz. While the original petition did contain a retaliation claim, that claim involved an allegation by Plaintiff Mends against Defendants Iowa and Board of Regents.

Plaintiffs claim that the "SAC simply provides additional information related to the same underlying allegations and occurrences of the original petition" and cite to several paragraphs claiming K. Ferentz was on notice of Parker's retaliation claim against him. [ECF No. 203, at 20–21]. A close examination of the cited paragraphs reveals there is no discussion or allegation of: (1) any protected activity or complaint by Parker; (2) any adverse action taken against Parker by K. Ferentz (or any other defendant for that matter); or (3) K. Ferentz participating in any retaliatory conduct. At most these paragraphs allege K. Ferentz: had a "watchful eye" over other football staff's allegedly racially discriminatory conduct [ECF No. 133, at ¶ 6]; improperly hired and promoted B. Ferentz [*id.*, at ¶ 41]; and restricted the Leadership Group's disciplinary recommendations for some unknown and unnamed individuals [*id.*, at ¶ 104]. "[I]f [a] plaintiff attempts to allege an entirely different transaction by amendment, Rule 15(c)(1)(B) will not authorize relation back. For example, amendments alleging . . . even a separate violation of the

---

[1] In their Resistance, Plaintiffs claim that "K. Ferentz does not address the allegations made against him in Count III, and therefore concede the plausibility of Plaintiffs' Equal Protection claim against him in Count III." [ECF No. 203, at 29 n.9]. However, Plaintiffs bring no claim against K. Ferentz in Count III, and only plead the equal protection claim in Count III against B. Ferentz, Wallace, and Doyle.

1

same statute may be subject to the defense of statute of limitations because of a failure to meet the transaction standard." § 1497 Standard for Determining When Amendments Relate Back—In General, 6A Fed. Prac. & Proc. Civ. §1497 (3d ed.) (citing cases). Thus, Count VI does not relate back, and is time barred.

## II. Even if Count VI Relates Back, No Materially Adverse Action Is Alleged.

Plaintiffs acknowledge a retaliation claim requires pleading a "materially adverse action." Plaintiff Parker identifies the following adverse action: "institut[ing] disciplinary action against Plaintiff Parker by forcing him to complete community service hours." [ECF No. 133, at ¶ 353–354]. Requesting Parker to complete community service hours is not "disciplinary." *See Hill v. City of Pine Bluff, Ark*., 696 F.3d 709, 715 (8th Cir. 2012) (explaining disciplinary action in and of itself is not "materially adverse" unless there is imposition of termination or other employment-related harm). "An adverse employment action must be material, not trivial." *AuBuchon v. Geithner*, 743 F.3d 638, 644 (8th Cir. 2014). "To avoid the triviality pitfall, the retaliation must produce some 'injury or harm.'" *Id*. A materially adverse action must "produce[] a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge." *Jackman v. Fifth Judicial Dist. Dept. of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). "However, minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action." *Id.* "[C]ommencing performance evaluations, or sending a critical letter that threatened appropriate disciplinary action, or falsely reporting poor performance, or lack of mentoring and supervision were actions that did not establish a prima facie case of retaliation, absent showings of materially adverse consequences to the

employee." *Hill*, 696 F.3d at 715. In order for an action to be materially adverse, there must be a "chilling effect" that would "dissuade[] a reasonable worker from continuing in her protected activity." *Id*. Plaintiffs cite to the federal sentencing guidelines to allege some type of punitive nature to community service, however, Plaintiffs ignore that a criminal defendant's failure to complete community service hours leads to punishment.[2] There is no allegation (1) the imposition of community service on Parker carried any additional disadvantage or (2) if Parker had not complied with the request for community service that he would have suffered a materially adverse consequence, such as removal from school or the team. In fact, the SAC is silent regarding whether Parker actually performed community service. The imposition of community service cannot be considered materially adverse. *Hill*, 696 F.3d at 715.

### III.    Count IV –Failure to Train/Supervise Must Be Dismissed.

Both Mends' and Simon's failure to supervise claims are time-barred. It is not enough, as Plaintiffs argue, for Mends and Simon simply to be present during the limitations period, but rather they must allege an actual violation during that limitations period and neither do.[3]

---

[2] *See* Chapter 7 of Federal Sentencing Guidelines, Violations of Probation and Supervised Release.

