IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE,<br><br>Defendants. | Case No. 4:20-cv-00366<br><br><br>REPLY BRIEF IN SUPPORT OF DEFENDANT BRIAN FERENTZ AND SETH WALLACE'S MOTION FOR PROTECTIVE ORDER |

Plaintiffs' Resistance to Defendants Brian Ferentz and Seth Wallace Motions for Protective Order does not discuss the legal arguments raised in the motions for protective order [ECF Nos. 189 & 190], K. Ferentz's motion for protective order and reply [ECF Nos. 177 & 195], and Defendants' motion to stay [ECF Nos. 150 & 181]. Accordingly those arguments are incorporated herein.

Plaintiffs' Resistance does argue the motions for protective order are "moot." [ECF No. 211, p. 1]. Plaintiffs are mistaken – Defendants have requested "that the Court enter a protective order staying all further discovery in this matter until the Court rules on his pending dispositive motions asserting qualified immunity." [ECF 189, p. 3 & ECF No. 190, p. 3]. Plaintiffs concede "discovery has, in fact, been proceeding" [ECF No. 211, p. 3] which is why Defendants are seeking the relief to stay discovery pending the Court's resolution of the pending dispositive motions asserting qualified immunity. *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting qualified immunity gives "government officials a right, not merely to avoid standing trial, but also to avoid

1

<hr />

the burdens of such pretrial matters as discovery… as inquiries of this kind can be peculiarly disruptive to effective government" (internal quotations omitted)). Defendants cannot unilaterally stay *all* discovery – they need direction from the Court before exercising their right to avoid further discovery while the Court resolves their pending dispositive motions asserting qualified immunity.

However, the Court did provide direction how the scheduling of depositions of B. Ferentz and K. Ferentz should proceed at the September 22 status conference. Contrary to Plaintiffs' characterization of the status conference, Defendants will refer to the transcript. Mr. Solomon-Simmons correctly stated at the September 22 status conference: "But it's our understanding that October 10th were the dates that were – they said defendants could be available that week ***on the caveat if the Court ruled against their motion to stay discovery***." [ECF No. 193 8:24-9:2 (emphasis added)]. Mr. Stone confirmed that all three individual defendants asserting qualified immunity would be available for deposition the week of October 10 "if the Court denies the motion for qualified immunity." [*Id*. 10:9; *see generally* 10:1-11:2]. The Court directed counsel:

> [T]o come up with an agenda as to what that week would look like conditioned upon the Court having entered a ruling on the motion asking for the stay and ***conditioned upon that ruling … that the Court denies the motion*. *If it turns out that's not the case, that that condition does not occur, obviously then those depositions won't occur then***, but rather than waiting until the last minute to see what's going to happen, I would just ask that you guys get on the phone together and get that coordinated; okay?...
>
> ***We know you've got people available*** the 11th, 12th, and 13th of October ***if, in fact, that's going to go forward conditioned upon the Court's rulings; okay***? I'm going to move on.
>
> [*Id*. 11:8-17 & 12:21-25 (emphasis added)].

Defendants' counsel, consistent with their representations to the Court, made K. Ferentz and B. Ferentz available for deposition on October 11 and October 13 "conditioned upon . . . [if] the Court denies the motion" to stay or the motions asserting qualified immunity. Plaintiffs did not wait for

the Court's ruling on Defendants' motions. Instead Plaintiffs unilaterally noticed the depositions of K. Ferentz and B. Ferentz contrary to the Court's clear direction, necessitating Defendants' separate motions for protective order. Plaintiffs did not abide by the agreement that Defendants would produce the witnesses on October 11 and 13 if the Court denied Defendants' motions, and Defendants would accept any deposition notices in the event the condition occurred. The Court did not rule on the pending motion to stay [ECF No. 150] or deny the pending dispositive motions asserting qualified immunity (which would moot the motion to stay) before the week of October 10, making any attempt to depose K. Ferentz and B. Ferentz a violation of the Court's clear directive to the parties. Accordingly neither witness was made available because the condition required by the Court did not occur.

There is nothing unusual about public officials, after being sued for official acts in their individual capacity, promptly seeking a determination of their qualified immunity and while that determination is pending avoid the burdens of discovery. This is true of school teachers, police officers, judges, agency employees, or athletic coaches for public institutions. These Defendants simply request the Court afford them the rights it would afford any public officer and grant their motion for protective order.

Dated: October 26, 2022                               Respectfully submitted,

                                                      */s/ Roger W. Stone*
                                                      Roger W. Stone      AT0007519
                                                      Jeffrey A. Stone    AT0008829
                                                      Simmons Perrine Moyer Bergman PLC
                                                      115 Third Street S.E., Suite 1200
                                                      Cedar Rapids, IA 52401-1266
                                                      Telephone: (319) 366-7641
                                                      Facsimile: (319) 366-1917
                                                      Email: rstone@spmblaw.com
                                                              jstone@simmonsperrine.com
                                                      *Attorneys for Defendants Kirk Ferentz,*
                                                      *Brian Ferentz and Seth Wallace*

# CERTIFICATE OF SERVICE

    I hereby certify that on October 26, 2022, I filed the foregoing with the Clerk of Court by using the ECF system which will send notification of such filing to the following:

Damario Solomon-Simmons
Kymberli J. Heckenkemper
Solomon Simmons Law, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

Christian Dennie
Patrick M. Kane
Sarah M. Traynor
Cameron A. Baker
La-Deidre D. Matthews
Fox Rothschild, LLP
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
cdennie@foxrothschild.com
straynor@foxrothschild.com
pkane@foxrothschild.com
cbaker@foxrothschild.com
lmatthews@foxrothschild.com

Beatriz Mate-Kodjo
BMK Law Firm, PLLC
1910 Washington St., Ste. 100
Pella, IA 50219
beatriz@mate-kodjo-law.com
*Attorneys for Plaintiffs*

Thomas J. Miller, Attorney General of Iowa
Jeffrey S. Thompson
Jeffrey C. Peterzalek
Christopher J. Deist
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, IA 50319
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
*Attorneys for Defendants*

    /s/ Roger W. Stone