IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; KIRK FERENTZ; and SETH WALLACE,<br><br>   Defendants. | Case No. 4:20-cv-366<br><br><br>**REPLY IN SUPPORT OF DEFENDANTS UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA, CHRISTOPHER DOYLE, AND GARY BARTA'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

**I. OBJECTIONS TO PLAINTIFFS' ATTACHMENTS TO THEIR RESISTANCE**

 Plaintiffs attached a number of documents to their resistance that are clearly neither incorporated by reference in the SAC nor integral to the claims raised in the SAC. These attachments are referenced in the "Facts" section of Plaintiffs' resistance brief. It is improper for the Court to consider those attachments in ruling on Defendants' motion to dismiss.  "Courts ordinarily do not consider matters outside the pleadings on a motion to dismiss." *Dunnigan v. Federal Home Mortgage Corporation*, 184 F. Supp. 3d 726, 734-35 (D. Minn. 2016). "Matters outside the pleadings include 'any written or oral evidence in support of or in opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the motion.'" *Id.* (citing *Gibb v. Scott*, 958 F. 2d 814, 816 (8th Cir. 1992)). Further, "facts asserted in the memoranda themselves, as well as statements made at oral argument, may not be considered unless they were first asserted in the pleadings" *Id.* (quoting *Folger v. City of Minneapolis*, 43 F.

Supp. 3d 922, 930 (D. Minn. 2014)). None of these attachments were attached to the SAC nor were they incorporated by reference into that pleading. Because considering the attachments "would require analysis and evidence of information beyond" Plaintiffs' initial allegations this Court should not consider the attachments to Plaintiffs' resistance to the motion to dismiss. *Id.* (quoting *Johnson v. Casey's General Stores Inc.*, 116 F. Supp. 3d 944, 947 (W.D. Mo. 2015)).

## II.   PLAINTIFFS DO NOT RESIST DISMISSAL OF CLAIMS FOR NON-ECONOMIC DAMAGES SUCH AS EMOTIONAL DISTRESS DAMAGES IN COUNT I

Defendants continue to assert that, as set forth in their initial brief, Plaintiffs' allegations set forth in the SAC fall short of the plausibility requirements for pleading those claims. However, even if the Court were to determine Count I contains sufficient factual allegations to plausibly state a Title VI claim, the Court should dismiss Plaintiffs' requests for emotional distress damages associated with Count I. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1569–76 (2022) (holding that plaintiffs suing under Title VI cannot recover emotional distress damages). Plaintiffs do not respond at all to this argument raised by Defendants and this Court should confirm the controlling authority on this issue.

## III.   PLAINTIFFS' SECTION 1981 CLAIMS AGAINST DOYLE IN COUNT II OF THE SAC ARE SUBJECT TO A TWO-YEAR STATUTE OF LIMITATIONS, FAILS TO STATE A CLAIM AND, IN ANY EVENT, DOYLE IS QUALIFIEDLY IMMUNE FOR THIS CLAIM.

### A.   Plaintiffs' Section 1981 Claims Are Governed by the Section 1983 Statute of Limitations.

Contrary to Plaintiffs' assertions, this Court's prior determination that a four-year statute of limitations applies to their § 1981 claims is not the "law of the case." While "the law of the case doctrine provides that a court's decision on legal issues should govern the same issues at later stages of the same case. That doctrine, however, applies to issues decided by final judgments." *Lovett v. General Motors Corp.*, 975 F. 2d 518, 522 (8th Cir. 1992). "The district court's rulings

on GM's motion to dismiss and motion for summary judgment were not final judgments." *Id.* (other citations omitted). "When a district court is convinced that it incorrectly decided a legal issue in an interlocutory ruling the district court may correct that decision to avoid a later reversal." *Id.*

