# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

AKRUM WADLEY, *et al.*,

    Plaintiffs

v.

UNIVERSITY OF IOWA, *et al.*,

    Defendants.

)
)
)
)
)
)
)
)
)
)

Case No. 4:20-cv-00366-SMR-HCA

**SUPPLEMENT TO PLAINTIFFS' 56(D) MOTIONS RELATING TO SUMMARY JUDGMENT MOTIONS OF DEFENDANTS BRIAN FERENTZ AND CHRISTOPHER DOYLE**

---

Pursuant to the Court's direction at the Status Conference held on November 30, 2022, and ECF 248, Plaintiffs submit this *Supplement to Plaintiffs' Rule 56(d) Motions* (ECF 141 and 172) relating to the Motions for Summary Judgment filed by Defendants Brian Ferentz and Christopher Doyle (ECF 128 and 146). Plaintiffs respectfully show this Honorable Court as follows:

1.    Defendant B. Ferentz filed a *Motion for Summary Judgment* (ECF 128) on August 8, 2022, and Defendant Christopher Doyle filed a *Motion for Summary Judgment* (ECF 146) on September 12, 2022.

2.    At the time of these summary judgment motions, discovery was ongoing and, in many ways, still in its early stages. Because Plaintiffs needed the opportunity to conduct full discovery in order to meet the summary judgment motions filed by Defendants B. Ferentz and Doyle, they moved under Rule 56(d) of the Federal Rules of Civil Procedure for those motions to be either denied or continued so that Plaintiffs could take the discovery necessary to fully resist the motions. (ECF 141 and 172). Plaintiffs' Rule 56 Motions remain pending before the Court.

3.    On October 4, 2022, and October 31, 2022, respectively, having not received a ruling on the Rule 56(d) Motions, Plaintiffs filed resistances to the summary judgment motions of

Defendant B. Ferentz and Defendant Doyle (ECF 182 and 230). These resistances were submitted using the limited facts then available to Plaintiffs.

4.     Defendants B. Ferentz and Doyle then both filed replies to Plaintiffs' resistances. (ECF 223 and 241). In these replies, Defendants contend that Plaintiffs' resistances to the summary judgment motions do not establish a genuine issue of material fact. Of particular significance, both Defendant B. Ferentz and Defendant Doyle objected on hearsay grounds to substantial evidence submitted by Plaintiffs from the documents underlying the Iowa Diversity Task Force Report and the Husch Blackwell Report.[1]

5.     As set out further below, since the filing of the summary judgment motions by Defendants B. Ferentz and Doyle, additional discovery has been conducted, including the depositions of University of Iowa faculty member and faculty athletic representative Nicole Grosland, Iowa Assistant Athletic Director for Academic Services John Bruno, former Iowa strength and conditioning coach Defendant Doyle, and current Iowa Athletic Director Gary Barta. Defendants have also made additional document productions encompassing thousands of pages of material; as recently as November 15, 2022, Defendants made a supplemental production of 3,682 documents. Further, as the Court is well aware, discovery remains ongoing. Numerous depositions are still to be taken, including key depositions of Defendants B. Ferentz and Kirk Ferentz, and Defendants continue to produce documents requested by Plaintiffs in written discovery. Fact discovery is still many months from completion.

6.     The reply briefing of Defendants B. Ferentz and Doyle on their respective summary judgment motions and the additional discovery that has been conducted since those motions were filed underscore the propriety of Plaintiffs' Rule 56(d) Motions. Those replies, particularly the hearsay objections therein, highlight the additional discovery opportunities that Plaintiffs must be afforded to

---

[1] Although not titled as such, these objections essentially serve as a Motion to Strike the materials Plaintiffs rely on to oppose summary judgment.

meet those motions fully. And the depositions taken in the last two months have revealed additional facts relevant to Plaintiffs' claims against Defendants B. Ferentz and Doyle, which facts are material to Plaintiffs' resistances to Defendants' summary judgment motions and should be considered by the Court in its analysis of those motions.

