IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY, | Case No. 4:20-cv-366 |
| Plaintiffs, | |
| vs. | **DEFENDANT DOYLE'S RESISTANCE TO PLAINTIFFS' SUPPLEMENTAL RULE 56(d) MOTION** |
| UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE, | |
| Defendants. | |

## BACKGROUND

As with their initial Rule 56(d) motion, Plaintiffs' supplement to that motion is again riddled with factual inaccuracies and legal shortcomings. Plaintiffs continue to ignore that Defendant Doyle's motion for summary judgment is substantially premised on the Plaintiffs' own sworn testimony falling far short of meeting the legal requirements for their claims. Further, substantial issues in this case are purely legal issues for the Court to decide and are not dependent on any additional discovery. Those legal issue would include Plaintiff Cooper's time barred claims, the appropriate statute of limitations on Plaintiffs' section 1981 claims and the legal issue of qualified immunity.

Plaintiffs also take entirely inconsistent positions by both continuing to complain that Defendants, in response to Plaintiffs' discovery requests, keep providing discovery while, at the same time, complaining to this Court that Defendants are not providing discovery. Regardless,

1

Plaintiffs continue to provide only conclusory information in support of their motion which in no way compels this Court to grant their Rule 56(d) motion.

## LEGAL STANDARD

As with their initial motion Plaintiffs' supplement to their Rule 56(d) motion does not connect the correct and complete facts to the stringent requirements of Rule 56(d). Federal Rule of Civil Procedure 56(d) provides:

> (d)  When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential  to justify its opposition, the court may:
> (1)  defer considering the motion or deny it;
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
> (3)  issue any other appropriate order.

Rule 56(d), "does not require trial courts to allow parties to conduct discovery before entering summary judgment." *Anzaldua v. Northeast Ambulance  and Fire Protection Dist.*, 793 F.3d 822, 836 (8th Cir. 2015). Despite having substantial discretion in ruling on a Rule 56(d) motion that "…discretion is further restricted when a summary judgment motion based on qualified immunity is at issue." *Id.* (other citations omitted). "It is not enough for a party to 'set forth some facts she hope[s] to elicit from further discovery'". *Id* at 837. Further, "the mere assertion that evidence supporting a party's allegation is in the opposing party's hands is insufficient to justify a denial of summary judgment on [Rule 56(d)] grounds." *Id.* Finally, "The party seeking additional discovery must show: '(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist,  and (3) that these sought-after facts are 'essential' to resist the summary judgment motion.'"  *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014).

2

**ARGUMENT**

**I.     PLAINTIFFS CONTINUE TO PRESSENT INADMISSABLE EVIDENCE TO THIS COURT**

   **A.  The Hearsay Problem**

   Plaintiffs have had Husch Blackwell materials, including interview summaries, since early July. It is those hearsay summaries Plaintiffs have attempted to use in resisting Defendants' motions for summary judgment rather than deposition testimony or declarations. In response to Defendants' motions for summary judgment Plaintiffs did not present a single declaration or affidavit from any persons other than Plaintiffs. Undoubtedly Plaintiffs were aware that, "In determining the presence or absence of a genuine factual dispute, a party may object that the material cited 'cannot be presented in a form that would be admissible in evidence." *Horn v. Airway Services, Inc.*, 2020 WL 420834 at *2 (N.D. Iowa Jan. 27, 2020) (citing *Edmonds v. Minneapolis Pub. Sch. Special Sch. Dist. 1*, 368 F. Supp. 3d 1329, 1338 (D. Minn. 2018)) (other citation omitted). There is no legal basis for this Court to bail the Plaintiffs out of their decision to rely nearly exclusively on inadmissible evidence to resist Defendants' motions for summary judgment.

   It is inconceivable that, as Plaintiffs claim, systemic racism existed within the football program and that Plaintiffs had interview summaries in their possession they claim support their claims but yet did not cure the hearsay. Instead, Plaintiffs simply provided the Court with summaries of interviews which, on their face, consist of hearsay and often multiple layers of hearsay within those documents. There is no basis under Rule 56(d) to grant Plaintiffs' motion because they did not attempt to get supportive admissible evidence to resist Defendants' motions for summary judgment.

