IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| AKRUM WADLEY; JONATHAN PARKER; MARCEL JOLY; AARON MENDS; DARIAN COOPER; BRANDON SIMON; and JAVON FOY, <br><br> Plaintiffs, <br><br> vs. <br><br> UNIVERSITY OF IOWA, BOARD OF REGENTS FOR THE STATE OF IOWA; KIRK FERENTZ; BRIAN FERENTZ; CHRISTOPHER DOYLE; GARY BARTA; and SETH WALLACE, <br><br> Defendants. | Case No. 4:20-cv-00366 <br><br><br> DEFENDANT BRIAN FERENTZ'S RESISTANCE TO PLAINTIFFS' "SUPPLEMENT" TO PLAINTIFFS' RULE 56(D) MOTIONS |

Defendant Brian Ferentz (hereafter "B. Ferentz") has several pending motions that are fully briefed and ready for disposition for several months: (1) his motion for summary judgment [ECF No. 128], (2) his motion to dismiss [ECF No. 137], (3) his motion to stay all discovery [ECF No. 150], and (4) his motion for protective order [ECF No. 189].

On September 6, Plaintiffs filed a Fed. R. Civ. P. 56(d) motion seeking to defer ruling on B. Ferentz's summary judgment motion [ECF No. 142], which B. Ferentz resisted [ECF No. 149], Plaintiffs replied [ECF No. 158], and is also ready for disposition.

On December 2, Plaintiffs filed a "supplement" to their Rule 56(d) motion [ECF No. 253], but their supplement does not change any of the issues raised in any of B. Ferentz's pending motions. The requirements for Rule 56(d) are clear: "The party seeking additional discovery must show: '(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion.'" *Toben v. Bridgestone Retail*

1

*Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quoting *State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).

Plaintiffs' supplement does not describe any "essential" facts that are necessary to resist B. Ferentz's summary judgment motion. There are only two references to B. Ferentz in Plaintiffs' supplement relating to discovery already taken, and Plaintiffs merely make argument in lieu of actually offering the evidence in an appendix as invited by the court. [*cf.* ECF No. 249 order permitting appendix & 253 "supplement" ¶¶ 7(a) & 7(d)]. Plaintiffs do not accurately characterize the deposition testimony, do not explain how the particular evidence would be admissible at trial (to the extent B. Ferentz can infer what Plaintiffs are citing given their argumentative characterizations), and do not explain why the evidence is essential to resisting B. Ferentz's summary judgment motion.

Plaintiffs' reference three additional discovery topics they assert relate to B. Ferentz, but do not explain why these requests comply with Rule 56(d) and the burden of proof described in *Toben*. [ECF No. 253, ¶¶ 9(f), 10(a) & 10(e)]. First, Plaintiffs are requesting documents regarding B. Ferentz that do not exist. Second, Plaintiffs are requesting depositions from Husch Blackwell attorneys that are subject to a motion to quash and for protective order. [ECF No. 239]. Notably Plaintiffs do not explain how any of these possible facts are essential to resisting any of the issues raised in B. Ferentz's summary judgment motion, or how any evidence from Husch Blackwell would be admissible at trial. Third, B. Ferentz should not be deposed while his motion for qualified immunity is pending as argued in his motions to stay, motion for protective order, and resistance to Plaintiffs' Rule 56(d) motion. [ECF Nos. 149, 150 & 189].

B. Ferentz's summary judgment motion seeks dismissal of Plaintiffs' claims under 42 U.S.C. § 1981. As the summary judgment filings make clear, Plaintiffs have pivoted to a hostile

environment claim. Plaintiffs do not need discovery for this—they presented their evidence about B. Ferentz's alleged conduct against them personally, and as explained in his summary judgment motion and reply, Plaintiffs' evidence does not support an actionable claim under Section 1981.