[3] The Order on Motion to Dismiss cited *Wilson v. City of North Little Rock,* 801 F.2d 316, 322 (8th Cir. 1986), as requiring Mends and Simon to allege Kirk Ferentz: "(1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrate deliberate indifference to or tacit authorization of those acts; (3) fail to take sufficient remedial actions; and (4) failure to remediate caused injury to Plaintiffs." [ECF No. 31, at 19]. *Wilson v. City of North Little Rock* concerned a supervisor's breach of "a duty to supervise or control . . . subordinates." 801 F.2d at 322. "Separate test of liability specific to supervisors" did not survive *Iqbal*. *See Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020); *Dodds v. Richardson*, 614 F.3d 1185, 1199–00 (10th Cir. 2010) ("We therefore conclude that after *Iqbal*, Plaintiff can no longer succeed on a § 1983 claim against Defendant by showing that as a supervisor he behaved 'knowingly or with "deliberate indifference" that a constitutional violation would occur' at the hands of his subordinates, unless that is the same state of mind required for the constitutional deprivation he alleges."); *see generally Ellis v. Houston*, 742 F.3d 307, 327 (8th Cir. 2014) (Loken, concurring) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Analogous to "the scope of supervisory liability under § 1983 for violations of the Eighth Amendment was not clearly established at the time of the relevant conduct," *Tangreti*, 983 F.3d at 620, the scope of supervisory liability under § 1983 for alleged violations of

3

Plaintiffs also ignore the high bar required for supervisor liability as explained in *Meyer v. Herndon,* 419 F. Supp. 3d 1109 (S.D. Iowa 2019). In *Meyer,* this Court explained there must be a "deliberate or conscious choice" by the supervisor and an allegation that the failure of such training be the "moving force" behind the plaintiff's injury. *Id.* at 1122–23. Plaintiffs must plead facts that would show K. Ferentz's "personal failure to train 'actually caused' Plaintiff's injuries." *Id.* at 1123. "[A] single incident, or a series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995–96 (8th Cir. 2007). Plaintiffs have failed to meet this high bar, and provide no argument about what K. Ferentz did to "actually cause" Plaintiff Mends', Simon's, or Foy's alleged injuries or point to a single allegation of purposeful discrimination by K. Ferentz. *Riehm v. Engelking*, 538 F.3d 952, 962–63 (8th Cir.2008) ("A supervisor may be held individually liable under § 1983 if [s]he directly participates in the constitutional violation[.]").

In *Meyer*, this Court twice cited *Parrish v. Ball*, 594 F.3d 993 (8th Cir. 2010). The United States Court of Appeals for the Eighth Circuit observed without deciding "a failure to supervise claim" may or may not have survived *Iqbal. Id.* at 1002. For two reasons, the SAC has not alleged a plausible failure to train claim under *Parrish v. Ball*. First, "[t]he plaintiff must also prove that the alleged failure to train 'actually caused' the constitutional deprivation." *Id.* The SAC contains no allegation the alleged injuries resulted from a failure to train. Second, "a supervisory officer is entitled to qualified immunity for a § 1983 failure to train action unless a reasonable supervisor would have known that his training program (or lack thereof) was likely to result in the specific constitutional violation at issue." *Id.* (citing *Gold v. City of Miami*, 121 F.3d 1442, 1447 (11th Cir. 1997)). The SAC contains no allegation a reasonable supervisor would

---

the Equal Protection Clause was not clearly established at the time of the alleged conduct.

have known the training program was likely to result in a constitutional violation. The SAC's noise about notice does not rise notice of "a pattern of unconstitutional acts" committed by K. Ferentz's subordinates. *See id.*

## IV.   K. Ferentz is Entitled to Qualified Immunity under Count IV and VI.[4]

To the extent the Court finds any § 1983 claims remaining, B. Ferentz is entitled to qualified immunity. This case does not involve terminating a player's scholarship, but Plaintiffs rather allege a broad range of complaints, including having to stand for the National Anthem [ECF No. 133, at ¶¶ 62–63], approving presentation of a jersey to Candidate Trump [*id.*, at ¶¶ 64, 163], limiting player political protests [*id.*, at ¶ 65], requiring players to make weight [*id.*, at ¶¶ 67, 95, 125, 207], performing community service as discipline for infractions [*id.*, at ¶¶ 54, 56, 143, 353], testing for drugs on a non-random basis [*id.*, at ¶¶ 54–55, 82, 104], coaches' receiving pay raises [*id.*, at ¶ 90], promoting a white coach as offensive coordinator over allegedly more qualified African-American coaches [*id.*, at ¶ 41], scrutinizing twenty years of allegations [*id.*, at ¶ 92], choosing among players as to playing time [*id.*, at ¶¶ 12, 287], and having access to facilities and equipment [*id.*, at ¶ 285], among many other things. Plaintiffs do not allege that there is any clearly established precedent in the U.S. Supreme Court or Eighth Circuit or any other Circuit Court that makes any one or all of these complaints a violation of §§ 1981 or 1983, let alone a clearly established violation.