It is Defendants' position that the Court did not fully consider the significance of a § 1981 claim brought against a state actor which can only be brought under 42 U.S.C. § 1983. Courts continue, even up to the present, to rule that the applicable statute of limitations in § 1981 cases brought against state actors through section 1983 are subject to the State's most analogous statute of limitations – not the four-year catch all provision of 28 U.S.C § 1658(a).  *See Nelatury v. Pennsylvania State University*, No. 1:21-cv-279, 2022 WL 4837433, at *13 (W.D. Penn. Oct. 3, 2022) (§ 1981 claims brought against government actors governed by § 1983 statute of limitations which are the forum state's statute of limitations for personal injury actions) (citing *McGovern v. City of Philadelphia*, 554 F.3d 114, 115-21 (3d Cir. 2009) (rejecting Plaintiff's attempt to apply four-year statute of limitation)). The Eighth Circuit is clear that a § 1981 claim against a state actor can only be brought through § 1983. *Artis v. Francis Howell N. Band Booster* Ass'n, 161 F. 3d 1178, 1181 (8th Cir. 1998). Nothing in § 1983 jurisprudence, including the 1991 amendments to the Civil Rights Act, has changed that remedial scheme. Iowa's two-year statute of limitations for personal injury actions is the appropriate limitations period to apply to Plaintiff's § 1983 claims[1].

**B. Doyle Is Entitled to Qualified Immunity on Plaintiffs' Section 1981 Claims Because Their Claims Fail to Identify the Specific Acts of Discrimination Doyle Allegedly Committed Against Each Plaintiff.**

Plaintiffs' arguments regarding the clearly established prong of the qualified immunity determination wherein they assert it was clearly established "discrimination on the basis of race is

---

[1] Regardless of the limitation period applied, Plaintiffs have conceded, in their resistance to Brian Ferentz' motion for summary judgment, that Plaintiff Cooper's claims fall outside even the four-year limitations period. Doc. 183 p. 34.

illegal" (Doc. 203 fall precisely into the exact argument the Supreme Court admonishes against. For a right to be clearly established for purposes of qualified immunity, "existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Importantly, "the Supreme Court has 'repeatedly' cautioned courts 'not to define clearly established law at a high level of generality.'" *Central Specialties, Inc. v. Large*, 18 F.4th 989, 996 (8th Cir. 2021) (quoting *Mullenix v. Luna*, 557 U.S. 7, 12 (2015)).  Thus, tautologies, such as those asserted by Plaintiffs here, that merely restate general constitutional requirements are insufficient to overcome qualified immunity. Rather, the inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

Recently, the United States Supreme Court reaffirmed its stringent specificity requirement, explaining that a plaintiff "must identify a case that put [the defendant] on notice that his specific conduct was unlawful." *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021) (per curiam). In *Rivas-Villegas*, the Supreme Court reversed the Ninth Circuit's denial of qualified immunity, explaining "[n]either [the plaintiff] nor the Court of Appeals identified any Supreme Court case that addresses facts like the ones at issue here," and in the absence of a materially indistinguishable and precedential case placing the defendant's conduct beyond debate, qualified immunity was required. *Id.* at 8–9; *see also City of Tahlequah v. Bond*, 142 S. Ct. 9, 11–12 (2021) (per curiam) (reversing denial of qualified immunity where Tenth Circuit failed to identify a sufficiently factually similar precedential case and officers were therefore entitled to qualified immunity).

Plaintiffs' have failed to identify anything more than a general prohibition against illegal race discrimination, and it is well settled that qualified immunity cannot be overcome by relying on such highly generalized proclamations of policy. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).

In the absence of a "robust consensus of cases," qualified immunity is appropriate for Count II. *Murphy v. Engelhart*, 933 F.3d 1027, 1030 (8th Cir. 2019).

## IV.   PLAINTIFFS' EQUAL PROTECTION CLAIM IN COUNT III OF THE SAC AGAINST DOYLE FAILS AS A MATTER OF LAW AND, IN ANY EVENT, DOYLE IS ENTITLED TO QUALIFIED IMMUNITY ON THIS CLAIM

Plaintiffs make the same generality mistake in arguing against granting qualified immunity on their § 1983 equal protection claim against Doyle that they did when arguing against qualified immunity on Plaintiffs' § 1981 claim. Those same authorities supporting a grant of qualified immunity are equally applicable to Plaintiffs' § 1983 equal protection claims brought against individual defendants.