**Status of Discovery**

7.     The following discovery occurred after the filing of the 56(d) Motions and/or resistances to dispositive motions or transcripts were not provided until after the filing of the 56(d) Motions and/or resistances to dispositive motions:

   a.   **Deposition of Dr. Nicole Grosland**: Dr. Grosland is the Associate Dean for Academic Programs for the College of Engineering, Professor of Biomedical Engineering, Distinguished Professor of Orthopedics and Rehabilitation, Research for the Iowa Institute for Biomedical Imaging, and the University of Iowa Faculty Athletics Representative.   Dr. Grosland was deposed on September 30, 2022. Dr. Grosland provided startling testimony that confirmed racial discrimination and racial disparities within the University of Iowa football program. Additionally, Dr. Grosland confirmed that she sat through and interviewed football student-athletes about such racial discrimination and racial disparities in 2018. After such interviews, she reported to Gary Barta (Director of Athletics) and Bruce Harreld (President). She confirmed she did not do enough to protect vulnerable student-athletes. Her testimony confirmed that multiple complaints were made about Doyle and B. Ferentz.

   b.   **Deposition of Christopher Doyle**: Doyle was the University of Iowa Executive Director of Football/Head Strength and Conditioning Coach prior to his termination. Doyle was deposed on October 11, 2022. Doyle is a defendant in this case and a central figure in the creation of a racially hostile environment. His testimony conflicted with his declaration filed with this Honorable Court and his assertion of facts in his dispositive motion.

   c.   **Deposition of Gary Barta**: Mr. Barta is the Director of Athletics for the University of Iowa. Mr. Barta was deposed on October 12, 2022. Mr. Barta is a defendant in this case and oversaw at the University of Iowa athletics department during all relevant times. His testimony was especially damaging and showed a substantial and shocking cover-up of denial despite confirming that he informed Husch Blackwell that the football program had a systemic problem.

   d.   **Deposition of John Bruno**: Mr. Bruno is the Assistant Athletic Director for Academic Services for the University of Iowa. Mr. Bruno was deposed on November 17, 2022, but the transcript was only made available today (December 2, 2022). Mr. Bruno met with numerous football student-athletes in 2018 about the racial discrimination and racial

disparities in the football program. Mr. Bruno confirmed that he received direct evidence from football student-athletes of racial discrimination and racial disparities in the football program. These student-athletes specifically complained about the behavior of B. Ferentz and Doyle. Mr. Bruno reflected the same in his notes, but he did not provide his notes to anyone. Mr. Bruno testified that he was told by his superior, Dr. Liz Tovar, to draft only a few examples of racial discrimination in the 2018 University of Iowa Diversity Task Force Report and confirmed that he modified the report to remove specific examples.

e. **Late Document Production**: On November 15, 2022, Defendants produced approximately 3,682 pages of records that included various emails, text messages, bias training sign-in sheets, and other documents. Many of these documents would have been used in depositions as exhibits and in resistance to dispositive motions, but could not be used or addressed, being that they were not timely produced. Defendants have represented on multiple occasions that all documents would be produced by September 30, 2022. Plaintiffs have learned from Defendants that additional document production is also forthcoming.

f. **Order to Proceed to Conciliation upon a Finding of Probable Cause**: On November 22, 2022, Administrative Law Judge Kristine M. Dreckman concluded that "probable cause exists to support the allegation of disparate treatment and retaliation against Respondent University of Iowa" pertaining to Plaintiff Javon Foy during his tenure as a member of the University of Iowa football program. *See* Exhibit 1-A.

Plaintiffs will need to supplement their resistances to the Motions for Summary Judgment with evidence that has been obtained from the above-referenced depositions and document productions.

8. The following discovery is currently scheduled:

a. **Deposition of Eileen Wixted**: Ms. Wixted's deposition is scheduled for December 8, 2022. Ms. Wixted is a public relations professional hired by Kirk Ferentz and used by the University of Iowa Department of Athletics to craft messages to the public regarding the racial discrimination and racial disparities within the football program. Upon information and belief, she advised several members of the University of Iowa's football program and crafted Kirk Ferentz's "blind spot" denials of knowledge of the racial discrimination in the football program.

b. **Deposition of Dr. Liz Tovar**: Dr. Tovar's deposition is scheduled for December 15, 2022. Dr. Tovar is the Senior Associate Athletics Director, Student-Athlete Academic Services and Executive Officer & Associate Vice President, Division of Diversity, Equity, and Inclusion at the University of Iowa. Dr. Tovar was heavily involved in the drafting and watering down of the 2018 University of Iowa Diversity Task Force Report. Dr. Tovar was also made aware of racial discrimination and racial disparities in the football program.

c. **Responses to Plaintiff's Third Request for Production of Documents**: Defendants' Responses to Plaintiff's Third Request for Production of Documents are due on December 5, 2022. These requests include various document requests, including Kirk Ferentz's handwritten notes.

d. **Subpoena of Mary Ferentz**: Plaintiffs sent a subpoena to Mrs. Ferentz in May 2022 but were unable to achieve service. On September 8, 2022, Roger Stone agreed to accept service on behalf of Mrs. Ferentz. During the status conference held with this Honorable Court on November 30, 2022, Mr. Stone represented that text messages from Mrs. Ferentz's phone will be produced on December 5, 2022, but emails will not be produced. Plaintiffs will likely need to make a motion to compel production of these emails.