**B.  The Attempt to Present Statutorily Prohibited Evidence**

Plaintiffs' supplement to their Rule 56(d) motion and supporting declaration relies on materials presented to the court that are statutorily prohibited from being utilized in this proceeding. Specifically, Plaintiffs have, in their supplementation, attached materials from the Iowa Civil Rights Commission including an Administrative Law Judge review of a probable cause determination related to Plaintiff Javon Foy. Iowa Code section 216. Iowa Code section 216.15(3)(c) states, "A finding of probable cause <u>shall</u> not be introduced into evidence in an action brought under section 216.16." (emphasis added). Plaintiffs have clearly acted contrary to the above statutory provision and it is improper for this Court to consider those materials with respect to the Rule 56(d) motion or for any other purpose[1]. Further, the materials Plaintiffs wish the Court to consider are themselves inadmissible hearsay.

## II.  PLAINTIFFS RULE 56(D) MOTION AND SUPPLEMENTAL FILINGS DO NOT MEET THE REQUISITE STANDARDS OF THAT RULE

**A.  Plaintiffs Have Delayed the Taking of Depositions they Now Want to Use**

In the "Status of Discovery" section of their supplemental motion Plaintiffs set out four depositions that were taken after the filing of their initial Rule 56(d) motions. What Plaintiffs do not note is that all four of those persons (Nicole Grosland, Christopher Doyle, Gary Barta and John Bruno) have been available for deposition throughout this litigation. Similarly, there has been no reason stated in Plaintiffs' supplemental motion that apprises the court as to why those depositions were not taken earlier in this case. With two exceptions (Kirk Ferentz and Brian Ferentz) that are the subject of pending motions, depositions in this matter were scheduled promptly upon Plaintiffs'

---

[1] Plaintiffs also ignore the fact, as did the Civil Rights Commission, that there is no jurisdiction over Mr. Foy's claim. *See* Iowa Code section 216.9(1)(a), exempting participation in "athletic programs" from claims of unfair discriminatory practices in education.

request. That Plaintiffs decided to wait as long as they did to take those depositions cannot form the basis for a successful Rule 56(d) motion.

### B.  Plaintiffs do not Demonstrate Certain Additional Discovery is Essential to Their Resistance to Defendants' Motions for Summary Judgment

Further, the Rule 56(d) motion and the declaration of Mr. Dennie in support of Plaintiffs' supplemental motion are, on their face, evidence of the fishing expeditions Plaintiffs have engaged in and wish to continue. Requested depositions and discovery include a request to depose a public relations person on a made-up topic and then supporting that request with the amorphous "upon information and belief". Additional discovery requested also includes a subpoena for e-mails and text messages of the wife of the head football coach for reasons Plaintiffs do not even attempt to inform the Court on as well as wanting to depose the University's former general counsel. Finally, Plaintiffs wish to depose the Husch Blackwell layers hired by the university to review the football program. The deposition of the depositions of legal counsel are the subject of a pending motion for protective order.

Missing from Plaintiffs supplementation and supporting declaration is an explanation as to how any of the above is "essential" to Plaintiffs being able to resist the Defendants' motions for summary judgment. *See Toben* 751 F. 3d at 895. As such, the supplemental motion and the attached declaration are simply a request to this Court to engage in an improper fishing expedition and are certainly insufficient to grant Plaintiffs' requested relief. *See Johnson v. Moody*, 903 F. 3d 766, 772 (8th Cir. 2018).

### CONCLUSION

Plaintiffs have failed to meet the requirements of Rule 56(d) in both their initial motion as well as their recent supplementation and thus should not be allowed time for additional discovery before responding to Defendants Doyle's Motion for Summary Judgment. It is respectfully

requested Plaintiffs' Rule 56(d) motion be denied.

Respectfully submitted,

**THOMAS J. MILLER**
Attorney General of Iowa

*/s/ Jeffrey S. Thompson*
JEFFREY S. THOMPSON
Solicitor General

*/s/ Jeffrey C. Peterzalek*
JEFFREY C. PETERZALEK
*/s/ Christopher J. Deist*
CHRISTOPHER J. DEIST
Assistant Attorneys General
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, Iowa 50319
(515) 281-4419/4213
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
ATTORNEYS FOR DEFENDANTS

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on December 9, 2022:

☐ U.S. Mail      ☐ FAX
☐ Hand Delivery      ☐ Overnight Courier
☐ Federal Express      ☐ Other
☒ CM/ECF

Signature: */s/ Audra Jobst*