Plaintiffs appear to acknowledge many of their additional facts supporting their summary judgment resistance are inadmissible hearsay. [ECF No. 216 & ECF No. 253, ¶ 14]. Plaintiffs contend this means their Rule 56(d) motion must be granted. But Plaintiffs put the cart before the horse. Plaintiffs have not explained how any of the hearsay cited in their statement of additional facts are "material" or "essential" that would support denying his summary judgment motion. That ends the Rule 56(d) inquiry. Even if Plaintiffs show the additional facts are essential to resist summary judgment—i.e. the Court would grant summary judgment but for the admissibility of the additional facts, the Court may decide the threshold question whether the additional facts can be presented in admissible form to overrule the objections under Rule 56(c)(2); additional discovery under Rule 56(d) is not necessary. *Toben*, 751 F.3d at 894-96; *see* 2010 Advisory Committee Notes to Fed. R. Civ. P. 56.

Plaintiffs attach a letter from the Iowa Civil Rights Commission. [ECF 253-1, pp. 8-21]. B. Ferentz is not mentioned in this letter, and it does not authorize any claims to proceed against B. Ferentz individually. There is nothing about this letter that demonstrates any additional facts exist and are essential to resisting B. Ferentz's summary judgment motion.[1]

---

[1] A right-to-sue letter from the Iowa Civil Rights Commission does not mean summary judgment must be denied. If it did, no Title VII claim could be dismissed by summary judgment as such a letter is a condition precedent for any claim under Title VII. The attached letter does not mention B. Ferentz and, even if it did, such evidence is inadmissible at trial and therefore not relevant under Rule 56. *See, e.g.*, *Johnson v. Yellow Freight Sys., Inc.*, 734 F.2d 1304, 1309 (8th Cir. 1984); *Jones v. Cargill, Inc.,* 490 F. Supp.2d 989, 992-93 (N.D. Iowa 2007) (excluding all evidence from an administrative agency letter); *State v. Huston*, 825 N.W.2d 531, 538-39 (Iowa

Plaintiffs' supplement does not change any of the pending issues before the Court. Defendant B. Ferentz is entitled to a determination of his pending summary judgment motion and assertions of qualified immunity, and he resists any effort to defer it. The motion for summary judgment and qualified immunity is not premature.

Dated: December 9, 2022                    Respectfully submitted,

*/s/ Roger W. Stone*
Roger W. Stone      AT0007519
Jeffrey A. Stone      AT0008829
Erin R. Nathan      AT0009092
Simmons Perrine Moyer Bergman PLC
115 Third Street S.E., Suite 1200
Cedar Rapids, IA 52401-1266
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
Email: rstone@spmblaw.com
       jstone@simmonsperrine.com
       enathan@spmblaw.com
*Attorneys for Defendants Kirk Ferentz,*
*Brian Ferentz and Seth Wallace*

---

2013) (holding the district court abused its discretion in admitting administrative findings of DHS).

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, I filed the foregoing with the Clerk of Court by using the ECF system which will send notification of such filing to the following:

Damario Solomon-Simmons
Kymberli J. Heckenkemper
Solomon Simmons Law, PLLC
601 S. Boulder Ave., Ste. 600
Tulsa, OK 74119
dss@solomonsimmons.com
kheckenkemper@solomonsimmons.com

Christian Dennie
Patrick M. Kane
Sarah M. Traynor
Cameron A. Baker
La-Deidre D. Matthews
Maliya G. Rattliffe
Fox Rothschild, LLP
Saint Ann Court
2501 N Harwood Street, Suite 1800
Dallas, TX 75201
cdennie@foxrothschild.com
straynor@foxrothschild.com
pkane@foxrothschild.com
cbaker@foxrothschild.com
lmatthews@foxrothschild.com
mrattliffe@foxrothschild.com

Beatriz Mate-Kodjo
BMK Law Firm, PLLC
1910 Washington St., Ste. 100
Pella, IA 50219
beatriz@mate-kodjo-law.com
*Attorneys for Plaintiffs*

Thomas J. Miller, Attorney General of Iowa
Jeffrey S. Thompson
Jeffrey C. Peterzalek
Christopher J. Deist
Department of Justice-Special Litigation
Hoover State Office Building
Des Moines, IA 50319
jeffrey.thompson@ag.iowa.gov
jeffrey.peterzalek@ag.iowa.gov
christopher.deist@ag.iowa.gov
*Attorneys for Defendants*

/s/ Roger W. Stone