In a similar context of whether collegiate athletics had a clearly established precedent requiring a due process hearing before terminating University of Minnesota athletic scholarship, the Eighth Circuit held that the University officials sued in their individual capacity were entitled

---

[4]K. Ferentz incorporates the qualified immunity arguments of B. Ferentz and Wallace in their reply briefs in support of their motions to dismiss also filed today.

to qualified immunity. *Does 1-2 v. Regents of the Univ. of Minn.*, 999 F.3d 571, 583 n.2 (8th Cir. 2021). The Eighth Circuit stated as to a claim of individual liability for alleged due process violations:

> Federal courts are split on whether participating in intercollegiate athletics is a constitutionally-protected property or liberty interest, an issue we have not decided. *See Kroupa,* 731 F. 3d at 820 and 823 (Bye, J. dissenting). **Even if the "ability to pursue…athletic participation" is a protectable interest, an issue we again need not decide, the right was not clearly established at the time the Does were suspended in 2016 and therefore Kaler and Marisam are entitled to qualified immunity from these claims.**

999 F.3d 583 n.2.[5] A District Court in Oregon held that four state actors sued in their individual capacity were entitled to qualified immunity against claims by three former University of Oregon basketball players who had sued them. *Austin v. Univ. of Or.,* 205 F. Supp. 3d 1214, 1221–22 (D. Or. 2016), *aff'd*, 925 F.3d 1133 (9th Cir. 2019). In *Austin,* three athletes suspended for up to 10 years and who suffered loss of their scholarships claimed violations of due process rights against four individual defendants who were entitled to qualified immunity because plaintiffs had failed to plead a clearly established constitutional right for purposes of qualified immunity analysis. *Id.* at 1222. Existing precedent "must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011).

Additionally, because the United States Court of Appeals for the Eighth Circuit indicated a failure to supervise claim may or may not have survived *Iqbal,* the law after *Iqbal* regarding both failure to train and failure to supervise is not clearly established. *See Parrish*, 594 F.3d at 1002. *See also Tangreti*, 983 F.3d at 619; *Ellis*, 742 F.3d at 327; *Dodds*, 614 F.3d at 1199–00.

---

[5] Iowa law appears the same as Minnesota law in *White-Ciluffo v. Iowa Dep't of Educ.*, 902 N.W.2d 590, 2017 WL 2469216, at *5–6 (Iowa Ct. App. 2017) (not recognizing due process right to participate in the activity).

Finally, no reported case holds an imposition of four hours of community service for insubordination constitutes a materially adverse consequence. Consequential, the law is not clearly established. *See Hill*, 696 F.3d at 715.

Dated: October 21, 2022                                    Respectfully submitted,

*/s/ Roger W. Stone*
Roger W. Stone            AT0007519
Jeffrey A. Stone           AT0008829
Simmons Perrine Moyer Bergman PLC
115 Third Street S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: rstone@spmblaw.com
           jstone@spmblaw.com
*Attorneys for Defendants Kirk Ferentz, Brian Ferentz and Seth Wallace*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I filed the foregoing with the Clerk of Court by using the ECF system which will send notification of such filing to the following:

Damario Solomon-Simmons
Kymberli J. Heckenkemper
Solomon Simmons Law, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

Christian Dennie
Patrick M. Kane
Sarah M. Traynor
Cameron A. Baker
La-Deidre D. Matthews
Fox Rothschild, LLP
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
cdennie@foxrothschild.com
straynor@foxrothschild.com
pkane@foxrothschild.com
cbaker@foxrothschild.com
lmatthews@foxrothschild.com

Beatriz Mate-Kodjo
BMK Law Firm, PLLC
1910 Washington St., Ste. 100
Pella, IA 50219
beatriz@mate-kodjo-law.com
*Attorneys for Plaintiffs*

Thomas J. Miller, Attorney General of Iowa
Jeffrey S. Thompson
Jeffrey C. Peterzalek
Christopher J. Deist
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, IA 50319
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
*Attorneys for Defendants*

/s/ Roger W. Stone