Further evidence of the appropriateness of qualified immunity with respect to any claims brought under § 1983 is made clearer by an argument asserted in Defendants' initial brief and responded to by Plaintiffs. Defendants argued in their opening brief that in *Resendez v. Prance*, a college coach and two university officials were entitled to qualified immunity because plaintiff had not cited any analogous cases to show that a clearly established right exists for a college baseball player who is a member of a protected class to not be suspended from the team because of a verbal altercation with the coach.  No. 3:16-CV-862-JVB-MGG, 2018 WL 3275615, at *5 (N.D. Ind. Jan. 26, 2018). There, the absence of clearly established precedent applicable to collegiate athletics resulted in a ruling and recommendation by the magistrate judge finding qualified immunity for the coach who suspended a player and called him a "Mexican with a beard". *Id.* at *5–6. In their response in this case Plaintiffs were quick to note that the afore-noted ruling and recommendation was not adopted by the district court. (Doc. 203 at 33). Plaintiffs apparently believed that pointing this out is helpful to their arguments. They are wrong. The fact that two judges disagree on whether something is clearly established is further proof, in and of itself as well

as in the context of analyzing this case that the limited allegations against Doyle do not meet the clearly established requirement to avoid the application of qualified immunity.

Again, Plaintiffs' claims under Count III largely rely on vague, unspecified allegations, most of which are disconnected from Doyle. Further, no case law establishes the notion that an equal protection claim can be based upon discriminatory treatment of another person. Thus, absent a showing that Doyle individually subjected Plaintiffs Mends, Simon, or Foy to disparate treatment with discriminatory intent, existing § 1983 precedent would not have informed Defendants that their actions could constitute a § 1983 equal protection claim against them. This is particularly salient regarding Plaintiff Mends' claims, as he never makes any specific allegations against Doyle. (Doc. 133, at ¶¶ 153-66). Put simply, the allegations put forward by these Plaintiffs do not show, under the existing precedent, that Doyle's alleged actions would have violated § 1983. As such, Doyle is entitled to qualified immunity on Plaintiffs' § 1983 equal protection claims. Plaintiffs fall far short of identifying the necessary "...existing circuit precedent involving sufficiently similar facts that squarely govern the situation." *Hovick v. Patterson*, 37 F. 4th 511, 517(8th Cir. 2022) (quoting *L.G. Through M.G. v. Columbia Public Schools,* 990 F. 3d 1145, 1147 (8th Cir. 2021)); *see also Lane v.* Nading, 927 F. 3d 1018, 1023 (8th Cir. 2019) (reversing district court denial of qualified immunity on motion to dismiss as neither the Arkansas Supreme Court, the Eighth Circuit nor the Supreme Court had spoken on the specific issue). Similarly, Palintiffs fail to point to "a robust consensus of cases of persuasive authority establishing that the facts of her case make out a violation of clearly established right." *Id.* "Indeed, none of the cited cases involve 'the specific context of [this] case'". *Id* at 519 (quoting *Rivas-Villagas,* 142 S. Ct. at 7 (2021)). Thus, Defendants are entitled to a determination of qualified immunity.

**V.     PLAINTIFFS CONCEDE CONTROLLING PRECEDENT REQUIRES DISMISSAL OF THEIR FAILURE TO TRAIN CLAIMS IN COUNT V AGAINST BARTA ON STAUTE OF LIMITATION GROUNDS.**

While, as set out in Defendants initial brief, there are multiple reasons to dismiss Count V of the SAC made against Barta, the straightest line to that result is controlling Eighth Circuit precedent that their renewed claim against Barta does not relate back to their original filing. Plaintiffs concede this but note, incorrectly, that this Court would still have the authority to not follow such precedent. Eighth Circuit precedent directly applicable to the posture of this case requires dismissal of Barta from this case.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK

*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on October 31, 2022:

☐ U.S. Mail                 ☐ FAX
☐ Hand Delivery             ☐ Overnight Courier
☐ Federal Express           ☐ Other
☒ CM/ECF

Signature: */s/ Audra Jobst*