9. The following discovery is currently in the process of being scheduled:

a. **Deposition of Broderick Binns**: Mr. Binns was at all relevant times an employee of the University of Iowa, including an appointment as the Assistant Athletic Director for Diversity, Equity, and Inclusion. Mr. Binns confirmed to Husch Blackwell that there was racial discrimination and racial disparities in the football program. He further stated that he knew complaints would be made and specifically referenced Christopher Doyle. Multiple football student-athletes reported racial discrimination and racial disparities to him. Plaintiffs are waiting for Defendants to provide dates for his deposition.

b. **Deposition of Dr. Liz Hollingsworth**: Dr. Hollingsworth is a faculty member of the University of Iowa College of Education in Educational Policy and Leadership Studies and the co-Faculty Athletics Representative of the University of Iowa. Dr. Hollingsworth serves on committees within the University of Iowa related to athletics and reports directly to the President of the University of Iowa on issues within the athletics department. She was aware of reports of racial discrimination and racial disparities within the football program but failed to take any action to protect student-athletes. Plaintiffs are waiting for Defendants to provide dates for her deposition.

c. **Deposition of Bruce Harreld**: At all relevant times, Mr. Harreld was the President of the University of Iowa. Dr. Grosland testified that she reported the findings of the 2018 University of Iowa Diversity Task Force Report to Mr. Harreld. Dr. Grosland testified she is unaware of any actions taken by Mr. Harreld to protect student-athletes from ongoing racial discrimination and racial disparities in the football program. Plaintiffs are waiting for Defendants to provide dates for his deposition.

d. **Deposition of LeVar Woods**: Mr. Woods is an assistant football coach for the University of Iowa football team. In his interview with Husch Blackwell, he voiced concerns with Christopher Doyle and the football program at large. Plaintiffs are waiting for Defendants to provide dates for his deposition.

e. **Deposition of Kelvin Bell**: Mr. Bell is an assistant football coach for the University of Iowa football team. In his interview with Husch Blackwell, he voiced concerns with Christopher Doyle and the football program at large. Plaintiffs are waiting for Defendants

to provide dates for his deposition.

    f.    **Responses to Plaintiffs' Fourth Set of Request for Production of Documents**: In the taking of recent depositions, Plaintiffs learned of meetings and communications that relate specifically to the racial discrimination suffered by the Plaintiffs during their time in the Iowa football program and at the hands of Brian Ferentz and Christopher Doyle. Plaintiffs additionally learned of admissions of NCAA and Big Ten Conference rule violations that deponents indicated would be reported to the University following the depositions. Plaintiffs have requested documentary evidence related to these meetings, communications, and promised reports. While Plaintiffs believe that documents relating to these meetings and communications should already have been produced in response to Plaintiffs' prior discovery requests, it appears that they have been withheld, and thus Plaintiffs have had to make additional requests for the specific materials referenced during the depositions. Plaintiff's most recent set of discovery requests was served on December 1, 2022, and is attached hereto as Exhibit 1-B.

10.    The following discovery is being withheld based on motions filed by Defendants:

    a.    **Depositions of Hayley Hanson and Demetrius Peterson**: The depositions for Ms. Hanson and Mr. Peterson were previously set for December 13, 2022, and December 16, 2022, respectively. Ms. Hanson and Mr. Peterson were Husch Blackwell's investigators, who drafted the report on racial discrimination and racial disparities in the University of Iowa football program. This Honorable Court previously ruled that Husch Blackwell's draft reports, interview notes, and other documents are not protected by the attorney-client privilege and ordered production. (ECF 117). Despite this ruling, Defendants filed *Defendants' Motion to Quash and Motion for Protective Order*. (ECF 239). These depositions are important for many reasons, including addressing and solidifying admissibility of evidence of statements of Iowa football players and staff that are referenced within the notes of the investigation, the basis and instructions received from Defendants to water down their report on the University of Iowa football program, and the multiple drafts of such report including those drafts that specifically detail allegations against Brian Ferentz and Christopher Doyle.

    b.    **Deposition of Carol Reasoner**: Ms. Reasoner is the former General Counsel of the University of Iowa. Husch Blackwell's records confirm that Ms. Reasoner requested that Husch Blackwell water down and heavily modify its report on the racial discrimination and racial disparities within the University of Iowa football program. In a recently filed declaration, Ms. Reasoner testified as follows:

> Those communications with Husch Blackwell attorneys, including Hayley Hanson and Demetrius Peterson, included discussion related to the University's exposure to potential liability, as well as *communications regarding the advisability of certain content and phrasing within the report that Husch Blackwell ultimately produced*. Those discussions did

not relate to the anticipation of litigation with respect to these particular Plaintiffs in this particular lawsuit but rather anticipation of other potential litigation.

(ECF 239-1 at ¶ 5 (emphasis added)). The only other litigation that could possibly be referenced is claims potentially asserted by Christopher Doyle relating to his termination, but such claims had already been released by written contract where the University of Iowa paid Christopher Doyle more than $1.1 million. It appears clear to Plaintiffs that Ms. Reasoner was involved in, and may, in fact, have orchestrated, efforts to cover up the full extent of the racial discrimination that had occurred in the Iowa football program. These efforts included Husch Blackwell "watering down" assertions of racial discrimination lodged against Brian Ferentz and Christopher Doyle so as to avoid the risk of liability to the University and its football coaches.

Upon information and belief, Ms. Reasoner stated or was involved in referring to Plaintiffs as thugs and gangbangers (and similar epithets) to media outlets when Plaintiffs' demand letter was received. Defendants are attempting to protect Ms. Reasoner from testifying and explaining her role in the Husch Blackwell "independent" and "external" investigation and ultimate Report.

c. **Depositions of Kirk Ferentz, Brian Ferentz, and Seth Wallace**: Kirk Ferentz, Brian Ferentz, and Seth Wallace are all defendants and long-time coaches of the University of Iowa football team. They are all central characters and witnesses in this dispute, and direct allegations of racial discrimination and racial disparities have been lodged against them. Their testimony is vital to the Plaintiffs' case. Most certainly, they must be afforded the opportunity to depose Defendant Brian Ferentz and submit his testimony to the Court before his Motion for Summary Judgment is analyzed. Further, whether these individuals are parties or fact witnesses, they have pertinent information to Plaintiffs' claims and must be deposed. Defendants are attempting to protect these individuals from going under oath to answer for their racially discriminatory actions and the role they played in, and the knowledge they have about the racial discrimination and racial disparities within the University of Iowa football program.

**Additional Discovery Necessary Specific to Defendants' Hearsay Objections**

11.     Under Rule 56, when evidence presented in opposition to summary judgment is objected to as inadmissible, the burden shifts to the non-moving party to show that the evidence is either admissible as presented or that it is anticipated that the evidence will be presented in admissible form. *See* Advisory Committee Note to 2010 Amendment, Subdivision(c)(2). Thus, Rule 56 contemplates that Plaintiffs shall have the opportunity to make this showing in response to Defendants'

hearsay objections. This is particularly appropriate when, as here, the Defendants' motions were made prematurely before discovery had been completed.

12.     In their replies to Plaintiffs' resistances to their summary judgment motions, both Defendant B. Ferentz and Defendant Doyle object to two main categories of evidence relied on by Plaintiffs in opposition to their motions for summary judgment: the interview notes prepared in connection with the Husch Blackwell Report ("the interview notes") and drafts of the University of Iowa's Diversity Task Force Report ("the drafts"). (*See* ECF 223 pp. 15, 17; ECF 216 ¶¶ 5–6, 10–11, 13, 15–16, 18, 20–25, 27–28, 30–44, 46, 48–49, 53, 56; ECF 241 pp. 2-4; ECF 241-1 pp. 1-3).

13.     Rule 56(c)(2) allows a party to object to evidence used in opposition to a summary judgment motion on that ground that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Proc. 56(c). Upon objection by an opposing party, the offering party has the burden of showing that the material is either admissible as presented or "explain the admissible form that is anticipated." *See* Advisory Committee Note to 2010 Amendment, Subdivision(c)(2); *Jensen v. IOC Black Hawk Cnty. Inc.*, No. 15-CV-2082-LRR, 2016 WL 6080815, at *2 (N.D. Iowa Oct. 17, 2016), aff'd, 745 F. App'x 651 (8th Cir. 2018)(internal citations omitted). As such, the burden is now on Plaintiffs to show that the evidence is admissible as presented or to explain the admissible form of the evidence that is anticipated. However, for Plaintiffs to meet this burden, additional written and oral discovery, including much of that pending listed above, is required.

14.     Plaintiffs recognize that the interview notes, drafts, and certain statements contained within *may* be considered hearsay at this stage in discovery. However, in the face of a premature summary judgment motion filed before any deposition discovery of Defendants and other key witnesses had occurred, Plaintiffs used the interview notes and drafts to forecast the evidence that they ultimately anticipate presenting in an admissible form at trial.

15.     At trial, Plaintiffs do not intend to rely exclusively on the interview notes and drafts to prove the truth of the witnesses' statements contained within the evidence to which Defendants object. Instead, Plaintiffs anticipate having many of the declarants to testify at trial or otherwise procuring their testimony for presentation at trial, thereby eliminating the hearsay concerns raised by Defendants B. Ferentz and Doyle.[2]  *See Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012) ("A district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial [and the] most obvious way that hearsay testimony can be reduced to admissible form is to have the hearsay declarant testify directly to the matter at trial."); *Jensen v. IOC Black Hawk Cnty. Inc.*, No. 15-CV-2082-LRR, 2016 WL 6080815, at *3 (N.D. Iowa Oct. 17, 2016) (finding first level of hearsay eliminated where counsel stated that declarant would be subpoenaed to testify at any eventual trial).

16.     Notwithstanding that Plaintiffs anticipate presenting much of the evidence revealed by the interview notes and drafts through the declarants themselves, the specific hearsay objections lodged by Defendant B. Ferentz and Defendant Doyle should still be overruled even on this limited and incomplete record because the materials may be admissible at trial.

17.     A hearsay statement is appropriately considered at the summary judgment stage if there is a *possibility* that the statement can be submitted in admissible form at trial. *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012)(emphasis added). "The standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it *could* be presented at trial in an admissible form." *Id.*; *see also Fraser v. Goodale*, 342 F.3d 1031, 1036 (9th

---

[2] Many of these witnesses interviewed by Husch Blackwell were not listed on Defendants' Initial Disclosures. As a result, Plaintiffs did not learn the identity of those witnesses until July 2020, when this Court compelled Defendants to produce the interview notes. Accordingly, Plaintiffs require additional time to seek this evidence and are actively pursuing this evidence.

Cir. 2003)("At the summary stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."); *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility [of Rule 56(c)(2)] allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326–27 (1986) ("We do not mean that the non-moving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

18. **Plaintiffs anticipate that the interview notes and drafts (and their content) will be admissible on multiple (sometimes overlapping) bases, including under Federal Rules of Evidence 803(1), 803(6), 801(d)(2), and 807**. For purposes of responding to hearsay objections at the summary judgment stage, the mere possibility that Plaintiffs will be able to present those materials in an admissible form at trial is sufficient to satisfy Plaintiffs' burden under Rule 56(c). While Plaintiffs are not required to present the evidence in an admissible form now, additional discovery is needed to fully explore and develop the various ways through which this evidence will be presented at trial in admissible form.

19. In particular, Plaintiffs need discovery into the investigatory processes and procedures used by Husch Blackwell and the University of Iowa during their respective investigations into the racial discrimination and other race-related issues within the Iowa football program. This includes deposing the two attorneys who conducted the Husch Blackwell investigation and authored the interview notes, as well as taking the depositions of some key members of the Diversity Task Force who performed the

internal investigation and drafted the report for the University. Plaintiffs anticipate this discovery will provide the evidence needed to satisfy the requirements of Rules 803(1) and 803(6).[3]

20.     Additional discovery will also allow Plaintiffs to obtain the evidence they may need to admit the interview notes and drafts under the residual exception to the hearsay rule. A hearsay statement not subject to one of the exceptions in Rule 803 or 804 may still be admissible if it is supported by sufficient guarantees of trustworthiness after considering the totality of the circumstances under which it was made and if it is more probative on the point for which it is offered than any other evidence that can be obtained through reasonable efforts. Fed. R. Evid. 807.

21.     Rule 807 requires that the proposed evidence be examined under the totality of the circumstances. However, as it currently stands, Plaintiffs cannot present the totality of those circumstances because discovery regarding these materials is still incomplete. Plaintiffs anticipate that further discovery on the facts underlying the creation of the notes and drafts by Husch Blackwell attorneys and those involved in the Diversity Task Force Report will establish the guarantee of trustworthiness required to admit the materials under Rule 807.

## Conclusion

22.     With each deposition taken, and with each (late) supplementation of documents from Defendants and third parties, Plaintiffs learn more and more facts that solidify their position and confirm a systemic racially hostile environment and racial discrimination in the University of Iowa football program, as well as support the individual capacity claims against Defendants B. Ferentz and Doyle. This circumstance is precisely what Rule 56(d) of the Federal Rules of Civil Procedure envisions—Plaintiffs should not be required to resist early summary judgment motions without having had the opportunity to

---

[3] Of course, rather than allow this necessary discovery to go forward, Defendants are currently seeking to prevent Plaintiffs from fully deposing the Husch Blackwell attorneys who conducted the interviews. (ECF 239).

conduct full discovery to meet the Defendants' motions. By and through the 56(d) Motions and this Supplement and the attached exhibits, including the *Declaration of Christian Dennie* (**Exhibit 1**), Plaintiffs have established that they cannot fully present facts essential to justify opposition to the dispositive motions filed by Defendants B. Ferentz and Christopher Doyle. Developing the full record in discovery will afford Plaintiffs the opportunity to fully respond to and resist the dispositive motions filed by these Defendants.

23. Accordingly, Plaintiffs respectfully request that this Honorable Court defer considering the summary judgment motions filed by Defendants B. Ferentz and Christopher Doyle until discovery is complete and Plaintiffs have had the opportunity to supplement their resistances to these motions with the relevant evidence that has been obtained, and that will continue to be obtained, since the premature filing of those motions.

24. Plaintiffs also respectfully request that the Court provide Plaintiffs with guidance as to how the Court would like Plaintiffs to supplement their resistances to the motions with this new evidence and accompanying legal argument.

25. Alternatively, Plaintiffs request that the Court deny the relief requested by Defendants B. Ferentz and Christopher Doyle in their summary judgment motions without prejudice to Defendants refiling these motions after discovery has been completed. This would allow all Parties to brief any summary judgment motions on a fully developed factual record, avoid the need for numerous supplementations and replies from the Parties on the currently pending summary judgment motions, and allow the Court to analyze and decide any summary judgment motions from a streamlined presentation of all relevant evidence.

## Prayer

WHEREFORE, premises considered, Plaintiffs respectfully request that this Honorable Court grant the Plaintiff's Rule 56(d) motions. Plaintiffs further respectfully request that this Honorable Court defer considering the dispositive motions filed by Brian Ferentz and Christopher Doyle, deny the relief requested by Brian Ferentz and Christopher Doyle, allow Plaintiffs to seek and obtain the above-referenced discovery, or issue any other appropriate order. Plaintiffs further request all and such other relief to which they may be entitled in law or equity.

Respectfully submitted,

**SOLOMON SIMMONS LAW, PLLC**
Damario Solomon-Simmons, OBA # 20340
Kymberli J. M. Heckenkemper, OBA # 33524
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
(918) 551-8999 – Office
(918) 582-6106 – Fax
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

*/s/ Christian Dennie*
**FOX ROTHSCHILD, LLP**
Christian S. Dennie, TX Bar # 24045775
Patrick Kane (pro hac vice)
Sarah Traynor (pro hac vice)
Cameron Baker (pro hac vice)
La-Deidre Matthews (pro hac vice)
Maliya Rattliffe (pro hac vice)
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5745 – Direct
(972) 404-0516 – Fax
cdennie@foxrothschild.com
pkane@foxrothschild.com
straynor@foxrothschild.com
cbaker@foxrothschild.com
lmatthews@foxrothschild.com
mrattliffe@foxrothschild.com

**BMK LAW FIRM, PLLC**
Beatriz Mate-Kodjo, AT0012331
1910 Washington St., Ste. 100
Pella, IA 50219
Phone: (641) 450-1668
Fax:     (641) 847-7968
beatriz@mate-kodjo-law.com

***Attorneys for Plaintiffs***

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on December 2, 2022, I served the foregoing Motion on Defendants' attorneys of record by the court's ECF electronic filing system.

*/s/ Christian Dennie*
Christian Dennie, *Counsel for Plaintiffs*